**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SPECTRUM DYNAMICS MEDICAL LIMITED, | |
| Plaintiff, | Case No.: 18-cv-11386 (VSB) |
| v. | REDACTED |
| GENERAL ELECTRIC COMPANY, GE HEALTHCARE, INC., GE MEDICAL SYSTEMS ISRAEL LTD., JEAN-PAUL BOUHNIK, SERGIO STEINFELD, ARIE ESCHO, and NATHAN HERMONY, | |
| Defendants. | |

<u>**ANSWER, AFFIRMATIVE DEFENSES, AND AMENDED COUNTERCLAIMS OF DEFENDANTS GENERAL ELECTRIC COMPANY, GE HEALTHCARE, INC., GE MEDICAL SYSTEMS ISRAEL LTD., JEAN-PAUL BOUHNIK, SERGIO STEINFELD, ARIE ESCHO, AND NATHAN HERMONY TO PLAINTIFF SPECTRUM DYNAMICS MEDICAL LIMITED'S FIRST AMENDED COMPLAINT**</u>

For its Answer to Plaintiff Spectrum Dynamics Medical Limited's (hereinafter "Plaintiff" or "Spectrum") First Amended Complaint, Defendants General Electric Company ("General Electric Company" or "GE"), GE Healthcare, Inc., and GE Medical Systems Israel Ltd. (collectively the "GE Defendants"), Jean-Paul Bouhnik ("Bouhnik"), Sergio Steinfeld ("Steinfeld"), Arie Escho ("Escho"), and Nathan Hermony ("Hermony") (each an "Obligated Individual" and collectively "Obligated Individuals") (Bouchnik, Steinfeld, Escho, and Hermony, along with General Electric Company and GE Defendants, are each a "Defendant"

and collectively "Defendants"[1]), by and through their undersigned counsel, hereby deny each and every allegation, whether explicit or implicit, except as expressly admitted, qualified or otherwise answered herein.  Moreover, to the extent that any section headings or sub-headings in Plaintiff's First Amended Complaint (which may precede any specifically enumerated paragraphs thereof) may be deemed to include any allegation(s) (whether explicit or implicit), Defendants hereby deny any such allegation(s) included therein.  Defendants answer the specifically enumerated paragraphs of Plaintiff's First Amended Complaint, as follows:

<u>**ANSWER**</u>

Defendants admit, as alleged in the preamble to Plaintiff's First Amended Complaint, that Plaintiff purports to bring certain claims against Defendants.  Defendants deny that Plaintiff has adequately stated any claims upon which relief can be granted or that Plaintiff is entitled to the relief it seeks.  Defendants deny any remaining allegations in the preamble to Plaintiff's First Amended Complaint.

1.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of the First Amended Complaint, and therefore deny the same.

2.     Defendants admit the allegations in Paragraph 2 of the First Amended Complaint.

3.     Defendants admit that GE Healthcare, Inc. is a subsidiary of General Electric Company, is organized under the laws of the State of Delaware, and has a place of business at 101 Carnegie Center Drive, Princeton, NJ 08540, USA.  Defendants deny that GE Healthcare, Inc. was involved in discussions with Spectrum in the 2009-2012 time period.

4.     Defendants admit the allegations in Paragraph 4 of the First Amended Complaint.

---

[1] Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Yaron Hefetz ("Hefetz") have been dismissed, and Hefetz is no longer a party to this case.

G\124\2   1822926v4

5.      Defendants admit the allegations in Paragraph 5 of the First Amended Complaint.

6.      Defendants admit the allegations in Paragraph 6 of the First Amended Complaint.

7.      Defendants admit the allegations in Paragraph 7 of the First Amended Complaint.

8.      Defendants admit the allegations in Paragraph 8 of the First Amended Complaint.

9.      Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.   Because Paragraph 9 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed Paragraph 9 of the First Amended Complaint *in toto*.   To the extent that a response is required to any of the allegations in Paragraph 9, Defendants deny the allegations in Paragraph 9 of the First Amended Complaint.

10.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of the First Amended Complaint, and therefore deny the same.

11.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of the First Amended Complaint, and therefore deny the same.

12.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of the First Amended Complaint, and therefore deny the same.

13.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the First Amended Complaint, and therefore deny the same.

14.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the First Amended Complaint, and therefore deny the same.

15.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the First Amended Complaint, and therefore deny the same.

16.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the First Amended Complaint, and therefore deny the same.

17.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of the First Amended Complaint, and therefore deny the same.

18.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of the First Amended Complaint, and therefore deny the same.

19.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the First Amended Complaint, and therefore deny the same.

20.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of the First Amended Complaint, and therefore deny the same.

21.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 21 of the First Amended Complaint, and therefore deny the same.

22.     Paragraph 22 of the First Amended Complaint contains only legal conclusions and no factual allegations that require a response.  To the extent that Paragraph 22 contains factual allegations, Defendants deny them.

23.     Defendants deny that the "Spectrum Trade Secrets" are or were trade secrets.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 23 of the First Amended Complaint, and therefore deny the same.

24.     Paragraph 24 of the First Amended Complaint contains only jurisdictional allegations and no factual allegations that require a response.  To the extent that Paragraph 24 contains factual allegations, Defendants deny them.

G\124\2   1822926v4

25.   Paragraph 25 of the First Amended Complaint contains only jurisdictional allegations and no factual allegations that require a response.   To the extent that Paragraph 25 contains factual allegations, Defendants deny them.

26.   Defendants deny the allegations in Paragraph 26 of the First Amended Complaint.

27.   Defendants admit that this Court has personal jurisdiction over General Electric Company because it has a place of business in, and transacts business in, the State of New York.   Defendants also admit that this Court has personal jurisdiction over General Electric Company by virtue of Paragraph 6 of the 2009 Agreement.   Defendants deny the remaining allegations in Paragraph 27 of the First Amended Complaint.

28.   Defendants deny the allegations in Paragraph 28 of the First Amended Complaint.

29.   Defendants deny the allegations in Paragraph 29 of the First Amended Complaint.

30.   Defendants deny the allegations in Paragraph 30 of the First Amended Complaint.

31.   Defendants deny the allegations in Paragraph 31 of the First Amended Complaint.

32.   Defendants deny the allegations in Paragraph 32 of the First Amended Complaint.

33.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.   Because Paragraph 33 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed Paragraph 33 of the First Amended Complaint *in toto*.   To the extent that a response is required to any of the allegations in Paragraph 33, Defendants deny the allegations in Paragraph 33 of the First Amended Complaint.

34.     Paragraph 34 of the First Amended Complaint contains only legal conclusions and no factual allegations that require a response.  To the extent that Paragraph 34 contains factual allegations, Defendants deny them.

35.     Defendants deny the allegations in Paragraph 35 of the First Amended Complaint.

36.     Defendants admit that counsel for Defendants sent a letter to Spectrum, dated October 12, 2018.  The letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required, Defendants deny the allegations in Paragraph 36 of the First Amended Complaint as an incomplete and inaccurate description of the contents of the letter.

37.     Defendants admit that individuals from one or more of the GE Defendants received access to certain information from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" under the 2009 Agreement, but deny the remaining allegations in Paragraph 37 of the First Amended Complaint.

38.     Defendants admit the existence of a letter from Spectrum's counsel dated April 3, 2019, and Defendants admit that the GE Defendants have not responded.  The letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 38 of the First Amended Complaint as an incomplete and inaccurate description of the contents of the letter.

39.     Paragraph 39 of the First Amended Complaint contains only jurisdictional allegations and no factual allegations that require a response.  To the extent that Paragraph 39 contains factual allegations, Defendants deny them.

G\124\2   1822926v4

40.     Defendants admit that the First Amended Complaint purports to allege claims for breach of contract, misappropriation and misuse of Spectrum's proprietary and/or confidential information including trade secrets relating generally to nuclear molecular imaging technologies, including Single Photon Emission Computed Technology ("SPECT") technology, and related sensitive proprietary and/or confidential Spectrum business and commercial information, and correction of inventorship under 35 U.S.C. § 256, but Defendants deny that Spectrum is entitled to any relief alleged, deny that the "Spectrum Trade Secrets" are or were trade secrets, and otherwise deny any remaining allegations in Paragraph 40 of the First Amended Complaint.

41.     Defendants admit individuals from one or more of the GE Defendants and individuals from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" had technical and business discussions under Non-Disclosure Agreements some time prior to 2009, but Defendants deny the remaining allegations in Paragraph 41 of the First Amended Complaint.

42.     Defendants admit that General Electric Company considered acquiring an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" or the SPECT nuclear molecular imaging business and technologies of this entity in and/or around 2009 and that General Electric Company sought information from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" in connection with the possible acquisition. Defendants deny the remaining allegations in Paragraph 42 of the First Amended Complaint.

43.     Defendants admit that General Electric Company negotiated and executed the 2009 Agreement, which listed "Spectrum Dynamics Limited" as the other party to that

agreement.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 43 of the First Amended Complaint, and therefore deny the same.

44.  The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's description of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 44 of the First Amended Complaint as an incomplete description of the contents of the agreement.

45.  The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 45 of the First Amended Complaint as an incomplete statement of the contents of the agreement.

46.  Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 46 of the First Amended Complaint, and therefore deny the same.

47.  The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants admit the allegations in Paragraph 47 of the First Amended Complaint.

48.  Defendants deny the allegations in Paragraph 48 of the First Amended Complaint.

49.  The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 49 of the First Amended Complaint.

50.  The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required,

Defendants deny the allegations in Paragraph 50 of the First Amended Complaint as an incomplete statement of the contents of the agreement.

51.    The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 51 of the First Amended Complaint as an incomplete statement of the contents of the agreement.

52.    The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 52 of the First Amended Complaint as an incomplete statement of the contents of the agreement.

53.    The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 53 of the First Amended Complaint.

54.    The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 54 of the First Amended Complaint as an incomplete statement of the contents of the agreement.

55.    The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 55 of the First Amended Complaint.

56.    The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required,

G\124\2   1822926v4

Defendants deny the allegations in Paragraph 56 of the First Amended Complaint as an incomplete statement of the contents of the agreement.

57.    The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 57 of the First Amended Complaint as an incomplete statement of the contents of the agreement.

58.    Defendants admit that, under the 2009 Agreement, individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" and individuals from one or more of the GE Defendants disclosed certain information to each other. Defendants deny the remaining allegations in Paragraph 58 of the First Amended Complaint.

59.    Defendants admit that individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" and individuals from one or more of the GE Defendants, some of whom are listed in Paragraph 59, disclosed certain information to each other.  Defendants deny that the "Spectrum Trade Secrets" are or were trade secrets and deny the remaining allegations in Paragraph 59 of the First Amended Complaint.

60.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 60 of the First Amended Complaint because the term "GE diligence personnel" is undefined.  Therefore, Defendants deny the allegations in Paragraph 60 of the First Amended Complaint.

61.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a

party to this case.  Because Paragraph 61 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed Paragraph 61 of the First Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 61, Defendants deny the allegations in Paragraph 61 of the First Amended Complaint.

62.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 62 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 62, Defendants deny the allegations in Paragraph 62 of the First Amended Complaint.

63.   Defendants deny the allegations in Paragraph 63 of the First Amended Complaint.

64.   Defendants admit that Mr. Jim Haisler's name appears as a signatory to the 2009 Agreement.  Mr. Haisler's Declaration speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the declaration.  To the extent that a response is required, Defendants admit only that the First Amended Complaint accurately quotes Mr. Haisler's Declaration.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 64 of the First Amended Complaint, and therefore deny the same.

65.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 65 of the First Amended Complaint, and therefore deny the same.

G\124\2   1822926v4

66.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 66 of the First Amended Complaint, and therefore deny the same.

67.     Mr. Haisler's Declaration speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the declaration.  To the extent that a response is required, Defendants admit only that the First Amended Complaint accurately quotes Mr. Haisler's Declaration.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 67 of the First Amended Complaint, and therefore deny the same.

68.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 68 of the First Amended Complaint, and therefore deny the same.

69.     The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 69 of the First Amended Complaint as an incomplete statement of the contents of the agreement.

70.     Paragraph 70 of the First Amended Complaint contains only legal conclusions and no factual allegations that require a response.  To the extent that Paragraph 70 contains factual allegations, Defendants deny them.

71.     Defendants admit that Spectrum is a developer, manufacturer, and seller of SPECT nuclear medicine imaging equipment and that Spectrum is not the originator of SPECT technology.  Defendants deny that the "Spectrum Trade Secrets" are or were trade secrets.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 71 of the First Amended Complaint, and therefore deny the same.

72.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 72 of the First Amended Complaint, and therefore deny the same.

73.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 73 of the First Amended Complaint, and therefore deny the same.

74.     Defendants admit the allegations in Paragraph 74 of the First Amended Complaint.

75.     Defendants admit the allegations in Paragraph 75 of the First Amended Complaint.

76.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 76 of the First Amended Complaint, and therefore deny the same.

77.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 77 of the First Amended Complaint, and therefore deny the same.

78.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 78 of the First Amended Complaint, and therefore deny the same.

79.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 79 of the First Amended Complaint, and therefore deny the same.

80.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 80 of the First Amended Complaint, and therefore deny the same.

81.     Defendants admit that is the GE Defendants are medical imaging equipment market leaders, but otherwise deny the remaining allegations in Paragraph 81 of the First Amended Complaint.

82.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 82 of the First Amended Complaint, and therefore deny the same.

83.     Defendants deny the allegations in Paragraph 83 of the First Amended Complaint.

G\124\2   1822926v4

84.     Defendants admit that an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" first unveiled the VERITON in Europe at the European Association of Nuclear Medicine (EANM) trade show in Vienna, Austria in October 2017. Defendants further admit that Hermony was at the European Association of Nuclear Medicine (EANM) trade shows in Vienna, Australia in October 2017, accompanied by Bich Le T. D., but otherwise deny the remaining allegations in Paragraph 84 of the First Amended Complaint.

85.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 85 of the First Amended Complaint, and therefore deny the same.

86.     Defendants admit that individuals from one or more of the GE Defendants and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" engaged in in-person meetings and on-going communications via email after execution of the 2009 Agreement and continuing until approximately the end of 2012 and that, as part of these communications, the individuals disclosed certain information to each other.  Defendants deny the remaining allegations in Paragraph 86 of the First Amended Complaint.

87.     Defendants admit that, in or around June 2010, individuals from one or more of the GE Defendants attended meetings with individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited."  Defendants deny the remaining allegations in Paragraph 87 of the First Amended Complaint.

88.     Defendants admit that individuals from one or more of the GE Defendants and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" disclosed certain information to each other.  Individuals purportedly

14

from the entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" primarily disclosed information relating to existing D-SPECT cardiac technology and not relating to ongoing design and development of a next generation device.  Defendants deny the remaining allegations in Paragraph 88 of the First Amended Complaint.

89.     Defendants admit that certain personnel from one or more of the GE Defendants received presentations, conducted extensive in-depth due diligence interviews, inspected documents and materials both in the data room and independently thereof, and prepared extensive questionnaires to which Spectrum responded.   Defendants' foregoing admission is limited to the existing D-SPECT cardiac technology only (as distinguished from the development of a next generation device).  Defendants deny the remaining allegations in Paragraph 89 of the First Amended Complaint.

90.     The referenced document speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the document.  To the extent that a response is required, Defendants deny the allegations in Paragraph 90 of the First Amended Complaint.

