# MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __12/14/2020__

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SPECTRUM DYNAMICS MEDICAL LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 18-CV-11386 (VSB) |
| GENERAL ELECTRIC COMPANY *et al.*, | ) ) | |
| | ) ) ) ) | **[Proposed]** **STIPULATED** **CONFIDENTIALITY AND** **PROTECTIVE ORDER** |
| Defendants. | ) | |

THIS MATTER came before the Court on the Parties' stipulation and joint request for entry of this Stipulated Confidentiality and Protective Order (this "Order").  Accordingly, it is ORDERED:

### DEFINITIONS

1.   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of Protected Information under this Order.

2.   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)(1)(G).

3.   <u>Counsel (without qualifier)</u>: Outside Counsel of Record, Non-Party Outside Counsel and In-House Counsel (as well as their respective support staff).

4.   <u>Days</u>:  Unless expressly stated otherwise, any reference to "days" in this Order shall mean calendar days.

5.   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6.      <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, exhibits and tangible things), that are produced, adduced, disclosed and/or generated in connection with disclosures or responses to discovery as well as otherwise disclosed during the course of this action.

7.      <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the action who (i) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (ii) is not a past or current employee or outside contractor of a Party or a current employee or outside contractor of a Party's current competitor in the field of nuclear medicine, and (iii) at the time of retention, is not anticipated to become an employee or outside contractor of a Party or of a Party's competitor in the field of nuclear medicine.

8.      <u>Legal Consultant</u>: a person with specialized knowledge or experience in a matter pertinent to the action who (i) has been retained by a Party or its Counsel to serve as a consultant in this action to provide legal advice, (ii) is not a current employee of a Party or a current employee of a Party's current competitor in the field of nuclear medicine, and (iii) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor in the field of nuclear medicine. The protections of attorney/client privilege, work product exemption and all other applicable immunities under U.S. law shall apply to communications with such Legal Consultant as if such Legal Consultant was a U.S. attorney practicing in the U.S.

9.      <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: highly sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

less restrictive means, including but not limited to any form of trade secret or other confidential research, development, financial or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G).

10.     <u>In-House Counsel</u>: attorneys or non-attorney individuals who are employees of a Party to this action who provide legal or strategic advice to such Party relating to the action.  In-House Counsel does not include Outside Counsel of Record, Non-Party Outside Counsel or any other outside counsel.

11.     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

12.     <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.  Outside Counsel to a Non-Party providing Disclosure or Discovery Material are referred to as "<u>Non-Party Outside Counsel</u>."

13.     <u>Party</u>: any named party to this action, including all of its current officers, directors and employees, as well as Legal Consultant, In-House Counsel, and Outside Counsel of Record (and their support staffs).

14.     <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

15.     <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, transcribing, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

16.     <u>Protected Information</u>: any Disclosure or Discovery Material that is designated as either "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

17.     <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## DESIGNATION OF PROTECTED INFORMATION

18.     <u>Designation</u>. Disclosure or Discovery Material claimed to be or to contain CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information shall be so designated by the Producing Party by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document or tangible thing or if produced electronically, on the CD-ROM, computer disk, magnetic tape, or otherwise, by marking the media used in delivering the electronic data to the Receiving Party. Documents and things produced with a Bates number electronically shall indicate Protected Information by placing or affixing a brand containing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in addition to the Bates number.  Applying the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to a document or tangible thing does not mean that such document or tangible thing has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

19.     <u>Designation of Depositions</u>. With respect to any depositions that involve a disclosure of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information of a Party, such Party shall have until thirty (30) days after receipt of the deposition transcript and/or corresponding video within which to inform all other Parties that

4

portions of the transcript are to be designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, which period may be extended by agreement of the Parties.

No such deposition transcript and/or video shall be disclosed to any individual other than the individuals described in Paragraph 28 below and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 28 below during said thirty (30) days. Upon being informed that certain portions of a deposition transcript are to be designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 28 and 29.

