LAW OFFICES
## GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK ∆
MICHAEL J. FINK
STEPHEN M. ROYLANCE ◊
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
DANIEL B. MOON
BRUCE H. STONER, JR. ◊
ENOCH PEAVEY
SEAN C. MYERS-PAYNE, Ph.D.
JONATHAN R. MILLER *
STEVEN B. POLLICOFF *
BARRY I. HOLLANDER ◊
GARY V. HARKCOM *◊
JAMES P. BONNAMY
JILL M. BROWNING
WALTER SCHLAPKOHL, Ph.D.

NAOKO OHASHI *
HARRY J. GWINNELL ◊
JEFFREY H. HANDELSMAN *
KENNETH H. SALEN ◊
SOK K. HONG ◊
TAI KONDO ☐
JEFFREY R. BOUSQUET ◊
GARY M. JACOBS ◊
JAMES A. GROMADA
SHAWN A. HAMIDINIA, Ph.D.
ALI M. IMAM *
CHAD E. GORKA
CHUONG T. NGUYEN *
JAMES A. DONEGAN ☐
CHRISTIAN MANNINO *

\* ADMITTED TO A BAR
   OTHER THAN VA
   REGISTERED PATENT AGENT
◊ OF COUNSEL
∆ SENIOR COUNSEL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/23/2021

February 19, 2021

**APPLICATION GRANTED**
*Hon. Katharine H. Parker, U.S.M.J.*
02/23/2021

**VIA ECF**

Hon. Katharine H. Parker
United States Magistrate Judge, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 750
New York, New York 10007

Re:   S*pectrum Dynamics Medical Limited v. GE;* Case No.: 18-cv-11386 (VSB)

Dear Magistrate Judge Parker:

We represent Plaintiff Spectrum Dynamics Medical Limited ("Plaintiff" or "Spectrum") in the above-referenced action. On behalf of Plaintiff and Defendant General Electric Company ("GE"), we write pursuant to Federal Rule of Civil Procedure 5.2(e), Rule III(d) of your Honor's Individual Practices in Civil Cases, and the parties' Stipulated Confidentiality and Protective Order (the "Protective Order") [D.I. 156] to that certain lines contained in the transcript of the parties' appearance before Your Honor on January 27, 2021 [D.I. 182], be redacted and filed under seal. The parties respectfully request that before the transcript is made publicly available, the court reporter be directed to redact certain statements at pages 7-14, 16, 20, and 31-37 of the transcript. The proposed redactions are set forth in Exhibit 1 hereto.

The presumption of public access to judicial documents can be overcome if countervailing factors warrant confidentiality. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *see also Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978). Sealing of records may be justified to preserve "higher values," including the need to protect an entity from competitive injury. *Lugosch*, 435 F.3d at 124; *see also Tropical Sails Corp. v. Yext, Inc.*, No. 14- cv-7582, 2016 U.S. Dist. LEXIS 49029, at *10-11 (S.D.N.Y. Apr. 12) (risk of "competitive injury is sufficiently serious to warrant protection" of proprietary business information). Consistent with this, courts routinely permit sealing and redaction of competitively sensitive proprietary business information. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *Encyclopedia Brown Prods., Ltd. v. Home Box Office. Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998); *see also Nixon*, 435

Hon. Katharine H. Parker	February 19, 2021	Page -2-

U.S. at 598 (recognizing need to seal information that might "harm a litigant's competitive standing").

Here, the discussion in the transcript concerns confidential details of Spectrum's Trade Secrets and GE product development that are not publicly available. The respective information is competitively sensitive and proprietary information of either Spectrum or GE that, if disclosed, would pose a substantial risk of harm to Spectrum or GE and constitutes "Highly Confidential – Attorneys' Eyes Only" information under the Protective Order. [D.I. 156.]. This is the sort of competitively sensitive information that courts consistently protect from disclosure. *See, e.g.*, *Ferring B.V. v. Allergan, Inc.*, No. 12-cv-2650, 2017 U.S. Dist. LEXIS 150239, at *16 (S.D.N.Y. Sep. 7) (granting motion to seal documents containing proprietary information related to product development); *Encyclopedia Brown*, 26 F. Supp. 2d at 612 (sealing documents reflecting sensitive trade secret information). This is particularly the case where, as here, the information to be sealed was not relevant to the Court's resolution of any issue. *Cf. Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F. 3d 132, 143 (2d Cir. 2016) (denying sealing request where documents were "highly relevant to the exercise of Article III judicial power").

The parties' request is narrowly tailored to protect the parties' Highly Confidential information and does not deprive the public of access to critical information. The parties respectfully request that the Court permit the parties' requested redactions in the publicly available version of the January 27, 2021 transcript [D.I. 182].

Respectfully submitted,

*/s/ Neil F. Greenblum*

Neil F. Greenblum

cc:	All counsel of record (via ECF)