USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/25/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPECTRUM DYNAMICS MEDICAL LIMITED,

                    Plaintiff,

-against-

GENERAL ELECTRIC COMPANY et al.,

                    Defendants.

OPINION & DISCOVERY ORDER ON GE'S MOTION FOR A PROTECTIVE ORDER AGAINST SPECTRUM'S REQUESTS FOR ADMISSION

18-CV-11386 (VSB) (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

This patent and theft of trade secret case involves sophisticated medical imaging machines that take pictures of internal organs using nuclear molecular imaging technologies, including Single Photon Emission Computer Tomography ("SPECT") technology. Plaintiff Spectrum Dynamics Medical Limited ("Spectrum") accuses Defendant General Electric Company ("GE") of violating a nondisclosure agreement ("NDA") and incorporating certain of Spectrum's trade secrets into GE devices, and GE counters that Spectrum has infringed on two of its patents.

Spectrum's trade secrets were revealed between 2009 and 2012 to certain GE employees pursuant to an NDA entered into by the parties when GE was contemplating an acquisition of Spectrum or its nuclear molecular imaging business and technologies. Under the NDA, confidential information could be revealed only to persons who agreed to be bound by the NDA, and any disclosure to others was a breach of the agreement.

Over 60 GE-affiliated persons had access to Spectrum's confidential information in connection with GE's due diligence. Spectrum does not know, however, whether all people

who had access to the data room actually received trade secret information or whether trade secret information was shared beyond the over 60 people with access to its information.

Spectrum has served document requests and interrogatories seeking this information but claims it has not received sufficient information in response. In a purported attempt to narrow the issues, Spectrum served Requests for Admission ("RFAs"). According to Spectrum, different categories of Spectrum information were disclosed in each diligence phase, *e.g.*, 2009, 2010, 2011 and 2012, and, as such, Spectrum argues it tailored its RFAs to learn more details about who among the 60+ GE persons actually received information and when. For each of the over 60 individuals, it has 22 separate RFAs which read as follows:

**Request for Admission No. 1**

Admit that John Doe executed the 2009 Agreement.

**Request for Admission No. 2**

Admit that John Doe did not execute the 2009 Agreement.

**Request for Admission No. 3**

Admit that John Doe is subject to the terms, including confidentiality obligations, of the 2009 Agreement.

**Request for Admission No. 4**

Admit that John Doe is not subject to the terms, including confidentiality obligations, of the 2009 Agreement.

**Request for Admission No. 5**

Admit that John Doe accessed Spectrum Information before January 1, 2009.

**Request for Admission No. 6**

Admit that John Doe did not access Spectrum Information before January 1, 2009.

**Request for Admission No. 7**

Admit that John Doe accessed Spectrum Information in 2009.

**Request for Admission No. 8**

Admit that John Doe did not access Spectrum Information in 2009.

**Request for Admission No. 9**

Admit that John Doe accessed Spectrum Information in 2010.

**Request for Admission No. 10**

Admit that John Doe did not access Spectrum Information in 2010.

**Request for Admission No. 11**

Admit that John Doe accessed Spectrum Information in 2011.

**Request for Admission No. 12**

Admit that John Doe did not access Spectrum Information in 2011.

**Request for Admission No. 13**

Admit that John Doe accessed Spectrum Information in 2012.

**Request for Admission No. 14**

Admit that John Doe did not access Spectrum Information in 2012.

**Request for Admission No. 15**

Admit that John Doe accessed the Spectrum Data Room in 2009.

**Request for Admission No. 16**

Admit that John Doe did not access the Spectrum Data Room in 2009.

**Request for Admission No. 17**

Admit that John Doe accessed the Spectrum Data Room in 2010.

**Request for Admission No. 18**

Admit that John Doe did not access the Spectrum Data Room in 2010.

**Request for Admission No. 19**

Admit that John Doe accessed the Spectrum Data Room in 2011.

**Request for Admission No. 20**

Admit that John Doe did not access the Spectrum Data Room in 2011.

**Request for Admission No. 21**

Admit that John Doe accessed the Spectrum Data Room in 2012.

**Request for Admission No. 22**

Admit that John Doe did not access the Spectrum Data Room in 2012.

\*       \*       \*

There is a total of *1,672* individual RFAs.

GE has now moved for a protective order on the grounds that the RFAs are designed to obtain new information, not to narrow or limit issues for trial, as Rule 36 of the Federal Rules of Civil Procedure contemplates. GE also argues the RFAs are unduly burdensome, oppressive, and designed to harass.

Rule 36 is designed to "ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial." Fed. R. Civ. P. 36 advisory committee notes to 1970 amendment. Thus, they are not designed to discover information like other discovery rules such as Rule 34. Rather, "admissions function very much as pleadings

do," and facilitate trial preparation in the same way a stipulated fact would. *Id.* Courts have found RFAs to be improper when served to elicit facts and information rather than to confirm information so as to eliminate the need for proofs at trial. *See Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (quoting 7 Moore's Fed. Practice § 36.02(1) (3d ed. 2013)); *Dubin v. E.F. Hutton Grp.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989). In other words, RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions. *See BAT LLC v. TD Bank N.A.*, 15-cv-5839 (RRM) (CLP), 2018 WL 3626428, at *5 (E.D.N.Y. July 20, 2018).

Spectrum's RFAs run afoul of the purpose of Rule 36 as they are not designed to confirm information and eliminate issues for trial. Rather, they are tantamount to contention interrogatories. However, they far exceed the limitation imposed by Rule 33 that a party serve no more than 25 interrogatories absent permission from the Court to serve more. *See* Fed. R. Civ. P. 33. Furthermore, they do not narrow issues, as the answers to them would not provide information about the precise confidential information accessed or numerous other follow-on questions that necessarily would arise from the answers to these RFAs as posed.

Rule 33 imposes a limit on the number of interrogatories that may be served because they are more burdensome than other discovery methods and subject to abuse. Here, Spectrum's RFAs appear to be an attempt to circumvent Rule 33. And although Rule 36 does not impose numeric limitations on the requests, "requests to admit may be so voluminous and so framed" that they are unduly burdensome, nevertheless. *See* Fed. R. Civ. P. 26 advisory committee notes to 1970 amendment. That is the case here. To be tasked with answering 1,672 individual RFAs is without a doubt unduly burdensome.

The Court agrees that the information Spectrum seeks is relevant and discoverable within the meaning of Federal Rule of Civil Procedure 26; however, RFAs are not the way to discover this information. Rather, document requests, interrogatories and depositions are the more appropriate way to get this information.

## CONCLUSION

For the above reasons, GE's motion for a protective order is GRANTED. GE shall not be required to answer the RFAs.

**SO ORDERED.**

Dated:   February 25, 2021
         New York, New York

*Katharine H. Parker*

KATHARINE H. PARKER
United States Magistrate Judge