

March 22, 2021

*VIA ECF*
Hon. Katharine H. Parker
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/23/2021
```

APPLICATION GRANTED

*/s/ Katharine H. Parker*

Hon. Katharine H. Parker, U.S.M.J.

03/23/2021

Re: *Spectrum Dynamics Medical Limited v. General Electric Company, et al.*,
    Case No.: 18-cv-11386 (VSB)

Dear Judge Parker:

      We represent Defendant General Electric Company ("GE") in the above-captioned matter.. On behalf of GE and Plaintiff Spectrum Dynamics Medical Limited, we write pursuant to Federal Rule of Civil Procedure 5.2(e), Your Honor's Individual Rule of Practice III(d), and the parties' Stipulated Confidentiality and Protective Order (the "Protective Order") (Doc. 156) to request that several passages contained in Document Number 200, the transcript of the parties' appearance before Your Honor on February 25, 2021, be redacted and filed under seal. <u>The parties jointly respectfully request that before the transcript is made publicly available, the court reporter be directed to redact the passages highlighted on pages 6-8, 10, 16-17, 21, 25-34, and 37, as set forth in Exhibit 1 hereto.</u>

      The presumption of public access to judicial documents can be overcome if countervailing factors warrant confidentiality. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *see also Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978). Sealing of records may be justified to preserve "higher values," including the need to protect an entity from competitive injury. *Lugosch*, 435 F.3d at 124; *see also Tropical Sails Corp. v. Yext, Inc.*, No. 14-cv-7582, 2016 U.S. Dist. LEXIS 49029, at *10-11 (S.D.N.Y. Apr. 12) (risk of "competitive injury is sufficiently serious to warrant protection" of proprietary business information). Consistent with this, courts routinely permit sealing and redaction of competitively sensitive proprietary business information. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *Encyclopedia Brown Prods., Ltd. v. Home Box Office. Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998); *see also Nixon*, 435 U.S. at 598 (recognizing need to seal information that might "harm a litigant's competitive standing").

      Here, the discussions in the transcript concern GE's development of a certain product that is not publicly available and confidential details of Spectrum's alleged trade secrets. This information is competitively sensitive and proprietary information of GE or Spectrum, respectively, that, if disclosed, would pose a substantial risk of harm to GE or Spectrum, and constitutes "Highly Confidential – Attorneys' Eyes Only" information under the Protective Order. (Doc. 156.). This is the sort of competitively sensitive information that courts consistently protect

Marla.Butler@ThompsonHine.com  Fax: 404.541.2905  Phone: 404.407.3680

THOMPSON HINE LLP
ATTORNEYS AT LAW

Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326-4266

www.ThompsonHine.com
Phone: 404.541.2900
Fax: 404.541.2905





Page 2

from disclosure. *See, e.g.*, *Ferring B.V. v. Allergan, Inc.*, No. 12-cv-2650, 2017 U.S. Dist. LEXIS 150239, at *16 (S.D.N.Y. Sep. 7) (granting motion to seal documents containing proprietary information related to product development); *Encyclopedia Brown*, 26 F. Supp. 2d at 612 (sealing documents reflecting sensitive trade secret information).  This is particularly the case where, as here, the information to be sealed was not relevant to the Court's resolution of any issue.  *Cf. Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F. 3d 132, 143 (2d Cir. 2016) (denying sealing request where documents were "highly relevant to the exercise of Article III judicial power").

The parties' request is narrowly tailored to protect highly confidential information and does not deprive the public of access to critical information.  The parties respectfully request that the Court permit the requested redactions in the publicly available version of the February 25, 2021 transcript (Doc. 200).



Page 3

Very truly yours,

/s/ *Marla R. Butler*
THOMPSON HINE LLP
Marla R. Butler
Carl Wesolowski (*pro hac vice*)
Lauren Hogan (*pro hac vice*)
Two Alliance Center
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326
Tel.: (404) 541-2900
Fax: (404) 541-2905
Marla.Butler@ThompsonHine.com
Carl.Wesolowski@ThompsonHine.com
Lauren.Hogan@ThompsonHine.com

Brian Lanciault
335 Madison Avenue, 12th Floor
New York, New York 10017
Tel.: (212) 344-5680
Fax: (212) 344-6101
Brian.Lanciault@ThompsonHine.com

Jesse Jenike-Godshalk (*pro hac vice*)
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Tel.: (513) 352-6700
Fax: (513) 241-4771
Jesse.Godshalk@ThompsonHine.com

Jeffrey Metzcar
Discovery Place
10050 Innovation Drive
Miamisburg, Ohio 45342
Tel. (937) 443-6841
Fax (937) 430-3781
Jeff.Metzcar@thompsonhine.com

*Attorneys for Defendants*
*General Electric Company, GE Healthcare, Inc., GE Medical Systems Israel Ltd., Jean-Paul Bouhnik, Sergio Steinfeld, Arie Escho, and Nathan Hermony and for Non-Party Yaron Hefetz*

cc:  All Counsel of Record via ECF