

April 12, 2021

**VIA ECF**
Hon. Katharine H. Parker
United States Magistrate Judge, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 750
New York, New York 10007

Re: *Spectrum Dynamics Medical Limited v. General Electric Company et al.*,
   Case No. 18-cv-11386 (VSB)

Dear Judge Parker:

      Defendants General Electric Company, GE Healthcare, Inc., and GE Medical Systems Israel Ltd., Jean-Paul Bouhnik, Sergio Steinfeld, Arie Escho, and Nathan Hermony ("Defendants") respectfully submit, pursuant to Rule II.c of Your Honor's Individual Rules of Practice in Civil Cases and Rule 37 of the Federal Rules of Civil Procedure, this Letter Motion to Compel Plaintiff's Response to Defendants' Second Set of Interrogatories (No. 5) (hereafter the "Interrogatory"). On February 23, 2021, Defendants served the Interrogatory, a copy of which is attached as Exhibit A. On March 25, 2021, Plaintiff served its Response, a copy of which is attached as Exhibit B, in which it objected to and refused to answer the Interrogatory.[1] Defendants now respectfully request that this Court enter an order directing Plaintiff to fully respond to the Interrogatory and awarding Defendants their costs, including attorneys' fees, incurred in making this request pursuant to Rule 37(a)(5).

      The Interrogatory requests that Plaintiff identify documents by Bates number that Plaintiff disclosed to Defendants during Due Diligence and to state the date of and each Defendant to whom the document was disclosed.[2] *See* Ex. A. Plaintiff principally objects that this is an "improper contention interrogatory" under Local Rule 33.3(c). Ex. B.[3] In support, Plaintiff argues the Interrogatory is similar to the seventeen contention interrogatories Plaintiff previously sought leave to serve and that this Court properly rejected. *See* Dkt. 145; Dkt. 173. Plaintiff's objection is baseless and cannot be sustained.

---

[1] Counsel for Defendants Marla Butler and Jesse Jenike-Godshalk met and conferred telephonically with counsel for Spectrum Branko Pejic and Neil Greenblum on March 31, 2021 to discuss Spectrum's Response. Spectrum maintained its objection and refused to furnish any response to the Interrogatory.

[2] Capitalized terms are as defined in the Interrogatory unless otherwise defined here.

[3] Plaintiff's objection that the Interrogatory is improperly designated as "Interrogatory No. 5" is wrong. Defendants sought leave to file an interrogatory requiring Plaintiff to identify with specificity any alleged trade secrets, ideas, or information it claims Defendants misappropriated. Dkt. 117. That request was not granted by the Court, Defendants have not served that interrogatory, and Plaintiff has not served any objections or response under oath as required by Rule 33(b). The Interrogatory was properly designated. To the extent Defendants are required to count the un-served interrogatory, Defendants request that any of Plaintiff's objections be deemed waived as untimely and Plaintiff be ordered to immediately provide a complete and properly sworn to response.

Marla.Butler@ThompsonHine.com   Fax: 404.541.2905   Phone: 404.407.3680


Hon. Katharine H. Parker
April 12, 2021
Page 2

Local Rule 33.3(b) permits interrogatories "during discovery" that "are a more practical method of obtaining the information sought than a request for production or a deposition." S.D.N.Y. Local R. 33.3(b)(1).

This Court has held that requests are "more practical" if they do not seek "long narrative explanations." *Pratt v. Atalian Global Servs.*, No. 20-cv-3710, 2021 U.S. Dist. LEXIS 64884, at *9 (S.D.N.Y. Apr. 2). Where interrogatories seek only lists of discrete data "which may in some cases be quite lengthy and concern events that took place many years ago," they are "more practical" than obtaining the information through document requests or depositions. *Id.*; *see also In re Weatherford Int'l Secs. Litig.*, No. 11-cv-1646, 2013 U.S. Dist. LEXIS 154527, at *9-10 (S.D.N.Y. Oct. 28) (ordering response to interrogatory seeking "discrete set of transactions" including the dates and persons involved in each, because it "would be inefficient to rely on witnesses at deposition to accurately recall … transactions made over five years ago").

In *Pratt*, for example, this Court held that interrogatories were more practical where they sought the identity of individuals involved in certain communications and a list of all written and oral agreements entered into over a seven-year period. *See Pratt*, 2021 U.S. Dist. LEXIS 64884 at *8-9. Similarly, in *Weatherford*, this Court required responses to interrogatories seeking the dates and amounts of certain transactions, as well as the identities of all persons involved in each transaction. *Weatherford*, 2013 U.S. Dist. LEXIS 154527 at *9-10. The Court, however, held that a response was not required to an interrogatory that sought an explanation of the effect of each transaction, finding that depositions or document requests were more practical. *See id.*

Here, the Interrogatory seeks the dates that certain documents were disclosed and to whom. It does not call for, nor is there any need for, a "long narrative explanation." It merely seeks a "discrete set" of documents, dates, and names, and is thus no different than the interrogatories upheld in *Pratt* and *Weatherford*. And, given both the volume of documents in this case, as well as the expansive timeframe during which Plaintiff's claim the documents were shared with Defendants, it would be highly "inefficient to rely on witnesses at depositions to accurately recall" each document that was disclosed to Defendants and when it was disclosed during the several years of Due Diligence that began more than a decade ago. *See Weatherford*, 2013 U.S. Dist. LEXIS 154527 at *9-10.

