

April 20, 2021

**VIA ECF**
Hon. Katharine H. Parker
United States Magistrate Judge, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 750
New York, New York 10007

Re:  *Spectrum Dynamics Medical Limited v. General Electric Company et al.*,
    Case No. 18-cv-11386 (VSB)

Dear Judge Parker:

      The letter Plaintiff filed on April 14, 2021 describing its document review process (the "Review Letter") (Dkt. 233) makes clear that Plaintiff has not reviewed its documents for relevance and confidentiality. Therefore, Defendants General Electric Company, *et al.* ("Defendants") respectfully submit this Letter Motion to Compel Plaintiff to properly review, designate, and produce relevant documents, and for costs, including attorneys' fees incurred in reviewing Plaintiff's productions and bringing this motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure.

      A party cannot "shift the burden and expense of complying with its discovery obligations" simply by "dumping large quantities of unrequested materials onto the discovering party along with the items actually sought." *Joint Stock Co. Channel One Russ. Worldwide v. Infomir*, 2019 U.S. Dist. LEXIS 166373, at *68-70 (S.D.N.Y. Sep. 26). Where this occurs, the discovering party is entitled to an award of costs, including attorney's fees, incurred in both reviewing and challenging an improper production pursuant to Rule 37. *See Owen v. No Parking Today, Inc.*, 280 F.R.D. 106, 112 (S.D.N.Y. 2011) (awarding costs and attorney's fees, including cost of review).

      After Plaintiff repeatedly ignored Defendants' inquiries as to whether Plaintiff was individually reviewing documents for relevance and confidentiality under the Stipulated Confidentiality and Protective Order (the "PO") (*see* Dkt. 193 at 12-13; Dkt. 215 at 5-6), Defendants raised their concern with the Court at the February 25, 2021 conference. When the Court concluded that Plaintiff had a document "review team" and "[i]f the review team is not looking at individual documents, I don't know what they would be doing" (Dkt. 200 at 47:25 – 48:2-3), Plaintiff's counsel stood silent and failed to state what is now clear: Plaintiff has not been reviewing individual documents.

      Defendants subsequently sampled and reviewed several thousand documents from Plaintiff's production of over 430,000 documents in Plaintiff's 7th and 10th productions and described some of their findings during the March 31, 2021 conference. *See* Dkt. 221 at 28-31. Over 85% of the sampled documents are irrelevant to any issue in this case, and 100% of the documents are designated "Highly Confidential." The Court ordered Plaintiff to file the Review Letter to "set[] forth the process [Plaintiff] used to evaluate documents for responsiveness and

Marla.Butler@ThompsonHine.com   Fax: 404.541.2905   Phone: 404.407.3680

THOMPSON HINE LLP
ATTORNEYS AT LAW
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326-4266
www.ThompsonHine.com
Phone: 404.541.2900
Fax: 404.541.2905



Hon. Katharine H. Parker
April 20, 2021
Page 2

relevance and confidential designations" and "address why there appear to have been a large volume of irrelevant documents produced." Dkt. 219.

Rather than describe its process in detail, over half of Plaintiff's nine-page Review Letter attacks Defendants' document requests and productions,[1] while only a single cryptic paragraph addresses Plaintiff's process. See Dkt. 233 at 6. Plaintiff never states that it reviewed individual documents for relevance, responsiveness or confidentiality. ███████████████████████████████████████████████████████████████████████████████████████████ *Id.* at 6. It is unclear what terms could *ever* be used to identify non-responsive or irrelevant documents, but Plaintiff declines to share those, erroneously claiming that they constitute work product. See id. at 1 n.1 (citing *Winfield v. City of N.Y.*, 2017 U.S. Dist. LEXIS 194413, at *28 (S.D.N.Y. Nov. 27) (Parker, M.J.) (internal citation omitted)). *Winfield* holds no such thing and, in fact, describes at length how the parties *exchanged* proposed search terms. See *Winfield*, 2017 U.S. Dist. LEXIS 194413 at *14-16.[2]

In any event, it is clear Plaintiff's process simply did not work – nor would one reasonably expect it to. Instead of affirmatively searching for, reviewing and producing relevant and responsive documents, and assigning a confidentiality designation to each document based on its content, it appears Plaintiff collected troves of files, including hundreds of thousands of emails, and simply removed what it did *not* want to produce to Defendants. Then Plaintiff marked the remaining hundreds of thousands of documents Highly Confidential and produced them, regardless of the relevance or offensiveness[3] of those documents. Plaintiff's process has resulted in a production of hundreds of thousands of irrelevant documents and raises the concern that Plaintiff is withholding and/or burying relevant documents.

