LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK ∆
MICHAEL J. FINK
STEPHEN M. ROYLANCE ◊
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
DANIEL B. MOON
BRUCE H. STONER, JR. ◊
ENOCH PEAVEY
SEAN C. MYERS-PAYNE, Ph.D.
JONATHAN R. MILLER *
STEVEN B. POLLICOFF *
BARRY I. HOLLANDER ◊
GARY V. HARKCOM *◊
JAMES P. BONNAMY
JILL M. BROWNING
WALTER SCHLAPKOHL, Ph.D.
NAOKO OHASHI *

HARRY J. GWINNELL ◊
JEFFREY H. HANDELSMAN *
KENNETH H. SALEN ◊
SOK K. HONG ◊
TAI KONDO □
JEFFREY R. BOUSQUET ◊
GARY M. JACOBS ◊
JAMES A. GROMADA
SHAWN A. HAMIDINIA, Ph.D.
ALI M. IMAM *
CHAD E. GORKA
CHUONG T. NGUYEN *
JAMES A. DONEGAN □
CHRISTIAN MANNINO *
DANIELLE C. PFIFFERLING

\* ADMITTED TO A BAR
   OTHER THAN VA
□ REGISTERED PATENT AGENT
◊ OF COUNSEL
∆ SENIOR COUNSEL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/23/2021

The court reporter is directed to redact the passages highlighted on pages 20, 30-32 and 37, as set forth in Exhibit 1.

APPLICATION GRANTED

*Katharine H. Parker*

Hon. Katharine H. Parker, U.S.M.J.

04/23/2021

April 22, 2021

**VIA ECF**
Hon. Katharine H. Parker
United States Magistrate Judge, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 750
New York, New York 10007

Re:   S*pectrum Dynamics Medical Limited v. GE;* Case No.: 18-cv-11386 (VSB)

Dear Magistrate Judge Parker:

We represent Plaintiff Spectrum Dynamics Medical Limited ("Spectrum") in the above-captioned matter. On behalf of Spectrum and Defendant General Electric Company ("GE"), we write pursuant to Federal Rule of Civil Procedure 5.2(e), Your Honor's Individual Rule of Practice III(d), and the parties' Stipulated Confidentiality and Protective Order (the "Protective Order") (Doc. 156) to request that several passages contained in Document Number 221, the transcript of the parties' appearance before Your Honor on March 31, 2021, be redacted and filed under seal. The parties jointly respectfully request that before the transcript is made publicly available, the court reporter be directed to redact the passages highlighted on pages 20, 30-32 and 37, as set forth in Exhibit 1 hereto.

The presumption of public access to judicial documents can be overcome if countervailing factors warrant confidentiality. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *see also Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978). Sealing of records may be justified to preserve "higher values," including the need to protect an entity from competitive injury. *Lugosch*, 435 F.3d at 124; *see also Tropical Sails Corp. v. Yext, Inc.*, No. 14-cv-7582, 2016 U.S. Dist. LEXIS 49029, at *10-11 (S.D.N.Y. Apr. 12) (risk of "competitive injury is sufficiently serious to warrant protection" of proprietary business information). Consistent with this, courts routinely permit sealing and redaction of competitively sensitive proprietary business information. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *Encyclopedia Brown Prods., Ltd. v. Home Box Office.*

Hon. Katharine H. Parker         April 22, 2021         Page -2-

*Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998); *see also Nixon*, 435 U.S. at 598 (recognizing need to seal information that might "harm a litigant's competitive standing").

Here, the discussions in the transcript concern GE's development of a certain product that is not publicly available and confidential details of Spectrum's alleged trade secrets and internal emails. This information is competitively sensitive and proprietary information of GE or Spectrum, respectively, that, if disclosed, would pose a substantial risk of harm to GE or Spectrum, and constitutes "Highly Confidential – Attorneys' Eyes Only" information under the Protective Order. (Doc. 156.). This is the sort of competitively sensitive information that courts consistently protect from disclosure. *See, e.g., Ferring B.V. v. Allergan, Inc.*, No. 12-cv-2650, 2017 U.S. Dist. LEXIS 150239, at *16 (S.D.N.Y. Sep. 7) (granting motion to seal documents containing proprietary information related to product development); Encyclopedia Brown, 26 F. Supp. 2d at 612 (sealing documents reflecting sensitive trade secret information). This is particularly the case where, as here, the information to be sealed was not relevant to the Court's resolution of any issue. *Cf. Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F. 3d 132, 143 (2d Cir. 2016)(denying sealing request where documents were "highly relevant to the exercise of Article III judicial power").

The parties' request is narrowly tailored to protect highly confidential information and does not deprive the public of access to critical information. The parties respectfully request that the Court permit the requested redactions in the publicly available version of the March 31, 2021 transcript (Doc. 221).

                                                    Respectfully submitted,

                                                    */Neil F. Greenblum/*

                                                    Neil F. Greenblum

cc:     All counsel of record (via ECF)