UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPECTRUM DYNAMICS MEDICAL LIMITED, | |
| Plaintiff, | **DISCOVERY ORDER** |
| -against- | 18-CV-11386 (VSB) (KHP) |
| GENERAL ELECTRIC COMPANY et al., | |
| Defendants. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/28/2021

**KATHARINE H. PARKER, United States Magistrate Judge**

Defendants General Electric Company, et al. have moved to compel Plaintiff Spectrum Dynamics Medical Ltd. to answer the following interrogatory:

> Identify by Bates Number all documents that Spectrum made available to one or more Defendants during Due Diligence and state, for each document, how and when it was shared with Defendants and with which Defendants it was shared. Your response to this Interrogatory should indicate whether each document was shared in the Spectrum Data Room, during the July 29-30, 2009 Due Diligence meeting, during the January 24, 2012 Due Diligence meeting, as part of communications with one or more Defendants through February 2012, or as part of the June 2012 presentation. If shared in the Spectrum Data Room, your response should indicate the date the document was placed in the Spectrum Data Room.

(Ex. A to Letter Mot. to Compel at Interrogatory 5, ECF No. 229-1.)[1]

Plaintiff objected to this Interrogatory because it contravenes this District's Local Rule 33.3, which limits the type of interrogatory that may be served at the initial and middle stages

---

[1] The Court notes that Interrogatory 5 is actually more than one interrogatory, as it has several discrete subparts. *See* Fed. R. Civ. P. 33 (limiting parties to 25 interrogatories, including discrete subparts); *see also* Fed. R. Civ. P. 33 advisory committee notes to 1993 Amendment ("Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects."),

1

of a litigation and because it was overly broad and burdensome and not proportional to the needs of the case, among other reasons.

Local Rule 33.3 states:

    (a) Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.

    (b) During discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court.

    (c) At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise.

Interrogatory 5 is beyond the scope of subparagraph (a) and not properly propounded pursuant to subparagraph (c) given that discovery is far from concluded. It is only proper, therefore, if it is a more practical method of obtaining the information sought than a request for production or a deposition, as set forth in subparagraph (b).

At Defendants' request, Plaintiffs already have provided a detailed chart that specifies the particular trade secrets it contends were misappropriated by Defendants, the Bates numbers of documents reflecting those trade secrets, some of which are attached to emails from Plaintiff to Defendants' employees during the relevant period, the names of Defendants' employees who Plaintiff currently believes were provided with the documents and the approximate dates when they were provided. Defendants insisted on this chart before producing certain of its own technical documents. After a full conference on the issue, the Court required Spectrum to provide the chart. Defendants cannot now seek the same information in the form of an interrogatory.

The Court also notes that parties may produce business records in response to an interrogatory if the answer "may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party," the responding party can simply specify the records where the answers will be located. Fed. R. Civ. P. 33(d). Here, Plaintiff has not only produced documents reflecting its trade secrets, but those documents together with information in the chart, allow Defendants to determine the information it is seeking. Contention interrogatories are improper if they merely seek regurgitation of factual information obtained in discovery through other means.

At this point, follow-up questions about the trade secrets and when they were exchanged is more practically obtained through depositions. *See, e.g.*, *Vista Food Exchange, Inc. v. Comercial De Alimentos Sanchez S DE R L DE C.V.*, No. 18-cv-8999 (RA) (SLC), 2020 WL 7695712 (S.D.N.Y. Dec. 28, 2020) (finding deposition more practical way of obtaining

information than various interrogatories and that other interrogatories sought redundant information); *Roelcke v. Zip Aviation, LLC*, No. 15-cv-6284 (JGK) (JLC), 2020 WL 5752228, at *2-3 (S.D.N.Y. Sept. 25, 2020) (finding deposition more practical way of obtaining information than various interrogatories). Thus, Plaintiff need not answer Interrogatory 5.

## CONCLUSION

For the reasons set forth above, Defendants' motion at ECF No. 229 is DENIED.

**SO ORDERED.**

Dated: April 28, 2021
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge