LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK ∆
MICHAEL J. FINK
STEPHEN M. ROYLANCE ◊
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
DANIEL B. MOON
BRUCE H. STONER, JR. ◊
ENOCH PEAVEY
SEAN C. MYERS-PAYNE, Ph.D.
JONATHAN R. MILLER *
STEVEN B. POLLICOFF *
BARRY I. HOLLANDER ◊
GARY V. HARKCOM *◊
JAMES P. BONNAMY
JILL M. BROWNING
WALTER SCHLAPKOHL, Ph.D.
NAOKO OHASHI *

HARRY J. GWINNELL◊
JEFFREY H. HANDELSMAN *
KENNETH H. SALEN ◊
SOK K. HONG ◊
TAI KONDO ☐
JEFFREY R. BOUSQUET ◊
GARY M. JACOBS ◊
JAMES A. GROMADA
SHAWN A. HAMIDINIA, Ph.D.
ALI M. IMAM *
CHAD E. GORKA
CHUONG T. NGUYEN *
JAMES A. DONEGAN ☐
CHRISTIAN MANNINO *
DANIELLE C. PFIFFERLING
_____

\* ADMITTED TO A BAR
   OTHER THAN VA
   REGISTERED PATENT AGENT
◊ OF COUNSEL
∆ SENIOR COUNSEL

May 19, 2021

**VIA ECF**
Hon. Katharine H. Parker
United States Magistrate Judge, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 750
New York, New York 10007

Re:   *Spectrum Dynamics Medical Limited v. GE;* Case No.: 18-cv-11386 (VSB)

Dear Magistrate Judge Parker:

The parties write jointly pursuant to Your Honor's direction during the January 8, 2021 status conference and Scheduling Order [D.I. 147] to provide an agenda in advance of the May 26, 2021 hearing.

*Spectrum Issue 1*. **Slow-walking discovery**
Defendants, again, have yet to produce a single document since the last hearing, and it appears that they will again produce documents on the eve of the hearing to delay Spectrum from raising deficiencies with Your Honor. Defendants' ambiguous and conflicting statements about the number of documents that they will produce gives us concern that Defendants have withheld a substantial number of responsive documents or has delayed production until the last moment.

Defendants' last document production was on April 27 and contained 5,107 documents, and to date, Defendants have produced 82,804 documents while stating that they "anticipate that the remaining production will be less than 10,000 documents" during the last hearing. ([D.I. 256], p. 20.) This is concerning because Defendants previously indicated that they had collected and were reviewing hundreds of thousands of documents months ago while collecting from a ultimate total of 31 custodians. ([D.I. 182], pp. 22-23.)

This leaves Spectrum to believe: (i) Defendants have severely underestimated the number of documents (10,000) yet to be produced; (ii) Defendants have taken an overly narrow review for responsiveness and relevance; (iii) Defendants have not fully searched all relevant file paths or folders; and/or (iv) Defendants are using Technology Assisted Review or "predictive coding" that is resulting in an inaccurately low responsiveness and relevance rate. Notably, Spectrum

Hon. Katharine H. Parker                May 19, 2021                                Page -2-

does not know whether Defendants are using predictive coding (and certainly has not agreed to its use) as the parties did not meet and confer on Your Honor's ESI order and recommendations.

**Defendants' Response**
As Defendants have explained in prior agendas, they are not slow-walking discovery or timing their productions to prevent Spectrum from raising issues with the Court. It is simply more efficient for Defendants to make a smaller number of large productions than it is for them to make frequent small productions. While Spectrum complains that Defendants have not made a production since the last conference, that was only 3 weeks ago. This is not an inordinately long period of time between productions. Nor has Spectrum inquired with Defendants over the last 3 weeks about when Defendants plan to make their next production. Defendants are hoping to make their next production on May 21, 2021 followed by another production on May 28, 2021, such that Defendants' productions will be substantially complete by Your Honor's deadline.

