
# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPECTRUM DYNAMICS MEDICAL LIMITED,<br><br>            Plaintiff,<br><br>    v.<br><br>GENERAL ELECTRIC COMPANY, GE HEALTHCARE, INC., GE MEDICAL SYSTEMS ISRAEL LTD., JEAN-PAUL BOUHNIK, SERGIO STEINFELD, ARIE ESCHO, and NATHAN HERMONY,<br><br>            Defendants. | Case No.: 18-cv-11386 (VSB) |

**DEFENDANTS GENERAL ELECTRIC COMPANY, GE HEALTHCARE, INC., GE MEDICAL SYSTEMS ISRAEL LTD., JEAN-PAUL BOUHNIK, SERGIO STEINFELD, ARIE ~~ESCHO~~ESHCO, AND NATHAN HERMONY'S SECOND SUPPLEMENTAL INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

  Defendants General Electric Company ("General Electric Company" or "GE"), GE Healthcare, Inc., and GE Medical Systems Israel Ltd. (collectively the "GE Defendants"), Jean-Paul Bouhnik ("Bouhnik"), Sergio Steinfeld ("Steinfeld"), Arie ~~Escho ("Escho~~Escho[1] ("Eshco"), and Nathan Hermony ("Hermony") (Bouchnik, Steinfeld, ~~Escho~~Eshco, and Hermony, along with General Electric Company and GE Defendants, are each a "Defendant" and collectively "Defendants"[~~1~~2]), by and through their undersigned counsel, hereby make the following second supplemental initial disclosures pursuant to Rule 26(a)(1) and (e) of the Federal Rules of Civil Procedure with regard to the above-captioned matter.

---

[1] The caption of Plaintiff's First Amended Complaint ("Amended Complaint") improperly (and presumably inadvertently) identifies Arie Eshco as "Arie Escho."

[2] Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, all claims and allegations against Yaron Hefetz ("Hefetz") have been dismissed, and Hefetz is no longer a party to this case.

## GENERAL STATEMENT

The following initial disclosures are based on information currently known to Defendants and are provided without prejudice to producing, during discovery or at any point before trial, any additional data, information or documents that are subsequently discovered, determined to be relevant for any purpose or determined to have been omitted from these initial disclosures. Defendants reserve the right to supplement or amend these disclosures as additional information becomes known to them.

Defendants expressly reserve all objections to the use for any purpose of these initial disclosures, or any information or documents referenced herein, in this case or in any other case or proceeding. By identifying themselves as part of these initial disclosures, Defendants make no representations or admissions regarding their knowledge or competence and expressly reserve the right to object on any grounds, including but not limited to relevance, burden, and competence, to any deposition or testimony of any representative. The following initial disclosures are made without admission that such disclosures or discovery are necessary or appropriate regarding any of the subject matter described below.

Defendants construe Federal Rule of Civil Procedure 26(a)(1) not to require the production of any information or documents protected by the attorney–client privilege, the attorney work product doctrine, or any other applicable privilege. Defendants intend to and do assert the applicable privilege with respect to all such information and documents, and inadvertent disclosure shall not constitute a waiver of any such privilege.

The above qualifications apply to each initial disclosure made herein and are incorporated by reference as though fully set forth in each and every initial disclosure.

**RULE 26(a)(1) INITIAL DISCLOSURES**

**~~.~~I.    WITNESSES – the name and, if known, the address and telephone number of each individual most likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Defendants identify the following individuals, other than counsel in this matter, or experts who will be disclosed in accordance with the Federal Rules of Civil Procedure and/or as ordered by the Court or agreed to by stipulation, who have or may have discoverable information that Defendants may use to support their defenses, unless solely for impeachment. Pursuant to the Court's January 8, 2021 Order, Defendants are identifying the individuals with the broadest and most knowledge on the issues described herein. (Dkt. 171.)

