UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                        :
SPECTRUM DYNAMICS MEDICAL                                :
LIMITED,                                                 :
                                                        :
                              Plaintiff,                 :          18-cv-11386 (VSB)(KHP)
                                                        :
              -against-                                  :              **ORDER**
                                                        :
GENERAL ELECTRIC COMPANY et al.,                        :
                                                        :
                              Defendants.                :
                                                        :
--------------------------------------------------------X

```
┌────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #:                          │
│ DATE FILED: ___8/5/2021___      │
└────────────────────────────────┘
```

VERNON S. BRODERICK, United States District Judge:

        Ahead of the August 6, 2021 conference in this case, (Doc. 312), I direct the parties to

review the questions below and come prepared to discuss them at the conference.

**Questions for GE**

1.  You write that Plaintiff's motion for a preliminary injunction is "inappropriate" and cast
    doubt on whether or not I should permit Plaintiff to file such a motion, on grounds that
    the case has been pending for years and it would function more as a summary judgment
    motion.  What authority, if any, do you have for the proposition that I can prevent
    Plaintiff from moving for a preliminary injunction at this time?  Are you arguing that the
    harm is not imminent?  Are you arguing that there is no irreparable harm?  Or are you
    literally arguing that I should prevent Plaintiff from even submitting a preliminary
    injunction?

2.  If Plaintiff indeed moves for a preliminary injunction, what is the briefing schedule
    and/or page limit that you would propose, and why would it be less disruptive to, and
    more appropriate for, the litigation than the one Plaintiff proposes?

3.  Is GE currently selling the device in question?  If so, how much does the device sell
    for?  Does GE have orders for the device?  If so, how many have been ordered?

4.  Since Spectrum's claims are to be tried by bench trial, why not skip summary judgment
    motions and proceed to trial?  Am I correct that GE's counterclaims are to be tried to a
    jury?  If so, how does this fact impact possibly skipping summary judgment?

**Questions for Spectrum**

1. This case has been pending for years.  As such:

   - Can there really be grounds for irreparable harm here?  What is the irreparable harm that you believe would befall your client if a preliminary injunction is not granted?

   - From the allegations in the complaint, hasn't Defendant had your client's intellectual property for years?

   - Is there case law you can cite where a court found irreparable harm where a defendant has had the intellectual property of a plaintiff for years prior to a preliminary injunction motion being filed?

   - Why aren't monetary damages sufficient?

2. You cite *Goat Fashion Ltd. v. 1661, Inc.*, No. 19 Civ. 11045 (PAE), 2020 U.S. Dist. LEXIS 178636 (S.D.N.Y. Sep. 28, 2020).   In that case, however, Judge Engelmayer recognized that, in the Second Circuit, courts "must . . . consider delay by the movant" in assessing irreparable harm, and that "delay alone may justify denial of a preliminary injunction for trademark infringement."  *Id.* at *14 (internal quotation marks omitted). More specifically, in *Goat Fashion Ltd.*, Judge Engelmayer excused movant's delay largely because "the parties were engaged in good-faith attempts to resolve this matter during virtually the entirety of the four-month period at issue," and because plaintiff needed to conduct a "good-faith investigation." *Id.* at *15–16.  Were there any settlement discussions here?  And what investigations, if any, were necessary here?  At the February 25, 2021 conference with Judge Parker, Spectrum represented with certainty that "we are going to pursue a preliminary injunction against the GE device." (Doc. 200, at 25:8-18.) Are there any specific grounds for excusing the delay, referenced in *Goat Fashion Ltd.* or any other relevant case, that exist here?

3. When exactly did Spectrum first learn about StarGuide and its potential infringement?

4. What is the precise justification for the argument that "Spectrum could not have brought the instant motion for preliminary injunction until after GE came to market with the StarGuide, which Spectrum understands to be in June 2021"?  (Doc. 311.)  Other than *Goat Fashion Ltd.*, what case law would you cite to support this assertion?  Didn't Spectrum have the right to prevent the improper taking of its intellectual property to create a product?

5. Why isn't this motion for a preliminary injunction an end-run around a motion for summary judgment or a bench trial?

6. Discovery is well underway in this case, and we have a *Markman* hearing coming up. Isn't it rather inefficient to have a preliminary injunction hearing, *Markman* hearing,

possibly summary judgment briefing and hearing(s), and a bench trial in this case?  Given that the parties are well into discovery, wouldn't this make more sense to include this as part of a summary judgment motion?  Isn't this particularly true given that you propose a massive preliminary injunction motion?

7. If any preliminary injunction motion is granted, is Plaintiff prepared to file a bond?

8. What connection, if any, does this have to Plaintiff's proposed "technology tutorial" that I denied for purposes of the *Markman* hearing?

SO ORDERED.

Dated: August 5, 2021
       New York, New York

Vernon S. Broderick
United States District Judge