```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/10/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPECTRUM DYNAMICS MEDICAL
LIMITED,

                                    Plaintiff,

            -against-

GENERAL ELECTRIC COMPANY et al.,

                                    Defendant.

**OPINION**

18-CV-11386 (VSB)(KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

On May 27, 2021, Defendant General Electric ("GE") notified Plaintiff that they had inadvertently produced two copies of a document that were subject to the attorney-client privilege and demanded the return of the documents pursuant to the clawback provision of the Court's Protective Order (ECF No. 156.) (ECF No. 282-7, Ex. 5.).  On June 21, 2021, Plaintiff filed the instant motion arguing that the documents are not privileged and, if there is any privilege, it has been waived.  After reviewing the disputed documents in camera, the Court concludes that they are within the attorney-client privilege and that the disclosures were inadvertent and do not constitute a waiver of any privilege.  Accordingly, Plaintiff's motion to compel is DENIED.

**NATURE OF THE DOCUMENTS**

At issue are the handwritten notes by Mr. Yaron Hefetz[1] ("Hefetz"), the sole named inventor of U.S. Patent No. 9,295,439 ("the '439 patent"). (ECF No. 282 at p. 2.)  Specifically, the redactions appear in two separate copies of the same set of selectively produced undated

---

[1] While Mr. Hefetz is an Israeli patent attorney, Defendant has not identified Hefetz' qualification as the basis for the instant privilege claims and instead alleges that he was acting in a non-legal capacity here.

notebook pages, such that the three separate redactions at-issue appear twice (GE_SDM_00135814-15, GE_SDM_00135823, GE_SDM_00135830-31, and GE_SDM_00135839).[2] *Id.* The two sets of notebook pages were part of a limited production of 15 documents. *Id.*

Defendant alleges that Hefetz created the handwritten notes in connection with his attendance at a January 19-21, 2014 Intellectual Property "Bootcamp" hosted by GE in Israel. (ECF No. 292 at p. 2.) The Defendant's IP counsel, Lucas Divine ("Divine"), and non-attorney Gil Kovalaski ("Kovalski"), organized the bootcamp, which was only attended by GE employees and consultants. *Id.* The bootcamp included several sessions during which attendees discussed new invention ideas and ideas to improve upon or resolve challenges in existing projects. *Id*. According to the Defendant, Hefetz took notes reflecting some of his own ideas, including drawings and calculations. *Id.*

During the bootcamp, a Patent Evaluation Board meeting was held to discuss existing GE inventions and patentability, patent filing issues, and strategies. *Id.* This meeting was attended by Hefetz, Divine, and Kovalski. *Id.* Specifically, Hefetz made the notes on pages GE_SDM_00135814-15 and GE_SDM_00135830-31 during this meeting. *Id.* The notes redacted from those pages memorialize communications in which Hefetz requested legal advice from Divine and Divine provided legal advice regarding patent filings and patentability issues, including prior art monitoring. *Id.* Additionally, a note on pages GE_SDM_00135823 and

---

[2] These documents were produced in camera to chambers. Additionally, Defendant provided a certified translation of the documents that appeared to be in Hebrew.

GE_SDM_00135839 memorializes Hefetz's request for legal advice from Divine regarding a patent filing. *Id.*

**DISCUSSION**

### I.    Attorney-Client Privilege

To properly resolve the issues presented, it is first necessary to determine which of the documents or communications in question are in fact within the attorney-client privilege.  Fed. R. Evid. 501.  The attorney-client privilege protects communications between client and counsel made for the purpose of obtaining or providing legal advice that were intended to be and in fact kept confidential. *In re County of Erie*, 473 F.3d 413, 418-419 (2d Cir. 2007); *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996).  As the U.S. Supreme Court explained in *Upjohn Co. v. United States*, the privilege encourages full and frank communications between a client and counsel, which in turn promotes an understanding of and compliance with the law and the administration of justice. 449 U.S. 383, 389 (1981).  The privilege is narrowly construed, however, because it renders relevant information undiscoverable. *Fisher v. United States*, 425 U.S. 391, 403 (1976); *In re County of Erie*, 473 F.3d at 418.

The privilege applies to a company's communications with its in-house lawyers.  In light of the two hats often worn by in-house lawyers, communications between a corporation's employees and its in-house counsel subject to the attorney-client privilege must be scrutinized carefully to determine whether the predominant purpose of the communication was to convey business advice and information or, alternatively, to obtain or provide legal advice.  If the former, the communication is not protected by the attorney-client privilege. *In re County of Erie*, 473 F.3d at 418, 420; *In re Grand Jury Subpoena Duces Tecum*, 731 F.2d 1032, 1036-37 (2d Cir. 1984).

