UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
SPECTRUM DYNAMICS MEDICAL                                 :
LIMITED,                                                  :
                                                          :
                              Plaintiff,                  :    18-cv-11386 (VSB)(KHP)
                                                          :
              -against-                                   :            **ORDER**
                                                          :
GENERAL ELECTRIC COMPANY et al.,                          :
                                                          :
                              Defendants.                 :
                                                          :
----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _8/18/2021_

<u>VERNON S. BRODERICK</u>, United States District Judge:

      I am in receipt of the parties' August 13, 2021 joint letter indicating their respective positions on several issues related to Plaintiff's upcoming preliminary injunction motion.  (Doc. 330.)  The parties have identified four issues and/or disputes responsive to my order on August 9, 2021.  (Doc. 318.)  I address each in turn.

      First, with regard to the volume of briefing in connection to Plaintiff's upcoming motion, I grant Plaintiff's request for a fifth declaration of up to ten pages in support of its preliminary injunction motion, while also allowing Defendants to provide a fifth declaration of the same page limit.  I also grant the parties' stipulation giving Plaintiff a 25-page reply brief in support of its motion.

      Second, I adopt Defendant's proposed briefing schedule for the preliminary injunction motion.  (Doc. 330, at 2–3.)  Nearly six months ago, Plaintiff stated with certainty that "we are going to pursue a preliminary injunction against the GE device."  (Doc. 200, at 25:8-18.)  Based upon my review of the docket, neither party explicitly told me of Plaintiff's intention to file a preliminary injunction until I received Plaintiff's letter requesting additional pages for the papers

to be filed related to that motion.  (Doc. 302.)  At the conference in this case held on August 6, 2021, (Doc. 312), Plaintiff represented that it was prepared to file its motion and accompanying affidavits—which constitute more than 200 pages—"within a week," or "at the most two weeks," (Tr. 8/6/21 Conf. 40:17-21).  Indeed, in the parties' most recent filing, Plaintiff proposes providing Defendants with its motion on August 20, 2021.  (Doc. 330, at 2.)  In other words, Defendants are correct that Plaintiff "has now had almost six months to prepare its Motion and supporting briefing," (*id.* at 4), and all indications are that this motion and accompanying materials are complete.  Plaintiff cannot credibly argue that Defendants' proposed schedule— which differs from Plaintiff's by less than a month—is somehow unduly "prejudicial" to Plaintiff.  (*Id.* at 3.)  I note that I will schedule a preliminary injunction hearing at a later date, after receiving materials from the parties.

      Third, with regard to discovery related to the motion, the only outstanding dispute appears to be with regard to Defendants' request to serve a revised interrogatory "asking [Plaintiff] to identify the proprietary information that it claims it provided to Defendants during the due diligence period and identify how, when, and with whom the information was shared." (*Id.* at 5.)  Plaintiff objects to this interrogatory on grounds that Magistrate Judge Parker has already denied such a contention interrogatory, and that it is moot because Plaintiff has provided the information.  (*Id.*)  Yet Defendants seek to serve a revised interrogatory, and I do not have grounds at this moment—before Defendants have even served such an interrogatory—to prevent them from serving it.  As such, I grant Defendants the opportunity to serve a revised interrogatory, as well as Plaintiff's request to file a corresponding contention interrogatory "seeking identification of GE personnel who had agreed to be bound by the terms of the 2009 Agreement in order to permissibly access protected Spectrum Information."  (*Id.*)

Fourth, I adopt Defendants' proposal to postpone several deadlines in this case pending my decision on Plaintiff's preliminary injunction motion, including adjourning the upcoming *Markman* hearing, currently scheduled for August 25, 2021, until April 29, 2022; extending the close of fact discovery until June 30, 2022; extending the deadlines for expert reports; extending the deadline for the close of expert discovery until January 27, 2023; and extending the deadline to file summary judgment motions until March 3, 2023.  (*Id.* at 6–8.)  I do not wish to unduly delay this case, particularly since it has already been pending for several years.  However, the parties disagree as to what substantive impact, if any, Plaintiff's upcoming preliminary injunction motion, and my decision on it, would have on the *Markman* hearing and the other aspects of this litigation.  On the basis of the parties' respective positions in their August 13, 2021 joint letter, and the fact that I have no idea of what the specific factual or legal contours will be of the preliminary injunction motion, I cannot begin to make an educated choice between the parties' opposing assertions concerning the impact of the preliminary injunction motion.  Given this, I cannot move forward with a *Markman* hearing and other deadlines in this case, when my decision on the preliminary injunction motion could have significant effects on them.  To do so might result in the parties and the Court either doing work that might, in retrospect, have been unnecessary or require me to revisit decisions already made.

Further, this scheduling quagmire is of Plaintiff's own making.  At the August 6, 2021 hearing in this case, Plaintiff acknowledged that its theory of liability it will argue in its preliminary injunction motion is the same as in its complaint in this case, which it filed years ago.  It is highly atypical to file what amounts to a historical preliminary injunction motion—one based on acts of a defendant that occurred years ago versus a motion based upon recent acts of a defendant—years into a case and after the completion of extensive discovery.  The operative

Case Management Plan and Scheduling Order in this case does not contemplate a preliminary injunction motion, let alone one that is so voluminous as the one Plaintiff has requested here. And despite the fact that Plaintiff knew in February 2021 that it was going to file this preliminary injunction motion, as noted above, it did not disclose this fact to me until July 20, 2021, (*see* Doc. 302)—months after the parties submitted their proposed dates for a *Markman* hearing. It is prejudicial to Defendants to keep all deadlines in place not only where Plaintiff has already finished briefing its voluminous preliminary injunction motion and accompanying materials, but also where Defendants agreed on these deadlines without necessarily contemplating Plaintiff's massive upcoming motion. I note only that I will endeavor to make a ruling on Plaintiff's motion by the first quarter of 2022, but cannot provide any guarantee to the parties.

SO ORDERED.

Dated: August 18, 2021
     New York, New York

                                              Vernon S. Broderick
                                              United States District Judge