LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM
BRUCE H. BERNSTEIN
JAMES L. ROWLAND
ARNOLD TURK ∆
MICHAEL J. FINK
STEPHEN M. ROYLANCE ◊
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
DANIEL B. MOON
BRUCE H. STONER, JR. ◊
ENOCH PEAVEY
SEAN C. MYERS-PAYNE, Ph.D.
JONATHAN R. MILLER *
STEVEN B. POLLICOFF *
BARRY I. HOLLANDER ◊
GARY V. HARKCOM *◊
JAMES P. BONNAMY
JILL M. BROWNING
WALTER SCHLAPKOHL, Ph.D.
NAOKO OHASHI *

HARRY J. GWINNELL ◊
JEFFREY H. HANDELSMAN *
KENNETH H. SALEN ◊
SOK K. HONG ◊
TAI KONDO □
JEFFREY R. BOUSQUET ◊
GARY M. JACOBS ◊
JAMES A. GROMADA
SHAWN A. HAMIDINIA, Ph.D.
ALI M. IMAM *
CHAD E. GORKA
CHUONG T. NGUYEN ◊
JAMES A. DONEGAN □
DANIELLE C. PFIFFERLING
KATHRYN M. CHESNICK ◊
SAMUEL EBERT-ZAVOS

\* ADMITTED TO A BAR
  OTHER THAN VA
□ REGISTERED PATENT AGENT
◊ OF COUNSEL
∆ SENIOR COUNSEL

October 6, 2021

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

**APPLICATION GRANTED**
**SO ORDERED** /s/ Vernon Broderick
**VERNON S. BRODERICK**
**U.S.D.J.** 10/7/2021

The parties are directed to file the redacted version with the court reporter.

Re:   S*pectrum Dynamics Medical Limited v. GE;* Case No.: 18-cv-11386 (VSB)

Dear Judge Broderick:

We represent Plaintiff Spectrum Dynamics Medical Limited ("Spectrum") in the above-captioned matter. On behalf of Spectrum, we write pursuant to Federal Rule of Civil Procedure 5.2(e), Your Honor's Individual Rule of Practice 5.B.iii, and the parties' Stipulated Confidentiality and Protective Order (the "Protective Order") (Doc. 156) to request that several passages contained in the transcript of the parties' appearance before Your Honor on August 6, 2021 (Doc. 364), be redacted and filed under seal. Spectrum respectfully requests, and Defendants do not object, that before the transcript is made publicly available, the court reporter be directed to redact the passages highlighted on pages 19, 28-33, 37-39, 43-44, and 46 as set forth in Exhibit 1 hereto.

The presumption of public access to judicial documents can be overcome if countervailing factors warrant confidentiality. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *see also Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978). Sealing of records may be justified to preserve "higher values," including the need to protect an entity from competitive injury. *Lugosch*, 435 F.3d at 124; *see also Tropical Sails Corp. v. Yext, Inc.*, No. 14-cv-7582, 2016 U.S. Dist. LEXIS 49029, at *10-11 (S.D.N.Y. Apr. 12) (risk of "competitive injury is sufficiently serious to warrant protection" of proprietary business information). Consistent with this, courts routinely permit sealing and redaction of competitively sensitive proprietary business information. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *Encyclopedia Brown Prods., Ltd. v. Home Box Office*,

Hon. Vernon S. Broderick            October 6, 2021            Page -2-

*Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998); *see also Nixon*, 435 U.S. at 598 (recognizing need to seal information that might "harm a litigant's competitive standing").

Here, the discussions in the transcript concern sensitive and proprietary business and technical information of both Spectrum and Defendant GE that are not publicly available. This information is competitively sensitive and proprietary information of GE or Spectrum, respectively, that, if disclosed, would pose a substantial risk of harm to GE or Spectrum, and constitutes "Highly Confidential – Attorneys' Eyes Only" information under the Protective Order. This is the sort of competitively sensitive information that courts consistently protect from disclosure. *See, e.g., Ferring B.V. v. Allergan, Inc.*, No. 12-cv-2650, 2017 U.S. Dist. LEXIS 150239, at *16 (S.D.N.Y. Sep. 7) (granting motion to seal documents containing proprietary information related to product development); Encyclopedia Brown, 26 F. Supp. 2d at 612 (sealing documents reflecting sensitive trade secret information). This is particularly the case where, as here, the information to be sealed was not relevant to the Court's resolution of any issue. *Cf. Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F. 3d 132, 143 (2d Cir. 2016)(denying sealing request where documents were "highly relevant to the exercise of Article III judicial power").

Spectrum's request is narrowly tailored to protect highly confidential information and does not deprive the public of access to critical information. Spectrum respectfully requests that the Court permit the requested redactions in the publicly available version of the August 6, 2021 transcript (Doc. 364).

            Respectfully submitted,

            */Neil F. Greenblum/*

            Neil F. Greenblum

NFG/PBP/tld
{J734902 04974101.DOCX}