

ATLANTA  CINCINNATI  COLUMBUS  NEW YORK
CHICAGO  CLEVELAND  DAYTON  WASHINGTON, D.C.

November 2, 2021

*VIA ECF*
Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

APPLICATION GRANTED
SO ORDERED [signature]
VERNON S. BRODERICK
U.S.D.J.  11/3/2021

Defendants are instructed to file the unredacted versions with the Clerk and the redacted versions on ECF.

Re: *Spectrum Dynamics Medical Limited v. General Electric Company, et al.*,
Case No.: 18-cv-11386 (VSB)

Dear Judge Broderick:

    We represent Defendants in the above-referenced action. We write pursuant to Rule 5.B of Your Honor's Individual Practices in Civil Cases to respectfully request permission to file under seal Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction, the accompanying Declaration of Marla R. Butler, and the accompanying Exhibits 300–301, 301-2, 301-3, 302–311, 315–320, 325, 327–330, 334–339, 343, 345, 347–356, 359–373, 375–379, 382–384, and 386–387 all of which are being filed today, November 2, 2021, and contain information the parties have designated Highly Confidential or Confidential under the parties' Stipulated Confidentiality and Protective Order (the "Protective Order") (Dkt. 156). Additionally, Defendants request leave to file exhibits that are or include native files (i.e., Exhibits 347, 366, and 372) under seal and by email.

    The presumption of public access to judicial documents can be overcome if countervailing factors warrant confidentiality. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *see also Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978). Sealing of records may be justified to preserve "higher values," including the need to protect an entity from competitive injury. *Lugosch*, 435 F.3d at 124; *see also Tropical Sails Corp. v. Yext, Inc.*, No. 14-cv-7582, 2016 U.S. Dist. LEXIS 49029, at *10-11 (S.D.N.Y. Apr. 12) (risk of "competitive injury is sufficiently serious to warrant protection" of proprietary business information). Consistent with this, courts routinely permit sealing and redaction of competitively sensitive proprietary business information or information subject to a claim of privilege. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *Encyclopedia Brown Prods., Ltd. v. Home Box Office. Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998); *see also Nixon*, 435 U.S. at 598 (recognizing need to seal information that might "harm a litigant's competitive standing").

    Here, Defendants' Memorandum of Law, supporting declaration, and exhibits contain references to information that is assertedly competitively sensitive and proprietary information of one or both parties and, if disclosed, could pose a substantial risk of harm. This is the sort of sensitive information that courts consistently protect from disclosure. *See, e.g.*, *Ferring B.V. v. Allergan, Inc.*, No. 12-cv-2650, 2017 U.S. Dist. LEXIS 150239, at *16 (S.D.N.Y. Sep. 7) (sealing

Marla.Butler@ThompsonHine.com  Fax: 404.541.2905  Phone: 404.407.3680

THOMPSON HINE LLP
ATTORNEYS AT LAW
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326-4266
www.ThompsonHine.com
Phone: 404.541.2900
Fax: 404.541.2905



Page 2

documents containing proprietary information); *Encyclopedia Brown*, 26 F. Supp. 2d at 612 (sealing documents reflecting sensitive trade secret information). Each party proposed redactions of its assertedly confidential information in Defendants' Memorandum of Law, supporting declaration, and exhibits. The parties met and conferred on November 1, 2021 and there are no unresolved objections. We therefore propose to file under seal Defendants' Memorandum of Law, Declaration of Marla R. Butler, and the supporting exhibits identified above.

Consistent with Your Honor's Individual Practices, the parties' proposed redactions are highlighted in yellow in the enclosed copy of Defendants' Memorandum of Law, Declaration of Marla R. Butler, Declaration of Todd Peterson, Ph.D. (Ex. 300), Declaration of Jonathan Putnam, Ph.D. (Ex. 301), Declaration of Jean-Paul Bouhnik (Ex. 302), Declaration of Floris Jansen (Ex. 303) and Declaration of Riyad Mahameed (Ex. 304).

For these reasons, Defendants respectfully request permission to file under seal Defendants' Memorandum of Law, Declaration of Marla R. Butler, and the Exhibits 300–301, 301-2, 301-3, 302–311, 315–320, 325, 327–330, 334–339, 343, 345, 347–356, 359–373, 375–379, 382–384, and 386–387, and further request permission to file native file Exhibits 347, 366, and 372 under seal and by email.



Very truly yours,

/s/ *Marla R. Butler*
THOMPSON HINE LLP
Marla R. Butler
Carl Wesolowski (*pro hac vice*)
Lauren Hogan (*pro hac vice*)
Two Alliance Center
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326
Tel.: (404) 541-2900
Fax: (404) 541-2905
Marla.Butler@ThompsonHine.com
Carl.Wesolowski@ThompsonHine.com
Lauren.Hogan@ThompsonHine.com

Brian Lanciault
335 Madison Avenue, 12th Floor
New York, New York 10017
Tel.: (212) 344-5680
Fax: (212) 344-6101
Brian.Lanciault@ThompsonHine.com

*Attorneys for Defendants*
*General Electric Company, GE Healthcare, Inc., GE Medical Systems Israel Ltd., Jean-Paul Bouhnik, Sergio Steinfeld, Arie Escho, and Nathan Hermony and for Non-Party Yaron Hefetz*

Jesse Jenike-Godshalk (*pro hac vice*)
312 Walnut Street, Suite 2000
Cincinnati, Ohio 45202
Tel.: (513) 352-6700
Fax: (513) 241-4771
Jesse.Godshalk@ThompsonHine.com

Jeffrey Metzcar
Discovery Place
10050 Innovation Drive
Miamisburg, Ohio 45342
Tel. (937) 443-6841
Fax (937) 430-3781
Jeff.Metzcar@thompsonhine.com

cc:  All Counsel of Record via ECF