LAW OFFICES

# GREENBLUM & BERNSTEIN, P.L.C.

PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM ○
BRUCE H. BERNSTEIN ○
JAMES L. ROWLAND
ARNOLD TURK ∆
MICHAEL J. FINK
STEPHEN M. ROYLANCE ◊
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
DANIEL B. MOON
BRUCE H. STONER, JR. ◊
ENOCH PEAVEY
SEAN C. MYERS-PAYNE, Ph.D.
JONATHAN R. MILLER *
STEVEN B. POLLICOFF *
BARRY I. HOLLANDER ◊
GARY V. HARKCOM *◊
JAMES P. BONNAMY
JILL M. BROWNING
WALTER SCHLAPKOHL, Ph.D.
NAOKO OHASHI *

HARRY J. GWINNELL ◊
JEFFREY H. HANDELSMAN *
KENNETH H. SALEN ◊
SOK K. HONG ◊
TAI KONDO □
JEFFREY R. BOUSQUET ◊
GARY M. JACOBS ◊
JAMES A. GROMADA
SHAWN A. HAMIDINIA, Ph.D.
ALI M. IMAM *
CHAD E. GORKA
CHUONG T. NGUYEN *
DANIELLE C. PFIFFERLING
KATHRYN M. CHESNICK □
SAMUEL EBERT-ZAVOS

\* ADMITTED TO A BAR
  OTHER THAN VA
□ REGISTERED PATENT AGENT
○ FOUNDING COUNSEL
◊ OF COUNSEL
∆ SENIOR COUNSEL

January 13, 2022

**VIA ECF**
Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

   Re: Re: *Spectrum Dynamics Medical Limited v. GE;* Case No.: 18-cv-11386 (VSB)

Dear Judge Broderick:

  We represent Plaintiff Spectrum Dynamics Medical Limited in the above-referenced matter. We write pursuant to the Court's Order dated January 10, 2022 instructing the parties to meet and confer to determine if Plaintiff's letter motion requesting leave to file a response to Defendants Sur-reply in opposition to Plaintiffs Motion for a Preliminary Injunction. The parties conferred by email and agreed that Plaintiff's letter motion can be filed with redactions. We are submitting herewith the redacted copy.

  We appreciate the Court's continued attention to this matter.

             Respectfully submitted,

             /*Neil F. Greenblum/*

             Neil F. Greenblum

cc: All counsel of record (via ECF)
 {J734902 05122932.DOCX}

## LAW OFFICES
## GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM ◊
BRUCE H. BERNSTEIN ◊
JAMES L. ROWLAND
ARNOLD TURK Δ
MICHAEL J. FINK
STEPHEN M. ROYLANCE ◊
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
DANIEL B. MOON
BRUCE H. STONER, JR. ◊
ENOCH PEAVEY
SEAN C. MYERS-PAYNE, Ph.D.
JONATHAN R. MILLER *
STEVEN B. POLLICOFF *
BARRY I. HOLLANDER ◊
GARY V. HARKCOM *◊
JAMES P. BONNAMY
JILL M. BROWNING
WALTER SCHLAPKOHL, Ph.D.
NAOKO OHASHI *

HARRY J. GWINNELL◊
JEFFREY H. HANDELSMAN *
KENNETH H. SALEN ◊
SOK K. HONG ◊
TAI KONDO □
JEFFREY R. BOUSQUET ◊
GARY M. JACOBS ◊
JAMES A. GROMADA
SHAWN A. HAMIDINIA, Ph.D.
ALI M. IMAM *
CHAD E. GORKA
CHUONG T. NGUYEN *
DANIELLE C. PFIFFERLING
KATHRYN M. CHESNICK □
SAMUEL EBERT-ZAVOS

\* ADMITTED TO A BAR
  OTHER THAN VA
□ REGISTERED PATENT AGENT
◊ FOUNDING COUNSEL
◊ OF COUNSEL
Δ SENIOR COUNSEL

January 7, 2022

**FILED UNDER SEAL VIA ECF**
Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

Re: *Spectrum Dynamics v. GE*; Case No.: 18-cv-11386

Dear Judge Broderick:

On behalf of Plaintiff Spectrum, we write pursuant to Rules 4.B and 4.D of Your Honor's Individual Practices in Civil Cases to respectfully request leave to file a response to GE's Sur-reply of not more than 10 pages to rebut the new arguments and evidence GE introduced in the Sur-reply. (Dkt. 400.) Spectrum requested GE's consent to file a response to the Sur-reply on January 6 (Ex. A), but GE declined.

