LAW OFFICES
# GREENBLUM & BERNSTEIN, P.L.C.
PATENT, COPYRIGHT AND TRADEMARK MATTERS
1950 ROLAND CLARKE PLACE
RESTON, VA 20191-1411
TEL: (703) 716-1191
FAX: (703) 716-1180
EMAIL: gbpatent@gbpatent.com
www.gbpatent.com

NEIL F. GREENBLUM ᴼ
BRUCE H. BERNSTEIN ᴼ
JAMES L. ROWLAND
ARNOLD TURK ∆
MICHAEL J. FINK
STEPHEN M. ROYLANCE ◊
ROBERT W. MUELLER
WILLIAM E. LYDDANE
WILLIAM S. BOSHNICK *
PAUL A. BRAIER, Ph.D.
P. BRANKO PEJIC *
DANIEL B. MOON
BRUCE H. STONER, JR. ◊
ENOCH PEAVEY
SEAN C. MYERS-PAYNE, Ph.D.
JONATHAN R. MILLER *
STEVEN B. POLLICOFF *
BARRY I. HOLLANDER ◊
GARY V. HARKCOM *◊
JAMES P. BONNAMY
JILL M. BROWNING
WALTER SCHLAPKOHL, Ph.D.
NAOKO OHASHI *

HARRY J. GWINNELL ◊
JEFFREY H. HANDELSMAN *
KENNETH H. SALEN ◊
SOK K. HONG
TAI KONDO ▫
JEFFREY R. BOUSQUET ◊
GARY M. JACOBS ◊
JAMES A. GROMADA
SHAWN A. HAMIDINIA, Ph.D.
ALI M. IMAM *
CHAD E. GORKA
CHUONG T. NGUYEN *
DANIELLE C. PFIFFERLING
SAMUEL EBERT-ZAVOS
_____

* ADMITTED TO A BAR
  OTHER THAN VA
▫ REGISTERED PATENT AGENT
ᴼ FOUNDING COUNSEL
◊ OF COUNSEL
∆ SENIOR COUNSEL

March 21, 2022

**VIA ECF**
Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

  Re: Re: *Spectrum Dynamics Medical Limited v. GE;* Case No.: 18-cv-11386 (VSB)

Dear Judge Broderick:

  We represent Plaintiff Spectrum Dynamics Medical Limited in the above referenced matter. We write pursuant to the Court's March 9, 2022 Order (Doc. 417) and March 15, 2022 Order (Doc. 419) instructing the parties to meet and confer to determine if the sealed Order can be filed in redacted form, on or before March 23, 2022. The parties conferred by email and agreed that the Judge's Order can be filed with redactions. We are submitting herewith the redacted copy.

  We appreciate the Court's continued attention to this matter.

              Respectfully submitted,

              */Neil F. Greenblum/*

              Neil F. Greenblum

cc: All counsel of record (via ECF)
{J734902 05203176.DOCX}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                    :

SPECTRUM DYNAMICS MEDICAL     :
LIMITED,                                      :
                                                    :
                             Plaintiff,      :        18-CV-11386 (VSB)
                                                    :
          - against -                     :        **SEALED ORDER**
                                                   :
                                                 :
GENERAL ELECTRIC COMPANY, GE  :
HEALTHCARE, INC., GE MEDICAL    :
SYSTEMS ISRAEL LTD., JEAN-PAUL :
BOUHNIK, SERGIO STEINFELD, ARIE :
ESHCO, NATHAN HERMONY, and YARON:
HEFETZ,                                       :
                                                 :
                              Defendants.  :
                                                 :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of Plaintiff Spectrum Dynamic Medical Limited's motion for a preliminary injunction, (Doc. 355), the parties' related briefing on the matter, (Docs. 355–60, 369–70, 378–79, 400–01, 411), and the parties' joint letter requesting a hearing on the motion for a preliminary injunction, (Doc. 414.) It is hereby:

      ORDERED that a hearing on the motion for a preliminary injunction shall take place on March 22, 2022 at 3:00 p.m.

      IT IS FURTHER ORDERED that the parties meet and confer to determine whether they request to hold the hearing in-person or telephonically and submit a letter-motion with their request to the Court by Monday, March 14, 2022. If in-person, the hearing will be held in Courtroom 518 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. If telephonic, the dial-in number is 888-363-4749, and the conference code is

1

2682448.

IT IS FURTHER ORDERED that the parties be prepared to answer the following questions, among others, either in advance of or at the hearing:

1. Does Plaintiff Spectrum Dynamic Medical Limited ("Spectrum") still sell the D-SPECT?
    a. If so, how many has Spectrum sold since it began selling the VERITON? For how much did each device sell for and what was the net profit on each device? What percentage of Spectrum's profits came from the sales of D-SPECT devices in each year since the filing of this lawsuit?
    b. If not, does Spectrum provide maintenance services for the D-SPECT devices currently in the market? Are those services provided pursuant to contracts or on an as-needed basis? If provided by contract, what is the nature of those contracts (one-time fee, yearly fee, fee plus costs of parts, etc.)? How much do customers pay for these services? What percentage of Spectrum's profits came from the maintenance services for the D-SPECT devices in each year since the filing of this lawsuit?
    c. Do purchasers of the D-SPECT have any other contracts with Spectrum for services? How much do customers pay for these services? What percentage of Spectrum's profits came from these services in each year since the filing of this lawsuit?
    d. What has the market share for the D-SPECT device been in each year since the filing of this lawsuit?
2. How many VERITON devices has Spectrum sold since its launch in 2017?
    a. What percentage of Spectrum's profits came from the sales of VERITON devices in each year since the filing of this lawsuit?
    b. Does Spectrum provide maintenance services for the VERITON devices currently in the market? If so, for how many of the devices does Spectrum provide maintenance services? Are those services provided pursuant to contracts or on an as-needed basis? If provided by contract, what is the nature of those contracts (yearly contracts, multi-year contracts, one-time fee, yearly fee, fee plus costs of parts, etc.)? How much do customers pay for these services? What is the net profit on these services?
    c. Do purchasers of the VERITON have any other contracts with Spectrum for services? How much do customers pay for these services? What is the net profit on these services?
    d. Are there any other devices on the market that compete with VERITON and StarGuide?
    e. What is the market share for VERITON in each year since the filing of this lawsuit?
3. Follow-on apps and services:
    a. Is Spectrum currently selling follow-on apps and services for the VERITON?
    b. If so, how many sales has Spectrum made of follow-on apps and services for the VERITON since the filing of this lawsuit? If so, since the filing of this lawsuit has Spectrum reduced its budget for follow-on apps and services?

