UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPECTRUM DYNAMICS MEDICAL LIMITED,

          Plaintiff,

-against-

GENERAL ELECTRIC COMPANY et al.,

          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/31/2022

**ORDER**

**18-CV-11386 (VSB) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

On June 10 and 24, 2022, the parties filed joint letters outlining certain discovery disputes. (ECF Nos. 483, 486.) The parties moved for permission to file these letters and related exhibits under seal. (ECF Nos. 482, 485.) The Court addressed the parties' discovery disputes at a case managing conference on June 27, 2022. Now before the Court are the parties' motions to seal.

**LEGAL STANDARDS**

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). A "judicial document" is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch*, 435 F.3d at 119). To overcome the presumption of public access over a judicial document, the court must make "specific, on the record findings" that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch,* 435 F.3d at 120 (citation omitted).

Although the presumption of public access attaches to all judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "Thus, while a court must still articulate specific and substantial reasons" for sealing material filed in connection with a discovery dispute, "the reasons usually need not be as compelling as those required to seal" filings connected to a dispositive motion. *Id.*

## ANALYSIS

The letters and exhibits in question were filed to assist the Court in managing the parties' discovery disputes, and as such, the presumption of public access that attaches to these documents is "not particularly great." *Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014). Regardless, sealing is only appropriate if the Court can articulate specific and substantial reasons for sealing such material, and if the Court finds the sealing is narrowly tailored. *Brown*, 929 F.3d at 50.

1. **June 10, 2022 Letter and Exhibits**

The June 10, 2022 letter concerns the parties' dispute as to the production of documents. The parties argue this letter and its exhibits contain sensitive and proprietary business information that, if disclosed, could pose a substantial risk of harm. This is a compelling "higher value" warranting sealing. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to seal to prevent disclosure of

sensitive business information the public disclosure of which "may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

The Court agrees that the letter and related exhibits refer to proprietary business information, including information related to a prior arbitration and the scope of various licensing agreements. Such information may remain under seal at this stage of the litigation.

The Court also finds that permitting the entire letter and exhibits to remain under seal is narrowly tailored in this instance. Generally, portions of documents "with no apparent relation" to sensitive material should not be redacted or sealed. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021) (denying motion to seal where proposed redactions were "extensive" and covered non-commercially sensitive information). Here, however, the vast majority of the letter and related exhibits directly pertains to the sensitive and/or proprietary business information. Accordingly, the letter and all exhibits to it may remain under seal.

2. **June 24, 2022 Letter and Exhibits**

The June 24, 2022 letter concerns the parties' disputes regarding depositions. The parties argue that this letter should remain under seal because it contains information designated as "Confidential – Attorneys' Eyes Only" by the parties under their Stipulated Confidentiality and Protective Order. However, it is well established that the fact that material may be designated by the parties as confidential under a protective order is not sufficient to overcome the presumption of public access once the material becomes a judicial document. *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015).

The parties do not specify what information in the letter or exhibit is confidential, why the information is confidential, or whether disclosure of the information might be harmful to the parties. The letter also does not appear to contain any sensitive business information or references to any trade secrets, but rather primarily focuses on the parties' arguments as to how many witnesses should be deposed and for how long. The exhibit is an email chain between counsel for the parties regarding the list of witnesses to be deposed. Many of the listed witnesses are named defendants or otherwise have submitted declarations in this action already, and so their names are already publicly known.

As the Court is not able to make specific, on-the-record filings that sealing of these documents furthers any higher values, the parties' motion to seal this letter and exhibit is denied.

## CONCLUSION

The motion to seal at ECF No. 482 is GRANTED, and the documents under seal at ECF No. 483 may remain under seal.

The motion to seal at ECF No. 485 is DENIED and the clerk of the court is respectfully directed to unseal the documents at ECF No. 486.

**SO ORDERED.**

Dated:   August 31, 2022
         New York, New York

_Katharine H. Parker_
KATHARINE H. PARKER
United States Magistrate Judge