

THOMPSON HINE    ATLANTA   CINCINNATI   CHICAGO   CLEVEL...

**APPLICATION GRANTED**
**SO ORDERED** /s/ Vernon S. Broderick
**VERNON S. BRODERICK**
**U.S.D.J.** 10/26/2022

October 25, 2022

*VIA ECF*
Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

Re: *Spectrum Dynamics Medical Limited v. General Electric Company, et al.*,
     Case No.: 18-cv-11386 (VSB)

Dear Judge Broderick:

    We represent Defendants in the above-referenced action. We write pursuant to Rule 5.B of Your Honor's Individual Practices in Civil Cases to respectfully request permission to file under seal Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint, which is being filed today, October 25, 2022, and contains information the parties have designated Highly Confidential or Confidential under the parties' Stipulated Confidentiality and Protective Order (the "Protective Order") (Dkt. 156).

    The presumption of public access to judicial documents can be overcome if countervailing factors warrant confidentiality. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *see also Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978). Sealing of records may be justified to preserve "higher values," including the need to protect an entity from competitive injury. *Lugosch*, 435 F.3d at 124; *see also Tropical Sails Corp. v. Yext, Inc.*, No. 14-cv-7582, 2016 U.S. Dist. LEXIS 49029, at *10-11 (S.D.N.Y. Apr. 12) (risk of "competitive injury is sufficiently serious to warrant protection" of proprietary business information). Consistent with this, courts routinely permit sealing and redaction of competitively sensitive proprietary business information or information subject to a claim of privilege. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *Encyclopedia Brown Prods., Ltd. v. Home Box Office. Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998); *see also Nixon*, 435 U.S. at 598 (recognizing need to seal information that might "harm a litigant's competitive standing").

    Here, Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint contains references to information that is assertedly competitively sensitive and proprietary information of one or both parties and, if disclosed, could pose a substantial risk of harm. This is the sort of sensitive information that courts consistently protect from disclosure. *See, e.g., Ferring B.V. v. Allergan, Inc.*, No. 12-cv-2650, 2017 U.S. Dist. LEXIS 150239, at *16 (S.D.N.Y. Sep. 7) (sealing documents containing proprietary information); *Encyclopedia Brown*, 26 F. Supp. 2d at 612 (sealing documents reflecting sensitive trade secret information).

Marla.Butler@ThompsonHine.com  Fax: 404.541.2905  Phone: 404.407.3680

THOMPSON HINE LLP
ATTORNEYS AT LAW

Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326-4266

www.ThompsonHine.com
Phone: 404.541.2900
Fax: 404.541.2905

**THOMPSON HINE**

Page 2

For these reasons, Defendants respectfully request permission to file under seal the Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint.

Very truly yours,

/s/ *Marla R. Butler*
THOMPSON HINE LLP
Marla R. Butler
Two Alliance Center
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326
Tel.: (404) 541-2900
Fax: (404) 541-2905
Marla.Butler@ThompsonHine.com

Brian Lanciault
335 Madison Avenue, 12th Floor
New York, New York 10017
Tel.: (212) 344-5680
Fax: (212) 344-6101
Brian.Lanciault@ThompsonHine.com

Jesse Jenike-Godshalk (*pro hac vice*)
312 Walnut Street, Suite 2000
Cincinnati, Ohio 45202
Tel.: (513) 352-6700
Fax: (513) 241-4771
Jesse.Godshalk@ThompsonHine.com

Jeffrey Metzcar
Discovery Place
10050 Innovation Drive
Miamisburg, Ohio 45342
Tel. (937) 443-6841
Fax (937) 430-3781
Jeff.Metzcar@thompsonhine.com

*Attorneys for Defendants*
*General Electric Company, GE Healthcare, Inc., GE Medical Systems Israel Ltd., Jean-Paul Bouhnik, Sergio Steinfeld, Arie Eshco, and Nathan Hermony and for Non-Party Yaron Hefetz*

cc:  All Counsel of Record via ECF