USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/10/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPECTRUM DYNAMICS MEDICAL LIMITED,

                Plaintiff,

-against-

GENERAL ELECTRIC COMPANY et al.,

                Defendants.

**ORDER**

18-CV-11386 (VSB) (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

      On September 26, 2022, Defendants filed under seal a Letter Motion for Discovery challenging Plaintiff's claw-back of, and redactions to, its Second Amended Initial Privilege Log dated April 7, 2021, Third Amended Initial Privilege Log dated May 11, 2021, Third Privilege Log dated April 27, 2022, Amended Third Privilege Log dated May 16, 2022, and Fourth Privilege Log dated June 1, 2022.  (ECF No. 529.)  Defendants filed under seal a chart listing 429 challenged privilege log redactions.  (ECF No. 529-1.)

      On November 4, 2022, Defendants filed under seal a "supplement" to their Letter Motion.  (ECF No. 584.)  In this supplemental motion, Defendants stated that on October 14, 2022, following a meet-and-confer between the parties, Plaintiff provided Defendants with replacement privilege logs purporting to remove certain redactions, and also demanded a claw-back of its Second Amended Third Privilege Log dated September 2, 2022, its Third Amended Third Privilege Log dated September 12, 2022, its Fourth Amended Third Privilege Log dated October 3, 2022, and its Amended Fourth Privilege Log dated September 12, 2022.  Defendants also challenge these claw-backs.

On November 10, 2022, the Court held a Case Management Conference. At the conference, for the reasons stated on the record, the Court partially granted Defendants' motions challenging Spectrum's claw-backs. Specifically, Spectrum is permitted to redact file names in its privilege logs to the extent the file names reveal the focus of the *legal work* within the document. However, to the extent file names merely reveal the general subject matter of a communication, those file names are not privileged. See *J.P. Foley & Co. v. Vanderbilt*, 65 F.R.D. 523, 526 (S.D.N.Y.1974) (explaining that the attorney client privilege "does not preclude inquiry into the subject matter of the communications."). For example, if a file name contains only a patent number, this is not privileged and must not be redacted.

By **December 1, 2022**, Plaintiff is directed to produce amended privilege logs to Defendants that are consistent with this order with regard to the redaction of file names. If Defendants continue to object to redactions on the amended privilege logs, they should meet and confer with Plaintiff and if necessary, may file under seal a new letter motion for discovery. The motion shall include a revised chart that lists the challenged privilege log entries. The chart should be numbered so that the Court can easily reference entries on the chart.

**The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 529 and 584.**

      **SO ORDERED.**

Dated:   November 10, 2022
              New York, New York

*Katharine H. Parker*
                                          KATHARINE H. PARKER
                                          United States Magistrate Judge