USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/2/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPECTRUM DYNAMICS MEDICAL
LIMITED,

                              Plaintiff,

           -against-

GENERAL ELECTRIC COMPANY et al.,

                              Defendants.

**OPINION AND ORDER**

**18-CV-11386 (VSB) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

On May 30, 2023, Plaintiff Spectrum Dynamics Medical Limited ("Spectrum") moved to

compel production of documents withheld or clawed-back on grounds of privilege based on the

crime-fraud exception to the privilege.  (ECF Nos.  670, 671.)  Defendants General Electric

Company, GE Healthcare, Inc., and GE Medical Systems Israel Ltd. (collectively, "GE"), opposed

the motion (ECF No. 688), Spectrum filed a reply (ECF No. 706), and GE filed a sur-reply (ECF No.

720.)

Simultaneously with their briefing, the parties filed motions to seal information filed in

connection with their briefing.  Those motions to seal, filed at ECF No. 669 (seeking to redact

portions of Spectrum's moving brief and to file the exhibit to the brief under seal), 687 (seeking

to redact portions of Defendants' opposition brief), and 705 (seeking to redact portions of

Spectrum's reply), are now before the Court.

The Court will separately issue an order regarding the motion to compel.

**LEGAL FRAMEWORK**

The common law and the First Amendment accord a presumption of public access to

judicial documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  The

public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis*

*v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).

In considering a motion to seal, the court undertakes a three-part analysis.  First, the court must determine whether the document is in fact a judicial document.  A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'"  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119).  "Documents that are never filed with the court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach."  *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019).  When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches.  The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.* at 49.  "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'"  *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted).  "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion."  *Id.*  The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion.  *Brown*, 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120.  Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest."  *Id*.  The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record."  *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information.  *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).  It is well established that "bargained-for confidentiality" is not a higher value that can overcome the presumption of access to judicial documents.  *Bernsten*, 307 F. Supp. 3d at 168 (collecting cases).  Accordingly, "[c]onfidentiality agreements alone are not an adequate basis for sealing."  *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd.*, 2021 WL 3540221, at *3 (S.D.N.Y. Aug. 11, 2021)

A sealing request is "narrowly tailored" when it seeks to seal *only* that information that must be sealed to preserve higher values.  *Id.* at *4.

### APPLICATION

The documents in question are "judicial documents" in which the presumption of public access attaches because they are filed items submitted in connection with Spectrum's motion to compel discovery.  Because these documents are submitted in connection with a discovery

motion rather than a dispositive motion, the weight accorded to the presumption of public

access is "not particularly great." *Alexander Interactive, Inc. v. Adorama, Inc.,* 2014 WL

4346174, at *2 (S.D.N.Y. Sept. 2, 2014); *see also Royal Park Invs. SA/NV v. Deutsche Bank Nat'l

Tr. Co.*, 2016 WL 7188795, at *2 (S.D.N.Y. Dec. 7, 2016) (the presumption of public access to

documents submitted in connection with a motion to compel is "entitled only to modest

weight.")

Having established that the documents in question are judicial documents to which a

modest presumption of public access attaches, the Court turns to considering whether there

are countervailing "higher values" that outweigh the presumption.  The parties' joint letter

motions in support of their sealing requests list two arguments in support of sealing: (1) the

information sought to be filed under seal is designated as "Highly Confidential" under the

parties Stipulated Protective Order, and (2) the information constitutes competitively sensitive

and proprietary information that, if disclosed, could pose a substantial risk of harm.  The

parties' first argument – that the information is designated as confidential by the parties – is

not convincing, because bargained-for confidentiality is not a higher value that warrants

sealing.  The second argument – that the information constitutes competitively sensitive and

proprietary information – is much more convincing.  Given that there is only a modest

presumption of public access in these documents, it is appropriate to permit redaction of

information that is competitively sensitive and/or the disclosure of which could harm the

parties. *See, e.g. Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar.

29, 2016) (permitting redactions of "highly proprietary material" including exhibits related to

sales and revenue, analytical testing of a product, qualitative market research, and research and development for new products).

The Court finds that the following information constitutes sensitive information the sealing of which is warranted in light of the only modest presumption of the public's right to access this information:

- ECF No. 670-1, referred to as "Exhibit Z," which constitutes a copy of a GE spreadsheet listing invention ideas and comments regarding the strength of the ideas and plans for moving forward with the ideas.  This document may remain under seal.

- All direct quotes from "Exhibit R," which is a document that GE asserts is protected by the attorney-client privilege.  Such quotes may remain under seal.

