UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPECTRUM DYNAMICS MEDICAL LIMITED,

                Plaintiff,

-against-

GENERAL ELECTRIC COMPANY et al.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/21/2023

**OPINION AND ORDER**
**18-CV-11386 (VSB) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

    Presently before the Court is Defendants' motion to compel production of certain documents Plaintiff withheld as privileged based on the crime-fraud exception to the privilege. (ECF No. 700.)  For the reasons set forth below, the motion is DENIED.

## BACKGROUND

    The Court assumes familiarity with the background facts and procedural history of this case and does not repeat them here.  (See ECF No. 738.)

    Defendants General Electric Company, GE Healthcare, Inc., and GE Medical Systems Israel Ltd. (collectively "GE") contend that Plaintiff, Spectrum Dynamics Limited ("Spectrum"), has engaged in purposeful misconduct to mislead the Court and avoid dismissal of its trade secret misappropriation claims on statute of limitations grounds.  GE states that Spectrum knew by April 2015 – prior to initiating this lawsuit – of GE's applications for the so-called '113 and '802 patents that are the subject of Spectrum's claims in this matter, redacted entries on its privilege log to hide the date when it discovered GE's patent applications, and made certain misleading or false allegations in the First and Second Amended Complaints to avoid dismissal of its claims on statute of limitations grounds.  Accordingly, it suggests that communications on

Spectrum's privilege log will not only illuminate the issue of what Spectrum knew and when it knew it but will be evidence of a fraud.

Spectrum points to other evidence indicating that it could not be and was not sure that GE had misused Spectrum's trade secrets until June 2018.

The Court has examined a sample of Spectrum's privileged documents in camera to evaluate this motion.

**LEGAL STANDARDS**

The attorney-client privilege protects communications between client and counsel made for the purpose of obtaining or providing legal advice that were intended to be and in fact were kept confidential.  *In re County of Erie*, 473 F.3d 413, 418-19 (2d Cir. 2007); *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996). As the U.S. Supreme Court explained in *Upjohn Co. v. United States*, the privilege encourages full and frank communications between a client and counsel, which in turn promotes an understanding of and compliance with the law and the administration of justice.  449 U.S. 383, 389 (1981).  The privilege is narrowly construed, however, because it renders relevant information undiscoverable.  *Fisher v. United States*, 425 U.S. 391, 403 (1976); *In re County of Erie*, 473 F.3d at 418.

There are exceptions to the privilege.  As relevant here, communications "in furtherance of contemplated or ongoing criminal or fraudulent conduct" is not protected by the privilege. *In re Richard Roe, Inc.*, 68 F.3d 38, 40 (2d Cir. 1995).  The party seeking to compel production of attorney-client communications pursuant to the crime-fraud exception has the burden of demonstrating that there is probable cause to believe that (1) a crime or fraud has been

2

attempted or committed; and (2) the privileged communications and work product were in furtherance thereof.  *Id.*  There must be "substantial reason to believe that the party resisting disclosure engaged in or attempted to commit a fraud and used communications with its attorney to do so."  *In re Omnicom Group, Inc. Sec. Litig.*, 2007 WL 2376170, at *11 (S.D.N.Y. Aug. 10, 2007); *see also United States v. Zolin*, 491 U.S. 554, 572 (1989); *Amusement Indus., Inc. v. Stern*, 293 F.R.D. 420, 426-27 (S.D.N.Y. 2013).

## APPLICATION

GE's motion seeks to re-litigate the merits of its statute of limitations argument through a privilege motion.  The documents this Court reviewed in camera do not on their face appear to be in furtherance of a fraud.  Rather, they reflect careful consideration of statute of limitations issues.  GE's existing evidence reflects it may have a strong basis to defeat an equitable tolling argument on at least a portion of Spectrum's claims, and no doubt it would like to learn precisely what Spectrum's counsel advised regarding statute of limitations challenges.  However, unless the communications at issue are in furtherance of a fraud, there is no basis to pierce privilege.  Having found that the communications do not satisfy the standard, GE's motion is denied.

To be clear, nothing in this decision shall be deemed to be a decision impacting the merits of any statute of limitations or equitable tolling argument that may be asserted by the parties in this litigation.

## CONCLUSION

For the reasons set forth above, GE's motion to compel is DENIED.

**The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 700.**

**SO ORDERED.**

Dated:  August 21, 2023
       New York, NY

_____
KATHARINE H. PARKER
United States Magistrate Judge