UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPECTRUM DYNAMICS MEDICAL LIMITED,

                Plaintiff,

-against-

GENERAL ELECTRIC COMPANY et al.,

                Defendants.

**OPINION AND ORDER**
**ON MOTIONS TO SEAL**

18-CV-11386 (VSB) (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

On July 7, 2023, Defendants moved to compel production of certain documents that Plaintiff withheld on grounds of privilege based on the crime-fraud exception to the privilege. (ECF No. 700.) Simultaneously with their briefing, the parties filed motions to seal information filed in connection with their briefing. Those motions to seal, which are filed at ECF Nos. 699 (seeking to redact portions of the moving brief and declaration), and 735 (seeking to redact portions of the opposition brief), are now before the Court.[1]

The Court refers to the Order at ECF No. 737, which considered similar motions to seal in connection with a separate motion to compel, and which lays out the legal framework applicable to these motions. The Court does not repeat the legal framework here.

The documents in question are "judicial documents" in which the presumption of public access attaches because they are filed items submitted in connection with a discovery motion. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006)). Because these documents are submitted in connection with a discovery motion rather than a dispositive

---

[1] The Court will separately issue an order regarding the motion to compel.

1

motion, the weight accorded to the presumption of public access is "not particularly great." *Alexander Interactive, Inc. v. Adorama, Inc.,* 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014). Still, the Court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and that the proposed sealing "is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120.

As to the motion to seal at ECF No. 699, the Court finds that the motion is overbroad. To be sure, certain information that Defendants seek to redact is highly sensitive, such as the information on page 2 of Defendants' moving brief describing Plaintiff's alleged trade secrets. However, certain of these alleged trade secrets have been publicly disclosed by the parties in other judicial documents filed in this action. For example, on May 30, 2023, Plaintiff filed a discovery motion in which it described its confidential "design comprised [of] 12 radially extending detector arms mounted to a ring-shaped gantry, each detector arm having a swiveling detector head." (ECF No. 670 at 6.) In light of that public disclosure of its alleged trade secret, it is unclear why Defendants are now seeking to seal information describing the same alleged trade secret. To the extent any of Plaintiff's alleged trade secrets remain non-public, those may remain redacted for now. However, those alleged trade secrets that are no longer non-public should not be redacted in this filing or future filings.

Additionally, the majority of information that Defendants seek to seal does not appear to be either non-public or meaningfully sensitive. For example, the images on pages 5, 7, 8, 9, and 12 of Defendants' moving brief appear to be images that were published in Defendants' patent applications and are publicly available. One image on page 12 of the brief is an image of Defendants' medical device that was taken at the Rambam Medical Center. The image has

been publicly filed in this case and a similar image of the device is published on Defendants' website.[2]  It is not clear to the Court why Defendants are seeking to file this image under seal here.  As to the images on page 17 of the moving brief, these are lifted from the Second Amended Complaint, which is publicly filed on the docket with limited redactions.  The request to seal entire paragraphs of information that were previously publicly filed is overbroad.  Rather, *only* the limited information that was redacted in the Second Amended Complaint should be redacted here.  As to the email on page 3 of Defendants' brief, the Court does not find this email to be sensitive, and the contents of the email are described in Defendants' brief.  The Court sees no reason to permit the continued redaction of this email.

As to the Butler Declaration at ECF No. 702, some of the exhibits contain sensitive information, including Exhibit 2 (Plaintiff's privilege log), which may be redacted in its entirety.  However, the Court sees no reason to permit redaction of the majority of the exhibits, which primarily consist of publicly available patent applications.

As for Plaintiff's motion to seal information filed in connection with its opposition brief, this motion is significantly more narrowly tailored because Plaintiff only seeks to redact filenames from Defendants' privilege log.  This request is granted.

## CONCLUSION

For the above-stated reasons, the motion to seal at **ECF No. 699 is granted in part and denied in part**.  By **Tuesday, September 5, 2023**, Defendants shall re-file their moving brief and declaration with redactions that are significantly more narrowly tailored, in accordance with this decision.  To the extent Defendants' filing redacts any information other than what has

---

[2] https://www.gehealthcare.com/products/molecular-imaging/starguide.

been expressly permitted by this decision, Defendants shall file a renewed motion to seal that explains their reasons for the proposed redactions.

The motion to seal at **ECF No. 735 is granted in its entirety**.

**The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 699 and 735.**

**SO ORDERED.**

Dated:  August 21, 2023
        New York, New York

*Katharine H. Parker*
KATHARINE H. PARKER
United States Magistrate Judge