**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SPECTRUM DYNAMICS MEDICAL LIMITED,

        Plaintiff,

   v.

GENERAL ELECTRIC COMPANY, GE HEALTHCARE, INC., and GE MEDICAL SYSTEMS ISRAEL LTD.,

        Defendants.

Case No.: 18-cv-11386-VSB-KHP

**SPECTRUM'S REPLY IN SUPPORT OF ITS**
**<u>OBJECTIONS TO THE MAGISTRATE'S ORDER</u>**

Spectrum submits this reply to correct the misstatements of law and fact in GE's opposition (ECF No. 763). GE attempts to downplay Mr. Hefetz's testimony, but he unequivocally testified that Exhibits I and Z were prepared for an attorney for the purpose of seeking legal advice. First, referring to a related document, Mr. Hefetz plainly admitted the document was "made for GE's attorneys" and that its "primary purpose" was to "seek legal advice":

> Q. And this is a document for recording ideas generated during an IP bootcamp; correct?
>
> A. Yes, it is.
>
> Q. Was this document made for GE's attorneys?
>
> A. I believe so.
>
> Q. Was the primary purpose of this document to seek legal advice?
>
> A. Yes.

ECF No. 706-2 at 9:10-18. Mr. Hefetz then admitted that Exhibit I is "similar" to the previous document and would be "presented to a lawyer" to "seek his advice" on whether to file a patent application:

> Q. Does [Exhibit I] look like a similar document to the one we just looked at, which is a document for recording ideas generated at an IP bootcamp?
>
> A. Yes.
>
> . . .
>
> Q. Was this document intended for GE's attorneys?
>
> A. I would say eventually the product will be presented to a lawyer.
>
> . . .
>
> Q. Was one purpose of this document to seek legal advice from GE's attorneys?
>
> A. It is my understanding that eventually this document, or a document derived from this document, would be presented to a lawyer to seek his advice and

>decision on whether or not any or some of this ideas [sic] should be drafted and filed as a patent.

*Id.* at 10:18-22, 12:18-23, 14:10-15:4 (objections omitted). Finally, turning to Exhibit Z, Mr. Hefetz clearly admitted that, if asked the same questions, his answers would be the same:

>Q. Does [Exhibit Z] look similar to the two that we just looked at?
>
>A. Yes. It does look like a version or another draft of the same or similar document.
>
>Q. So if I asked the same questions about this document, you would give me the same answers?
>
>A. Probably, yes.

*Id.* at 16:18-17:6 (objections omitted).[1] Thus, even if unequivocal evidence of waiver were necessary,[2] Mr. Hefetz's testimony would meet GE's artificially heightened standard. *See, e.g.*, *99 Wall Dev. Inc. v. Allied World Specialty Ins. Co.*, No. 18-CV-126 (RA) (KHP), 2020 WL 2730944, at *6 (S.D.N.Y. May 26, 2020) (holding that client notes "prepared for counsel to obtain legal advice" were privileged).

Confronted with Mr. Hefetz's clear testimony, GE resorts to misrepresenting it. According to GE, Mr. Hefetz merely "testified that Exhibit I 'is a document for recording ideas generated at an IP bootcamp' and that 'eventually' those *ideas* 'will be presented to a . . . lawyer.'" ECF No. 763 at 11 (alteration in original) (emphasis added) (quoting ECF No. 706-2 at 10:18-22, 10:24-11:10, 12:18-13:2). But Mr. Hefetz *never* said that only the "ideas" in Exhibit I would be presented to a lawyer. He testified that "the product" (i.e., *Exhibit I itself*) "will be presented to a lawyer." ECF No. 706-2 at

---

[1] Citing its objections, GE argues Mr. Hefetz's testimony may be inadmissible into evidence, but admissibility at trial is wholly irrelevant for purposes of Spectrum's motion. *See In re Symbol Techs., Inc. Securities Litig.*, No. CV 05-3923, 2017 WL 1233842, at *16 (E.D.N.Y. Mar. 31, 2017) ("[T]he application of subject matter waiver is dependent upon concepts of fairness, and, therefore, the ultimate admissibility of the underlying information that is subject of the waiver inquiry is of no moment.").

[2] It is not. *Am. Home Assur. Co. v. Fremont Indem. Co.*, No. 88 CIV. 3394 (RPP), 1993 WL 426984, at *4 n.4 (S.D.N.Y. Oct. 18, 1993) ("To limit the application of the waiver doctrine to only those situations wherein there is clear and unequivocal proof of an intentional and voluntary waiver of privilege would effectively abolish the waiver doctrine." (internal quotation marks and citation omitted)).

12:21-25. And he later confirmed that "***this document***, or a document derived from this document, would be presented to a lawyer to seek his advice." *Id.* at 14:24-15:4 (emphasis added). The Court should reject GE's attempt to rewrite Mr. Hefetz's testimony.

Because Mr. Hefetz admitted that Exhibits I and Z were prepared for an attorney to seek his legal advice, the magistrate clearly erred in finding—without mentioning or addressing Mr. Hefetz's testimony[3]—that those documents are not privileged. If the Court agrees, it need not reach the question whether Exhibits I and Z are distinguishable from Exhibit R because none of the alleged differences would make Exhibits I and Z any less privileged. The Court should reverse and hold that GE waived privilege as to Exhibit R by wielding Exhibits I and Z as a sword.

Dated: September 8, 2023                                  FISH & RICHARDSON P.C.

*/s/ Esha Bandyopadhyay*
Esha Bandyopadhyay (*Pro Hac Vice*)
Fish & Richardson P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel:  650 839 5070
Fax:  650 839 5071
Email:  bandyopadhyay@fr.com

Michael F. Autuoro (MA 2932)
Fish & Richardson P.C.
7 Times Square, 20th Floor
New York, NY 10036
Tel:  212 765 5070
Fax:  212 258 2291
Email:  autuoro@fr.com

---

[3] Even if the magistrate "thoroughly consider[ed]" Mr. Hefetz's testimony, ECF No. 758 at 11:25-12:3, that would not absolve the clear error in finding that Exhibits I and Z are not privileged. Merely "consider[ing]" the evidence presented does not insulate a magistrate from this Court's review. This Court must "set aside any part of the order that is clearly erroneous or is contrary to law," regardless of whether a magistrate considered the evidence presented. Fed. R. Civ. P. 72(a). In any event, despite the magistrate's statement that she considered the evidence, her Order neither mentions nor addresses Mr. Hefetz's testimony. *See generally* ECF No. 738.

3

Roger A. Denning (*Pro Hac Vice*)
Fish & Richardson P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: 858 678 5070
Fax: 858 678 5099
Email: denning@fr.com

Adam J. Kessel (*Pro Hac Vice*)
Philip K. Chen (*Pro Hac Vice*)
Alexander Pechette (*Pro Hac Vice*)
Fish & Richardson P.C.
One Marina Park Drive
Boston, MA 02210
Tel: 617 542 5070
Fax: 617 542 8906
Email:   kessel@fr.com;  pchen@fr.com; pechette@fr.com

*Attorneys for Plaintiff*
*Spectrum Dynamics Medical Limited*