UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPECTRUM DYNAMICS MEDICAL LIMITED,

                   Plaintiff,

-against-

GENERAL ELECTRIC COMPANY et al.,

                   Defendants.

**OPINION AND ORDER**
**ON MOTIONS TO SEAL**

18-CV-11386 (VSB) (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

On July 13, 2023, Plaintiff filed a Motion to Dismiss and Defendants filed a Motion to Substitute. (ECF Nos. 711, 714, 775.) The parties also filed motions to seal information filed in connection with their briefing. (ECF Nos. 713, 731.) Those motions to seal are now before the Court.[1]

For the reasons stated below, Defendants' Motion to Seal is GRANTED and Plaintiff's Motion to Seal is DENIED WITHOUT PREJUDICE subject to the directions provided below.

**LEGAL FRAMEWORK**

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014). In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. A judicial document is "a filed

---

[1] The Court will issue a separate Order regarding the Motions to Dismiss and to Substitute.

1

item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119). "Documents that are never filed with the court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019). When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id.* The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. *Brown*, 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120. Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve

higher values," and "is narrowly tailored to serve that interest." *Id.* The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). It is well established that "bargained-for confidentiality" is not a higher value that can overcome the presumption of access to judicial documents. *Bernsten*, 307 F. Supp. 3d at 168 (collecting cases). Accordingly, "[c]onfidentiality agreements alone are not an adequate basis for sealing." *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd.*, 2021 WL 3540221, at *3 (S.D.N.Y. Aug. 11, 2021). A sealing request is "narrowly tailored" when it seeks to seal only that information that must be sealed to preserve higher values. *Id.* at *4.

## APPLICATION

**1. Defendants' Motion to Seal (ECF No. 713)**

ECF No. 713 is filed by Defendants in connection with their Motion to Substitute, and seeks to file under seal two exhibits to the motion, namely: (1) the Asset Contribution and Assignment Agreement dated January 1, 2019, by which Defendant General Electric Company transferred its patent rights to non-party Precision Healthcare; and (2) a record of the patent assets transferred to Precision Healthcare. Defendants argue these exhibits contain competitively sensitive and proprietary information.

The documents in question are "judicial documents" in which the presumption of public access attaches because they are filed items submitted in connection with the Motion to Substitute.  *Bernstein*, 814 F.3d at 139.  Because the Motion to Substitute is not dispositive of any claims, the weight accorded to the presumption of public access is "not particularly great."  *Alexander Interactive, Inc. v. Adorama, Inc.,* 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014).  The Court agrees with Defendants that the exhibits in question contain proprietary and sensitive business information, and that sealing in this instance is warranted.

Accordingly, Defendants' Motion to Seal at ECF No. 713 is granted.

### 2. Spectrum's Motion to Seal (ECF No. 731)

ECF No. 731 is filed by Plaintiff in connection with its reply brief in support of its Motion to Dismiss.  Plaintiff seeks to file under seal excerpts of deposition transcripts that Defendants designated as highly confidential pursuant to the parties' confidentiality agreement.  Having been filed with the Court in connection with a Motion to Dismiss, the transcript excerpts are now judicial documents.  Because a Motion to Dismiss is potentially dispositive of a party's claims, a strong presumption of public access attaches to these documents.  Spectrum has not articulated any higher values that will be protected by continued sealing of these documents, but merely asserts that Defendants have designated the transcripts as highly confidential.

Having reviewed the deposition transcripts, the Court finds that the transcripts contain some sensitive information, including potentially confidential descriptions of the technology at issue.  However, sealing the entirety of the transcripts is not narrowly tailored.  **The parties shall meet and confer in an effort to narrow the requested sealing, and by <u>Monday,</u>**

**November 6, 2023,** **shall jointly file proposed redactions of the deposition transcripts in question to avoid sealing the entire documents.**

Additionally, the Bandyopadhyay Declaration filed in support of the Reply to the Motion to Dismiss (ECF No. 732-1) should be unsealed, because Spectrum has not asserted any basis to file this declaration under seal.

## CONCLUSION

For the above-stated reasons, the motion to seal at **ECF No. 713 is granted**.

As to the motion to seal at **ECF No. 731,** this motion is denied without prejudice to a renewed and narrowed joint motion to seal that proposes redactions of the deposition transcripts in question.

**The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 713 and 731, and to unseal the Bandyopadhyay Declaration filed under seal at ECF No. 732-1. The deposition transcripts filed under seal at ECF No. 732-2 and 732-3 shall remain under seal for now.**

SO ORDERED.

Dated:   October 30, 2023
         New York, New York

*Katharine H Parker*

KATHARINE H. PARKER
United States Magistrate Judge