91.     Defendants lack sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 91 of the First Amended Complaint, because it is not clear what period of time the allegations refer to, and Defendants therefore deny these allegations.  Defendants admit that certain personnel from one or more of the GE Defendants pursued follow-up visits to Spectrum's facility in Caesarea, Israel including in January 2012, but otherwise deny the remaining allegations in the second and third sentences of Paragraph 91 of the First Amended Complaint.

92.     Defendants deny the allegations in Paragraph 92 of the First Amended Complaint.

15

G\124\2   1822926v4

93.     Defendants deny the allegations in Paragraph 93 of the First Amended Complaint.

94.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 94 of the First Amended Complaint, and therefore deny the same.

95.     Defendants admit that individuals from one or more of the GE Defendants and individuals purported from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" engaged in discussions concerning a potential joint venture and what each side would have to contribute towards such a joint venture, but otherwise deny the remaining allegations in Paragraph 95 of the First Amended Complaint.

96.     The referenced document speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the document.  To the extent that a response is required, Defendants deny the allegations in Paragraph 96 of the First Amended Complaint.

97.     The referenced document speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the document.  To the extent that a response is required, Defendants deny the allegations in Paragraph 97 of the First Amended Complaint.

98.     Defendants admit the allegations in Paragraph 98 of the First Amended Complaint.

99.     Defendants admit that General Electric Company chose not to consummate a transaction with an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited," but deny the remaining allegations in the first sentence of Paragraph 99 of the First Amended Complaint.  Defendants deny that the "Spectrum Trade Secrets" are or were trade secrets.  Defendants lack sufficient knowledge or information to admit or deny the remaining

allegations in the second sentence of Paragraph 99 of the First Amended Complaint, and therefore deny the same.

100. Defendants admit that, to the extent they were obligated, Defendants abided by the express non-disclosure and non-use terms of the 2009 Agreement. Defendants lack sufficient knowledge or information to admit or deny what Spectrum believed or had reason to believe, and therefore deny the remaining allegations in Paragraph 100 of the First Amended Complaint.

101. Defendants deny that they misappropriated the alleged Spectrum Trade Secrets and deny that the "Spectrum Trade Secrets" are or were trade secrets. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 101 of the First Amended Complaint, and therefore deny the same.

102. Defendants lack sufficient knowledge or information to admit or deny that "Spectrum became aware of GE's ███████ (Ex. 3) and ███████ (Ex. 5) earlier." Defendants deny the remaining allegations in Paragraph 102 of the First Amended Complaint.

103. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 103 of the First Amended Complaint, and therefore deny the same.

104. Defendants admit that, to the extent they were obligated, Defendants abided by the non-disclosure and non-use terms of the 2009 Agreement. Defendants lack sufficient knowledge or information to admit or deny what Spectrum concluded or could have concluded, and therefore deny the remaining allegations in Paragraph 104 of the First Amended Complaint.

105. Defendants admit that, in or around 2016, General Electric Company introduced the NM/CT 670 CZT that ███████████████, but instead used two

17

opposing flat panels filled with CZT detectors.  Defendants further admit that this device was based in part on prior General Electric Company devices and was not based on any proprietary Spectrum Information.  Defendants lack sufficient knowledge or information to admit or deny when Plaintiff became aware of the ███████ and ███████, and therefore deny the allegations on this topic.  Defendants deny the remaining allegations in Paragraph 105 of the First Amended Complaint.

106.  Defendants deny the allegations in Paragraph 106 of the First Amended Complaint.

107.  Defendants admit that the '721 PCT published on November 14, 2013 and that it disclosed some of the alleged Spectrum Trade Secrets. Defendants deny that the "Spectrum Trade Secrets" are or were trade secrets and deny that the '721 PCT disclosed only "limited features of Spectrum's Trade Secrets."  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 107 of the First Amended Complaint, and therefore deny the same.

108.  Defendants admit the allegations in Paragraph 108 of the First Amended Complaint.

109.  The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants admit that, under the agreement, the obligations set forth in Section 1 of the agreement do not apply to information made public by Spectrum.  Defendants otherwise deny the allegations in Paragraph 109 of the First Amended Complaint as an incomplete statement of the contents of the agreement.

110.  The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants admit that the 2009 Agreement does not prohibit Defendants from

independently developing technology but deny the remaining allegations in Paragraph 110 of the First Amended Complaint as an incomplete statement of the contents of the 2009 Agreement.

111.   The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 111 of the First Amended Complaint as an inaccurate statement of the contents of the agreement.

112.   Defendants admit that, to the extent they were obligated, Defendants abided by the non-disclosure and non-use terms of the 2009 Agreement.  Defendants lack sufficient knowledge or information to admit or deny what Spectrum concluded or could have concluded, and therefore deny the remaining allegations in Paragraph 112 of the First Amended Complaint.

113.   Defendants lack sufficient knowledge or information to admit or deny what "Spectrum could reasonably understand," and therefore deny the allegations on this topic.  The cited patents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patents.  To the extent that a response is required, Defendants deny the allegations in Paragraph 113 of the First Amended Complaint regarding these patents.   Finally, Defendants deny that GE was "impermissibly developing an Imitation Device [("Accused GE Device") and] using Spectrum Information to do it" and deny any remaining allegations in Paragraph 113 of the First Amended Complaint.

114.   The cited patents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patents.  To the extent that a response is required,

Defendants deny the allegations in Paragraph 114 of the First Amended Complaint regarding these patents.  Defendants also deny that any of the Defendants "violated the non-disclosure and non-use provisions of the 2009 Agreement" and deny any remaining allegations in Paragraph 114 of the First Amended Complaint.

115.   The cited patents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patents.  To the extent that a response is required, Defendants deny the allegations in Paragraph 115 of the First Amended Complaint as incomplete statements of the contents of the patents.

116.   The cited patents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patents.  To the extent that a response is required, Defendants deny the allegations in Paragraph 116 of the First Amended Complaint as incomplete statements of the contents of the patents.

117.   The cited patents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patents.  To the extent that a response is required, Defendants deny the allegations in Paragraph 117 of the First Amended Complaint as incomplete statements of the contents of the patents.

118.   The cited patents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patents.  To the extent that a response is required, Defendants deny the allegations in Paragraph 118 of the First Amended Complaint as incomplete statements of the contents of the patents.

119.   Defendants admit the allegations in Paragraph 119 of the First Amended Complaint.

120.   The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required,

Defendants admit that the 2009 Agreement permitted the GE Defendants to draft improvement patents based upon the '721 PCT (placing certain features in the public domain). Defendants deny that the "Spectrum Trade Secrets" are or were trade secrets and deny the remaining allegations in Paragraph 120 of the First Amended Complaint.

121. The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement. To the extent that a response is required, Defendants admit that the 2009 Agreement permitted the GE Defendants to independently develop inventions. Defendants lack sufficient knowledge or information to admit or deny what "Spectrum could also understand," and therefore deny the allegations on this topic. Defendants deny any remaining allegations in Paragraph 121 of the First Amended Complaint.

122. Defendants admit that Mr. Zilberstien called Hermony in 2018 to suggest that they meet for coffee. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 122 of the First Amended Complaint, and therefore deny the same.

123. Defendant admit that Hermony and Mr. Zilberstien met in a coffee shop in Caesarea, Israel, but deny the remaining allegations in Paragraph 123 of the First Amended Complaint.

124. Defendants deny the allegations in Paragraph 124 of the First Amended Complaint.

125. Defendants admit that the NM/CT 670 CZT was not based on proprietary Spectrum Information. Defendants deny the remaining allegations in Paragraph 125 of the First Amended Complaint.

126. Defendants deny the allegations in Paragraph 126 of the First Amended Complaint.

127.    Defendants deny the allegations in Paragraph 127 of the First Amended Complaint.

128.    Defendants admit that General Electric Company built the Accused GE Device. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 128 of the First Amended Complaint, and therefore deny the same.

129.    Defendants admit that the Accused GE Device was housed in its own room at the hospital.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 129 of the First Amended Complaint, and therefore deny the same.

130.    Defendants admit that a photograph in Paragraph 130 of the First Amended Complaint appears to be of the Accused GE Device.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 130 of the First Amended Complaint, and therefore deny the same.

131.    Defendants deny that the Accused GE Device's configuration and assembly is based on Spectrum Information.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 131 of the First Amended Complaint, and therefore deny the same.

132.    Defendants admit that the U.S. Food and Drug Administration has not yet approved the Accused GE Device for promotion and sale in the U.S. and that General Electric Company intends to offer and/or sell the Accused GE Device in the U.S. and globally after development and validation efforts are complete.  Defendants deny the remaining allegations in Paragraph 132 of the First Amended Complaint.

133.    Defendants lack sufficient knowledge or information to admit or deny what and when Spectrum allegedly "learned," and therefore deny the allegations in Paragraph 133 of the First Amended Complaint.

134.    Defendants deny the allegations in Paragraph 134 of the First Amended Complaint.

135.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 135 of the First Amended Complaint, and therefore deny the same.

136.    Defendants deny that the GE Defendants, to the extent they were obligated under the 2009 Agreement, violated the non-disclosure and non-use provisions of the 2009 Agreement.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 136 of the First Amended Complaint, and therefore deny same.

137.    Defendants deny the allegations in Paragraph 137 of the First Amended Complaint.

138.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 138 of the First Amended Complaint, and therefore deny the same.

139.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 139 of the First Amended Complaint, and therefore deny the same.

140.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 140 of the First Amended Complaint, and therefore deny the same.

141.    Defendants deny the allegations in Paragraph 141 of the First Amended Complaint.

142.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 142 of the First Amended Complaint, and therefore deny the same.

143.   Defendants admit that on June 26, 2018, Michael Joos of Spectrum talked with Hermony at the SNMMI trade show in Philadelphia, but deny the remaining allegations in Paragraph 143 of the First Amended Complaint.

144.   Defendants deny the allegations in Paragraph 144 of the First Amended Complaint.

145.   Defendants deny any wrongdoing by Defendants implied in the allegations in Paragraph 145 of the First Amended Complaint.  Defendants deny sufficient knowledge as to what Spectrum had "reason to believe," and therefore deny the allegations in Paragraph 145 of the First Amended Complaint.

146.   Defendants admit that the NM/CT 670 CZT uses CZT detectors, but deny the remaining allegations in Paragraph 146 of the First Amended Complaint.

147.   Defendants admit the allegations in Paragraph 147 of the First Amended Complaint.

148.   Defendants admit the allegations in Paragraph 148 of the First Amended Complaint.

149.   Defendants deny the allegations in Paragraph 149 of the First Amended Complaint.

150.   Defendants deny the allegations in Paragraph 150 of the First Amended Complaint.

151.   Defendants deny the allegations in Paragraph 151 of the First Amended Complaint.

152.   Defendants deny the allegations in Paragraph 152 of the First Amended Complaint.

153.   Defendants deny the allegations in Paragraph 153 of the First Amended Complaint.

154.   Defendants admit the existence of a letter from Spectrum's counsel dated June 20, 2018. That letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 154 of the First Amended Complaint regarding the letter as an inaccurate and incomplete summary of the letter. Defendants lack sufficient knowledge or information to admit or deny the remaining

allegations in Paragraph 154 of the First Amended Complaint, and therefore deny the same.

155.    Defendants admit that Spectrum notified General Electric Company that Spectrum was planning to introduce its VERITON at the upcoming Society of Nuclear Medicine trade show in Philadelphia. The letter from Spectrum's counsel dated June 20, 2018 speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 155 of the First Amended Complaint.

156.    Defendants admit that General Electric Company's in-house counsel Devins sent a one-page, three-paragraph letter dated June 22, 2018 to Spectrum's counsel. That letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 156 of the First Amended Complaint.

157.    Defendants admit the existence of a letter from Spectrum dated September 6, 2018. That letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 157 of the First Amended Complaint as an incomplete and inaccurate summary of the letter.

158.    Defendants admit that General Electric Company's counsel Devins sent a two-paragraph letter dated September 18, 2018 to Spectrum's counsel. That letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter. To the extent that a response is required, Defendants deny the remaining

allegations in Paragraph 158 of the First Amended Complaint as an incomplete summary of the letter.

159.    Defendants admit the existence of a letter from Spectrum's counsel dated September 26, 2018.  That letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 159 of the First Amended Complaint as an incomplete and inaccurate summary of the letter.

160.    Defendants admit that Counsel Butler, acting on behalf of General Electric Company, sent a letter dated October 1, 2018 to Spectrum's counsel.  That letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 160 of the First Amended Complaint as an incomplete and inaccurate summary of the letter.

161.    Defendants deny the allegations in Paragraph 161 of the First Amended Complaint.

162.    Defendants admit that Counsel Butler, acting on behalf of General Electric Company, sent a letter dated October 12, 2018 to Spectrum's counsel.  That letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 162 of the First Amended Complaint as an incomplete and inaccurate summary of the letter.

163.    Defendants admit that Counsel Butler, acting on behalf of General Electric Company, sent a letter dated October 22, 2018 to Spectrum's counsel.  That letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the

G\124\2   1822926v4

letter.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 163 of the First Amended Complaint as an incomplete and inaccurate summary of the letter.

164.   Defendants admit the existence of a letter from Spectrum's counsel dated November 2, 2018.  That letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 164 of the First Amended Complaint as an incomplete summary of the letter.

165.   Defendants deny the allegations in Paragraph 165 of the First Amended Complaint.

166.   Defendants admit that General Electric Company has never responded to, or agreed to, Plaintiff's request to toll any statute of limitations or laches periods.  Defendants deny the remaining allegations in Paragraph 166 of the First Amended Complaint.

167.   Defendants deny the allegations in Paragraph 167 of the First Amended Complaint.

168.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 168 of the First Amended Complaint, and therefore deny the same.

169.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 169 of the First Amended Complaint, and therefore deny the same.

170.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 170 of the First Amended Complaint, and therefore deny the same.

171.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 171 of the First Amended Complaint, and therefore deny the same.

172.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 172 of the First Amended Complaint, and therefore deny the same.

G\124\2   1822926v4

173.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 173 of the First Amended Complaint, and therefore deny the same.

174.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 174 of the First Amended Complaint, and therefore deny the same.

175.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 175 of the First Amended Complaint, and therefore deny the same.

176.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 176 of the First Amended Complaint, and therefore deny the same.

177.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 177 of the First Amended Complaint, and therefore deny the same.

178.   Defendants admit that individuals from one or more of the GE Defendants learned about the existing D-SPECT machine, but not about the Spectrum VERITON, from individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited.".   Defendants deny the remaining allegations in Paragraph 178 of the First Amended Complaint.

179.   Defendants deny the allegations in Paragraph 179 of the First Amended Complaint.

180.   Defendants admit that individuals from one or more of the GE Defendants and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" shared certain information with each other from 2009 to 2012. Defendants deny that the "Spectrum Trade Secrets" are or were trade secrets and deny the remaining allegations in Paragraph 180 of the First Amended Complaint.

181.   Defendants admit that individuals from one or more of the GE Defendants and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum

28

Dynamics Limited" shared certain information with each other.  Defendants deny the remaining allegations in Paragraph 181 of the First Amended Complaint.

182.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 182 of the First Amended Complaint, and therefore deny the same.