      20.   <u>Inadvertent Production</u>.

      a.   An inadvertent failure to designate Disclosure or Discovery Material as Protected Information and/or timely serve a Notice of Designation of deposition testimony does not, standing alone, waive the right to so designate such Disclosure or Discovery Material subject to the following. If a Producing Party designates Disclosure or Discovery Material as Protected Information after production of such Material and/or serves a Notice of Designation of deposition testimony after the thirty (30) day period, the Receiving Party, on notification of such designation, must make reasonable effort to ensure that the Disclosure or Discovery Material is treated in accordance with the appropriate confidentiality provisions of this Order. No Receiving Party shall be found to have violated this Order for failing to maintain the confidentiality of any Disclosure or Discovery Material during a time when such Disclosure or

Discovery Material has not been designated Protected Information, even where the failure to so designate was inadvertent and where the Disclosure or Discovery Material is subsequently designated Protected Information.

        b.      If any Disclosure or Discovery Material is inadvertently produced by any Producing Party and is subject to a claim of privilege or of protection from production (as attorney-client communication, attorney work product, trial preparation materials, or any other claim of privilege, protection, or immunity), the Producing Party making the claim may notify the Receiving Party of such claim in writing.  The written notice shall identify the protected Disclosure or Discovery Material that was inadvertently produced, the nature and basis of the claim of privilege or of protection from production, and the date(s) the Disclosure or Discovery Material was inadvertently produced. If the Producing Party claims that only a portion of the Disclosure or Discovery Material is privileged or protected from production, the Producing Party shall also provide a new copy of the Disclosure or Discovery Material with the allegedly privileged or protected portions redacted or removed.  After being notified of such inadvertent production, the Receiving Party shall promptly return, or certify the destruction of, such Disclosure or Discovery Material to the Producing Party within ten (10) business days, unless the Receiving Party challenges the privileged or protected nature of the Discovery Material, in which case the Receiving Party shall move the Court within five (5) additional business days for a determination as to the privileged or protected nature of the inadvertently produced materials.  If the Receiving Party does not bring such challenge within fifteen (15) business days following receipt of notice of such inadvertent production, any challenge to the privileged or protected nature of the Disclosure or Discovery Material shall be deemed waived.  Moreover, while there is a dispute between the Parties as to the privileged or protected

nature of such Disclosure or Discovery Material, the Receiving Party shall not use or divulge the contents of such Disclosure or Discovery Material except to the Court under seal. If the Receiving Party has provided such Disclosure or Discovery Material to another person before receiving a written notice of the inadvertent production and request for the return thereof, the Receiving Party must take reasonable steps to retrieve the Disclosure or Discovery Material, and, if requested by the Producing Party, the Receiving Party must identify such person and efforts made in accordance herewith. The inadvertent production of any Disclosure or Discovery Material shall not constitute a waiver of any applicable privilege or protection, provided that the Producing Party asserting the claim or privilege or protection shall have the burden of proving the inadvertence of the production of the Disclosure or Discovery Material, as well as all other elements required to establish its claim of privilege or protection. Nothing in this Paragraph 20 shall be construed to enlarge the attorney-client privilege, work product protection doctrine or any other protection or immunity, and the Parties remain free to challenge the propriety of any such claimed privilege or protection.

21.     <u>Non-Party Materials</u>.   Any Non-Party from whom Disclosure or Discovery Material is sought in connection with this action shall be provided with a copy of this Order and may elect to be covered by this Order and designate Disclosure or Discovery Materials as Protected Information hereunder, but only after such Non-Party has completed the Attachment A, Acknowledgement, hereto. Thereafter, Disclosure or Discovery Material produced or disclosed by the Non-Party will be:

a.     Treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information for a period of twenty-one (21) days from the receipt by all Parties of the production or disclosure.

b.     At any time on or before the 21st day after receipt of such Non-Party production, the Producing Party or any Party to this action may specifically designate materials produced or disclosed by the Non-Party as appropriate pursuant to this Order by serving a Notice of Designation to all Parties identifying the specific portions of the Disclosure or Discovery Material that are designated Protected Information and must include a copy of such designated Disclosure or Discovery Materials, properly marked as Protected Information. Thereafter, only those portions of the Disclosure or Discovery Materials identified in a timely Notice of Designation shall be protected under this Order.