Moreover, this information is critically important to Defendants' ability to build their defenses. The Complaint alleges that Plaintiff shared alleged trade secrets during Due Diligence and that Defendants misappropriated those alleged trade secrets by using the information in filing patent applications and developing ▮▮▮▮▮▮▮▮▮▮. *See* Dkt. 36. Plaintiff alleges that these disclosures occurred over several years, through the Spectrum Data Room and during several Due Diligence meetings. *See id*; *see also* Dkt. 185. To defend against this, Defendants must know what documents containing alleged trade secrets were disclosed, to whom, and when. Identification of the individuals with whom the documents were allegedly shared matters because, if the documents were shared with individuals who were not involved in the prosecution of patent applications or in the development of ▮▮▮▮▮▮▮▮▮▮, then it is unlikely the information in those documents



Hon. Katharine H. Parker
April 12, 2021
Page 3

was misappropriated. It is also necessary because Plaintiff has accused the four individual Defendants of misappropriating trade secrets, and they are entitled to know whether particular trade secret information was even conveyed to them such that misappropriated is even possible. *Cf. Tribune Co. v. Purcigliotti*, No. 93-cv-7222, 1997 U.S. Dist. LEXIS 13165, at * (S.D.N.Y. Sep. 3) (permitting interrogatories in case alleging wrongdoing by numerous individual defendants because "individual defendants have the right to know whether they are alleged to have done anything more" than what was generally alleged as to all defendants). And the *when* matters because, if Plaintiff shared a document *after* GE had already independently developed the idea set forth in the document, then it is, again, unlikely the information in that document was misappropriated.

Contrary to Plaintiff's objection, the Interrogatory is not a contention interrogatory. As this Court has explained, contention interrogatories are characterized by requests "seeking identification of all facts supporting a particular allegation." *Clean Earth Remediation & Constr. Servs. v. Am. Int'l Grp., Inc.*, 245 F.R.D. 137, 141 (S.D.N.Y. 2007); *see also Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06-cv-6198, 2007 U.S. Dist. LEXIS 37642, at *40 & n. 11 (S.D.N.Y. May 24) (interrogatory seeking "the complete factual basis" of allegations was a contention interrogatory). Here, by contrast, the Interrogatory seeks only a list of documents that were disclosed during Due Diligence and, for each such document, the Defendant(s) to whom the disclosure was made, when it was disclosed, and whether it was disclosed in the Spectrum Data Room or during one of four Due Diligence meetings. *See* Ex. A.

Further, Plaintiff's objection that it is excused from responding to the Interrogatory because Plaintiff was not permitted to serve seventeen contention interrogatories distorts the record into a transparent, tit-for-tat argument for ignoring discovery obligations. It is also a false equivalence substantively and procedurally. Plaintiff's proffered interrogatories requested, for example, that Defendants describe "in full and informative detail" *inter alia* various patents, agreements, and events. Dkt. 145-1 (Nos. 1-10, 12-16). This would necessarily require a "long narrative explanation." As this Court confirmed, it would be more practical for Plaintiff to simply request relevant documents and take depositions. *See* Dkt. 176 at 27. The Interrogatory here, by contrast, requires no such narrative explanation. Further, Plaintiff sought to serve its contention interrogatories at the beginning of discovery – in direct contravention of Local Rule 33.3(c) – and before much, if any, discovery had taken place. Defendants' served the Interrogatory much later in discovery after the parties had produced numerous documents. Thus, Plaintiff's objection is substantively and procedurally incorrect.

In short, the Interrogatory seeks a discrete set of information that is more practically obtained through an interrogatory rather than by other means. Plaintiff has no legitimate basis for not responding and should be ordered promptly to fully respond. In addition, because there is no substantial justification for Plaintiff's refusal to respond despite Defendants' good faith attempts to elicit a response, and because an award of expenses would not be unjust, Defendants should be awarded their reasonable expenses incurred in bringing this motion, including attorneys' fees.



Hon. Katharine H. Parker
April 12, 2021
Page 4

Very truly yours,

/s/ *Marla R. Butler*
THOMPSON HINE LLP
Marla R. Butler
Carl Wesolowski (*pro hac vice*)
Lauren Hogan (*pro hac vice*)
Two Alliance Center
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326
Tel.: (404) 541-2900
Fax: (404) 541-2905
Marla.Butler@ThompsonHine.com
Carl.Wesolowski@ThompsonHine.com
Lauren.Hogan@ThompsonHine.com

Brian Lanciault
335 Madison Avenue, 12th Floor
New York, New York 10017
Tel.: (212) 344-5680
Fax: (212) 344-6101
Brian.Lanciault@ThompsonHine.com

Jesse Jenike-Godshalk (*pro hac vice*)
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Tel.: (513) 352-6700
Fax: (513) 241-4771
Jesse.Godshalk@ThompsonHine.com

Jeffrey Metzcar
Discovery Place
10050 Innovation Drive
Miamisburg, Ohio 45342
Tel. (937) 443-6841
Fax (937) 430-3781
Jeff.Metzcar@thompsonhine.com

*Attorneys for Defendants*
*General Electric Company, GE Healthcare, Inc., GE Medical Systems Israel Ltd., Jean-Paul Bouhnik, Sergio Steinfeld, Arie Escho, and Nathan Hermony and for Non-Party Yaron Hefetz*

cc:  All Counsel of Record via ECF