████████████████████████████████████████████████████████████████████████████████████████ Dkt. 233 at 2, 5, 7. But the cases Plaintiff relies on to support this proposition address the use of technology-aided-review (TAR) and appropriate standards in that context. See, *e.g.*, *Winfield*, 2017 U.S. Dist. LEXIS 194413 at *12 (ordering TAR after plaintiff complained about pace of linear review); *Rio Tinto PLC v. Vale, S.A.*, 306 F.R.D. 125, 129 (S.D.N.Y. 2015) (approving parties' TAR protocol); *Da Silva Moore v. Publicis Groupe*, 287 F.R.D. 182, 188 (S.D.N.Y. 2012) (same); *Hyles v. New York City*, 2016 U.S. Dist. LEXIS 100390, at *9-10 (S.D.N.Y. Aug. 1) (refusing to order defendant to

---

[1] Defendants' claw-back of some privileged documents does not demonstrate that Defendants did not review documents. Defendants' team reviewed each document for relevance and responsiveness. However, at the time, the review team did not yet know the name of every GE attorney (over 250 individuals). In fact, Defendants' careful, document-by-document review has enabled it to produce far fewer, and relevant, documents from over *twenty* custodians, while Plaintiff produced over 430,000 largely irrelevant documents from *four* custodians. Dkt. 233 at 6.
[2] Plaintiff's quote from *Winfield* concerned the plaintiff's request for the *instructions* the defendant gave to its TAR vendor, which the Court noted "may reveal work product," not search terms. 2017 U.S. Dist. LEXIS 194413 at *28.
[3] ███████████ Plaintiff's production included *exactly* what Defendants' counsel described. Dkt. 221 at 30:21 – 31:7.



Hon. Katharine H. Parker
April 20, 2021
Page 3

use TAR).[4] Plaintiff is not using TAR, and these cases have no relevance where, as here, Plaintiff's review process produced more than 85% irrelevant documents. The law is clear that it is *not reasonable* for a party to dump overwhelmingly irrelevant documents. *See Owen*, 280 F.R.D. at 112 (defendant sanctioned where he "did not ensure that only relevant documents would be produced but instead produced numerous irrelevant documents"); *Joint Stock Co.*, 2019 U.S. Dist. LEXIS 166373 at *69 (dumping all data from one source is "not an acceptable substitute for locating, copying, and turning over" only responsive data); *Levene v. City of New York*, 1999 U.S. Dist. LEXIS 9031, at *16-17 (S.D.N.Y. June 15) (permitting plaintiff to "dump an apparently indiscriminate pile of patient records" amounts to "extortion"). And, as the Court has already explained: "[T]he point is … you don't just pull the documents using the search terms, you review them and exclude the ones that are not relevant. I mean the search terms are a way to cull the documents to a reasonable group to *review for relevance*." Dkt. 221 at 31-32 (emphasis added).

Plaintiff attempts to excuse its voluminous production of irrelevant documents ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. 233 at 7. However, a typical process that uses keyword searches to identify responsive documents and fails to recognize search terms in Hebrew should have resulted in *fewer* documents being located, not more. Moreover, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is untenable. Plaintiff is an Israeli company and knew before discovery began that it would need to process and review Hebrew language documents. Plaintiff "should have made arrangements with its [vendor] to handle its responsive ESI competently" prior to making productions. *Joint Stock Co.*, 2019 U.S. Dist. LEXIS 166373, at *70; *see Novak v. Yale Univ.*, 2015 U.S. Dist. LEXIS 157067, at *8 (D. Conn. Nov. 20) ("technical difficulties" cannot justify "document dump" where it "could have been dealt with prior to the production"). There simply is no excuse for a process that produces more than 85% irrelevant documents, all designated "Highly Confidential."

Finally, Plaintiff's "process" for making confidentiality designations appears to be no process at all, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Dkt. 233 at 8-9. Instead, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* By making blanket designations, Plaintiff has eviscerated the carefully crafted confidentiality levels the parties agreed to in the PO.

Based on the foregoing, it is apparent that Plaintiff has not acted reasonably in fulfilling its discovery obligations and has dumped hundreds of thousands of irrelevant documents, shifting to Defendants the burden of sifting through these documents and ultimately bringing this Motion to Compel. As such, Plaintiff should be ordered to correct its defective productions and to pay Defendants' costs associated with them.

---

[4] Plaintiff also cites, *Blackrock Allocation Target Shares: Series S Portfolio v. Bank of N.Y. Mellon*, 2018 U.S. Dist. LEXIS 81840 (S.D.N.Y. May 14) in which the parties disputed the number of custodians. That is not an issue here.



Hon. Katharine H. Parker
April 20, 2021
Page 4

Very truly yours,

/s/ *Marla R. Butler*
THOMPSON HINE LLP
Marla R. Butler
Carl Wesolowski (*pro hac vice*)
Lauren Hogan (*pro hac vice*)
Two Alliance Center
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326
Tel.: (404) 541-2900
Fax: (404) 541-2905
Marla.Butler@ThompsonHine.com
Carl.Wesolowski@ThompsonHine.com
Lauren.Hogan@ThompsonHine.com

Brian Lanciault
335 Madison Avenue, 12th Floor
New York, New York 10017
Tel.: (212) 344-5680
Fax: (212) 344-6101
Brian.Lanciault@ThompsonHine.com

Jesse Jenike-Godshalk (*pro hac vice*)
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Tel.: (513) 352-6700
Fax: (513) 241-4771
Jesse.Godshalk@ThompsonHine.com

Jeffrey Metzcar
Discovery Place
10050 Innovation Drive
Miamisburg, Ohio 45342
Tel. (937) 443-6841
Fax (937) 430-3781
Jeff.Metzcar@thompsonhine.com

*Attorneys for Defendants*
*General Electric Company, GE Healthcare, Inc., GE Medical Systems Israel Ltd., Jean-Paul Bouhnik, Sergio Steinfeld, Arie Escho, and Nathan Hermony and for Non-Party Yaron Hefetz*

cc:  All Counsel of Record via ECF