Spectrum further argues that Defendants *may* not have properly collected or reviewed documents. Spectrum's arguments are speculation based on nothing more than the volume of documents that Defendants have produced. As Your Honor has already explained: "I don't really hold much stake in the number of documents because parties may have different numbers of documents, you know. I mean it's just certain custodians generate more documents than others and so the number of documents really is not necessarily meaningful." (Dkt. 221 at 25:22–26:3.) In any event, 80,000 – 90,000 documents is not, on its face, a small volume of documents.

Defendants also stand by their procedures for collecting and reviewing documents. As Defendants previously indicated, they collected hundreds of thousands of documents, copying the entire hard drives of multiple custodians. They then individually reviewed potentially relevant documents for responsiveness, privilege, and confidentiality before producing only responsive, non-privileged documents bearing an appropriate confidentiality designation.

*Spectrum Issue 2*. **GE's refusal to permit withdrawal of Spectrum's Interrogatory No. 3**
In light of Your Honor's April 28 Discovery Order [D.I. 255], on April 29, Spectrum, in good faith, timely withdrew Interrogatory No. 3. But on April 30, Defendants rejected Spectrum's request to withdraw and instead served a response, albeit deficient. Spectrum again offered to withdraw Interrogatory No. 3, but Defendants steadfastly refused. Spectrum, thus, requests the Court to rule that Defendants have waived objections to Interrogatory No. 3 under Local Rule 33.3, and permit Spectrum to compel a full and complete response on the merits.

**Defendants' Response**
Spectrum's attempt to "withdraw" an interrogatory the evening before a response to that interrogatory was due, and after Defendants had fully undertaken the burden of responding, is improper. Spectrum served Interrogatory No. 3 on March 31, 2021 such that Defendants' response was due on April 30, 2021. At 6:31 p.m. on April 29, 2021, Spectrum sent Defendants an email purportedly withdrawing the interrogatory because of Your Honor's April 28 Order (Dkt. 255), which does not even relate to Spectrum's Interrogatory No. 3. At that point, Defendants had already finalized their response and objections to the interrogatory, and had obtained the necessary verification. As courts have recognized, "nothing in the[] rules allows a propounding party to unilaterally 'withdraw' interrogatories after they are served," and

Hon. Katharine H. Parker                May 19, 2021                              Page -3-

permitting parties to withdraw interrogatories would invite abuse of the discovery process. *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 588 (C.D. Cal. 1999). Spectrum has not identified any contrary authority or any deficiencies in Defendants' response and has not explained why the Court should rule that Defendants' objections are waived.

*Spectrum Issue 3.* **GE's potential violation of Fed. R. Civ. P. 37(e)**
After many requests, Defendants finally (on May 13) provided a final list of all searched custodians. The next day Spectrum advised Defendants that *two GE employees that Defendants had identified in their Initial Disclosures as having knowledge of various issues were not among the custodians searched*. Specifically: **(1)** *Defendant Arie Eshco* who (i) was on the GE diligence team and met with Spectrum, (ii) is a named inventor of misappropriated GE patent(s), and (iii) pitched the Starguide to third-parties in 2013; and **(2)** *Avi Bar-Shalev* who is a named inventor of several misappropriated GE patent(s). Defendants responded that "[b]oth Mr. Eshco and Mr. Bar-Shalev left GE prior to the present litigation" and that "GE destroyed or deleted these documents, including email." Defendants, however, have refused to state when these individuals left GE or when GE implemented the litigation hold. *This raises questions because Defendants have provided interrogatory responses from Defendant Eshco, and have further produced documents indicating that Mr. Bar-Shalev was at GE after suit was filed*. Defendants, moreover, identified these individuals as knowledgeable of relevant subject matter in the Initial Disclosures and First Supplemental Disclosures, and will presumably seek to introduce testimony from them at trial. Then yesterday afternoon, after the meet and confer, Defendants served Second Supplemental Disclosures deleting Mr. Bar-Shalev without notice or explanation. (Ex. 1, p. 13; this is a redline comparing changes between Defendants' First Supplemental and Second Supplemental Disclosures.)

Given their apparent relevance to the litigation, Spectrum requests that Your Honor order Defendants to disclose when each individual left GE, the date Defendants implemented their "litigation hold" and when the respective documents of these individuals were destroyed.