In addition to the witnesses listed below, the names of other witnesses may be contained in documents produced during discovery. Defendants' investigation and discovery are continuing, and Defendants anticipate that they may find additional witnesses whose identities or the extent of whose knowledge is not known at the present time. Defendants reserve all rights to take discovery from third parties, including from entities identified or referred to in the First Amended Complaint filed by Plaintiff, which may be used to support their defenses. Defendants also reserve the right to supplement this list of individuals again pursuant to Rule 26(e)(1).

The following patents described herein will be identified or referred to in abbreviated form as follows: U.S. Patent No. 9,895,113 ("'113 patent"); U.S. Patent No. 9,029,791 ("'791 patent"); U.S. Patent No. 9,439,607 ("'607 patent"); U.S. Patent No. 9,579,072 ("'072 patent");

U.S. Patent No. 9,895,114 ("'114 patent"); U.S. Patent No. 9,482,562 ("'562 patent"); U.S. Patent No. 9,295,439 ("'439 patent"); U.S. Patent No. 9,402,595 ("'595 patent"); U.S. Patent No. 9,442,197 ("'197 patent"); U.S. Patent No. 9,392,982 ("'982 patent"); U.S. Patent No. 9,915,737 9,442,197 ("'197 patent"); U.S. Patent No. 9,392,982 ("'982 patent"); U.S. Patent No. 9,915,737 ("'737 patent"); and U.S. Patent No. 9,801,597 ("'597 patent"); U.S. Patent No. 9,763,631 ("'631 patent"), U.S. Patent No. 9,554,489 ("'489 patent"), U.S. Patent No. 9,599,490 ("'490 patent", along with '113 patent, '607 patent, '072 patent, '114 patent, '562 patent, '439 patent, '595 patent, '197 patent, '982 patent, '737 patent, '597 patent, '631 patent, and '489 patent, collectively the "GE Patents"). Additionally, U.S. Patent Pub. No. 2018/0114096 ("'096 publication"), and U.S. Patent Pub. No. 2018/0259659 ("'659 publication", along with '096 publication, collectively the "GE Patent Publications").

Defendants identify the following individuals who have, or may have, knowledge related to Spectrum's remaining claims in its First Amended Complaint for, *inter alia*, misappropriation of trade secrets and correction of inventorship.

**Spectrum's Trade Secret and Correction of Inventorship Claims**

- Jean-Paul Bouhnik, Chief Physicist for Molecular Imaging at GE Healthcare,
  c/o Marla R. Butler
  Thompson Hine LLP
  3560 Lenox Road NW, Suite 1600
  Atlanta, Georgia 30326
  Telephone: (404) 541-2900

  Mr. Bouhnik has information regarding the conception, development, technology, and reduction to practice of the inventions claimed in the '113 patent, '490 patent, '791 patent, '072 patent, '562 patent, '597 patent, '489 patent, '490 patent, '096 patent, '737 patent, '597 patent, and the '489 patent, including their development, trials, marketing, promotions, sales, assignment, and/or licensing. Mr. Bouhnik also has information relating to Defendants' business dealings with and communications with

{J734902 04808123.DOCX}                                4

Plaintiff. Finally, Mr. Bouhnik has information regarding GE's accused SPECT device.

- Sergio Steinfeld, System Designer at GE Healthcare,
  c/o Marla R. Butler
  Thompson Hine LLP
  3560 Lenox Road NW, Suite 1600
  Atlanta, Georgia 30326
  Telephone: (404) 541-2900

Mr. Steinfeld has information regarding the conception, development, technology, and reduction to practice of the inventions claimed in the '072 patent and the '595 patent, including their development, trials, marketing, promotions, sales, assignment, and/or licensing. Mr. Steinfeld also has information relating to Defendants' business dealings with and communications with Plaintiff.