When determining the predominant purpose of a communication between a company's employees and its in-house lawyers, a court must assess the communication "dynamically and in light of the advice being sought or rendered, as well as the relationship between advice that can be rendered only by consulting legal authorities and advice that can be given by a non-lawyer." *In re County of Erie*, 473 F.3d at 420-421.  The determination "also may be informed by the overall needs and objectives that animate the client's request for advice." *Id*. at 421.  Importantly, the fact that a lawyer may highlight collateral non-legal risks and costs relating to "expense, politics, insurance, commerce, morals and appearances" or report "what other persons are doing or thinking about the matter" in the course of rendering legal advice does not compromise the privilege so long as the predominant purpose of the communication was to render legal advice. *Id.* at 420.  Additionally, if the primary purpose of the communication was to receive legal advice or services, inclusion of scientific or technical information will not displace the privilege. *See Cuno, Inc. v. Pall Corp.,* 121 F.R.D. 198, 201 (E.D.N.Y. 1988); *Eutectic Corporation v. Metco, Inc.,* 61 F.R.D. 35, 41 (E.D.N.Y. 1973); *United States v. United Shoe Machinery Corp.,* 89 F. Supp. 357, 358-60 (D. Mass. 1950.)

Importantly, if a document is relevant and privileged, the party asserting privilege has the burden of demonstrating it is privileged. *See, e.g.*, *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (citing *von Bulow ex rel. Auersperg v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987)).

In this case, Defendant asserts that the documents are privileged because Hefetz' handwritten notes reflect requests for legal advice from GE Counsel Divine, and Divine's responses, regarding the patentability of inventions and related patent filing issues, including prior art monitoring.  (ECF No. 292 at p. 2.)  Plaintiff contends that the notes are not privileged

because they are commercial in nature, cannot prove that the notes reflect legal advice, and

there is no evidence that Divine attended or organized the bootcamp.  Additionally, Plaintiff

contends that even if the documents contained or reflected privileged communications

between Divine and Hefetz, Defendant has waived the privilege by failing to provide a privilege

log or declaration to otherwise substantiate the privilege claims. (ECF No. 282 at p. 8.)

First, Plaintiff argues that the notes are commercial in nature and do not refer to any

requests for legal advice or indicate any attorney involvement. (ECF No. 282 at p. 5.) To support

this theory, Plaintiff cites to *In re Cty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007) and *Veolia Water*

*Solutions v. Siemens,* 63 F. Supp. 3d 558. 569 (E.D.N.C. 2014) – neither of which assesses

whether the advice was "commercial in nature."

Second, Plaintiff argues that the Defendant cannot prove that the notes reflect legal

advice and do not provide evidence of Divine's involvement with the bootcamp.  This argument

is without merit because Defendant provided Declarations from Hefetz and Divine that attest to

the privileged nature of the communications as memorialized in Hefetz's handwritten notes.

(Hefetz Decl. ¶¶ 16-17, 20-24; Divine Decl. ¶¶ 15-18.)  *Bowne of New York City, Inc. v. AmBase*

*Corp.,* 150 F.R.D. 465, 473 (S.D.N.Y. 1993) (A party may support its claims of privilege by the

submission of "affidavits or equivalent statements that address each document in issue"); *see*

*also, Overton v. Todman & Co., CPAs, P.C.,* 249 F.R.D. 147, 148 (S.D.N.Y. 2008) (Where the Court

found that the affidavits asserting the privilege was properly asserted.)  Furthermore, the

Court's review of the documents in camera does not provide a basis for doubting the assertions

in the Declarations concerning the purposes of these documents.  Divine and Hefetz both attest

that they were exchanging communications seeking or conveying a legal opinion on the

patentability or infringement of an invention. (Hefetz Decl. ¶¶ 16-26; Divine Decl. ¶¶ 12-18.);

*see, e.g., Cuno, Inc. v. Pall Corp.,* 121 F.R.D. 198, 202 (E.D.N.Y. 1988).  Further, Hefetz asserted

that specific notes, delineated at Bates Nos. GE_SDM_00135823 and GE_SDN_00135839,

reflect a request for legal advice that he made to Divine related to a patent filing. (Hefetz Decl.

¶¶ 24, 25.)  These notes qualify as privileged because they consist of communications with

corporate counsel regarding a patent filing with the expectation that counsel would respond in

his legal capacity. *In re Pfizer, Inc. Sec. Litig.,* 1993 WL 561125, at *6 (S.D.N.Y. Dec.23, 1993); *see*

*also Knogo Corp. v. United States,* 213 U.S.P.Q. 936, 939 n. 1, 1980 WL 39083 (Ct.Cl.1980) ("The

request for legal advice or services need not be an express request, nor need the implied

request necessarily appear on the face of the document for which the claim of privilege is

made.").  It is not of any significance that the information transmitted to the attorney was of a

highly technical nature.  That is to be expected in the context of a patent involving technical

information.  *See, e.g., Knogo Corp.,* 213 U.S.P.Q. at 940 ("confidentiality required for the

successful assertion of the attorney-client privilege can exist in regard to communications

[between client and patent counsel] which are primarily technical expositions"). *See also In re*

*Buspirone Antitrust Litig.,* 211 F.R.D. 249, 254 (S.D.N.Y. 2002), *dismissed sub nom. In re*

*Buspirone Pat. Litig. Multidistrict Pat. Litig*., 60 F. App'x 806 (Fed. Cir. 2003)

Although the notes themselves are somewhat cryptic, the sworn declarations provided

by the parties to the communication (including the notetaker), support a finding that the notes

reflect impressions and information about legal issues and steps needed in connection with a

patent application.  Accordingly, the Court finds that the Defendant has supported its assertion

of privilege and the Plaintiff's motion to compel should be denied.