We first address GE's new standing arguments, and then GE's new straw-man argument that Spectrum changed its liability theory in the Reply (Dkt. 378) – from asserting misuse of the six Features from the Spectrum Confidential Information ("Spectrum CI") identified in the Preliminary Injunction Motion ("Spectrum's PI Motion") – to asserting that GE misappropriated a single "combination" trade secret comprising these six Features to develop and commercialize the StarGuide.

Both of GE's newly minted arguments are baseless, and Spectrum respectfully requests the opportunity to respond to these new arguments, which GE could have, and should have, raised in its opposition, which would have permitted Spectrum a fair opportunity to respond.

### Spectrum Has Standing Under the 2009 Agreement and the Spectrum CI

Spectrum is the successor-in-interest to the 2009 Agreement and holds title to the Spectrum CI (which includes, but is not limited to, trade secrets) asserted in Spectrum's PI Motion.

*The context of GE's assertions is critical and revealing.* GE has always known the parties to the 2009 Agreement, and GE's current assertions to the contrary ring hollow. ▮▮▮▮▮▮▮▮▮▮

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

███████████████████████████████████ confirms that GE was aware that Spectrum Dynamics, LLC, is the actual party to the 2009 Agreement, and as a predecessor of Plaintiff, owned the Spectrum CI. (Ex. 402, ¶¶1, 10, GE_SDM_00014509, at 23.) GE knowingly accepted Spectrum CI under the 2009 Agreement and ████████████████████. While Spectrum disputes GE's claims of ambiguity in the 2009 Agreement, GE's contemporaneous actions, including course of dealing and conduct with Spectrum under the 2009 Agreement, are instructive and completely undercut GE's newly minted litigation-inspired arguments challenging Spectrum's standing to assert the 2009 Agreement and Spectrum CI. *Short v. Churchill Ben. Corp.*, No. 14-CV-4561, 2016 U.S. Dist. LEXIS 48041 *42-47 (E.D.N.Y. April 8, 2016) (looking to the parties course of dealing and conduct to clarify ambiguous contract provision(s)).

GE's newly posited argument that Spectrum concealed the various agreements and the chain of title could not be more wrong. To the extent that GE did not already possess the agreements from the Spectrum due diligence, the agreements were produced months ago, and Spectrum has set forth the basis for its title under the asserted Spectrum CI several times starting with the Complaint and First Amended Complaint (Dkts. 2, 37). <u>GE, further, does not identify a single unanswered discovery request seeking the grounds of Spectrum's standing</u>. Rather, GE relies solely upon lawyer argument in attempting to rebut sworn declaration testimony from Messrs. Haisler and Zilberstien, does not point to any contrary evidence and remains conspicuously silent regarding its decision to forego (i) submitting a rebuttal declaration(s) in the PI Opposition, or (ii) deposing either gentleman. *Spectrum has not withheld any discovery regarding title; GE just ignores the evidence it does not like.*

If granted leave, Spectrum will provide a declaration further rebutting GE's new and ever shifting arguments with a detailed explanation of the chain of title. In the most recent reincarnation of this argument, GE focuses only on V-Target (Israel) Ltd. and M. Maozos Ltd. (raised for the first time in the Sur-reply) – both of which are clearly irrelevant here. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (Ex. B).

Even if GE's arguments had merit (they do not), Spectrum holds equitable title to the Spectrum CI and 2009 Agreement. *Cargill v. Sears Petroleum*, 388 F.Supp.2d 37 (N.D.N.Y. 2005). While GE has sought to sow confusion regarding title, GE has never once identified a single third-party (i.e., non-Spectrum entity) that claims ownership over any Spectrum CI. It is, thus, undisputed that relevant title rests within the Spectrum family of businesses, and GE only disputes which Spectrum entity. In these situations where a party is seeking a preliminary injunction, the New York District Courts have rejected GE's strict ownership requirement holding that a plaintiff had standing by virtue of equitable title where the intellectual property was held within the plaintiff's family of businesses. *Id.*, at 66-67 (citations omitted).

***Spectrum Has Consistently Maintained that GE Breached the 2009 Agreement by Misusing Spectrum Confidential Information to Develop and Commercialize the StarGuide***

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

GE's Sur-reply's focus on the Trade Secret Chart (Dkt. 185) is a charade designed to prejudice Spectrum. GE is attempting to limit the Spectrum CI (as defined in the 2009 Agreement) to Spectrum's Trade Secrets. The Spectrum CI asserted in the PI Motion, however, is broader than the Trade Secrets, as set forth in Spectrum's response to GE's special contention Preliminary Injunction Interrogatory. (Dkt. 342, p. 2.) Spectrum served the response on September 23, 2021 (Ex. C, "Spectrum PI Interrogatory Response").

GE continues the charade by feigning surprise that Spectrum asserts that GE misused Spectrum CI to develop and commercialize the StarGuide. GE ignores the plain language of Spectrum's PI Motion (Dkt. 356, §§E, G) and PI Interrogatory Response (Ex. C) as well as that Spectrum has consistently asserted such misuse in connection with the StarGuide, albeit "upon information and belief" in the Complaint ((Dkt. 2) ¶¶100-123, 272, 285-289, 313, 344, 377-379, 388), First Amended Complaint ((Dkt. 37) ¶¶178-446, 502) and Trade Secret Chart (Dkt. 185) because they were all prepared before GE provided "technical discovery" of the StarGuide[1].

If granted leave, Spectrum will rebut GE's new argument that Spectrum is now asserting a single "combination" trade secret and GE's manufactured chart (Sur-reply, p. 7) purportedly seeking to equate the trade secrets identified in the Trade Secret Chart with the asserted Spectrum CI identified in Spectrum's PI Interrogatory Response. The PI Interrogatory Response makes clear that because the Trade Secret Chart was prepared before GE provided "technical discovery" of the StarGuide, the Response, which mirrors the allegations in Spectrum's PI Motion, is the last word vis-à-vis Spectrum's PI Motion. Spectrum will also address GE's gross misstatement regarding the testimony of Dr. Peterson and GE's Mr. Bouhnik about what the '597 patent "teaches" with respect to a whole body scan – in reality, neither witness could point to any disclosure in the '597 patent that directed scanning the whole body[2]. (Ex. 430, 91:5-93:10; Ex. 426, 92:12-18.)

## Conclusion

For at least the above reasons, the Court should grant Spectrum leave to respond to the new arguments based upon old evidence raised for the first time in Defendants' Sur-reply.

---

[1] GE's newly concocted argument that Spectrum changed its theory of liability between the Motion and Reply is a continuation of GE's previously rejected efforts to restrict Spectrum to solely pursuing claims identified in the Trade Secret Chart which was prepared without the benefit of discovery; GE withheld "technical discovery" demanding the Chart as a precondition. (01/27/21 Tr. (Dkt. 182) 5:7-6:9.) Magistrate Judge Parker has rejected GE's arguments seeking to bar Spectrum from asserting any claims learned through discovery as illogical and unsupported by the law more than once. (02/25/21 Tr. (Dkt. 200) 36:3-16.) *Indeed, if GE's proposed rule were the law, there would be no need for discovery and Spectrum would be precluded from asserting misuse of Spectrum CI that does not rise to the level of a trade secret. This is absurd.*

[2] Further, with respect to the '685 publication (Ex. 333), GE's expert admitted this publication does not disclose the specifics of multiple elements at issue in Spectrum's PI Motion, including, without limitation, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ (Ex. 300, ¶¶44-52; Ex. 430, 104:11-23.)

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Hon. Vernon S. Broderick		January 7, 2021		Page -4-

                                                Respectfully submitted,

                                                */Neil F. Greenblum/*

                                                Neil F. Greenblum

cc:	All counsel of record (via ECF)

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**