    c. If not, is Spectrum currently developing follow-on apps and services for the VERITON? When did it first begin developing follow-on apps and services for the VERITON? Is Spectrum planning to cut the budget for follow-on apps and services?
4. What is the current market share for StarGuide?
5. Has performance of StarGuide been compared to the performance of VERITON by any professional organizations? If so, what were the results of the comparison?
6. On page 51 of Spectrum's opening brief, it states "Further, Spectrum's reputation ▓▓▓▓▓▓▓▓▓▓▓▓ is being damaged ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" In light of these purported views, is Spectrum ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓? If so, what steps has Spectrum taken?
7. Since filing the lawsuit, has Spectrum ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓?
8. Is Spectrum pursuing ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓? If so, what steps has it taken?
9. As part of the due diligence exchange, did Spectrum provide GE with any source codes?
    a. If so, does the VERITON utilize unique source codes developed by Spectrum?
    b. How did Spectrum determine that its source codes were used by GE?
10. Why didn't Spectrum file for a preliminary injunction and expedited technical discovery from GE at the time it filed its complaint?
11. Did GE take the position before Magistrate Judge Parker that Spectrum was not entitled to technical discovery until the Food and Drug Administration ("FDA") approved the StarGuide?
12. Are there any other companies making ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as that term is defined on page 1 of Spectrum's opening brief?
13. Have (i) Arie Eshco, (ii) Aharon P., (iii) Riyad Mohameed, (iv) Kevin Boyle, (iv) Gil Kovalski, (v) Yulim Z, and (vi) Jean Paul Bouhnik been deposed? Have their emails been collected in discovery?
    a. If so, what have they said about using information provided by Spectrum with regard to the development of StarGuide?
    b. Do their emails evidence the use or sharing of Spectrum's confidential information?
14. What is the specific evidence that Spectrum enjoyed "first-mover advantage" prior to StarGuide entering the market?
15. GE in footnote 22 of its opposition brief states "Further, while Plaintiff claims that it is likely to lose ▓▓▓▓▓▓ of its Veriton sales to StarGuide . . . the sales history to date shows that these percentages are not realistic. In head-to-head competition with StarGuide, Plaintiff has won at least ▓▓▓ of sales." Does Spectrum agree with this statement? If not, what is the percentage of success Spectrum has achieved in head-to-head competition with GE/StarGuide? What are the specific sales or loss of sales that Spectrum is relying on for this percentage?
16. What is the ▓▓▓▓▓▓▓▓▓▓▓▓ market for SPECT devices?
    a. What devices are part of this market? Is the GE 870 considered to be part of this market? Is the GE 890 considered part of this market?

3

      b. Does GE have devices other than the StarGuide in this market?
      c. Does Spectrum have any devices in this market other than the VERITON?
      d. Other than GE and Spectrum, what companies are in this market?
      e. Who are the customers in this market?

17. Is Spectrum seeking a world-wide injunction? How does the FDA's approval affect Spectrum's reasons for the delay? Did Spectrum have economic reasons to seek injunctive relief before FDA approval? *See E.I. du Pont de Nemours & Co. v. Polaroid Graphics Imaging, Inc.*, 706 F. Supp. 1135, 1145 (D. Del.), *aff'd*, 887 F.2d 1095 (Fed. Cir. 1989) (a plaintiff must show that there was no economic reason to take action in order to rebut that the delay did not preclude a determination of irreparable harm).

18. Can Spectrum show that it made good-faith attempts at settlement or investigation during the time between its filing the Complaint and its motion for a preliminary injunction? *See Goat Fashion Ltd. v. 1661, Inc.*, No. 19 CIV. 11045 (PAE), 2020 WL 5758917, at *6 (S.D.N.Y. Sept. 28, 2020) ("good-faith attempts at settlement and investigations are acceptable justifications for delay"); *Tough Traveler, Ltd. v. Outbound Prod.*, 60 F.3d 964, 968 (2d Cir. 1995) (vacating the preliminary injunction and finding that four-month-delay after commencement of lawsuit without good-faith attempts at settlement and investigation negated any finding of irreparable harm).

19. Isn't Spectrum's CI deserving of protection separate and apart from the commercialization of that CI? What case law supports or contradicts the notion that a plaintiff whose confidential information is stolen/misappropriated must wait to file a lawsuit until its confidential information is commercialized?

20. How likely is customer confusion for products costing over $1 million?

The Clerk of Court is respectfully directed to make this Order viewable only to the parties and the Court. The parties are directed to meet and confer and, no later than fourteen (14) days after the filing of this Order, submit proposed redactions to the Court under seal and file a public redacted version of the Order on ECF.

SO ORDERED.

Dated:   March 9, 2022
            New York, New York

                                                         VERNON S. BRODERICK
                                                         United States District Judge

Case 1:18-cv-11386-VSB-KHP   Document 427   Filed 03/09/22   Page 6 of 6