However, the Court finds that the parties' proposed sealing requests are not narrowly tailored to protect *only* proprietary or otherwise sensitive, non-public information the disclosure of which could harm the parties.  Rather, the vast majority of proposed redactions have been requested merely because the quoted language is pulled from documents that were produced pursuant to the confidentiality agreement, but where the underlying information is not non-public or sensitive.  For example, the parties seek to redact several references to the fact that the parties' inventions operated like a "ferris wheel," which is merely a helpful, non-scientific description of the medical imaging devices that are now commercially available.  The parties have not sought to seal other language describing the devices.

The brief also includes screenshots of presentations regarding GE's medical imaging device, the StarGuide, but it is not clear to the Court that any proprietary or sensitive

information is included in those presentations in light of the fact that the product is now commercially available.  The presentations do not appear to include sensitive data or analysis, but rather simply describe the device and its benefits.  The Court also sees no harm in revealing code names that GE used for the StarGuide during its development, seeing as the product itself is no longer secret.

The parties also seek to redact screenshots of certain emails that GE produced that do not reference proprietary information.  The email on page 7 of Spectrum's moving brief from Yariv Grobshtein to Yaron Hefetz merely says: "Hi Yaron, You have all these files (+more) in the DOK, the filenames are the same.  Thanks, Yariv."  There is nothing proprietary or sensitive about this communication.  Similarly, the email on page 11 of the moving brief states that Mr. Hefetz "cannot access these files," and asks that they be sent by "secure channels."  This is a normal, non-sensitive communication.  The parties also seek to redact all references to the term "secure channels,"  but the fact that files were being sent by "secure channels" is not sensitive information that could harm a business – indeed, it is expected that a company would use secure channels to send their proprietary files.

The parties also seek to seal all quotes from deposition transcripts merely because the parties provisionally agreed to keep deposition transcripts "confidential."  However, the quoted language does not strike the Court as sensitive.  For example, the fact that Mr. Hefetz stated during his deposition that certain exhibits were prepared for an attorney to facilitate the attorney's decision whether to approve filing a patent application is not proprietary or sensitive information, and it is expected that an attorney will review documents to weigh in on whether patents should be filed.  The parties have not pointed to any compelling reason warranting

sealing of this language.  *See Utica Mut. Ins. Co. v. R&Q Reinsurance Co.*, 2015 WL 13639179, at *3 (N.D.N.Y. Dec. 10, 2015) (denying request to seal excerpts of two deposition transcripts where the parties' only argument in favor of sealing was that the transcripts were subject to the protective order in the case).

Accordingly, the Court finds that the vast majority of proposed redactions are not warranted in light of the presumption (albeit a modest one) of the public's access in these documents.  *See Fossil Grp., Inc. v. Angel Seller LLC*, 2022 WL 3347219, at *3 (E.D.N.Y. Aug. 12, 2022) (denying request to seal information even though the presumption of public access was "low" because the proposed sealing requests did not, in fact, reveal information from which any competitor could gain an advantage).

However, the Court is mindful that, in light of the large number of redactions proposed by the parties and the limited argument by the parties as to why sealing is necessary, the Court may have overlooked the occasional proposed redaction that is actually necessary to protect sensitive information.  Accordingly, to the extent the parties believe that additional <u>limited</u> redactions are necessary in order to prevent the disclosure of genuinely proprietary, non-public, or sensitive information, they are permitted to file a renewed motion to seal by **Monday, August 21, 2023** that: (1) states the document and page number of the relevant information sought to be redacted, and (2) clearly explains why the information is proprietary and should remain under seal.  The parties' explanations as to why sealing is necessary should be "specific" and "granular."  *Id.*

If no renewed motion to seal is filed by Monday, August 21, 2023, then by **Monday, August 21, 2023**, the parties shall publicly file their briefing in accordance with this Opinion, i.e.,

only redacting direct quotes from Exhibit R, and with "Exhibit Z" remaining under seal.  The filings should electronically reference the sealed version of the documents on ECF and should be clearly labeled on ECF as re-filed versions of those documents.

If the parties do not file either a renewed motion to seal or publicly file the documents with narrowed redactions in accordance with this opinion by August 21, 2023, the Court will direct that the documents be unsealed.

### CONCLUSION

For the above-stated reasons, the parties' joint motions to seal the briefing filed in connection with Spectrum's motion to compel are granted in part and denied in part.  The Clerk of the Court is respectfully directed to keep the sealed documents under seal at this time, and to terminate the motions at ECF Nos. 669, 687, and 705.

**SO ORDERED.**

Dated: August 8, 2023
     New York, NY

_Katharine H. Parker_

KATHARINE H. PARKER, U.S.M.J.