183.   Defendants deny the allegations in Paragraph 183 of the First Amended Complaint.

184.   Defendants admit that individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" and individuals from one or more of the GE Defendants disclosed information to each other both in writing and verbally during the so-called diligence period.  The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required, Defendants deny the allegations in Paragraph 184 of the First Amended Complaint as incomplete and inaccurate statements of the contents of the documents.  Defendants deny any remaining allegations in Paragraph 184 of the First Amended Complaint.

185.   The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required, Defendants deny the allegations in Paragraph 185 of the First Amended Complaint as incomplete and inaccurate statements of the contents of the documents.

186.   The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required, Defendants deny the allegations in Paragraph 186 of the First Amended Complaint as incomplete and inaccurate statements of the contents of the documents.

187.   Defendants admit that, during the 2009-2012 period, individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" and individuals from one or more of the GE Defendants disclosed information to each other in response to questionnaires and requests for documents. Defendants deny the remaining allegations in Paragraph 187 of the First Amended Complaint.

188.   The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents. To the extent that a response is required, Defendants deny the allegations in Paragraph 188 of the First Amended Complaint as incomplete and inaccurate statements of the contents of the documents. Defendants deny the remaining allegations in Paragraph 188 of the First Amended Complaint.

189.   Defendants deny the allegations in Paragraph 189 of the First Amended Complaint.

190.   Defendants deny the allegations in Paragraph 190 of the First Amended Complaint.

191.   Defendants deny the allegations in Paragraph 191 of the First Amended Complaint.

192.   Defendants admit that, during the period 2009 to 2012, individuals from one or more of the GE Defendants, on the one hand, and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited," on the other hand, shared information with each other through a data room and in-person meetings. Defendants deny the remaining allegations in Paragraph 192 of the First Amended Complaint.

193.   Defendants admit that at least some of the individuals listed in Paragraph 193 of the First Amended Complaint attended meetings with Spectrum held during 2009-2012. Defendants deny the remaining allegations in Paragraph 193 of the First Amended Complaint.

G\124\2   1822926v4

194.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 194 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent a response is required to any of the allegations in Paragraph 194, Defendants deny the allegations in Paragraph 194 of the First Amended Complaint.

195.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 195 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent a response is required to any of the allegations in Paragraph 195, Defendants deny the allegations in Paragraph 195 of the First Amended Complaint.

196.    Defendants deny the allegations in Paragraph 196 of the First Amended Complaint.

### TRADE SECRET "A"

197.    To the extent that the allegations in Paragraph 197 of the First Amended Complaint contain factual allegations that require an affirmative response, Defendants lack sufficient knowledge or information to admit or deny these allegations, and therefore deny the same.

198.    Defendants deny that "Trade Secret A" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 198 of the First Amended Complaint, and therefore deny the same.

199.   Defendants deny that "Trade Secret A" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 199 of the First Amended Complaint, and therefore deny the same.

200.   Defendants deny the allegations in Paragraph 200 of the First Amended Complaint.

201.   Defendants deny the allegations in Paragraph 201 of the First Amended Complaint.

202.   The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required, Defendants deny the allegations in Paragraph 202 of the First Amended Complaint.

203.   The referenced presentation speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the presentation.  To the extent that a response is required, Defendants deny the allegations in Paragraph 203 of the First Amended Complaint.

204.   Defendants admit that Plaintiff publicly disclosed Trade Secret A in the '721 PCT published on November 14, 2013, but Defendants deny that "Trade Secret A" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 204 of the First Amended Complaint, and therefore deny the same.

205.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 205 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent a response is

required to any of the allegations in Paragraph 205, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret A by including Plaintiff's invention in the patent application for the ███████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 205 of the First Amended Complaint is ████████████████ █████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 205 of the First Amended Complaint.

206.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required, Defendants deny the allegations in Paragraph 206 of the First Amended Complaint as an incomplete description of the contents of the patent.

207.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required, Defendants deny the allegations in Paragraph 207 of the First Amended Complaint as an incomplete description of the contents of the patent.

208.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 208 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent a response is

required to any of the allegations in Paragraph 208, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret A by including Plaintiff's invention in the patent application for the ████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████ Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 208 of the First Amended Complaint is ████████ ████████████████ and therefore deny the same. Defendants deny any remaining allegations in Paragraph 208 of the First Amended Complaint.

209. The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent. To the extent that a response is required, Defendants deny the allegations in Paragraph 209 of the First Amended Complaint as an incomplete description of the contents of the patent.

210. Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. To the extent that Paragraph 210 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations. To the extent a response is required to any of the allegations in Paragraph 210, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret A by including

Plaintiff's invention in the patent application for the ███████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████   Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 210 of the First Amended Complaint is ████████████████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 210 of the First Amended Complaint.

211.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required, Defendants deny the allegations in Paragraph 211 of the First Amended Complaint as an incomplete description of the contents of the patent.

212.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 212 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 212, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret A by including

Plaintiff's invention in the patent application for the ███████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████ Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 212 of the First Amended Complaint is ████████████████████████, and therefore deny the same. Defendants deny any remaining allegations in Paragraph 212 of the First Amended Complaint.

213. The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent. To the extent that a response is required to any of the allegations in Paragraph 213, Defendants deny the allegations in Paragraph 213 of the First Amended Complaint as an incomplete description of the contents of the patent.

214. Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. To the extent that Paragraph 214 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations. To the extent that a response is required to any of the allegations in Paragraph 214, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret A by including Plaintiff's invention in the patent application for the ███████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████   Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 214 of the First Amended Complaint is ████ ████████████████████████, and therefore deny the same.   Defendants deny any remaining allegations in Paragraph 214 of the First Amended Complaint.

215.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.   To the extent that a response is required to any of the allegations in Paragraph 215, Defendants deny the allegations in Paragraph 215 of the First Amended Complaint as an incomplete description of the contents of the patent.

216.   Defendants deny the allegations in Paragraph 216 of the First Amended Complaint.

217.   Defendants deny that the GE Defendants, to the extent they were obligated under the 2009 Agreement, violated the non-disclosure and non-use terms of the 2009 Agreement. Defendants deny that the "Spectrum Trade Secrets," including "Trade Secret A," are or were trade secrets.   Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 217 of the First Amended Complaint, and therefore deny the same.

218.   Defendants deny the allegations in Paragraph 218 of the First Amended Complaint.

219.   Defendants deny the allegations in Paragraph 219 of the First Amended Complaint.

**TRADE SECRET "B"**

220.   To the extent that the allegations in Paragraph 220 of the First Amended Complaint contain factual allegations that require an affirmative response, Defendants lack sufficient knowledge or information to admit or deny these allegations, and therefore deny the same.

37

221.    Defendants deny that "Trade Secret B" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 221 of the First Amended Complaint, and therefore deny the same.

222.    Defendants deny that "Trade Secret B" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 222 of the First Amended Complaint, and therefore deny the same.

223.    Defendants deny the allegations in Paragraph 223 of the First Amended Complaint.

224.    Defendants deny the allegations in Paragraph 224 of the First Amended Complaint.

225.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 225, Defendants deny the allegations in Paragraph 225 of the First Amended Complaint.

226.    The referenced presentation speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the presentation.  To the extent that a response is required to any of the allegations in Paragraph 226, Defendants deny the allegations in Paragraph 226 of the First Amended Complaint.

227.    Defendants deny that "Trade Secret B" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 227 of the First Amended Complaint, and therefore deny the same.

228.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 228 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the

Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 228, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret B by including Plaintiff's invention in the patent application for the ███████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████.  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 228 of the First Amended Complaint is ██████

████████████████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 228 of the First Amended Complaint.

229.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 229, Defendants deny the allegations in Paragraph 229 of the First Amended Complaint as an incomplete description of the contents of the patent.

230.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 230 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 230, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret B by including

Plaintiff's invention in the patent application for the ██████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████. Defendants lack

sufficient knowledge or information to admit or deny that information alleged in

Paragraph 230 of the First Amended Complaint is ██████████████████████████,

and therefore deny the same.  Defendants deny any remaining allegations in Paragraph

230 of the First Amended Complaint.

231.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's

descriptions of the contents of the patent.  To the extent that a response is required to any

of the allegations in Paragraph 231, Defendants deny the allegations in Paragraph 231 of

the First Amended Complaint as an incomplete description of the contents of the patent.

232.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all

claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a

party to this case.  To the extent that Paragraph 232 of the First Amended Complaint

contains allegations against Hefetz alone and not against any remaining Defendants, the

Court's Opinion and Order dismissed such allegations.  To the extent that a response is

required to any of the allegations in Paragraph 232, Defendants deny that the GE

Defendants by and through the GE diligence personnel and its outside consultant Hefetz

misappropriated, impermissibly disclosed and/or misused Trade Secret B by including

Plaintiff's invention in the patent application for the ██████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████   Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 232 of the First Amended Complaint is ████████████████████████████   and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 232 of the First Amended Complaint.

233.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 233, Defendants deny the allegations in Paragraph 233 of the First Amended Complaint as an incomplete description of the contents of the patent.

234.   Defendants deny that the GE Defendants, to the extent they were obligated under the 2009 Agreement, violated the non-disclosure and non-use terms of the 2009 Agreement.  Defendants deny that the "Spectrum Trade Secrets," including "Trade Secret B," are or were trade secrets.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 234 of the First Amended Complaint, and therefore deny the same.

235.   Defendants deny the allegations in Paragraph 235 of the First Amended Complaint.

236.   Defendants deny the allegations in Paragraph 236 of the First Amended Complaint.

## TRADE SECRET "C"

237.   To the extent that the allegations in Paragraph 237 of the First Amended Complaint contain factual allegations that require an affirmative response, Defendants lack sufficient knowledge or information to admit or deny these allegations, and therefore deny the same.

G\124\2   1822926v4

238.    Defendants deny that "Trade Secret C" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 238 of the First Amended Complaint, and therefore deny the same.

239.    Defendants deny that "Trade Secret C" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 239 of the First Amended Complaint, and therefore deny the same.

240.    Defendants deny the allegations in Paragraph 240 of the First Amended Complaint.

241.    Defendants deny the allegations in Paragraph 241 of the First Amended Complaint.

242.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 242, Defendants deny the allegations in Paragraph 242 of the First Amended Complaint.

243.    Defendants deny that "Trade Secret C" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 243 of the First Amended Complaint, and therefore deny the same.

244.    The referenced document speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the document.  To the extent that a response is required to any of the allegations in Paragraph 244, Defendants deny the allegations in Paragraph 244 of the First Amended Complaint.

245.    Defendants deny that "Trade Secret C" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 245 of the First Amended Complaint, and therefore deny the same.

246.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.   To the extent that Paragraph 246 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.   To the extent that a response is required to any of the allegations in Paragraph 246, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret C by including Plaintiff's invention in the patent application for the ███████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████ Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 246 of the First Amended Complaint is ████████████████████████, and therefore deny the same.   Defendants deny any remaining allegations in Paragraph 246 of the First Amended Complaint.

247.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.   To the extent that a response is required to any of the allegations in Paragraph 247, Defendants deny the allegations in Paragraph 247 of the First Amended Complaint as an incomplete description of the contents of the patent.

248.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a

party to this case.  To the extent that Paragraph 248 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 248, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret C by including Plaintiff's invention in the patent application for the ███████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████   Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 248 of the First Amended Complaint is ██████████

████████████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 248 of the First Amended Complaint.

249.    The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 249, Defendants deny the allegations in Paragraph 249 of the First Amended Complaint as an incomplete description of the contents of the patent.

250.    Defendants deny the allegations in Paragraph 250 of the First Amended Complaint.

251.    Defendants deny the allegations in Paragraph 251 of the First Amended Complaint.

## TRADE SECRET "D"

252.    To the extent that the allegations in Paragraph 252 of the First Amended Complaint contain factual allegations that require an affirmative response, Defendants lack sufficient knowledge or information to admit or deny these allegations, and therefore deny the same.

253. Defendants deny that "Trade Secret D" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 253 of the First Amended Complaint, and therefore deny the same.

254. Defendants deny that "Trade Secret D" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 254 of the First Amended Complaint, and therefore deny the same.

255. Defendants deny the allegations in Paragraph 255 of the First Amended Complaint.

256. Defendants deny the allegations in Paragraph 256 of the First Amended Complaint.

257. The referenced document speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the document.  To the extent that a response is required to any of the allegations in Paragraph 257, Defendants deny the allegations in Paragraph 257 of the First Amended Complaint.

258. The referenced document speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the document.  To the extent that a response is required to any of the allegations in Paragraph 258, Defendants deny the allegations in Paragraph 258 of the First Amended Complaint.

259. Defendants admit that Plaintiff publicly disclosed portions of Trade Secret D in the '721 PCT published on November 14, 2013, but deny that "Trade Secret D" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 259 of the First Amended Complaint, and therefore deny the same.

260. Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a

party to this case.  To the extent that Paragraph 260 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 260, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret D by including Plaintiff's invention in the patent application for the ███████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████ Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 260 of the First Amended Complaint is ███████████████████████ ██████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 260 of the First Amended Complaint.

261.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 261, Defendants deny the allegations in Paragraph 261 of the First Amended Complaint as an incomplete description of the contents of the patent.

262.   Defendants deny the allegations in Paragraph 262 of the First Amended Complaint.

263. Defendants deny that the GE Defendants, to the extent they were obligated under the 2009 Agreement, violated the non-disclosure and non-use terms of the 2009 Agreement. Defendants deny that the "Spectrum Trade Secrets," including "Trade Secret D," are or were trade secrets. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 263 of the First Amended Complaint, and therefore deny the same.

264. Defendants deny the allegations in Paragraph 264 of the First Amended Complaint.

265. Defendants deny the allegations in Paragraph 265 of the First Amended Complaint.

## **TRADE SECRET "E"**

266. To the extent that the allegations in Paragraph 266 of the First Amended Complaint contain factual allegations that require an affirmative response, Defendants lack sufficient knowledge or information to admit or deny these allegations, and therefore deny the same.

267. Defendants deny that "Trade Secret E" is or ever was a trade secret. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 267 of the First Amended Complaint, and therefore deny the same.

268. Defendants deny that "Trade Secret E" is or ever was a trade secret. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 268 of the First Amended Complaint, and therefore deny the same.

269. Defendants deny the allegations in Paragraph 269 of the First Amended Complaint.

270. Defendants deny the allegations in Paragraph 270 of the First Amended Complaint.

271. The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents. To the extent that a response is

required to any of the allegations in Paragraph 271, Defendants deny the allegations in Paragraph 271 of the First Amended Complaint.

272.   Defendants deny that Spectrum showed the GE Defendants how to protect patients from harmful detector contact by employing a counterweight system or that this system is a crucial design component necessary for patient safety and regulatory submission.  To the extent that Paragraph 272 of the First Amended Complaint quotes or summarizes an FDA website, that website speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the website.  To the extent that a response is required to any of the allegations in Paragraph 272, Defendants deny the allegations in Paragraph 272 of the First Amended Complaint regarding the FDA website as an incomplete description of the contents of the website.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 272 of the First Amended Complaint, and therefore deny the same.

273.   The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 273, Defendants deny the allegations in Paragraph 273 of the First Amended Complaint.

274.   Defendants admit that Plaintiff publicly disclosed Trade Secret E in the '721 PCT published on November 14, 2013, but deny that "Trade Secret E" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 274 of the First Amended Complaint, and therefore deny the same.

275.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 275 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 275, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret E by including Plaintiff's invention in the patent application for the ██████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 275 of the First Amended Complaint is ████████████████ ████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 275 of the First Amended Complaint.

276.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 276, Defendants deny the allegations in Paragraph 276 of the First Amended Complaint as an incomplete description of the contents of the patent.

277.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 277 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the

49

Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 277, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret E by including Plaintiff's invention in the patent application for the ███████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 277 of the First Amended Complaint is ██████████████████████ ██████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 277 of the First Amended Complaint.

278.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 278, Defendants deny the allegations in Paragraph 278 of the First Amended Complaint as an incomplete description of the contents of the patent.

279.   Defendants deny the allegations in Paragraph 279 of the First Amended Complaint.

280.   Defendants deny the allegations in Paragraph 280 of the First Amended Complaint.

281.   Defendants deny the allegations in Paragraph 281 of the First Amended Complaint.

**TRADE SECRET "F"**

282.   To the extent that the allegations in Paragraph 282 of the First Amended Complaint contain factual allegations that require an affirmative response, Defendants lack sufficient knowledge or information to admit or deny these allegations, and therefore deny the same.

283.   Defendants deny that "Trade Secret F" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 283 of the First Amended Complaint, and therefore deny the same.

284.   Defendants deny that "Trade Secret F" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 284 of the First Amended Complaint, and therefore deny the same.

285.   Defendants deny the allegations in Paragraph 285 of the First Amended Complaint.

286.   Defendants deny the allegations in Paragraph 286 of the First Amended Complaint.

287.   The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 287, Defendants deny the allegations in Paragraph 287 of the First Amended Complaint.

288.   Defendants deny that "Trade Secret F" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 288 of the First Amended Complaint, and therefore deny the same.

289.   The referenced document speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the document.  To the extent that a response is required to any of the allegations in Paragraph 289, Defendants deny the allegations in Paragraph 289 of the First Amended Complaint.

G\124\2   1822926v4

290.   Defendants deny that "Trade Secret F" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 290 of the First Amended Complaint, and therefore deny the same.

291.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 291 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 291, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret F by including Plaintiff's invention in the patent application for the ███████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████   Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 291 of the First Amended Complaint is ██████████

█████████████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 291 of the First Amended Complaint.

292.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 292, Defendants deny the allegations in Paragraph 292 of the First Amended Complaint as an incomplete description of the contents of the patent.

G\124\2   1822926v4

293. Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. To the extent that Paragraph 293 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations. To the extent that a response is required to any of the allegations in Paragraph 293, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret F by including Plaintiff's invention in the patent application for the ███████████████████ ████████████████████████████████████████ ████████████████████████████████████████ █████████████████████████████ Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 293 of the First Amended Complaint is ███████████████████████, and therefore deny the same. Defendants deny any remaining allegations in Paragraph 293 of the First Amended Complaint.

294. The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent. To the extent that a response is required to any of the allegations in Paragraph 294, Defendants deny the allegations in Paragraph 294 of the First Amended Complaint as an incomplete description of the contents of the patent.

295. Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. To the extent that Paragraph 295 of the First Amended Complaint

G\124\2   1822926v4

contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 295, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret F by including Plaintiff's invention in the patent application for the ███████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████        Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 295 of the First Amended Complaint is ██████

█████████████████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 295 of the First Amended Complaint.

296.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 296, Defendants deny the allegations in Paragraph 296 of the First Amended Complaint as an incomplete description of the contents of the patent.

297.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 297 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 297, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz

misappropriated, impermissibly disclosed and/or misused Trade Secret F by including

Plaintiff's invention in the patent application for the ████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████    Defendants lack

sufficient knowledge or information to admit or deny that information alleged in

Paragraph 297 of the First Amended Complaint is ███████████████████████████

█████████ and therefore deny the same.  Defendants deny any remaining allegations

in Paragraph 297 of the First Amended Complaint.

298.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's

descriptions of the contents of the patent.  To the extent that a response is required to any

of the allegations in Paragraph 298, Defendants deny the allegations in Paragraph 298 of

the First Amended Complaint as an incomplete description of the contents of the patent.

299.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all

claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a

party to this case.  To the extent that Paragraph 299 of the First Amended Complaint

contains allegations against Hefetz alone and not against any remaining Defendants, the

Court's Opinion and Order dismissed such allegations.  To the extent that a response is

required to any of the allegations in Paragraph 299, Defendants deny that the GE

Defendants by and through the GE diligence personnel and its outside consultant Hefetz

misappropriated, impermissibly disclosed and/or misused Trade Secret F by including

Plaintiff's invention in the patent application for the ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████   Defendants lack sufficient knowledge or

information to admit or deny that information alleged in Paragraph 299 of the First

Amended Complaint is ████████████████████, and therefore deny the

same.  Defendants deny any remaining allegations in Paragraph 299 of the First Amended

Complaint.

300.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's

descriptions of the contents of the patent.  To the extent that a response is required,

Defendants deny the allegations in Paragraph 300 of the First Amended Complaint as an

incomplete description of the contents of the patent.

301.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all

claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a

party to this case.  To the extent that Paragraph 301 of the First Amended Complaint

contains allegations against Hefetz alone and not against any remaining Defendants, the

Court's Opinion and Order dismissed such allegations.  To the extent that a response is

required to any of the allegations in Paragraph 301, Defendants deny that the GE

Defendants by and through the GE diligence personnel and its outside consultant Hefetz

misappropriated, impermissibly disclosed and/or misused Trade Secret F by including

Plaintiff's invention in the patent application for the ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████   Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 301 of the First Amended Complaint is ████████ ████████████████████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 301 of the First Amended Complaint.

302.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 302, Defendants deny the allegations in Paragraph 302 of the First Amended Complaint as an incomplete description of the contents of the patent.

303.   Defendants deny that the GE Defendants, to the extent they were obligated under the 2009 Agreement, violated the non-disclosure and non-use terms of the 2009 Agreement.  Defendants deny that the "Spectrum Trade Secrets," including "Trade Secret F," are or were trade secrets.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 303 of the First Amended Complaint, and therefore deny the same.

304.   Defendants deny the allegations in Paragraph 304 of the First Amended Complaint.

**TRADE SECRET "G"**

305.   To the extent that the allegations in Paragraph 305 of the First Amended Complaint contain factual allegations that require an affirmative response, Defendants lack sufficient knowledge or information to admit or deny these allegations, and therefore deny the same.

306.   Defendants deny that "Trade Secret G" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 306 of the First Amended Complaint, and therefore deny the same.

307.   Defendants deny that "Trade Secret G" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 307 of the First Amended Complaint, and therefore deny the same.

308.   Defendants deny the allegations in Paragraph 308 of the First Amended Complaint.

309.   Defendants deny the allegations in Paragraph 309 of the First Amended Complaint.

310.   Defendants deny the allegations in Paragraph 310 of the First Amended Complaint.

311.   The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 311, Defendants deny the allegations in Paragraph 311 of the First Amended Complaint.

312.   The referenced presentation speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the presentation.  To the extent that a response is required to any of the allegations in Paragraph 312, Defendants deny the allegations in Paragraph 312 of the First Amended Complaint.

313.   Defendants admit that Plaintiff publicly disclosed Trade Secret G in the '721 PCT published on November 14, 2013, but deny that "Trade Secret G" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 313 of the First Amended Complaint, and therefore deny the same.

G\124\2   1822926v4

314.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 314 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 314, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret G by including Plaintiff's invention in the patent application for the ███████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 314 of the First Amended Complaint is ███████████ ████████████████████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 314 of the First Amended Complaint.

315.    The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 315, Defendants deny the allegations in Paragraph 315 of the First Amended Complaint as an incomplete description of the contents of the patent.

316.    Defendants deny that the GE Defendants, to the extent they were obligated under the 2009 Agreement, violated the non-disclosure and non-use terms of the 2009 Agreement. Defendants deny that the "Spectrum Trade Secrets," including "Trade Secret G," are or

were trade secrets.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 316 of the First Amended Complaint, and therefore deny the same.

317.   Defendants deny the allegations in Paragraph 317 of the First Amended Complaint.

<u>**TRADE SECRET "H"**</u>

318.   To the extent that the allegations in Paragraph 318 of the First Amended Complaint contain factual allegations that require an affirmative response, Defendants lack sufficient knowledge or information to admit or deny these allegations, and therefore deny the same.

319.   Defendants deny that "Trade Secret H" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 319 of the First Amended Complaint, and therefore deny the same.

320.   Defendants deny that "Trade Secret H" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 320 of the First Amended Complaint, and therefore deny the same.

321.   Defendants deny the allegations in Paragraph 321 of the First Amended Complaint.

322.   Defendants deny the allegations in Paragraph 322 of the First Amended Complaint.

323.   The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 323, Defendants deny the allegations in Paragraph 323 of the First Amended Complaint.

324.   The referenced document speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the document.  To the extent that a response is

G\124\2   1822926v4

required to any of the allegations in Paragraph 324, Defendants deny the allegations in Paragraph 324 of the First Amended Complaint.

325.   The referenced presentation speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the presentation.  To the extent that a response is required to any of the allegations in Paragraph 325, Defendants deny the allegations in Paragraph 325 of the First Amended Complaint.

326.   Defendants deny that "Trade Secret H" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 326 of the First Amended Complaint, and therefore deny the same.

327.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 327 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 327, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret H by including Plaintiff's invention in the patent application for the ███████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████   Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 327 of the First Amended Complaint is ███████

███████████████████████ and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 327 of the First Amended Complaint.

328.    The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 328, Defendants deny the allegations in Paragraph 328 of the First Amended Complaint as an incomplete description of the contents of the patent.

329.    Defendants deny that the GE Defendants, to the extent they were obligated under the 2009 Agreement, violated the non-disclosure and non-use terms of the 2009 Agreement. Defendants deny that the "Spectrum Trade Secrets," including "Trade Secret H," are or were trade secrets.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 329 of the First Amended Complaint, and therefore deny the same.

330.    Defendants deny the allegations in Paragraph 330 of the First Amended Complaint.

331.    Defendants deny the allegations in Paragraph 331 of the First Amended Complaint.

## TRADE SECRET "I"

332.    To the extent that the allegations in Paragraph 332 of the First Amended Complaint contain factual allegations that require an affirmative response, Defendants lack sufficient knowledge or information to admit or deny these allegations, and therefore deny the same.

333.    Defendants deny that "Trade Secret I" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 333 of the First Amended Complaint, and therefore deny the same.

334.   Defendants deny that "Trade Secret I" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 334 of the First Amended Complaint, and therefore deny the same.

335.   Defendants deny the allegations in Paragraph 335 of the First Amended Complaint.

336.   Defendants deny the allegations in Paragraph 336 of the First Amended Complaint.

337.   Defendants deny the allegations in Paragraph 337 of the First Amended Complaint.

338.   The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 338, Defendants deny the allegations in Paragraph 338 of the First Amended Complaint.

339.   Defendants deny that "Trade Secret I" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 339 of the First Amended Complaint, and therefore deny the same.

340.   The referenced presentation speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the presentation.  To the extent that a response is required to any of the allegations in Paragraph 340, Defendants deny the allegations in Paragraph 340 of the First Amended Complaint.

341.   Defendants admit that Plaintiff publicly disclosed Trade Secret I in the '721 PCT published on November 14, 2013, but deny that "Trade Secret I" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 341 of the First Amended Complaint, and therefore deny the same.

342.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 342 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 342, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret I by including Plaintiff's invention in the patent application for the ███████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████████████████ Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 342 of the First Amended Complaint is ████████████████████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 342 of the First Amended Complaint.

343.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 343, Defendants deny the allegations in Paragraph 343 of the First Amended Complaint as an incomplete description of the contents of the patent.

344.   Defendants deny that the GE Defendants, to the extent they were obligated under the 2009 Agreement, GE violated the non-disclosure and non-use terms of the 2009 Agreement.  Defendants deny that the "Spectrum Trade Secrets," including "Trade Secret

I," are or were trade secrets. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 344 of the First Amended Complaint, and therefore deny the same.

345.    Defendants deny the allegations in Paragraph 345 of the First Amended Complaint.

346.    Defendants deny the allegations in Paragraph 346 of the First Amended Complaint.

## **TRADE SECRET "J"**

347.    To the extent that the allegations in Paragraph 347 of the First Amended Complaint contain factual allegations that require an affirmative response, Defendants lack sufficient knowledge or information to admit or deny these allegations, and therefore deny the same.

348.    Defendants deny that "Trade Secret J" is or ever was a trade secret. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 348 of the First Amended Complaint, and therefore deny the same.

349.    Defendants deny that "Trade Secret J" is or ever was a trade secret. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 349 of the First Amended Complaint, and therefore deny the same.

350.    Defendants deny the allegations in Paragraph 350 of the First Amended Complaint.

351.    Defendants deny the allegations in Paragraph 351 of the First Amended Complaint.

352.    Defendants deny the allegations in Paragraph 352 of the First Amended Complaint.

353.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents. To the extent that a response is required to any of the allegations in Paragraph 353, Defendants deny the allegations in Paragraph 353 of the First Amended Complaint.

G\124\2   1822926v4

354.     The referenced presentation speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the presentation.  To the extent that a response is required to any of the allegations in Paragraph 354, Defendants deny the allegations in Paragraph 354 of the First Amended Complaint.

355.     The referenced presentation speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the presentation.  To the extent that a response is required to any of the allegations in Paragraph 355, Defendants deny the allegations in Paragraph 355 of the First Amended Complaint.

356.     Defendants admit that Plaintiff publicly disclosed Trade Secret J in the '721 PCT published on November 14, 2013, but deny that "Trade Secret J" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 356 of the First Amended Complaint, and therefore deny the same.

357.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 357 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 357, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret J by including Plaintiff's invention in the patent application for the ███████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████ Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 357 of the First Amended Complaint is ████████ ████████████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 357 of the First Amended Complaint.

358.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 358, Defendants deny the allegations in Paragraph 358 of the First Amended Complaint as an incomplete description of the contents of the patent.

359.   Defendants deny the allegations in Paragraph 359 of the First Amended Complaint.

360.   Defendants deny that the GE Defendants, to the extent they were obligated under the 2009 Agreement, violated the non-disclosure and non-use terms of the 2009 Agreement. Defendants deny that the "Spectrum Trade Secrets," including "Trade Secret J," are or were trade secrets.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 360 of the First Amended Complaint, and therefore deny the same.

361.   Defendants deny the allegations in Paragraph 361 of the First Amended Complaint.

## TRADE SECRET "K"

362.   To the extent that the allegations in Paragraph 362 of the First Amended Complaint contain factual allegations that require an affirmative response, Defendants lack sufficient knowledge or information to admit or deny these allegations, and therefore deny the same.

363.    Defendants deny that "Trade Secret K" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 363 of the First Amended Complaint, and therefore deny the same.

364.    Defendants deny that "Trade Secret K" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 364 of the First Amended Complaint, and therefore deny the same.

365.    Defendants deny the allegations in Paragraph 365 of the First Amended Complaint.

366.    Defendants deny the allegations in Paragraph 366 of the First Amended Complaint.

367.    Defendants deny the allegations in Paragraph 367 of the First Amended Complaint.

368.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 368, Defendants deny the allegations in Paragraph 368 of the First Amended Complaint.

369.    The referenced presentation speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the presentation.  To the extent that a response is required to any of the allegations in Paragraph 369, Defendants deny the allegations in Paragraph 369 of the First Amended Complaint.

370.    Defendants deny that "Trade Secret K" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 370 of the First Amended Complaint, and therefore deny the same.

371.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 371 of the First Amended Complaint

contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 371, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret K by including Plaintiff's invention in the patent application published as the ███████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████ Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 371 of the First Amended Complaint is ██████████████████████ ██████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 371 of the First Amended Complaint.

372.   The referenced publication speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the publication.  To the extent that a response is required to any of the allegations in Paragraph 372, Defendants deny the allegations in Paragraph 372 of the First Amended Complaint as an incomplete description of the contents of the publication.

373.   Defendants deny the allegations in Paragraph 373 of the First Amended Complaint.

**TRADE SECRET "L"**

374.   To the extent that the allegations in Paragraph 374 of the First Amended Complaint contain factual allegations that require an affirmative response, Defendants lack sufficient knowledge or information to admit or deny these allegations, and therefore deny the same.

375.   Defendants deny that "Trade Secret L" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 375 of the First Amended Complaint, and therefore deny the same.

376.   Defendants deny that "Trade Secret L" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 376 of the First Amended Complaint, and therefore deny the same.

377.   Defendants deny the allegations in Paragraph 377 of the First Amended Complaint.

378.   Defendants deny the allegations in Paragraph 378 of the First Amended Complaint.

379.   Defendants deny the allegations in Paragraph 379 of the First Amended Complaint.

380.   The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 380, Defendants deny the allegations in Paragraph 380 of the First Amended Complaint.

381.   The referenced presentation speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the presentation.  To the extent that a response is required to any of the allegations in Paragraph 381, Defendants deny the allegations in Paragraph 381 of the First Amended Complaint.

382.   Defendants deny that "Trade Secret L" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 382 of the First Amended Complaint, and therefore deny the same.

383.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 383 of the First Amended Complaint

contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 383, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret L by including Plaintiff's invention in the patent application published as the ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 383 of the First Amended Complaint is ████████████████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 383 of the First Amended Complaint.

384.     The referenced publication speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the publication.  To the extent that a response is required to any of the allegations in Paragraph 384, Defendants deny the allegations in Paragraph 384 of the First Amended Complaint.

385.     Defendants deny the allegations in Paragraph 385 of the First Amended Complaint.

## TRADE SECRET "M"

386.     To the extent that the allegations in Paragraph 386 of the First Amended Complaint contain factual allegations that require an affirmative response, Defendants lack sufficient knowledge or information to admit or deny these allegations, and therefore deny the same.

G:\124\2   1822926v4

387.   Defendants deny that "Trade Secret M" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 387 of the First Amended Complaint, and therefore deny the same.

388.   Defendants deny that "Trade Secret M" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 388 of the First Amended Complaint, and therefore deny the same.

389.   Defendants deny the allegations in Paragraph 389 of the First Amended Complaint.

390.   Defendants deny the allegations in Paragraph 390 of the First Amended Complaint.

391.   The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 391, Defendants deny the allegations in Paragraph 391 of the First Amended Complaint.

392.   The referenced document speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the document.  To the extent that a response is required to any of the allegations in Paragraph 392, Defendants deny the allegations in Paragraph 392 of the First Amended Complaint.

393.   Defendants deny that "Trade Secret M" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 393 of the First Amended Complaint, and therefore deny the same.

394.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 394 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the

Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 394, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret M by including Plaintiff's invention in the patent application for the █████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████████████████  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 394 of the First Amended Complaint is ██████████████████████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 394 of the First Amended Complaint.

395.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 395, Defendants deny the allegations in Paragraph 395 of the First Amended Complaint as an incomplete description of the contents of the patent.

396.   Defendants deny the allegations in Paragraph 396 of the First Amended Complaint.

397.   Defendants deny the allegations in Paragraph 397 of the First Amended Complaint.

## TRADE SECRET "N"

398.   To the extent that the allegations in Paragraph 398 of the First Amended Complaint contain factual allegations that require an affirmative response, Defendants lack sufficient knowledge or information to admit or deny these allegations, and therefore deny the same.

G\124\2   1822926v4

399.    Defendants deny that "Trade Secret N" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 399 of the First Amended Complaint, and therefore deny the same.

400.    Defendants deny that "Trade Secret N" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 400 of the First Amended Complaint, and therefore deny the same.

401.    Defendants deny the allegations in Paragraph 401 of the First Amended Complaint.

402.    Defendants deny the allegations in Paragraph 402 of the First Amended Complaint.

403.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 403, Defendants deny the allegations in Paragraph 403 of the First Amended Complaint.

404.    Defendants admit that Plaintiff publicly disclosed Trade Secret N in the '721 PCT published on November 14, 2013, but deny that "Trade Secret N" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 404 of the First Amended Complaint, and therefore deny the same.

405.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 405 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 405, Defendants deny that the GE

Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret N by including Plaintiff's invention in the patent application for the ██████████████████ ████████████████████████████████████████████████████ ████████████████████████████████ Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 405 of the First Amended Complaint is ████████████████████ ████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 405 of the First Amended Complaint.

406. The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 406, Defendants deny the allegations in Paragraph 406 of the First Amended Complaint as an incomplete description of the contents of the patent.

407. Defendants deny the allegations in Paragraph 407 of the First Amended Complaint.

**TRADE SECRET "O"**

408. To the extent that the allegations in Paragraph 408 of the First Amended Complaint contain factual allegations that require an affirmative response, Defendants lack sufficient knowledge or information to admit or deny these allegations, and therefore deny the same.

409. Defendants deny that "Trade Secret O" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 409 of the First Amended Complaint, and therefore deny the same.

410.   Defendants deny that "Trade Secret O" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 410 of the First Amended Complaint, and therefore deny the same.

411.   Defendants deny the allegations in Paragraph 411 of the First Amended Complaint.

412.   Defendants deny the allegations in Paragraph 412 of the First Amended Complaint.

413.   The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 413, Defendants deny the allegations in Paragraph 413 of the First Amended Complaint.

414.   Defendants deny that "Trade Secret O" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 414 of the First Amended Complaint, and therefore deny the same.

415.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 415 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 415, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret O by including Plaintiff's invention in the patent application for the ███████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

76

███████████████████████████████████████████

███████████████████████████████████████████

Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 415 of the First Amended Complaint is ████████████████ ████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 415 of the First Amended Complaint.

416.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 416, Defendants deny the allegations in Paragraph 416 of the First Amended Complaint as an incomplete description of the contents of the patent.

417.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 417, Defendants admit that Paragraph 417 of the First Amended Complaint appears to show Figures 5 and 8 of the ████████  Defendants deny any remaining allegations in Paragraph 417 of the First Amended Complaint.

418.   Defendants deny the allegations in Paragraph 418 of the First Amended Complaint.

419.   Defendants deny the allegations in Paragraph 419 of the First Amended Complaint.

**TRADE SECRET "P"**

420.   To the extent that the allegations in Paragraph 420 of the First Amended Complaint contain factual allegations that require an affirmative response, Defendants lack sufficient knowledge or information to admit or deny these allegations, and therefore deny the same.

421.    Defendants deny that "Trade Secret P" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 421 of the First Amended Complaint, and therefore deny the same.

422.    Defendants deny that "Trade Secret P" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 422 of the First Amended Complaint, and therefore deny the same.

423.    Defendants deny the allegations in Paragraph 423 of the First Amended Complaint.

424.    Defendants deny the allegations in Paragraph 424 of the First Amended Complaint.

425.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 425, Defendants deny the allegations in Paragraph 425 of the First Amended Complaint.

426.    Defendants deny that "Trade Secret P" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 426 of the First Amended Complaint, and therefore deny the same.

427.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 427 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 427, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret P by including

78

Plaintiff's invention in the patent application for the █████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████   Defendants lack sufficient

knowledge or information to admit or deny that information alleged in Paragraph 427 of

the First Amended Complaint is █████████████████████, and therefore

deny the same.  Defendants deny any remaining allegations in Paragraph 427 of the First

Amended Complaint.

428.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's

descriptions of the contents of the patent.  To the extent that a response is required to any

of the allegations in Paragraph 428, Defendants deny the allegations in Paragraph 428 of

the First Amended Complaint as an incomplete description of the contents of the patent.

429.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's

descriptions of the contents of the patent.  To the extent that a response is required to any

of the allegations in Paragraph 429, Defendants deny the allegations in Paragraph 429 of

the First Amended Complaint as an incomplete description of the contents of the patent.

430.   Defendants deny the allegations in Paragraph 430 of the First Amended Complaint.

431.   Defendants deny the allegations in Paragraph 431 of the First Amended Complaint.

**<u>TRADE SECRET "Q"</u>**

432.   To the extent that the allegations in Paragraph 432 of the First Amended Complaint

contain factual allegations that require an affirmative response, Defendants lack sufficient

knowledge or information to admit or deny these allegations, and therefore deny the

same.

433.   Defendants deny that "Trade Secret Q" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 433 of the First Amended Complaint, and therefore deny the same.

434.   Defendants deny that "Trade Secret Q" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 434 of the First Amended Complaint, and therefore deny the same.

435.   Defendants deny the allegations in Paragraph 435 of the First Amended Complaint.

436.   Defendants deny the allegations in Paragraph 436 of the First Amended Complaint.

437.   Defendants deny that, with the "first GE Dedicated CZT cardiac system," the GE Defendants used a very expensive and inefficient water-cooling system that caused many problems.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 437 of the First Amended Complaint, and therefore deny the same.

438.   The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 438, Defendants deny the allegations in Paragraph 438 of the First Amended Complaint.

439.   Defendants deny that "Trade Secret Q" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 439 of the First Amended Complaint, and therefore deny the same.

440.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 440 of the First Amended Complaint

contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 440, Defendants deny that the GE Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret Q by including Plaintiff's invention in the patent application for the ████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████████████  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 440 of the First Amended Complaint is ████████████████████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 440 of the First Amended Complaint.

441.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required, Defendants deny the allegations in Paragraph 441 of the First Amended Complaint as an incomplete description of the contents of the patent.

442.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 442 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 442, Defendants deny that the GE

Defendants by and through the GE diligence personnel and its outside consultant Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret Q by including Plaintiff's invention in the patent application for the ███████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████ Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 442 of the First Amended Complaint is ████████████████████████, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 442 of the First Amended Complaint.

443.  The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 443, Defendants deny the allegations in Paragraph 443 of the First Amended Complaint as an incomplete description of the contents of the patent.

444.  Defendants deny the allegations in Paragraph 444 of the First Amended Complaint.

445.  Defendants deny the allegations in Paragraph 445 of the First Amended Complaint.

446.  Defendants deny the allegations in Paragraph 446 of the First Amended Complaint.

447.  Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Because Paragraph 447 contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed Paragraph 447 *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 447, Defendants deny the allegations in Paragraph 447 of the First Amended Complaint.

448.  Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 448 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required, Defendants deny the allegations in Paragraph 448 of the First Amended Complaint.

449.  Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Because Paragraph 449 contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed Paragraph 449 *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 449, Defendants deny the allegations in Paragraph 449 of the First Amended Complaint.

450.  Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 450 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 450, Defendants deny the remaining allegations in Paragraph 450 of the First Amended Complaint.

451.  Defendants admit that the declarations referenced in Paragraph 450 of this Answer were sent to the Small Patent Law Firm in St. Louis, Missouri.  Defendants also admit that the

Small Patent Law Firm filed the patent applications in Paragraph 450 of the First Amended Complaint with the United States Patent and Trademark Office in Alexandria, Virginia.  Defendants deny the remaining allegations in Paragraph 451 of the First Amended Complaint.

452.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 452 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent a response is required to any of the allegations in Paragraph 452, Defendants deny the remaining allegations in Paragraph 452 of the First Amended Complaint.

453.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Because Paragraph 453 contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed Paragraph 453 *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 453, Defendants deny the allegations in Paragraph 453 of the First Amended Complaint.

454.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Because Paragraph 454 contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed Paragraph 454 *in toto*.  To the extent that a response is required to any of the allegations

in Paragraph 454, Defendants deny the allegations in Paragraph 454 of the First Amended Complaint.

455.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 455 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 455, whether certain individuals are "subject to 37 CFR §§1.56, 1.98 and 1.99" is a legal conclusion to which no response is required.  To the extent that such assertions contain factual allegations to which a response is required, Defendants deny the factual allegations.  Defendants deny the remaining allegations in Paragraph 455 of the First Amended Complaint.

456.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 456 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 456, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 456 of the First Amended Complaint because the phrase "any of the above" is vague and ambiguous.  Therefore, Defendants deny the allegations in Paragraph 456 of the First Amended Complaint.

457.     Defendants deny the allegations in Paragraph 457 of the First Amended Complaint.

G\124\2   1822926v4

458.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Because Paragraph 458 contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed Paragraph 458 *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 458, Defendants deny the allegations in Paragraph 458 of the First Amended Complaint.

459.   Defendants admit that Bouhnik, Steinfeld, Escho, and Hermony were all personnel of one or more of the GE Defendants and that each attended in-person meetings with an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited."  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 459 of the First Amended Complaint because the term "GE diligence personnel" is vague and ambiguous.  Therefore, Defendants deny the remaining allegations in Paragraph 459 of the First Amended Complaint.

460.   Defendants admit that Bouhnik, Steinfeld, Escho, and Hermony had access to certain information from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" under the non-disclosure and non-provisions of the 2009 Agreement.  Defendants lack sufficient knowledge or information to admit or deny whether Bouhnik, Steinfeld, Escho, and Hermony are GE diligence personnel because the term "GE diligence personnel" is vague and ambiguous.  Therefore, Defendants deny the remaining allegations in Paragraph 460 of the First Amended Complaint.

461.   Defendants deny the allegations in Paragraph 461 of the First Amended Complaint.

462.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 462 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 462, Defendants admit that Bouhnik, Steinfeld, Escho, and Hefetz are the inventors of at least some of the patents listed in Paragraph 462 of the First Amended Complaint.  Defendants deny the remaining allegations in Paragraph 462 of the First Amended Complaint.

463.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 463 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 463, Defendants deny the allegations in Paragraph 463 of the First Amended Complaint.

464.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 464 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 464, whether certain individuals are "subject to 37 CFR §§ 1.56, 1.98 and 1.99" is a legal conclusion to which no response is

required.   To the extent that such assertions contain factual allegations to which a response is required, Defendants deny the factual allegations.   Defendants deny the remaining allegations in Paragraph 464 of the First Amended Complaint.

465.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.   To the extent that Paragraph 465 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.   To the extent that a response is required to any of the allegations in Paragraph 465, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 465 of the First Amended Complaint because the phrase "any of the above" is vague and ambiguous.   Therefore, Defendants deny the allegations in Paragraph 465 of the First Amended Complaint.

466.   Defendants deny the allegations in Paragraph 466 of the First Amended Complaint.

467.   Defendants admit the allegations in Paragraph 467 of the First Amended Complaint.

468.   Defendants admit the allegations in Paragraph 468 of the First Amended Complaint.

469.   Defendants admit that Hermony was present at meetings at the facilities of an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited."   Defendants deny the remaining allegations in Paragraph 469 of the First Amended Complaint.

470.   Defendants deny the allegations in Paragraph 470 of the First Amended Complaint.

471.   Defendants deny the allegations in Paragraph 471 of the First Amended Complaint.

472.   Defendants deny the allegations in Paragraph 472 of the First Amended Complaint.

473.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 473 of the First Amended Complaint, and therefore deny the same.

474.    Defendants deny the allegations in Paragraph 474 of the First Amended Complaint.

475.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 475 of the First Amended Complaint, and therefore deny the same.

476.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 476 of the First Amended Complaint, and therefore deny the same.

477.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 477 of the First Amended Complaint, and therefore deny the same.

478.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 478 of the First Amended Complaint, and therefore deny the same.

479.    Defendants deny the allegations in Paragraph 479 of the First Amended Complaint.

480.    Defendants deny the allegations in Paragraph 480 of the First Amended Complaint.

481.    Defendants admit that individuals from one or more of the GE Defendants has discussed the Accused GE Device with certain individuals in the industry.  Defendants deny the remaining allegations in Paragraph 481 of the First Amended Complaint.

482.    Defendants deny the allegations in Paragraph 482 of the First Amended Complaint.

483.    Defendants admit the allegations in Paragraph 483 of the First Amended Complaint.

484.    Defendants deny the allegations in Paragraph 484 of the First Amended Complaint.

485.    Defendants deny the allegations in Paragraph 485 of the First Amended Complaint.

486.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 486 of the First Amended Complaint, and therefore deny the same.

487.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 487 of the First Amended Complaint, and therefore deny the same.

488.    Defendants deny the allegations in Paragraph 488 of the First Amended Complaint.

489.   Defendants deny the allegations in Paragraph 489 of the First Amended Complaint.

## COUNT ONE – BREACH OF CONTRACT
### (All Defendants)

490.   Defendants repeat their responses to the allegations made in Paragraphs 1 through 489 of
the First Amended Complaint as if fully rewritten here.

491.   Paragraph 491 of the First Amended Complaint contains only legal conclusions and no
factual allegations that require a response.  To the extent that Paragraph 491 contains
factual allegations, Defendants deny them.

492.   Whether the 2009 Agreement is a valid, binding, and enforceable contract is a legal
conclusion for which no response is required.  To the extent that a response is required to
any of the allegations in Paragraph 492, Defendants deny this allegation.  To the extent
that Paragraph 492 of the First Amended Complaint purports to quote or summarize the
2009 Agreement, that agreement speaks for itself, and Defendants need not admit or deny
Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is
required to any of the allegations in Paragraph 492, Defendants deny such allegations as
an incomplete and inaccurate summary of the contents of the agreement.  Defendants
deny any remaining allegations in Paragraph 492 of the First Amended Complaint.

493.   Defendants lack sufficient knowledge or information to admit or deny the allegations in
Paragraph 493 of the First Amended Complaint, and therefore deny the same.

494.   Paragraph 494 of the First Amended Complaint contains only legal conclusions and no
factual allegations that require a response.  To the extent that Paragraph 494 contains
factual allegations, Defendants deny them.

495.   Defendants deny that the "Spectrum Trade Secrets" are or were trade secrets.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 495 of the First Amended Complaint, and therefore deny the same.

496.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 496 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 496, Defendants admit that, pursuant to the 2009 Agreement, individuals from one or more of the GE Defendants and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" disclosed information to each other for the purpose of evaluating a possible relationship between the companies.  To the extent that Paragraph 496 of the First Amended Complaint purports to quote or summarize the 2009 Agreement, that agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny such allegations as an incomplete and inaccurate summary of the contents of the agreement.  Defendants deny the remaining allegations in Paragraph 496 of the First Amended Complaint.

497.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 497 of the First Amended Complaint, and therefore deny the same.

498.   The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required to

any of the allegations in Paragraph 498, Defendants deny the allegations in Paragraph 498 of the First Amended Complaint as an incomplete summary of the contents of the agreement.

499. Defendants admit that, pursuant to the 2009 Agreement, individuals from one or more of the GE Defendants and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" disclosed information to each other for the purpose of evaluating a possible acquisition or business relationship. Defendants deny the remaining allegations in Paragraph 499 of the First Amended Complaint.

500. Defendants admit that Bouhnik, Steinfeld, Escho, and Hermony had access to certain information from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" under the non-disclosure and non-provisions of the 2009 Agreement. Defendants lack sufficient knowledge or information to admit or deny whether Bouhnik, Steinfeld, Escho, and Hermony are GE diligence personnel because the term "GE diligence personnel" is vague and ambiguous. With regard to the remaining allegations in Paragraph 500 of the First Amended Complaint, the 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement. To the extent that a response is required to any of the allegations in Paragraph 500, Defendants deny the remaining allegations in Paragraph 500 of the First Amended Complaint as an incomplete and inaccurate summary of the contents of the agreement.

501. Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. To the extent that Paragraph 501 of the First Amended Complaint

contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 501, Defendants deny the allegations in Paragraph 501 of the First Amended Complaint.

502.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 502 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 502, Defendants deny the allegations in Paragraph 502 of the First Amended Complaint.

503.   Defendants deny the allegations in Paragraph 503 of the First Amended Complaint.

504.   Defendants deny the allegations in Paragraph 504 of the First Amended Complaint.

505.   Defendants deny the allegations in Paragraph 505 of the First Amended Complaint.

506.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 506 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 506, Defendants deny the allegations in Paragraph 506 of the First Amended Complaint.

507.   Defendants deny the allegations in Paragraph 507 of the First Amended Complaint.

508.   Defendants deny the allegations in Paragraph 508 of the First Amended Complaint.

## COUNT TWO – MISAPPROPRIATION OF TRADE SECRET
### (All Defendants)

509.   Defendants repeat their responses to the allegations made in Paragraphs 1 through 508 of the First Amended Complaint as if fully rewritten here.

510.   Paragraph 510 of the First Amended Complaint contains only legal conclusions and no factual allegations that require a response.  To the extent that Paragraph 510 contains factual allegations, Defendants deny them.

511.   Defendants deny the allegations in Paragraph 511 of the First Amended Complaint.

512.   Defendants deny the allegations in Paragraph 512 of the First Amended Complaint.

513.   Defendants deny the allegations in Paragraph 513 of the First Amended Complaint.

514.   Defendants admit that, between 2009 and 2012, individuals from one or more of the GE Defendants and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" disclosed certain information to each other subject to the confidentiality and non-use provisions of the 2009 Agreement.  Defendants deny that the "Spectrum Trade Secrets" are or were trade secrets and deny the remaining allegations in Paragraph 514 of the First Amended Complaint.

515.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 515 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 515, Defendants deny the allegations in Paragraph 515 of the First Amended Complaint.

516.     The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the 2009 Agreement.  To the extent that a response is required to any of the allegations in Paragraph 516, Defendants deny the allegations in Paragraph 516 of the First Amended Complaint as an incomplete and inaccurate summary of the contents of the 2009 Agreement.

517.     Defendants deny the allegations in Paragraph 517 of the First Amended Complaint.

518.     Defendants deny the allegations in Paragraph 518 of the First Amended Complaint.

519.     Defendants deny the allegations in Paragraph 519 of the First Amended Complaint.

520.     Defendants deny the allegations in Paragraph 520 of the First Amended Complaint.

521.     Defendants deny the allegations in Paragraph 521 of the First Amended Complaint.

### COUNT THREE—MISAPPROPRIATION OF TRADE SECRETS UNDER DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836, et seq.) (All Defendants)

522.     Defendants repeat their responses to the allegations made in Paragraphs 1 through 521 of the First Amended Complaint as if fully rewritten here.

523.     Paragraph 523 of the First Amended Complaint contains only legal conclusions and no factual allegations that require a response.  To the extent that Paragraph 523 contains factual allegations, Defendants deny them.

524.     Defendants deny the allegations in Paragraph 524 of the First Amended Complaint.

525.     Defendants deny the allegations in Paragraph 525 of the First Amended Complaint.

526.     Defendants deny the allegations in Paragraph 526 of the First Amended Complaint.

527.     Defendants admit that, between 2009 and 2012, individuals from one or more of the GE Defendants and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" disclosed certain information to each other subject to the confidentiality and non-use provisions of the 2009 Agreement.  Defendants deny that

the "Spectrum Trade Secrets" are or were trade secrets and deny the remaining allegations in Paragraph 527 of the First Amended Complaint.

528.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 528 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 528, Defendants deny the allegations in Paragraph 528 of the First Amended Complaint.

529.    The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required to any of the allegations in Paragraph 529, Defendants deny the allegations in Paragraph 529 of the First Amended Complaint as an incomplete and inaccurate summary of the contents of the agreement.

530.    Defendants deny the allegations in Paragraph 530 of the First Amended Complaint.

531.    Defendants deny the allegations in Paragraph 531 of the First Amended Complaint.

532.    Defendants deny the allegations in Paragraph 532 of the First Amended Complaint.

533.    Defendants deny the allegations in Paragraph 533 of the First Amended Complaint.

534.    Defendants deny the allegations in Paragraph 534 of the First Amended Complaint.

## COUNT FOUR – MISAPPROPRIATION OF IDEAS
### (All Defendants)

535.    Defendants repeat their responses to the allegations made in Paragraphs 1 through 534 of the First Amended Complaint as if fully rewritten here.

G\124\2   1822926v4

536.   Paragraph 536 of the First Amended Complaint contains only legal conclusions and no factual allegations that require a response.   To the extent that Paragraph 536 contains factual allegations, Defendants deny them.

537.   Paragraph 537 of the First Amended Complaint contains only legal conclusions and no factual allegations that require a response.   To the extent that Paragraph 537 contains factual allegations, Defendants deny them.

538.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.   To the extent that Paragraph 538 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.   To the extent that a response is required to any of the allegations in Paragraph 538, Defendants deny the allegations in Paragraph 538 of the First Amended Complaint.

539.   Defendants deny the allegations in Paragraph 539 of the First Amended Complaint.

540.   Defendants deny the allegations in Paragraph 540 of the First Amended Complaint.

541.   Defendants admit that claim 1 of General Electric Company's ▮▮▮▮▮▮ is novel. Defendants deny that any feature described in claim 1 was invented by Spectrum. General Electric Company's ▮▮▮▮▮▮ speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.   To the extent that a response is required to any of the allegations in Paragraph 541, Defendants deny the remaining allegations in Paragraph 541 of the First Amended Complaint as an incomplete summary of the contents of the patent.

542.   Defendants deny the allegations in Paragraph 542 of the First Amended Complaint.

G\124\2   1822926v4

543.    Defendants deny the allegations in Paragraph 543 of the First Amended Complaint.

544.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all
        claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a
        party to this case.   To the extent that Paragraph 544 of the First Amended Complaint
        contains allegations against Hefetz alone and not against any remaining Defendants, the
        Court's Opinion and Order dismissed such allegations.   To the extent that a response is
        required to any of the allegations in Paragraph 544, Defendants deny the allegations in
        Paragraph 544 of the First Amended Complaint.

545.    Defendants deny the allegations in Paragraph 545 of the First Amended Complaint.

546.    Defendants deny the allegations in Paragraph 546 of the First Amended Complaint.

547.    Defendants deny the allegations in Paragraph 547 of the First Amended Complaint.

548.    Defendants deny the allegations in Paragraph 548 of the First Amended Complaint.

## COUNT FIVE – UNFAIR COMPETITION
### (All Defendants)

549.    Defendants repeat their responses to the allegations made in Paragraphs 1 through 548 of
        the First Amended Complaint as if fully rewritten here.

550.    Paragraph 550 of the First Amended Complaint contains only legal conclusions and no
        factual allegations that require a response.   To the extent that Paragraph 550 contains
        factual allegations, Defendants deny them.

551.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all
        claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a
        party to this case.   To the extent that Paragraph 551 of the First Amended Complaint
        contains allegations against Hefetz alone and not against any remaining Defendants, the
        Court's Opinion and Order dismissed such allegations.   To the extent that a response is

G\124\2   1822926v4

required to any of the allegations in Paragraph 551, Defendants admit that individuals from one or more of the GE Defendants and at least some of the Obligated Individuals obtained certain information from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" under the 2009 Agreement.   Defendants deny the remaining allegations in Paragraph 551 of the First Amended Complaint.

552.    Defendants deny the allegations in Paragraph 552 of the First Amended Complaint.

553.    Defendants deny the allegations in Paragraph 553 of the First Amended Complaint.

554.    Defendants deny the allegations in Paragraph 554 of the First Amended Complaint.

555.    Defendants deny the allegations in Paragraph 555 of the First Amended Complaint.

556.    Defendants deny the allegations in Paragraph 556 of the First Amended Complaint.

557.    Defendants deny the allegations in Paragraph 557 of the First Amended Complaint.

558.    Defendants deny the allegations in Paragraph 558 of the First Amended Complaint.

559.    Defendants deny the allegations in Paragraph 559 of the First Amended Complaint.

## COUNT SIX – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (All Defendants)

Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against all Defendants asserted in Count Six of the First Amended Complaint - Breach of Implied Covenant of Good Faith and Fair Dealing (Paragraphs 560 to 567) have been dismissed. To the extent a response is required to the allegations set forth in Count Six, Defendants deny those allegations.

## COUNT SEVEN – UNJUST ENRICHMENT
### (GE Defendants)

Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against the GE Defendants asserted in Count Seven of the First Amended

Complaint - Unjust Enrichment (Paragraphs 568 to 580) have been dismissed. To the extent a response is required to the allegations set forth in Count Seven, Defendants deny those allegations.

### COUNT EIGHT – FRAUD
#### (All Defendants)

Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against all Defendants asserted in Count Eight of the First Amended Complaint – Fraud (Paragraphs 581 to 598) have been dismissed.  To the extent a response is required to the allegations set forth in Count Eight, Defendants deny those allegations.

### COUNT NINE – AIDING AND ABETTING FRAUD
#### (Obligated Individuals and Defendant Hefetz)

Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against the Obligated Individuals asserted in Count Nine of the First Amended Complaint - Aiding and Abetting Fraud (Paragraphs 599 through 610) have been dismissed. To the extent a response is required to the allegations set forth in Count Nine, Defendants deny those allegations.

### COUNT TEN – NEGLIGENCE
#### (All Defendants)

Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against all Defendants asserted in Count Ten of the First Amended Complaint – Negligence (Paragraphs 611 to 618) have been dismissed. To the extent a response is required to the allegations set forth in Count Ten, Defendants deny those allegations.

### COUNT ELEVEN – CONVERSION
#### (All Defendants)

Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against all Defendants asserted in Count Eleven of the First Amended

Complaint – Conversion (Paragraphs 619 to 630) have been dismissed. To the extent a response is required to the allegations set forth in Count Eleven, Defendants deny those allegations.

## COUNT TWELVE – CIVIL CONSPRICY TO COMMIT CONVERSION
### (Obligated Individuals and Defendant Hefetz)

Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against the Obligated Individuals asserted in Count Twelve of the First Amended Complaint - Civil Conspiracy to Commit Conversion (Paragraphs 631 to 638) have been dismissed. To the extent a response is required to the allegations set forth in Count Twelve, Defendants deny those allegations.

## COUNT THIRTEEN – FRAUD ON THE UNITED STATES PATENT AND TRADEMARK OFFICE
### (Obligated Individuals and Defendant Hefetz)

639.   Defendants repeat their responses to the allegations made in Paragraph 1 through 638 of the First Amended Complaint as if fully rewritten here.

640.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Furthermore, pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, Count Thirteen of the First Amended Complaint – Fraud on the United States Patent and Trademark Office has been dismissed as against Hermony.  To the extent that Paragraph 640 of the First Amended Complaint contains allegations against Hefetz and Hermony, and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 640, Defendants deny the allegations in Paragraph 640 of the First Amended Complaint.

G\124\2   1822926v4

641. Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Furthermore, pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hermony for Count Thirteen of the First Amended Complaint - Fraud on the United States Patent and Trademark Office have been dismissed.  To the extent that Paragraph 641 of the First Amended Complaint contains allegations against Hefetz and Hermony, and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 441, Defendants admit that at least some of the Obligated Individuals received information from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" during negotiations between 2009 and 2012.  Defendants deny the remaining allegations in Paragraph 641 of the First Amended Complaint.

642. Defendants deny the allegations in Paragraph 642 of the First Amended Complaint.

643. Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Furthermore, pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hermony for Count Thirteen of the First Amended Complaint - Fraud on the United States Patent and Trademark Office have been dismissed.  To the extent that Paragraph 643 of the First Amended Complaint contains allegations against Hefetz and Hermony, and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 643, Defendants

G\124\2   1822926v4

admit that, pursuant to the 2009 Agreement, individuals from one or more of the GE Defendants and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" disclosed certain information to each other. Defendants deny the remaining allegations in Paragraph 643 of the First Amended Complaint.

644.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Furthermore, pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hermony for Count Thirteen of the First Amended Complaint - Fraud on the United States Patent and Trademark Office have been dismissed.  To the extent that Paragraph 644 of the First Amended Complaint contains allegations against Hefetz and Hermony, and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 644, Defendants admit that individuals from one or more of the GE Defendants visited the premises of an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" in connection with due diligence in June 2010 and/or January 2012.  Defendants deny the remaining allegations in Paragraph 644 of the First Amended Complaint.

645.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Furthermore, pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hermony for Count Thirteen of the First Amended Complaint - Fraud on the United States Patent and Trademark

Office have been dismissed.  To the extent that Paragraph 645 of the First Amended Complaint contains allegations against Hefetz and Hermony, and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent  that a response is required to any of the allegations in Paragraph 645, Defendants admit that, during the period of 2009 to 2012, individuals from one or more of the GE Defendants were given access to and did in fact access a data room containing certain information from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited."   The information in the data room related to existing D-SPECT cardiac technology and did not relate to the design and development of a next generation device. Defendants deny the remaining allegations in Paragraph 645 of the First Amended Complaint.

646.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Furthermore, pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hermony for Count Thirteen of the First Amended Complaint - Fraud on the United States Patent and Trademark Office have been dismissed.  To the extent that Paragraph 646 of the First Amended Complaint contains allegations against Hefetz and Hermony, and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 646, Defendants deny the allegations in Paragraph 646 of the First Amended Complaint.

647.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a

party to this case.  Furthermore, pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hermony for Count Thirteen of the First Amended Complaint - Fraud on the United States Patent and Trademark Office have been dismissed.  To the extent that Paragraph 647 of the First Amended Complaint contains allegations against Hefetz and Hermony, and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 647, Defendants deny the allegations in Paragraph 647 of the First Amended Complaint.

648.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Furthermore, pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hermony for Count Thirteen, of the First Amended Complaint - Fraud on the United States Patent and Trademark Office have been dismissed.  To the extent that Paragraph 648 of the First Amended Complaint contains allegations against Hefetz and Hermony, and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 648, Defendants admit that Hefetz was named as an inventor on some of the referenced patents, but deny the remaining allegations in Paragraph 648 of the First Amended Complaint.

649.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Because Paragraph 649 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's

Opinion and Order dismissed Paragraph 649 of the First Amended Complaint *in toto*. To the extent that a response is required to any of the allegations in Paragraph 649, Defendants deny the allegations in Paragraph 649 of the First Amended Complaint.

650. Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 650 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 650, Defendants admit that the Small Patent Law Firm filed the referenced patent applications with the USPTO, but deny the remaining allegations in Paragraph 650 of the First Amended Complaint.

651. Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Because Paragraph 651 of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed Paragraph 651 of the First Amended Complaint *in toto*. To the extent that a response is required to any of the allegations in Paragraph 651, Defendants deny the allegations in Paragraph 651 of the First Amended Complaint.

652. Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Furthermore, pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hermony for Count Thirteen of the First Amended Complaint - Fraud on the United States Patent and Trademark

Office have been dismissed.  To the extent that Paragraph 652 of the First Amended Complaint contains allegations against Hefetz and Hermony, and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 652, Defendants deny the allegations in Paragraph 652 of the First Amended Complaint.

653.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Furthermore, pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hermony for Count Thirteen of the First Amended Complaint - Fraud on the United States Patent and Trademark Office have been dismissed.  To the extent that Paragraph 653 of the First Amended Complaint contains allegations against Hefetz and Hermony, and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 653, Defendants deny the allegations in Paragraph 653 of the First Amended Complaint.

654.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Furthermore, pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hermony for Count Thirteen of the First Amended Complaint - Fraud on the United States Patent and Trademark Office have been dismissed.  To the extent that Paragraph 654 of the First Amended Complaint contains allegations against Hefetz and Hermony, and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the

107

extent that a response is required to any of the allegations in Paragraph 654, Defendants deny the allegations in Paragraph 654 of the First Amended Complaint.

655.    Defendants admit that Spectrum has not named the Small Patent Law Firm as a defendant in this case.  Defendants deny the remaining allegations in Paragraph 655 of the First Amended Complaint.

656.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Furthermore, pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hermony for Count Thirteen of the First Amended Complaint - Fraud on the United States Patent and Trademark Office have been dismissed.  To the extent that Paragraph 656 of the First Amended Complaint contains allegations against Hefetz and Hermony, and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 656, Defendants deny the allegations in Paragraph 656 of the First Amended Complaint.

657.    Defendants deny the allegations in Paragraph 657 of the First Amended Complaint.

658.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Furthermore, pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hermony for Count Thirteen of the First Amended Complaint - Fraud on the United States Patent and Trademark Office have been dismissed.  To the extent that Paragraph 658 of the First Amended Complaint contains allegations against Hefetz and Hermony, and not against any

G\124\2   1822926v4

remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 658, Defendants deny the allegations in Paragraph 658 of the First Amended Complaint.

659.   Defendants deny the allegations in Paragraph 659 of the First Amended Complaint.

660.   Defendants admit that General Electric Company's counsel sent a letter to Spectrum, dated October 12, 2018.  The letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required to any of the allegations in Paragraph 660, Defendants deny the allegations in Paragraph 660 of the First Amended Complaint as an incomplete and inaccurate summary of the contents of the letter.

## COUNT FOURTEEN – CORRECTION OF INVENTORSHIP OF U.S. PATENT NUMBER PURSUANT TO 35 U.S.C. § 256
### (All Defendants)

661.   Defendants repeat their responses to the allegations made in Paragraphs 1 through 660 of the First Amended Complaint as if fully rewritten here.

662.   Defendants admit the allegations in Paragraph 662 of the First Amended Complaint.

663.   Defendants deny the allegations in Paragraph 663 of the First Amended Complaint.

664.   Defendants deny the allegations in Paragraph 664 of the First Amended Complaint.

665.   Defendants deny the allegations in Paragraph 665 of the First Amended Complaint.

666.   Defendants admit that between 2009 and 2012 individuals from one or more of the GE Defendants and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" disclosed information to each other.  Defendants deny that the "Spectrum Trade Secrets" are or were trade secrets and deny the remaining allegations in Paragraph 666 of the First Amended Complaint.

667.   Defendants deny the allegations in Paragraph 667 of the First Amended Complaint.

668.  Defendants admit that Yoel Zilberstien and Nathaniel Roth were not named as inventors in the applications that issued as the Section 256 GE Patent(s).  Defendants deny the remaining allegations in Paragraph 668 of the First Amended Complaint.

669.  Defendants admit that, during prosecution of General Electric Company patent applications, neither Yoel Zilberstien nor Nathaniel Roth were provided or given the opportunity to review the specification or claims in such patent applications.  Defendants also admit that, because Zilberstein and Roth are not co-inventors on any General Electric Company patent or application, they were not advised about the possibility of being co-inventors on such patent applications.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 669 of the First Amended Complaint, and therefore deny the same.

670.  Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 670 of the First Amended Complaint, and therefore deny the same.

671.  Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 671 of the First Amended Complaint, and therefore deny the same.

672.  Defendants deny the allegations in Paragraph 672 of the First Amended Complaint.

673.  Defendants deny the allegations in Paragraph 673 of the First Amended Complaint.

674.  Defendants deny the allegations in Paragraph 674 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

675.  The First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

676.   The First Amended Complaint is barred by the equitable doctrines of estoppel, laches, waiver, acquiescence, or unclean hands.

## THIRD DEFENSE

677.   The First Amended Complaint is barred, in whole or in part, by the statute of limitations.

## FOURTH DEFENSE

678.   The First Amended Complaint is preempted, in whole or in part, by federal patent law.

## FIFTH DEFENSE

679.   Plaintiff lacks standing to assert some or all of its claims.

## SIXTH DEFENSE

680.   Plaintiff has failed to mitigate its damages, if in fact there are any.

## SEVENTH DEFENSE

681.   Any award of punitive or exemplary damages in this case is unconstitutional under the Constitution of the United States of America.

## EIGHTH DEFENSE

682.   All conduct attributed to Defendants in the First Amended Complaint was authorized by the terms of the 2009 Agreement and by applicable law.

## NINTH DEFENSE

683.   All actions taken by Defendants were reasonable, justified, privileged, and undertaken in good faith.

## TENTH DEFENSE

684.   Plaintiff has not suffered any damages attributable to, or caused by, Defendants.

G\124\2   1822926v4

## ELEVENTH DEFENSE

685.   Plaintiff's alleged injuries and damages (if any) were due to, and proximately caused by, in whole or in part, other events, conditions, instrumentalities, and/or acts or omissions of an individual or entity over whom or which Defendants exercised no control.

## TWELFTH DEFENSE

686.   The First Amended Complaint is barred, in whole or in part, because Plaintiff's alleged trade secrets are not, and have never been, trade secrets.

## THIRTEENTH DEFENSE

687.   Plaintiff's claim for breach of contract is barred by Plaintiff's failure to satisfy conditions precedent.

## FOURTEENTH DEFENSE

688.   Plaintiff's claim for breach of contract is barred by a failure of consideration.

## FIFTEENTH DEFENSE

689.   Plaintiff's claims for misappropriation of trade secrets, misappropriation of ideas, and unfair competition are barred because they are redundant of Plaintiff's breach of contract claim.

## SIXTEENTH DEFENSE

690.   Defendants reserve the right to supplement or modify the defenses asserted herein.

## PRAYER FOR RELIEF

691.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that any of the Paragraphs a through t of the "Prayer for Relief" section of the First Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such

allegations.  Regardless, Defendants deny that Plaintiff is entitled to any relief requested in any of Paragraphs a through t of the "Prayer for Relief" section of the First Amended Complaint.  To the extent that any statement in the "Prayer for Relief" section of the First Amended Complaint may be deemed to include any factual allegation(s) (whether explicit or implicit), Defendants hereby deny any such factual allegation(s) included therein.

Wherefore, Defendants pray that:

A.      This Court grant judgment in their favor and against Plaintiff;

B.      Plaintiff take nothing on its claims;

C.      This Court find this to be an exceptional case pursuant to 35 U.S.C. § 285 and award Defendants their reasonable attorneys' fees; and

D.      This Court grant Defendants all other and further relief that the Court deems just and proper.

## AMENDED COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff General Electric Company ("Counterclaim-Plaintiff" or "General Electric Company") submits the following Amended Counterclaims, that arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, for patent infringement by Plaintiff/Counterclaim-Defendant Spectrum Dynamics Medical Limited ("Counterclaim-Defendant" or "Spectrum"), alleging and averring patent infringement claims as follows:

## PARTIES

1.      General Electric Company is a corporation organized under the laws of the State of New York with its principal place of business at 5 Necco Street, Boston, MA 02210.

G\124\2   1822926v4

2.      Upon information and belief, Spectrum is a limited company organized under the laws of the British Virgin Islands having its principal offices at P.O. Box 957 Offshore Incorporations Centre Road Town, Tortola, British Virgin Islands.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that these counterclaims arise under the federal patent statutes, 35 U.S.C. §§ 271 *et seq*.

4.      This Court has personal jurisdiction over Spectrum because, in filing its Complaint and First Amended Complaint in this case, Spectrum has submitted to the personal jurisdiction of this Court.

5.      Additionally, this Court has personal jurisdiction over Spectrum in that Spectrum has regularly solicited and transacted business activities in this district, engaged in a persistent course of conducting business in this district, and derived substantial revenue from goods and services sold in this district.

6.      Venue in the Southern District of New York is proper pursuant to 28 U.S.C. §§ 1391(b)(3) and 1391(c)(3).

7.      Additionally, Spectrum has waived any challenge to venue by filing this action, including its claim for declaratory judgment, against General Electric Company in this Court.

## PATENTS IN SUIT

8.      U.S. Patent No. 9,295,439 ("the '439 Patent") (attached as Exhibit A), entitled Weight Compensation of Radiation Detectors, was lawfully issued on March 29, 2016, naming General Electric Company as assignee.

9.   Via one or more assignments, the named inventor of the '439 Patent assigned to General Electric Company his entire respective rights, titles and interests in and to each invention claimed in the '439 Patent such that General Electric Company owns all rights, title and interest in and to the inventions claimed in the '439 Patent and has standing to assert claims for infringement of the '439 Patent.

10.  The '439 Patent is generally related to, among other things, use of a weight compensation unit that is positioned within the gantry of an apparatus for capturing images and that applies a force on the movable section of a column attached to the gantry opposite to a force of gravity associated with the movable section.  The inventions of the '439 Patent are set forth in its claims.  *See* Exhibit A.

11.  U.S. Patent No. 9,402,595 ("the '595 Patent") (attached as Exhibit B), entitled System and Method for Positioning Detector Heads, was lawfully issued on August 2, 2016, naming General Electric Company as assignee.

12.  Via one or more assignments, the named inventors of the '595 Patent assigned to General Electric Company their entire respective rights, titles and interests in and to each invention claimed in the '595 Patent such that General Electric Company owns all rights, title and interest in and to the inventions claimed in the '595 Patent and has standing to assert claims for infringement of the '595 Patent.

13.  The '595 Patent is generally related to, among other things, positioning a plurality of detector units about a bore to acquire imaging information using some of the plurality of detectors.  The inventions of the '595 Patent are set forth in its claims.  *See* Exhibit B.

## FACTUAL ALLEGATIONS

14.     Counterclaim-Defendant Spectrum has made, used, offered to sell, and/or sold within the

United States, and/or imported into the United States, its Veriton and Veriton-CT systems

(collectively "Spectrum's Veriton"), pictured below:

 

**VERITON**                    **VERITON-CT**

15.     For example, upon information and belief, Spectrum's Veriton has been installed at

Brigham and Women's Hospital in Boston, Massachusetts, and Spectrum has agreed to

install Spectrum's Veriton at ███████████████████████

16.     On December 6, 2018, Spectrum filed a complaint in this Court, alleging that General

Electric Company and others misappropriated Spectrum's trade secrets by filing patent

applications that allegedly disclose and/or claim Spectrum trade secrets.

17.     The '439 Patent and the '595 Patent ("the Patents-in-Suit") are among the patents that

Spectrum alleges disclose and/or claim Spectrum trade secrets ("Accused GE Patents").

18.     Spectrum also alleges that it developed and communicated its alleged trade secrets to

Defendants beginning around 2009, and that this work culminated in Spectrum's Veriton.

19.     Defendants have denied misappropriating Spectrum's alleged trade secrets for many

reasons, including (1) Spectrum's so-called trade secrets are not, in fact, trade secrets

because, *inter alia*, those alleged trade secrets were in the public domain well before

General Electric Company filed applications for the Accused GE Patents, and (2) the claims of the Patents-in-Suit include many limitations beyond Spectrum's so-called trade secrets, to the extent those claims include those so-called trade secrets at all.

20.   While Spectrum's allegations in its December 6, 2018 complaint (and in its First Amended Complaint) are factually and legally flawed, those allegations do establish that Spectrum was aware of the Patents-in-Suit by December 6, 2018, at the latest.

21.   Spectrum's allegations in its December 6, 2018 complaint (and in its First Amended Complaint) also establish that Spectrum had studied the Patents-in-Suit and was aware of similarities between Spectrum's Veriton and General Electric Company's Patents-in-Suit.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,295,439

22.   General Electric Company re-alleges and incorporates by reference the allegations set forth in paragraphs 1–21 of these Counterclaims.

23.   Spectrum has engaged and continues to engage in acts of infringement under 35 U.S.C. § 271 by making, using, offering for sale and selling in the United States, and importing into the United States, Spectrum's Veriton, which embodies each element of at least claims 1, 2, 9, and 17 of the '439 Patent.  Spectrum infringes the claims of the '439 Patent literally and/or under the doctrine of equivalents.

24.   Spectrum's Veriton is a "Multi-Purpose SPECT Scanner," and is therefore an apparatus for capturing images.

25.   Spectrum's Veriton includes a column attached to a gantry.  Specifically, Spectrum's Veriton has 12 detector arms attached to a gantry.



("A New Dawn in Nuclear Medicine" Video[2])

26.     Each column in Spectrum's Veriton includes a movable section and a radiation detector disposed in the movable section.  Specifically, the following image shows the detectors arms with radiation detectors in a movable section.



("Walk Around of the Veriton SPECT-CT System" Video[3])

27.     Spectrum's Veriton includes a weight compensation unit positioned within the gantry to apply force on the movable section opposite to a force of gravity associated with at least

---

[2] https://player.vimeo.com/video/251186795

[3] https://www.itnonline.com/videos/video-walk-around-veriton-spect-ct-system

the movable section and the radiation detector.  Specifically, Spectrum's Veriton includes counterweights positioned within the gantry that apply force on the movable section of the detector arm opposite to the force of gravity associated with the movable portion of the detector arm and the detector.

28.    The weight compensation unit of Spectrum's Veriton comprises a counter balance weight coupled to the movable section with a cable and pulley, and wherein the movable section is to move towards and away from a potential subject to be positioned towards a center of the gantry.  Specifically, the counterweight is coupled to the movable section with a cable and pulley, and the movable section of the detector arm moves towards and away from a potential subject (e.g., a patient) to be positioned towards a center of the gantry.

29.    Spectrum's Veriton is a "Multi-Purpose SPECT Scanner," and is therefore a camera system.

30.    Spectrum's Veriton includes a gantry.

31.    Spectrum's Veriton includes a column extending from the gantry, the column comprising a movable radiation detector to move towards and away from a potential subject to be positioned towards a center of the gantry.  Specifically, Spectrum's Veriton includes 12 detector arms that extend from the gantry.  Each of the detector arms includes a movable radiation detector that moves toward and away from a potential subject (e.g., a patient) to be positioned toward the center of the gantry.

32.    Spectrum's Veriton includes a counter balanced weight to apply a force on the radiation detector in a direction that is opposite to a gravitational force associated with at least the radiation detector, wherein the weight is positioned within the gantry.  Specifically, Spectrum's Veriton includes a counterweight that applies force on the detector in a

direction that is opposite to a gravitational force associated with the detector, and the counterweight is positioned within the gantry.

33.   Spectrum performs a method of forming a camera system when it builds Spectrum's Veriton.

34.   When it builds Spectrum's Veriton, Spectrum attaches a column to a gantry, the column comprising a movable section and a radiation detector disposed in the movable section. Specifically, Spectrum attaches 12 detector arms to a gantry. Each detector arm includes a movable section and a radiation detector in the movable section.

35.   When it builds Spectrum's Veriton, Spectrum couples a weight compensation unit to the movable section, the weight compensation unit to apply a force on the movable section opposite to a force of gravity associated with at least the movable section and the radiation detector and positioned within the gantry.   Specifically, Spectrum couples a counterweight to the movable section of the detector arm, and the counterweight applies force on the movable section opposite to a force of gravity associated with the movable section and the detector and is positioned within the gantry.

36.   Because Spectrum was aware of General Electric Company's '439 Patent and aware of the details of Spectrum's Veriton, Spectrum must also have been aware of the numerous, close similarities between Spectrum's Veriton and the inventions claimed in the '439 Patent and, by extension, aware that the Veriton infringes on claims of the '439 Patent.

37.   Spectrum has infringed and continues to infringe claims of the '439 Patent despite knowing that its actions constitute infringement.

38.   Spectrum has engaged in acts of direct infringement when it makes, uses, offers for sale or sells in the United States, or imports into the United States, Spectrum's Veriton.

39.   Spectrum has knowingly induced infringement and/or contributed to infringement by its customers and agents.

40.   Spectrum has committed these acts of infringement without license or authorization.

41.   Spectrum has infringed the '439 Patent willfully, wantonly, maliciously, in bad faith, deliberately, and/or flagrantly.

42.   By engaging in the misconduct described herein, Spectrum has injured General Electric Company and is thus liable for infringement of the '439 Patent under 35 U.S.C. § 271.

43.   General Electric Company does not currently make, and has not offered to sell or sold, within the United States, and has not imported into the United States, any article that practices any claim of the '439 Patent.

44.   As a result of Spectrum's infringement of the '439 Patent, General Electric Company has been damaged and is entitled to a money judgment in an amount adequate to compensate for Spectrum's infringement, but in no event less than a reasonable royalty for the use made of the invention by Spectrum, together with interest and costs as fixed by the Court.

45.   General Electric Company has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Spectrum, its agents, servants, employees, representatives, and all others acting in active concert with Spectrum from infringing the '439 Patent.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,402,595

46.   General Electric Company re-alleges and incorporates by reference the allegations set forth in paragraphs 1–45 of these Counterclaims.

47.   Spectrum has engaged and continues to engage in acts of infringement under 35 U.S.C. § 271 by making, using, offering for sale and selling in the United States, and

importing into the United States, Spectrum's Veriton, which embodies each element of at least claims 1, 3, 7, 8, 10, 11, and 18 of the '595 Patent.  Spectrum infringes the claims of the '595 Patent literally and/or under the doctrine of equivalents.

48.     Spectrum's Veriton is a "Multi-Purpose SPECT Scanner" and, therefore, is an imaging system.

49.     Spectrum's Veriton includes a plurality of detector units distributed about a bore, the bore configured to accept an object to be imaged, the detector units radially articulable within a bore.  Specifically, Spectrum's Veriton includes "12 independent detector arms"[4] and radiation detectors distributed around a bore to provide 360 degree coverage.  The bore, as shown in the image below from page 1 of the Veriton Brochure (attached as Exhibit C), is configured to accept an object to be imaged, e.g., a patient.  The detector arms and radiation detectors may be translated radially toward and away from the center of the bore.



50.     Spectrum's Veriton includes a controller operably coupled to the plurality of detector units and configured to control the positioning of the detector units.  The screenshot

---

[4] Veriton Brochure at page 3.  *See* Exhibit C.

G:\124\2   1822926v4

below from a Spectrum video shows a technician using a controller to control the movement of the plurality of detector arms and radiation detectors.



("Behind the Innovation" Video at 4:09[5])

51.   The controller in Spectrum's Veriton is configured to position an external group of the plurality of detector units at a predetermined intermediate position corresponding to a ring, the ring having a radius corresponding to a total number of detector units and a size of detector units.  Specifically, for example, as shown in the images below, the controller in Spectrum's Veriton positions 6 detector arms and radiation detectors to form an external ring at a predetermined intermediate position.  The 6 detector arms and radiation detectors form a ring that has a radius corresponding to the total number and size of detector arms and radiation detectors.

_____

[5] https://vimeo.com/303124217#t=247s



("Walk Around of the Veriton SPECT-CT System" Video[6])



("A New Dawn in Nuclear Medicine" Video at 0:58[7])

52.     The controller in Spectrum's Veriton is also configured to position an internal group of

the plurality of detector units radially inside the ring.  Specifically, for example, as shown

in the image above in Paragraph 49, 6 detector units are positioned radially inside the

ring.

---

[6] https://www.itnonline.com/videos/video-walk-around-veriton-spect-ct-system

[7] https://player.vimeo.com/video/251186795

53.     Spectrum's Veriton is configured to acquire imaging information of the object to be imaged using at least some of the external group of detectors at the intermediate position and at least some of the detectors of the internal group positioned radially inside the ring. Specifically, Spectrum's Veriton is capable of "Body contouring SPECT imaging" and "Focused SPECT."   Spectrum's Veriton accomplishes this by acquiring imaging data using detector arms and radiation detectors in the external group (i.e., ring) and detector arms and radiation detectors in the group inside the ring.

54.     Each detector unit in Spectrum's Veriton is configured to pivot about a detector axis parallel to the bore to be swept over a range during image acquisition as shown in the images below.



("Behind the Innovation" Video at 1:24[8])

55.     The controller in Spectrum's Veriton is configured to position the detector units from an initial position at which each of the detector units are disposed externally of the intermediate position.   Specifically, for example, as shown in the images below, the

---

[8] https://vimeo.com/303124217#t=84s

G\124\2   1822926v4

initial position of the detector arms and radiation detectors is disposed externally of the intermediate position.



Initial Position

("Walk Around of the Veriton SPECT-CT System" Video[9])



Intermediate Position

("Walk Around of the Veriton SPECT-CT System" Video[10])

---

[9] https://www.itnonline.com/videos/video-walk-around-veriton-spect-ct-system

[10] https://www.itnonline.com/videos/video-walk-around-veriton-spect-ct-system

G\124\2   1822926v4



Intermediate Position
"A New Dawn in Nuclear Medicine" Video at 0:58[11]

56.     The controller in Spectrum's Veriton is configured to advance each of the detector units simultaneously from the initial position to the intermediate position. Specifically, Spectrum's Veriton is configured to advance each of the detector arms and radiation detectors simultaneously from the initial position to the intermediate position, as demonstrated in the videos referenced in paragraph 53 above.

57.     Spectrum's Veriton includes a plurality of sensing devices corresponding to the plurality of detector units. The sensing devices are configured to detect proximity of the detector units to the object being scanned. The controller is operably coupled to the sensing devices and configured to retract one of the detector units when a corresponding sensing device senses the object within a threshold distance of one of the detector units. Specifically, Spectrum's Veriton uses "[p]roximity contouring [that] allows the detectors

---

[11] https://player.vimeo.com/video/251186795

to get within millimeters of the skin.  Any incidental patient contact sends the detector away to the home position."[12]

58.   Because Spectrum was aware of General Electric Company's '595 Patent and aware of the details of Spectrum's Veriton, Spectrum must also have been aware of the numerous, close similarities between Spectrum's Veriton and the inventions claimed in the '595 Patent and, by extension, aware that the Veriton infringes on claims of the '595 Patent.

59.   Spectrum has infringed and continues to infringe claims of the '595 Patent despite knowing that its actions constitute infringement.

60.   Spectrum has engaged in acts of direct infringement when it makes, uses, offers for sale or sells in the United States, or imports into the United States, Spectrum's Veriton.

61.   Spectrum has knowingly induced infringement and/or contributed to infringement by its customers and agents.

62.   Spectrum has committed these acts of infringement without license or authorization.

63.   Spectrum has infringed the '595 Patent willfully, wantonly, maliciously, in bad faith, deliberately, and/or flagrantly.

64.   By engaging in the misconduct described herein, Spectrum has injured General Electric Company and is thus liable for infringement of the '595 Patent under 35 U.S.C. § 271.

65.   General Electric Company does not currently make, and has not offered to sell or sold, within the United States, and has not imported into the United States, any article that practices any claim of the '595 Patent.

66.   As a result of Spectrum's infringement of the '595 Patent, General Electric Company has been damaged and is entitled to a money judgment in an amount adequate to compensate

---

[12] Veriton Brochure at page 2.  *See* Exhibit C.

for Spectrum's infringement, but in no event less than a reasonable royalty for the use made of the invention by Spectrum, together with interest and costs as fixed by the Court.

67. General Electric Company has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Spectrum, its agents, servants, employees, representatives, and all others acting in active concert with Spectrum from infringing the '595 Patent.

## DEMAND FOR JURY TRIAL

68. General Electric Company hereby demands a trial by jury of all issues raised in its Counterclaims that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, General Electric Company requests the following relief.

A. That this Court enter judgment in favor of General Electric Company and against Spectrum that Spectrum has infringed one or more claims of the Patents-in-Suit either literally or under the doctrine of equivalents;

B. That this Court enter an order permanently enjoining Spectrum, its officers, directors, agents, servants, employees, affiliates, subsidiaries, parents, and all others acting in active concert with Spectrum from infringing the claims of the Patents-in-Suit, pursuant to 35 U.S.C. § 283;

C. That this Court award all damages adequate to compensate General Electric Company for Spectrum's infringement of the Patents-in-Suit, together with interest and costs fixed by the Court, pursuant to 35 U.S.C. § 284;

D.       That this Court award General Electric Company enhanced damages, including trebled

damages pursuant to 35 U.S.C. § 284, for Spectrum's willful infringement of the Patents-

in-Suit;

E.       That this Court enter a finding that this case is exceptional and award attorneys' fees to

General Electric Company pursuant to 35 U.S.C. § 285;

F.       That this Court award General Electric Company its costs; and

G.       That this Court award General Electric Company such other and further relief that this

Court deems just and proper.


Dated:  New York, New York
             July 22, 2020

                                        Respectfully submitted,

                                        **THOMPSON HINE LLP**

                                        /s/ *Jesse Jenike-Godshalk*
                                        Marla R. Butler
                                        Carl Wesolowski (*pro hac vice*)
                                        Lauren Hogan (*pro hac vice*)
                                        Two Alliance Center
                                        3560 Lenox Road NE, Suite 1600
                                        Atlanta, Georgia 30326
                                        Tel.: (404) 541-2900
                                        Fax: (404) 541-2905
                                        Marla.Butler@ThompsonHine.com
                                        Carl.Wesolowski@ThompsonHine.com
                                        Lauren.Hogan@ThompsonHine.com

                                        Jesse Jenike-Godshalk (*pro hac vice*)
                                        312 Walnut Street, Suite 1400
                                        Cincinnati, Ohio 45202
                                        Tel.: (513) 352-6700
                                        Fax: (513) 241-4771
                                        Jesse.Godshalk@ThompsonHine.com

G\124\2   1822926v4

Brian Lanciault
335 Madison Avenue, 12th Floor
New York, New York 10017
Tel.: (212) 344-5680
Fax: (212) 344-6101
Brian.Lanciault@ThompsonHine.com

Attorneys for Defendants
General Electric Company (Counterclaim
Plaintiff), GE Healthcare, Inc., GE Medical
Systems Israel Ltd., Jean-Paul Bouhnik,
Sergio Steinfeld,
Arie Escho, and Nathan Hermony

G\124\2   1822926v4