22.     Modification of Designation. A Designating Party may modify or eliminate a designation of Protected Information at any time, as explained below, provided that the Parties or Non-Party must negotiate in good faith regarding any disputes over designation of Protected Information before presenting the dispute to the Court.

23.     Information Subject to this Order. The protections conferred by this Order cover not only Disclosures or Discovery Material that is designated as Protected Information, but also (i) any information copied or extracted from such Material; (ii) all copies, excerpts, summaries, or compilations of such Material; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that reveal such Material.

24.     Information That Is Not Protected. This Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Protected Information for any purpose.  Disclosure or Discovery Material shall not constitute Protected Information and shall not be designated as such if at the time of the production or disclosure, such information is (i) in the public domain through no fault of the Receiving Party; or (ii) is not subject to claims of confidentiality, including the asserted trade secrets in this action.

## CHALLENGES TO DESIGNATION OF PROTECTED INFORMATION

25.     The designation of any Disclosure or Discovery Material as Protected Information is subject to challenge by any Party.

26.     A Party shall not be obligated to challenge the propriety of any designation of Disclosure or Discovery Material at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. Moreover, failure to challenge the designation of any Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not in any way constitute an admission that such Disclosure or Discovery Material contains any competitively sensitive information, trade secret information, or other protectable material.

27.     The following procedure shall apply to challenges to the Designation of any Disclosure or Discovery Material as Protected Information:

   a.     Meet and Confer. A Party challenging the designation of Protected Information must do so in good faith and must confer directly with the Producing Party or, if represented, Counsel for the Producing Party.  The process shall be commenced by the Challenging Party providing written notice to the Producing Party of the challenge and identifying the basis for such challenge to the designation. The Parties shall then meet and confer no later than five (5) business days after receipt of the Challenging Party's written notice.

   b.     Judicial Intervention. If no resolution is reached during the meet and confer process, a Challenging Party may file and serve a motion that identifies the challenged Protected Information and sets forth in detail the basis for the challenge.  Each such motion must be made within five (5) business days after the meet and confer of subsection 27(a) above and accompanied by a certification affirming that the movant has complied with the meet

and confer requirements.  If the Challenging Party does not timely file such motion, the challenge is deemed waived.  The burden of persuasion in any such challenge shall be on the Designating Party.  Until the Court rules on the challenge, all Parties shall continue to treat the Disclosure or Discovery Material as Protected Information as designated under this Order.

### ACCESS TO PROTECTED INFORMATION

28.     <u>Access to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information</u>.  Except as otherwise expressly provided herein or ordered by the Court, the Receiving Party shall not, directly or indirectly, in whole or in part, reveal, disclose, or make available for inspection or copying any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information to any person, except the following:

a.     to Outside Counsel of Record including such Counsel's partners, associates, authorized secretarial, paralegal, clerical, and legal assistant staff whose duties require access to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information in representation of the Party in this action;

b.     to the Court and its personnel;

c.     to court reporters and recorders employed by any Party to transcribe or record a deposition in this action;

d.     to one (1) Legal Consultant designated by Spectrum [_____] and one (1) Legal Consultant designated collectively by Defendants [_____];

e.     to Experts, including such Expert's associates and staff whose duties require access to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information for the Expert to perform their duties in this action, who are under a duty of confidentiality no less strict than set

forth in this Order;

   f. Professional Vendors;

   g. to any person whose name appears as an author or recipient of such Protected Information;

   h. to any witness whose deposition testimony is taken in this action and who is a present employee of the Producing Party, provided that witnesses shall not retain a copy of the documents containing Protected Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcript(s); and,

   i. to other persons only by written consent of the Producing Party or upon order of the Court and who have signed the Attachment A, Acknowledgement, hereto.  No person entitled to receive HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information shall in fact receive such information unless the Receiving Party has reason to believe that he or she has an actual need to know that information, or use the Disclosure or Discovery Material, for purposes of the conduct of this action.

  29. <u>Access to CONFIDENTIAL Information or Items</u>. Except as otherwise expressly provided herein or ordered by the Court, the Receiving Party shall not directly or indirectly, in whole or in part, reveal, disclose, or make available for inspection or copying any CONFIDENTIAL Information or Items to any person, except the following:

   a. to those entities entitled to access HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information in accordance with Paragraph 28 above; and

   b. the Receiving Party and Counsel, including In-House Counsel, employees of such Counsel assigned to and necessary to assist in the litigation.

  Prior to disclosing or displaying CONFIDENTIAL Information to any person, counsel must

(i) inform the person of the confidential nature of the information or documents, (ii) inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person, and (iii) require each such person to execute Attachment A, Acknowledgement, hereto agreeing to be bound by this Order.

30.    <u>Prosecution Bar</u>.  Absent written consent from the Producing Party, any individual who receives access to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items shall not be involved in the drafting or prosecution of patents or patent applications claiming any technology used or which can be used in connection with a SPECT system, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims or patent application claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a Party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* review).  This Prosecution Bar shall begin when access to Protected Information is first received by the affected individual and shall end one (1) year after the conclusion of this action, including any appeals. Nothing in this Order shall prejudice a Party's right to relief for the improper prosecution of patents by any individual having access to Protected Information.

31.    <u>Agreement of Confidentiality</u>.   Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

a.       Unless otherwise ordered by the Court or agreed to in writing by the

Producing Party, a Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Producing Party that (i) sets forth the full name of the Expert as well as the city and state of his or her primary residence, (ii) attaches a copy the Expert's current resume or curriculum vitae, (iii) identifies the Expert's past and current employer(s), (iv) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with any litigation, at any time during the preceding five (5) years, and (v) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five (5) years.  Such Expert shall also execute the Attachment A, Acknowledgement, attached hereto.

   b.      A Receiving Party that makes a request and provides the information and executed Attachment A, Acknowledgement, specified in the preceding respective Paragraph 31(a) may disclose Protected Material to the identified Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Producing Party.   No Protected Information shall be provided to such Expert before expiration of the fourteen (14) day period; any such objection to an Expert must set forth in detail the grounds on which it is based.

   c.      A Receiving Party that receives a timely written objection must meet and confer with the Producing Party to try to resolve the matter by agreement within seven (7) days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the

Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a certification describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Producing Party for its refusal to approve the disclosure.

32.     In any proceeding described above in Paragraph 31, the Producing Party opposing disclosure to an Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Information to such Expert.

33.     Any vendor providing a Party with on-going access to electronic copies of Protected Information shall provide limited and secure access to the information (such as information stored on a computer) and the vendor will guarantee to provide access (e.g., through access codes or passwords) only to people who are entitled to access it under this Protective Order (including people retained or employed by the vendor entitled to such access).

34.     <u>Originals of Acknowledgements</u>. Outside Counsel of Record shall maintain the originals of the Attachment A, Acknowledgement, executed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the action.

## USE OF PROTECTED INFORMATION

35.     <u>Use in this Action Only</u>. Protected Information may be used only in connection with this action and any appeal thereof, and specifically shall not be used or referred to, directly or indirectly, (a) for any research, development, manufacture, patent prosecution, financial, commercial, marketing, regulatory, business, or other competitive purpose (except for settlement of the above-captioned case), (b) for publicity, (c) in any advertising, (d) in any material

disseminated to any individual or entity not authorized to receive such material under the terms hereof, or (e) for any purpose whatsoever other than in this action, including any appeal thereof, except as expressly provided herein. Each individual to whom the disclosure of any Protected Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

Absent consent of the Producing Party and/or further order of this Court, all persons receiving Protected Information are expressly prohibited from using or disclosing such Protected Information in connection with any practice before or communication with the United States Patent and Trademark Office or their counterpart organizations in any other jurisdiction.

36.   Use at Depositions. If Protected Information is to be discussed or disclosed during a deposition, the Producing Party shall have the right to exclude from attendance at the deposition, during the time the Protected Information is to be discussed, any individual not entitled under this Order to receive such Protected Information.

37.   Filing of Protected Information. This Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file a document designated as Protected Information in connection with a motion, brief, or other submission to the Court must comply with the local Electronic Case Filing Rules & Instructions. A Party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the Producing Party shall have the burden of demonstrating the propriety of filing under seal.

38.   No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party seeking to withhold

such information from discovery moves the Court for an order providing such special protection.

39.     <u>Action by the Court</u>. Applications to the Court for an order relating to materials or documents designated as Protected Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced herein in discovery or at trial.

40.     <u>Use of Protected Information at Trial</u>. Nothing in this Order shall be construed to affect the use of any document, material, or information at any hearing or trial. A Party that intends to present or that anticipates that another Party may present Protected Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without publicly disclosing the Protected Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial or hearing.

41.     <u>Protected Information Subpoenaed or Ordered Produced in Other Action</u>.

a.      If a Receiving Party is served with a subpoena or an order issued in another action that would compel disclosure of any material or document designated in this action as Protected Information, the Receiving Party must so notify the Producing Party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b.      The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other action that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

c.      The purpose of imposing these duties is to alert the interested persons to

the existence of this Order and to afford the Producing Party an opportunity to try to protect its Protected Information in the court from which the subpoena or order issued. The Producing Party shall bear the burden and the expense of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this Paragraph 41 remain in effect while the Receiving Party has in its possession, custody, or control Protected Information of the Producing Party.

## **OTHER PROVISIONS**

42. <u>Communications with Experts</u>. Except for those communications exempted from protection under Federal Rule of Civil Procedure 26(b)(4)(C), expert communications, in any form, between or among a Party's counsel, a Party, or a Party's Experts relating to the work, opinions, or testimony of the Party's experts, are not discoverable or admissible in this action. Any preliminary or draft expert report or disclosure shall not be discoverable, regardless of the form in which it is recorded. Counsel remain free, however, to otherwise conduct discovery relevant to the validity of such Expert's opinions or relevant to facts or data the Expert is relying on in forming his or her opinions.

43. <u>Settlement Communications</u>. Settlement communications, in any form, between the Parties relating to the settlement of one or more claims in this action, shall be deemed "CONFIDENTIAL" pursuant to the terms of this Order.

44. <u>E-Discovery</u>. Relevant and responsive Discovery Material produced in electronic form shall be exchanged on discs, on other digital storage media, or by file transfer protocol ("FTP") in a form that is electronically searchable. The Parties will produce electronically stored information ("ESI") as single-page .tiff images or as PDF files.  The ESI shall be

produced with Bates numbers, and appropriate image-based or data "load" files, as necessary. The Parties shall meet and confer on the appropriate "load" files to accompany their respective document productions. Native files of ESI may be produced at the Producing Party's discretion when reasonably necessary to make the information contained therein accessible (this would include, for example, spreadsheets or other data compilations). A Producing Party shall produce native files in response to reasonable requests made by the Receiving Party.  If the Producing Party objects to such request, such Producing Party must raise the objection in writing to the Court within seven (7) days of receiving a written request from the Receiving Party.

The Producing Party shall also provide a data load file ("Data Load File" or "DAT") corresponding to the TIFF files, that shall contain the document-level metadata, as reasonably available, associated with each Production Field specified in Attachment B.  DAT files should include document-level text and metadata but not OCR or extracted text.  Expressly subject to the obligations of Paragraph 45 below, there is no obligation on the Producing Party to create metadata where none exists or is not reasonably available.

Non-responsive ESI does not need to be preserved, searched for, or produced in this action. Non-responsive ESI includes the following: (1) "deleted," "slack," "fragmented," "damaged," and/or "unallocated" data; (2) random access memory (RAM) and other ephemeral data; (3) on-line access data such as temporary internet files, history, cache, cookies, etc.; and (4) PDAs, cell phones, text messages, instant messaging, online chats, voicemails, and social media.

45.     All documents, information or materials produced in this action shall bear a Bates stamp unique to the Producing Party.  The Parties shall produce all documents in electronic format and not in paper format. If a Producing Party maintains any documents in paper format, the

Producing Party shall individually scan each paper document to create individual electronic documents that shall be produced in .pdf or .tiff format. If and when a Producing Party scans paper documents, the Producing Party shall enter the name of the custodian for each paper document into the metadata for each electronic document and produce the document with this metadata intact.

46.     Reasonable Precautions. Counsel for each Party shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of any Protected Information.

47.     Storage. Protected Information shall, when not in use, be stored in such a manner that individuals not in the employment or service of those possessing Protected Information will be unlikely to obtain access to the Protected Information.

48.     Order Continues in Force on Conclusion of Action. Unless otherwise agreed or ordered, this Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.  Neither the termination of this litigation nor the termination of the employment, engagement, or agency of any person who had access to any Protected Information shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of any Protected Information disclosed pursuant to this Protective Order.

49.     Return or Destruction on Conclusion of Action. Within sixty (60) days following dismissal or entry of final judgment not subject to further appeal, or sooner if so ordered by the Court, a Party or Non-Party in possession of Protected Information other than its own shall return or destroy all tangible Protected Information in its possession, except pleadings filed with the Court, exhibits marked in discovery or at trial, and materials which, in the judgment of the attorney in possession of the materials, are work product materials. A Designating Party may request written certification of compliance with this Paragraph 49, which shall be promptly provided.   Any retained Protected Information shall continue to be protected under this

Protective Order. Filings under seal shall be deleted from the ECF system only upon order of the Court.

50.    <u>Not an Admission</u>. Nothing in this Order or done by the Parties or a Non-Party pursuant to this Order shall constitute an admission by the Party or Non-Party, or shall be used as evidence, that information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is actually Protected Information. Furthermore, nothing contained herein shall preclude the Producing Party or other Party from raising any available objection, or seeking any available protection with respect to any Protected Information, including, but not limited to, the grounds of admissibility of evidence, materiality, trial preparation materials, and privilege.

51.    <u>Violations of this Order</u>. In the event that any Party hereto claims that any provision of this Order has been violated, such Party may move the Court, upon proper notice, for appropriate sanctions and/or other relief. The Parties acknowledge that the injury to a Party resulting from any violation of any of the provisions in this Order will be of such a character as cannot be adequately compensated by money damages alone and, accordingly, the aggrieved Party may, in addition to pursuing its other remedies, request injunctive relief, including a temporary restraining order, from this Court restraining such violation, and that no bond or other security, unless otherwise ordered by the Court, shall be required in connection with any such restraining order or injunctive relief granted by the Court.

52.    <u>Order Subject to Modification</u>. This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

53.    <u>No Prior Judicial Determination</u>. This Order is entered based on the

representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Protected Information by counsel or the Parties is entitled to protection under Federal Rule of Civil Procedure 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

54.     <u>No Waiver of Trade Secrets</u>: The disclosure of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, whether inadvertent, pursuant to court order, or otherwise, shall not constitute a waiver of any trade secret or any intellectual property, or other rights to or in such information.

55.     <u>Scope</u>. This Protective Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

56.     <u>Persons Bound</u>. This Order shall take effect when entered and shall be binding upon all Counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

WE SO MOVE
And agree to abide by the
terms of this Order

/s/ P. Branko Pejic

Attorneys for Plaintiff

Dated:  December 11, 2020
_____

WE SO MOVE
And agree to abide by the
terms of this Order

/s/ Marla R. Butler

Attorneys for Defendants

Dated: December 11, 2020

**SO ORDERED.**

Dated: _____
       **12/14/2020**
       New York, NY

_Katharine H Parker_
_____
Katharine H. Parker
United States Magistrate Judge

---

**The parties shall not show materials designated confidential here under to Eran Bareket or Pascal Cabanel until the Court rules on the parties submissions regarding same and only then, so far as consistent with the Court's ruling.**

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SPECTRUM DYNAMICS MEDICAL LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 18-CV-11386 (VSB) |
| GENERAL ELECTRIC COMPANY *et al.*, | ) ) | |
| | ) ) ) | **ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND** |
| Defendants. | ) | |

**ACKNOWLEDGEMENT**

The undersigned hereby acknowledges that he/she has read the Stipulated Confidentiality and Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of addressing issues directly relating to this Stipulated Confidentiality and Protective Order and understands that the terms of the Stipulated Confidentiality and Protective Order obligate him/her to use materials designated as Protected Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Protected Information except as expressly permitted in the Stipulated Confidentiality and

1

Protective Order. The undersigned acknowledges that violation of the Stipulated Confidentiality and

Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____          _____
                                   Signature

**ATTACHMENT B:  Production Fields**

| Field Name | Description (E-mail) | Description (Non-E-mail) |
|---|---|---|
| Beg Bates | Number endorsed on first page of document. | Number endorsed on first page of document. |
| End Bates | Number endorsed on last page of document. | Number endorsed on last page of document. |
| Page Count | Total number of pages in document. | Total number of pages in document. |
| Beg Attach | Number endorsed on first page of first document in a family (*i.e.*, documents and all attachments thereto). | Number endorsed on first page of first document in a family (*i.e.*, documents and all attachments thereto). |
| End Attach | Number endorsed on last page of last document in a family (*i.e.*, documents and all attachments thereto). | Number endorsed on last page of last document in a family (*i.e.*, documents and all attachments thereto). |
| Confidential Designation | The confidential designation endorsed on the document.  If no designation is present, a default value of "None" will be coded. | The confidential designation endorsed on the document.  If no designation is present, a default value of "None" will be coded. |
| From (for E-mail) or Author(s) (for Non-E-mail) | All information contained in the "From" field of the E-mail. | If available, the person(s) who created, wrote, reviewed, signed, or approved the document.  If no author is present, a default value of "None" will be coded. |
| To | All information contained in the "To" field of the E-mail. | If available, the person(s) to whom the document or memorandum was directed.  If no recipient is present, a default value of "None" will be coded. |
| CC | All information contained in the "CC" field of the E-mail, as well as all other discernable copyees. | If available, the person(s) whom were on the distribution of the document despite not being the primary recipient. |
| BCC | All information contained in the "BCC" field of the E-mail, as well as all other discernable blind copyees. | N/A |

| Field Name | Description (E-mail) | Description (Non-E-mail) |
|---|---|---|
| Title / Subject | Verbatim subject or re: line, as stated in the E-mail. | If available, verbatim subject or re: line, or discernable document title appearing on the document's first page. |
| Date Sent | Date the E-mail was sent, including month, date and year. | Date the correspondence was sent, including month, date and year. |
| Time Sent | Time the E-mail was sent, including hour, minute, second and time zone. | Time the correspondence was sent, including hour, minute, second and time zone. |
| Date Received | Date the E-mail was received, including month, date and year. | Date the correspondence was received, including month, date and year. |
| Time Received | Time the E-mail was received, including hour, minute, second and time zone. | Time the correspondence was received, including hour, minute, second and time zone. |
| Date Created | Date the E-mail or corresponding draft was created. | Date the document was created. |
| Date Modified | Each date since created, the E-mail or corresponding draft was modified. | Each date since created, the document was modified. |
| Custodian | Custodial or non-custodial source(s) from which the document was collected. | Custodial or non-custodial source(s) from which the document was collected. |
| File Name | Original file name. | Original file name. |
| Document Type | Describes the type of document (*e.g.*, Lotus Notes E-mail). | Describes the type of document (*e.g.*, Microsoft Word Document). |
| File Extension | The suffix after the final dot in a filename. | The suffix after the final dot in a filename. |
| File Size | In kilobytes, megabytes or gigabytes. | In kilobytes, megabytes or gigabytes. |
| Text Path/Link | Full path to where the corresponding extracted text file of the E-mail is stored. | Full path to where the corresponding extracted text file of the document is stored. |

| Field Name | Description (E-mail) | Description (Non-E-mail) |
|---|---|---|
| Native Path/Link | File path to where the corresponding native file is stored. | File path to where the corresponding native file is stored. |
| Conversation Index | Unique identifier providing the relationship between emails. | N/A |
| MD5 Hash | Hash specified by the MD5 algorithm. | Hash specified by the MD5 algorithm. |