**Defendants' Response**
This issue is not ripe. Spectrum has not served any discovery requests seeking any of the information described above. In fact, prior to sending Defendants a copy of this agenda, Spectrum did not even ask informally for Defendants to disclose "the date Defendants implemented their 'litigation hold' and when the respective documents of these individuals were destroyed." Nor did the parties meet and confer about this.

As for when Mr. Eshco and Mr. Bar-Shalev left GE, Spectrum first raised this issue via email two days ago, demanding that Defendants "immediately" provide the departure dates for Mr. Eshco and Mr. Bar-Shalev. Defendants did not refuse to provide this information; they only refused to provide it "immediately." Defendants are in the process of pinning down the exact dates that Mr. Eshco and Mr. Bar-Shalev left GE. They will follow up with Spectrum.

*Spectrum Issue 4.* **GE's refusal to confirm destruction of Spectrum Information**
Spectrum Interrogatory Nos. 1 and 2 seek, *inter alia*, the steps, safeguards, precautions and protocols put into place at GE to ensure that (i) only Persons who had previously agreed to be bound by the terms of the 2009 Agreement received Spectrum Information and (ii) Persons who

received Spectrum Information in accordance with the 2009 Agreement did not use such Spectrum Information in developing the GE Imitation Device. GE responded that as part of the "Project Spotlight Confidentiality Agreement" (e.g., GE_SDM_00413181-182) *that Defendants cite in response to Interrogatory Nos. 1 and 2*, among other things, persons who receive Spectrum Information agreed to: (i) turn over to GE or destroy Spectrum Information; and (ii) dispose of Spectrum Information in a manner that will prevent unauthorized review or interception (e.g., shredding) per GE's document retention policy (GE_SDM_00048354-371). Notably, Defendants state unequivocally that the documents of both Mr. Eshco and Mr. Bar-Shalev were "destroyed or deleted," but refuse to provide the same regarding protected Spectrum Information in response to Interrogatory Nos. 1 and 2 (including for Defendant Eshco). If Defendants did not destroy Spectrum Information, then they should be required to state so, and Spectrum requests Your Honor to compel Defendants to confirm that each of the individual Defendants destroyed the protected Spectrum Information and the date on which such Information was destroyed.

**Defendants' Response**
Whether individual Defendants destroyed Spectrum Information pursuant to GE's document retention policy is not within the scope of any discovery request and is not relevant to any issue in this case. Defendants fully responded to Spectrum's Interrogatories Nos. 1 and 2, which do not ask about the extent to which individuals complied with GE's document retention policy. Nor did Defendants' responses mention GE's document retention policy. Compliance with this policy is beyond the scope of Spectrum's interrogatories, and Spectrum is not entitled to ask follow-up questions to its interrogatories, demand responses to those questions, and then—when Defendants refuse—get an order requiring Defendants to respond. Furthermore, whether GE employees destroyed documents pursuant to a document retention policy is not relevant to any issue in the case. The 2009 NDA requires a party to destroy documents "within thirty (30) days of a written request of the Disclosing Party." (Dkt. 36-1, ¶ 4.) Spectrum points to no "written request" that would trigger this provision. In any event, that provision in the 2009 NDA has nothing to do with any party's document destruction policy.

**Defendants' Additional Proposed Topics**

**Additional Spectrum Custodians**
While Defendants have collected documents from roughly 30 custodians, Spectrum has thus far collected from only 4, despite having brought this lawsuit asserting claims relevant to almost every aspect of Spectrum's products and business. Based on their review of Spectrum's documents, Defendants identified three individuals from which Spectrum had not produced documents and who are likely to possess relevant, responsive, non-duplicative documents: Josh Gurewitz (Spectrum's former Vice President of Sales and Marketing USA), Sajed Haj-Yahya (Spectrum's Head of Mechanics), and Miri Tal (Spectrum's former Vice President of Operations in Israel). Defendants laid out in a detailed writing to Spectrum why each individual is likely to possess relevant, responsive documents. Defendants asked that Spectrum collect documents from these individuals; review them for relevance, responsiveness, privilege, and confidentiality; and produce, with proper confidentiality designations, those documents that are relevant, responsive, and non-privileged. Defendants are not, as Spectrum suggests, making this request to delay or serving additional document requests to delay. Both parties have recently identified additional custodians and served document requests.

The parties met and conferred about the three new Spectrum custodians on May 17, 2021, and Spectrum indicated it is still investigating these individuals and their documents. In particular, Spectrum stated it was still in the process of determining when Mr. Gurewitz left Spectrum. Spectrum did not take a definitive position about whether it will produce documents from these individuals. The parties may be able to resolve this issue without Court intervention but, if they are unable to do so, Defendants would like to discuss this during the next conference.

**Spectrum response**
Defendants' belated request, after the Court has already set the substantial completion of document discovery, in combination with 28 new document requests and presumably more based upon this request, is yet another ploy to delay and multiply the litigation disproportionally, which will no doubt delay document discovery and depositions. Critically, Defendants did not identify these individuals in their Initial Disclosures or First Supplemental Disclosures. There is no coincidence that Defendants served Second Supplemental Disclosures adding these three Spectrum individuals (while deleting Defendants' witness as noted above) the day before this Agenda Letter was due and after Spectrum raised these discrepancies. (Ex. 1, pp. 11, 13-14.)

Equally significant, Defendants have not explained why discovery of these three individuals would not be duplicative of the documents already (and that will be) produced from Spectrum's custodians. These individuals were not substantively involved in the due diligence and are not inventors of the misappropriated trade secrets, unlike the custodians already searched by Spectrum, who notably, are the very same Spectrum witnesses identified by Defendants until the belated Second Supplemental Disclosures served one day ago. Moreover, two of the individuals left Spectrum years ago. The belated timing of Defendants' request in combination with opportunistically serving the Second Supplemental Disclosures at the last moment shows that this is simply a fishing expedition.

**Spectrum Refuses to State Whether it Is Intentionally Withholding Responsive Documents Based on its Objections to Defendants' Requests for Production**
If Spectrum is withholding responsive documents based on its objections to Defendants' requests for production, it must tell Defendants. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). Spectrum refuses to do so. In response to nearly every one of Defendants' document requests, Spectrum objects and then states the following boilerplate language: "Subject to and without waiving the General and Specific Objections, Spectrum will endeavor in good faith to reach agreement with Defendants on the scope of this Request and will . . . produce relevant responsive non-privileged documents, to the extent that they exist and are in Spectrum's possession, control or custody."

During a March 31, 2021 meet and confer, Defendants asked Spectrum to confirm that it was proceeding to collect, review, and produce all responsive documents and was not withholding any documents until after the parties "reach agreement . . . on the scope of [each] Request." Spectrum refused. Defendants have asked Spectrum to identify all categories of responsive documents, across all of Defendants' document requests, that it is withholding based on its objections. Despite multiple requests via phone and in writing, Spectrum has not provided this information. While Spectrum suggests that Defendants have similarly failed to disclose such

information, this is not true, as Defendants have made clear during prior meet and confers and emails that they are not withholding responsive, non-privileged documents except where their responses to particular document requests expressly state otherwise, as required by Rule 34.

Without this information, Defendants are left to guess at whether they have received or will receive all of the documents they requested or whether, instead, there are deficiencies in Spectrum's productions. For instance, Spectrum has produced few to no documents in the following categories: (1) documents regarding the Veriton and Veriton-CT devices; (2) documents regarding the valuation of Spectrum's alleged trade secrets; (3) documents regarding Spectrum's dispute with Molecular Dynamics; (4) organizational charts; and (5) document retention and destruction policies. Defendants do not know if Spectrum is intentionally withholding documents in these categories, if Spectrum has overlooked responsive documents, or if responsive documents simply do not exist. This is the very confusion that the 2015 amendments to Rule 34 were meant to eliminate so that parties could have "an informed discussion of the objection[s]." *See* Fed. R. Civ. P. 34, committee notes (2015) ("This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections.").

**Spectrum response**
Defendants raised this same issue in the April 21 Agenda Letter and Spectrum reiterates that Defendants' request – without reference to a specific document request – is yet another attempt to manufacture disputes and needlessly multiply the proceedings beyond all reasonable proportionality and should be summarily denied.

Defendants' so-called issue is manufactured and premature because, *inter alia*, the parties have not had a meaningful meet and confer, and Defendants have not identified any specific document requests at-issue, such that Spectrum does not understand the basis or scope of Defendants' request. As far as we can tell, the only limited set of Defendants' document requests that may be at-issue are Nos. 169-174, which seek documents related to foreign sales of/transactions of the VERITON®. Spectrum, however, has already produced documents responsive to these categories of documents, e.g., SDML_01282005, SDML_01281606. While Defendants now identify 5 more categories of documents improperly for the first time here, Defendants critically fail to identify any document requests or Spectrum objections presumably because Spectrum has already produced documents responsive to these categories and will continue to do so. Defendants' nebulous request is unsubstantiated and, in all events, simply not ripe.

Further undermining Defendants' so-called issue is that Defendants have responded similarly to Spectrum's document requests as follows: "Defendants will produce such relevant, responsive, non-privileged documents, to the extent they exist and to the extent they have not already been produced, as necessary to respond to this Request." Following Defendants' logic, Defendants themselves have not identified all categories of responsive documents, across all of Spectrum's document requests, that Defendants are withholding based upon its objections (which it is now asking of Spectrum). Accordingly, Defendants hardly can complain about Spectrum's responses that are no different than their own.

Hon. Katharine H. Parker May 19, 2021 Page -7-

Respectfully submitted,

/s/ *Neil F. Greenblum* /s/ *Marla R. Butler*

_____  _____
Neil F. Greenblum (*pro hac vice*) Marla R. Butler
P. Branko Pejic (*pro hac vice*) Carl Wesolowski (*pro hac vice*)
Jeffrey Handelsman (*pro hac vice*) Lauren Hogan (*pro hac vice*)
Jill M. Browning (*pro hac vice*) THOMPSON HINE LLP
Danielle C. Pfifferling, Esq. (*pro hac vice*)
GREENBLUM & BERNSTEIN, P.L.C. Two Alliance Center
1950 Roland Clarke Place 3560 Lenox Road NE, Suite 1600
Reston, Virginia 20191 Atlanta, Georgia 30326
Phone: (703) 716-1191 Tel.: (404) 541-2900
Fax: (703) 716-1180 Fax: (404) 541-2905
ngreenblum@gbpatent.com Marla.Butler@ThompsonHine.com
bpejic@gbpatent.com Carl.Wesolowski@ThompsonHine.com
jhandelsman@gbpatent.com Lauren.Hogan@ThompsonHine.com
jbrowning@gbpatent.com
dpfifferling@gbpatent.com

Gregory D. Miller, Esq. Jesse Jenike-Godshalk (*pro hac vice*)
RIVKIN RADLER LLP 312 Walnut Street, Suite 2000
25 Main Street, Suite 501 Cincinnati, Ohio 45202
Court Plaza North Tel.: (513) 352-6700
Hackensack, NJ 07601-7082 Fax: (513) 241-4771
(201) 287-2460 Jesse.Godshalk@ThompsonHine.com
Gregory.Miller@rivkin.com

*Attorneys for Plaintiff* Brian Lanciault
*Spectrum Dynamics Medical Limited* 335 Madison Avenue, 12th Floor
New York, New York 10017
Tel.: (212) 344-5680
Fax: (212) 344-6101
Brian.Lanciault@ThompsonHine.com

*Attorneys for Defendants*
*General Electric Company, GE Healthcare, Inc., GE Medical Systems Israel Ltd., Jean-Paul Bouhnik, Sergio Steinfeld, Arie Eshco, Nathan Hermony, and Non-Party Yaron Hefetz*

cc:  All counsel of record (via ECF)

{J734902 04808888.DOCX}