- Arie ~~Escho~~Eshco, Ex-Segment Leader of MICT, Nuclear Medicine, at GE
  Healthcare, c/o Marla R. Butler
  Thompson Hine LLP
  3560 Lenox Road NW, Suite 1600
  Atlanta, Georgia 30326
  Telephone: (404) 541-2900

Mr. ~~Escho~~Eshco has information regarding the conception, development, technology, and reduction to practice of the inventions claimed in the '791 patent, including its development, trials, marketing, promotions, sales, assignment, and/or licensing. Mr. ~~Escho~~Eshco also has information relating to Defendants' business dealings with and communications with Plaintiff.

- Nathan Hermony, Ex-Vice President & Global General Manager of Molecular
  Imaging at GE Healthcare,
  c/o Marla R. Butler
  Thompson Hine LLP
  3560 Lenox Road NW, Suite 1600
  Atlanta, Georgia 30326
  Telephone: (404) 541-2900

Mr. Hermony has information regarding the communications that took place between GE and Plaintiff at the European Association of Nuclear Medicine in Vienna, Austria in October 2017 and at the SNMMI trade show in Philadelphia in June 2018. Mr. Hermony also has information regarding GE's efforts to develop its patented technology and information relating to Defendants' dealings with Plaintiff.

- Shuchi Varandani, currently Transition Services PMO Leader; previously Managing Director of Business Development at GE Healthcare,

  c/o Marla R. Butler,
  Thompson Hine LLP
  3560 Lenox Road NW, Suite 1600
  Atlanta, Georgia 30326
  Telephone: (404) 541-2900

  Ms. Varandani has information regarding the 2009-2012 diligence period, including the dealings and negotiations between the GE Defendants and Plaintiff and the sharing of information between these entities.

- Gil Kovalski, currently Global Clinical Application Manager, Molecular Imaging at GE Healthcare; previously the Head the GE Patent Evaluation Board,
  c/o Marla R. Butler,
  Thompson Hine LLP
  3560 Lenox Road NW, Suite 1600
  Atlanta, Georgia 30326
  Telephone: (404) 541-2900

  Mr. Kovalski has information regarding the conception, development, technology, and reduction to practice of the inventions claimed in the '791 patent, '072 patent, '114 patent, '595 patent, '737 patent, '631 patent, and the '498 patent, including their development, trials, marketing, promotions, sales, assignment, and/or licensing. Mr. Kovalski also has information relating to Defendants' business dealings with and communications with Plaintiff.

- Roee Khen, currently Mechanic Functional Manager at GE Healthcare,
  c/o Marla R. Butler,
  Thompson Hine LLP
  3560 Lenox Road NW, Suite 1600
  Atlanta, Georgia 30326
  Telephone: (404) 541-2900

  Mr. Khen has information regarding the conception, development, technology, and reduction to practice of the inventions claimed in the '607 patent and '490 patent, including their development, trials, marketing, promotions, sales, assignment, and/or licensing. Mr. Khen also has information relating to Defendants' business dealings with and communications with Plaintiff.

- Yaron Hefetz, Intellectual Property Consultant,
  c/o Marla R. Butler,
  Thompson Hine LLP

3560 Lenox Road NW, Suite 1600
Atlanta, Georgia 30326

Telephone: (404) 541-2900

Mr. Hefetz has information regarding the conception, development, technology, and reduction to practice of the inventions claimed in the '113 patent, '791 patent, '607 patent, '072 patent, '114 patent, '562 patent, '439 patent, '595 patent, '597 patent, '490 patent, '631 patent, and the '498 patent, including their development, trials, marketing, promotions, sales, assignment, and/or licensing. Mr. Hefetz also has knowledge regarding the inventions claimed in U.S. Patent Pub. No. 2018/0110496, filed as U.S. Application No. 15/298,940, including their development, trials, marketing, promotions, sales, assignment, and/or licensing of the claimed inventions.

- Yulim Zingerman, former Engineering Manager at GE Healthcare,
  c/o Marla R. Butler,
  Thompson Hine LLP
  3560 Lenox Road NW, Suite 1600
  Atlanta, Georgia 30326
  Telephone: (404) 541-2900

  Mr. Zingerman has information regarding the conception, development, technology, and reduction to practice of the inventions claimed in the '791 patent and the '982 patent, including their development, trials, marketing, promotions, sales, assignment, and/or licensing. Mr. Zingerman also has information relating to Defendants' business dealings with and communications with Plaintiff.

- Yariv Grobshtein, currently Recon, IQ Manager and PE at GE Healthcare,
  c/o Marla R. Butler,
  Thompson Hine LLP
  3560 Lenox Road NW, Suite 1600
  Atlanta, Georgia 30326
  Telephone: (404) 541-2900

  Mr. Grobshtein has information regarding the conception, development, technology, and reduction to practice of the inventions claimed in the '072 patent and the '737 patent, including their development, trials, marketing, promotions, sales, assignment, and/or licensing. Mr. Grobshtein also has knowledge regarding the inventions claimed in U.S. Patent Pub. No. 2018/0259659, filed as U.S. Application No. 15/452,305 including their development, trials, marketing, promotions, sales, assignment, and/or licensing of the claimed inventions. Mr. Grobshtein also has information relating to Defendants' business dealings with and communications with

Plaintiff.

- Riyad Mahameed, current Chief Engineer of Molecular Imaging at GE Healthcare, ~~c/o Marla R. Butler~~

  c/o Marla R. Butler
  Thompson Hine LLP
  3560 Lenox Road NW, Suite 1600
  Atlanta, Georgia 30326
  Telephone: (404) 541-2900

  Mr. Mahameed has information regarding the conception, development, technology, and reduction to practice of the inventions claimed in the '597 patent, including its development, trials, marketing, promotions, sales, assignment, and/or licensing. Mr. Mahameed also has information relating to Defendants' business dealings with and communications with Plaintiff.

- Reuven Brenner, currently Chief Product Manager at GE Healthcare,
  c/o Marla R. Butler,
  Thompson Hine LLP
  3560 Lenox Road NW, Suite 1600
  Atlanta, Georgia 30326
  Telephone: (404) 541-2900

  Mr. Brenner has information relating to Defendants' business dealings with and communications with Plaintiff. Mr. Brenner also has information regarding GE's accused SPECT device.

- Yoel Zilberstien, Founder of Spectrum Dynamics Medical Limited,
  c/o Neil F. Greenblum
  Greenblum & Bernstein, P.L.C.
  1950 Roland Clarke Place
  Reston, Virginia 20191
  Telephone: (703) 716-1191

  Defendants anticipate that Mr. Zilberstien has information regarding the inventions claimed in the PCT/IB2013/053721 ('721 PCT) (filed as U.S. Application No. 14/399,975, and published as U.S. Patent Pub. No. 2015/011970), including their development, trials, marketing, promotions, sales, assignment, and licensing. Mr. Zilberstien also should have information regarding his claimed inventorship of the '113 patent, '114 patent, '562 patent, '791 patent, '607 patent, '072 patent, '595 patent, '737 patent, and '982 patent. And Mr. Zilberstien should have information relating to Defendants' business dealings with, negotiations with, and communications with Plaintiff.

- Nathaniel Roth, Vice President of Research and Development at Spectrum Dynamics Medical Limited,
  c/o Neil F. Greenblum
  Greenblum & Bernstein, P.L.C.
  1950 Roland Clarke Place
  Reston, Virginia 20191
  Telephone: (703) 716-1191

  Defendants anticipate that Mr. Roth has information regarding the inventions claimed in the '721 PCT, including their development, trials, marketing, promotions, sales, assignment, and licensing. Mr. Roth also should have information regarding his claimed inventorship of the '113 patent, '114 patent, '562 patent, '791 patent, '607 patent, '072 patent, '595 patent, '737 patent, and '982 patent. Mr. Roth also has information relating to GE's dealings with Plaintiff. And Mr. Roth should have information relating to Defendants' business dealings with, negotiations with, and communications with Plaintiff.

- Shlomo Ben-Haim, Inventor at Spectrum Dynamics Medical Limited,
  c/o Neil F. Greenblum
  Greenblum & Bernstein, P.L.C.
  1950 Roland Clarke Place
  Reston, Virginia 20191
  Telephone: (703) 716-1191

  Defendants anticipate that Mr. Ben-Haim has information regarding the inventions claimed in the '721 PCT, including their conception, reduction to practice, development, trials, marketing, promotions, sales, assignment, and licensing. Mr. Ben-Haim may also have information relating to Defendants' dealings with Plaintiff.

- Benny Rousso, Inventor at Spectrum Dynamics Medical Limited,
  c/o Neil F. Greenblum
  Greenblum & Bernstein, P.L.C.
  1950 Roland Clarke Place
  Reston, Virginia 20191
  Telephone: (703) 716-1191

  Defendants anticipate that Mr. Rousso has information regarding the inventions claimed in the '721 PCT, including their conception, reduction to practice, development, trials, marketing, promotions, sales, assignment, and licensing. Mr. Rousso may also have information relating to Defendants' dealings with Plaintiff.

- Gilad Yoeli, Chief Executive Officer at Spectrum Dynamics Medical Limited, formerly the Chief Financial and Operations Officer at Spectrum Dynamics Medical

Limited,
c/o   Neil   F.   Greenblum
Greenblum & Bernstein, P.L.C.

1950 Roland Clarke Place
Reston, Virginia 20191
Telephone: (703) 716-1191

Defendants anticipate that Mr. Yoeli has information regarding the inventions claimed in the '721 PCT, including their development, trials, marketing, promotions, sales, assignment, and licensing. Mr. Yoeli may also have knowledge of the conception and development of Trade Secrets A-Q and the structure, function and operation of the Veriton, Veriton-CT, and predecessor Spectrum technologies. Mr. Yoeli may have knowledge of the GE device that Plaintiff alleges was seen at a hospital in Israel. And Mr. Yoeli may have information relating to Defendants' dealings with Plaintiff as well as Spectrum's business and predecessors-in-interest.

- Jim Haisler, Vice President, Global Commercial Operations at Spectrum Dynamics Medical Limited,
  c/o Neil F. Greenblum
  Greenblum & Bernstein, P.L.C.
  1950 Roland Clarke Place
  Reston, Virginia 20191
  Telephone: (703) 716-1191

Defendants anticipate that Mr. Haisler has information regarding the inventions claimed in the '721 PCT, including their development, trials, marketing, promotions, sales, assignment, and licensing. Mr. Haisler may also have knowledge of the conception and development of Trade Secrets A-Q and the structure, function and operation of the Veriton and the predecessor Spectrum technologies. Mr. Haisler may have knowledge of the GE device that Plaintiff alleges was seen at a hospital in Israel. And Mr. Haisler may have information relating to Defendants' dealings with Plaintiff as well as Spectrum's business and predecessors-in-interest.

- Pascal V. Cabanel, Spectrum's Legal Consultant,
  c/o Neil F. Greenblum
  Greenblum & Bernstein, P.L.C.

  1950 Roland Clarke Place
   Reston, Virginia 20191
  Telephone: (703) 716-1191

Defendants anticipate that Mr. Cabanel has information relating to Spectrum's business and predecessors-in-interest, including the transfer of the alleged trade secrets and other intellectual property to Plaintiff, as the former General Counsel for Biosensors International Group, Ltd.

- Josh Gurewitz, Spectrum's former Vice President of Sales and Marketing USA,
  c/o Neil F. Greenblum

  Greenblum & Bernstein, P.L.C.
  1950 Roland Clarke Place
  Reston, Virginia 20191
  Telephone: (703) 716-1191

  Defendants anticipate that Mr. Gurewitz has information relating to Spectrum's North American sales and marketing activities for the Veriton. Mr. Gurewitz may also have knowledge of the 2009-2012 diligence period, including the dealings and negotiations between the GE Defendants and Plaintiff and the sharing of information and documents between them.

- Sajed Haj-Yahya, Spectrum's Head of Mechanics,
  c/o Neil F. Greenblum
  Greenblum & Bernstein, P.L.C.
  1950 Roland Clarke Place
  Reston, Virginia 20191
  Telephone: (703) 716-1191

  Defendants anticipate that Mr. Haj-Yahya has information relating to all mechanical aspects of the Veriton, including its development, trials, risk management, and mechanical safety, as he was the team leader for mechanics during the development of the Veriton, as well as a member of the risk management team for the Veriton. Mr. Haj-Yahya may also have information regarding all mechanical aspects of the D-SPECT.

- Miri Tal, Spectrum's former Vice President of Operations, Israel,
  c/o Neil F. Greenblum
  Greenblum & Bernstein, P.L.C.
  1950 Roland Clarke Place
  Reston, Virginia 20191
  Telephone: (703) 716-1191

  Defendants anticipate that Ms. Tal has information relating to the diligence period from 2009-2011, including the dealings and negotiations between the GE Defendants and Plaintiff and the sharing of information and documents between them.

Defendants identify the following individuals that have, or may have, knowledge related to GE's counterclaims for patent infringement.

**GE Patent Infringement Counterclaims**

- Jean-Paul Bouhnik, Chief Physicist for Molecular Imaging at GE Healthcare,
  c/o Marla R. Butler

  Thompson Hine LLP
  3560 Lenox Road NW, Suite 1600
  Atlanta, Georgia 30326
  Telephone: (404) 541-2900

  Mr. Bouhnik has information regarding the conception, development, technology, and reduction to practice of the inventions claimed in the '439 ~~and '595~~ patent, including their development, trials, marketing, promotions, sales, assignment, and/or licensing.

- ~~Gil Kovalski, currently Global Clinical Application Manager, Molecular Imaging at GE Healthcare; previously the Head the GE Patent Evaluation Board,
  c/o Marla R. Butler,
  Thompson Hine LLP
  3560 Lenox Road NW, Suite 1600
  Atlanta, Georgia 30326
  Telephone: (404) 541-2900~~

  ~~Mr. Kovalski has information regarding the conception, development, technology, and reduction to practice of the inventions claimed in the '595 patent, including its development, trials, marketing, promotions, sales, assignment, and/or licensing.~~

- Roee Khen, currently Mechanic Functional Manager at GE Healthcare,
  c/o Marla R. Butler,
  Thompson Hine LLP
  3560 Lenox Road NW, Suite 1600
  Atlanta, Georgia 30326
  Telephone: (404) 541-2900

  Mr. Khen has information regarding the conception, development, technology, and reduction to practice of the inventions claimed in the '439 patent, including ~~its~~their development, trials, marketing, promotions, sales, assignment, and/or licensing.

- Yaron Hefetz, Intellectual Property Consultant,
  c/o Marla R. Butler,
  Thompson Hine LLP

3560 Lenox Road NW, Suite 1600
Atlanta, Georgia 30326
Telephone: (404) 541-2900

Mr. Hefetz has information regarding the conception, development, technology, and reduction to practice of the inventions claimed in the '439 patent ~~and the '595 patent~~, including their development, trials, marketing, promotions, sales, assignment, and/or licensing.

- ~~Sergio Steinfeld, System Designer at GE Healthcare,~~
  ~~c/o Marla R. Butler~~
  ~~Thompson Hine LLP~~
  ~~3560 Lenox Road NW, Suite 1600~~
  ~~Atlanta, Georgia 30326~~
  ~~Telephone: (404) 541-2900~~

  ~~Mr. Steinfeld has information regarding the conception, development, technology, and reduction to practice of the inventions claimed in the '595 patent, including its development, trials, marketing, promotions, sales, assignment, and/or licensing.~~

- ~~Avi Bar-Shalev, former GE employee,~~
  ~~c/o Marla R. Butler~~
  ~~Thompson Hine LLP~~
  ~~3560 Lenox Road NW, Suite 1600~~
  ~~Atlanta, Georgia 30326~~
  ~~Telephone: (404) 541-2900~~

  ~~Defendants anticipate that Mr. Bar-Shalev has information regarding the conception, development, technology, and reduction to practice of the inventions claimed in the '595 patent, including its development, trials, marketing, promotions, sales, assignment, and/or licensing.~~

- Yoel Zilberstien, Founder of Spectrum Dynamics Medical Limited,
  c/o Neil F. Greenblum
  Greenblum & Bernstein, P.L.C.
  1950 Roland Clarke Place
  Reston, Virginia 20191
  Telephone: (703) 716-1191

  Defendants anticipate that Mr. Zilberstien has information regarding Spectrum's technology and devices that infringe the '439 patent ~~and the '595 patent.~~.

- Nathaniel Roth, Vice President
  of Research and Development

>   at Spectrum Dynamics Medical
>   Limited, c/o Neil F. Greenblum
>   Greenblum & Bernstein, P.L.C.
>   1950 Roland Clarke Place Reston,
>   Virginia 20191
>   Telephone: (703) 716-1191
>
>   Defendants anticipate that Mr. Roth has information regarding Spectrum's technology and devices that infringe the '439 patent and the '595 patent.
>
>   - Josh Gurewitz, Spectrum's former Vice President of Sales and Marketing USA,
>     c/o Neil F. Greenblum
>     Greenblum & Bernstein, P.L.C.
>     1950 Roland Clarke Place
>     Reston, Virginia 20191
>     Telephone: (703) 716-1191
>
>     Defendants anticipate that Mr. Gurewitz has information regarding Spectrum's sales and marketing of technology and devices that infringe the '439 patent.
>
>   - Sajed Haj-Yahya, Spectrum's Head of Mechanics,
>     c/o Neil F. Greenblum
>     Greenblum & Bernstein, P.L.C.
>     1950 Roland Clarke Place
>     Reston, Virginia 20191
>     Telephone: (703) 716-1191
>
>     Defendants anticipate that Mr. Haj-Yahya has information regarding Spectrum's technology and devices that infringe the '439 patent.

II. **DOCUMENTS – a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, and subject to the reservation of rights and privileges described above, documents, electronically stored information and tangible things presently known to Defendants that may be in their possession, custody or control at GE Defendants' offices, including offices in Israel, and may be used to support their defenses, unless such use would be solely for impeachment, include the following:

- Documents regarding the development, technology, testing, marketing, promotions, sales, assignment, and licensing of the inventions covered by the GE Patents, GE Patent Publications, and related patent applications;

- Documents regarding the damages that Defendants have suffered as a result of Plaintiff's infringement of the asserted GE Patents;

- Documents regarding the relationship between the Defendants;

- Documents regarding communications between GE and Plaintiff during the diligence period between 2009-2012; and

- Documents regarding the GE Defendants' corporate information.

Discovery in this action is in its early stages, and Defendants' investigation is ongoing. Defendants reserve the right to supplement this disclosure. Defendants may also rely on additional documents and information identified in the process of discovery and obtained through Rule 34 requests for production and/or through third-party discovery. Defendants may also rely on any document, electronically stored information, or tangible thing produced, disclosed, or submitted by Plaintiff or other parties, through initial disclosures or discovery, and any confidential documents or electronically stored information that may be produced pursuant to the protective order entered in this matter.

Defendants also reserve the right to supplement these initial disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. Defendants continue to evaluate and expressly reserve all additional defenses. Defendants reserve their right to supplement these initial disclosures if and to the extent additional defenses are identified and raised.

**II.   DAMAGES COMPUTATIONS – a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or**

**protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.Defendant GE is the only Defendant currently seeking damages in this case. Pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, GE cannot yet determine its total damages at this time but reserves the right to supplement this disclosure. Specifically, GE is not able to compute the damages from Plaintiff's infringing sales at this time because the information necessary to calculate this amount is within Plaintiff's possession, custody, or control. GE is also unable to compute its damages sustained as a result of Plaintiff's unlawful actions since Plaintiff's unlawful actions are ongoing and these damages continue to accrue. Further, attorneys' fees and costs cannot be calculated at this time because the litigation is ongoing, and Defendants' attorneys' fees and costs continue to accrue. Finally, Defendants deny**

liability to Plaintiff for any claimed damages, and Defendants reserve the right to supplement these initial disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**III.    INSURANCE POLICIES – for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Pursuant to Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure, Defendants hereby disclose that GE is not aware of any insurance policy or agreement(s) that would satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment. Discovery in this action is in its early stages, and Defendants' investigation is ongoing. Defendants reserve the right to supplement this disclosure.

Dated: Atlanta, Georgia
~~January 22~~May 18, 2021

Respectfully submitted,

**THOMPSON HINE LLP**

/s/ *Marla R. Butler*
Marla R. Butler
Carl Wesolowski (*pro hac vice*)
Lauren Hogan (*pro hac vice*)
Two Alliance Center
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326
Tel.: (404) 541-2900
Fax: (404) 541-2905
Marla.Butler@ThompsonHine.com
Carl.Wesolowski@ThompsonHine.com
Lauren.Hogan@ThompsonHine.com

Jesse Jenike-Godshalk (*pro hac vice*)
312 Walnut Street, Suite ~~1400~~2000
Cincinnati, Ohio 45202
Tel.: (513) 352-6700
Fax: (513) 241-4771
Jesse.Godshalk@ThompsonHine.com

Brian Lanciault
335 Madison Avenue, 12th Floor
New York, New York 10017
Tel.: (212) 344-5680
Fax: (212) 344-6101
Brian.Lanciault@ThompsonHine.com

*Attorneys for Defendants*
*General Electric Company, GE Healthcare, Inc., GE Medical Systems Israel Ltd., Jean-Paul Bouhnik, Sergio Steinfeld, Arie ~~Escho~~Eshco, and Nathan Hermony and for Non-Party Yaron Hefetz*

**CERTIFICATE OF SERVICE**

I hereby certify that on ~~January 22~~May 18, 2021, a copy of Defendants General Electric Company, GE Healthcare, Inc., GE Medical Systems Israel Ltd., Jean-Paul Bouhnik, Sergio Steinfeld, Arie ~~Escho~~Eshco, and Nathan Hermony's Second Supplemental Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1) was served via electronic mail on the following:

        Neil F. Greenblum, Esq.
        P. ~~Brnako~~Branko Pejic, Esq.
        Jeffrey H. Handelsman, Esq.
        Danielle Pfifferling, Esq.
        ~~Greenblum & Bernstein~~GREENBLUM & BERNSTEIN, P.L.C.
        1950 Roland Clarke Place
        Reston, Virginia 20191~~-~~
        (703) 716-1191
        ngreenblum@gbpatent.com
        bpejic@gbpatent.com
        jhandelsman@~~pbpatent~~gbpatent.com

        Gregory D. Miller, Esq.
        Rivkin Radler LLP
        25 Main Street
        Court Plaza North
        Hackensack, NJ 07601
        gregory.miller@rivkin.com

        *Attorneys for ~~Plaintiff~~Spectrum Dynamics Medical Limited*


        */s/ ~~Maria R. Butler~~ Jesse Jenike-Godshalk*
        ~~Maria R. Butler~~
        Jesse Jenike-Godshalk