II.      **Inadvertent Disclosure**

Where a privileged document is inadvertently disclosed, Federal Rule of Evidence 502

provides that privilege is not waived by the disclosure if "(1) the disclosure is inadvertent; (2)

the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3)

the holder promptly took reasonable steps to rectify the error." Fed. R. Evid. 502(b); *see also*

*Valentin v. Bank of N.Y. Mellon Corp.*, 2011 U.S. Dist. LEXIS 40711, at *4-5 (S.D.N.Y. Apr. 14).

While courts in the Second Circuit often apply a four-factor analysis under Rule 502, that

analysis does not apply where, as here, the parties have agreed to a protective order providing

that inadvertent disclosure does not result in a privilege waiver. *See* ECF No. 156; *See also U.S.*

*Commodity Futures Trading Com'n v. Parnon Energy Inc.*, 2014 U.S. Dist. LEXIS 67175, at *4-5

(S.D.N.Y. May 14). "Inadvertent disclosure provisions in stipulated protective orders are

generally construed to provide heightened protection to producing parties." *Id.* at *4-5; *see also*

*U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, 2000 U.S. Dist. LEXIS 7939, at *15 (S.D.N.Y. June

8) (similar); *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, 1997 U.S. Dist. LEXIS 18818, at *4

(S.D.N.Y. Nov. 26).

Thus, where parties agreed to a protective order, there is no waiver "unless the

production was 'completely reckless,'" *i.e.*, the party has "shown no regard for preserving the

confidentiality of the privileged documents." *Prescient*, 1997 U.S. Dist. LEXIS 18818, at *11-12;

*see also United States v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 113546, at *2 (S.D.N.Y.

Aug. 26) (collecting cases); *HSH Nordbank AG N.Y. Branch v. Swerdlow*, 259 F.R.D. 64, 75

(S.D.N.Y. 2009) (no waiver under four-factor test and "completely reckless" standard).

In this case, and as mentioned above, the parties agreed to a protective order at ECF No.

156.  Additionally, the Court finds that the inadvertent disclosure was not reckless and

Defendant took reasonable steps in sufficient time to provide notice to the Plaintiff of its intent

to claw back the documents.

### III.      Adequacy of Defendant's Privilege Log

Plaintiff also argue that Defendant's privilege log is inadequate under Fed. R. Civ. P.

26(b)(5) and Local Civil Rule 26.2. Fed. R. Civ. P. 26(b)(5) provides that: When a party withholds

information otherwise discoverable under these rules by claiming that it is privileged or subject

to protection as trial preparation material, the party shall make the claim expressly and shall

describe the nature of the documents, communications, or things not produced or disclosed in

a manner that, without revealing information itself privileged or protected, will enable other

parties to assess the applicability of the privilege or protection.  Local Rule 26.2 provides that an

attorney asserting the privilege for documents shall identify the type of document; the "general

subject matter of the document"; the date of the document, and "such other information as is

sufficient to identify the document for a subpoena duces tecum, including, where appropriate,

the author of the document, the addressees of the document, and any other recipients shown

in the document, and, where not apparent, the relationship of the author, addressees, and

recipients to each other." Local Civil Rule 26.2(a)(2)(A).

In this case, the Defendant's Log is provided on an excel spreadsheet that lists the Bates

number; a document class; the date of the document; author; recipient; individuals copied and

blind copied (if applicable); the general subject of the document; and the privilege asserted.

(ECF No. 282-11, Ex. 9.)  Additionally, on June 9 and June 15, 2021, the parties exchanged

emails that identified the privileged documents by type, nature of the privilege asserted,

identifying the persons involved in and present when the communications were made, the date

and location, and a general description of the communications. (ECF No. 282, Exs. 4-5,7.)

Defendant also submitted the Declarations of Divine and Hefetz, which supplement the

document descriptions contained in the privilege log and sets forth specific facts surrounding

those communications.  Read together, the privilege log, accompanying emails and the

Declarations provide more than enough description of these communications to meet the

requirements of Fed. R. Civ. P. 26(b)(5) and Local Civil Rule 26.2. *See CSC Recovery Corp. v.*

*Daido Steel Co.,* 94 Civ. 9214(LAP)(THK), 1997 WL 661122 at *2 (S.D.N.Y. Oct. 22, 1997) ("Courts

. . . may rely upon privilege logs supplemented by attorney affidavits."). Accordingly, Plaintiff's

motion to compel production on this ground is denied.

## CONCLUSION

For all the foregoing reasons, Plaintiff's motion to compel is DENIED.

SO ORDERED.

Dated:    August 10, 2021
          New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge