USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/6/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPECTRUM DYNAMICS MEDICAL LIMITED,

           Plaintiff,

-against-

GENERAL ELECTRIC COMPANY et al.,

           Defendants.

**OPINION AND ORDER**
<u>**ON MOTION TO SEAL**</u>

18-CV-11386 (VSB) (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

    On October 30, 2023, the Court issued an order granting Defendants' motion to seal filed at ECF No. 713, and denying, without prejudice, Plaintiff's motion to seal filed at ECF No. 731.[1] (ECF No. 779.) The motion filed at ECF No. 731 was filed in connection with Plaintiff's reply brief in support of its Motion to Dismiss. Plaintiff sought to file under seal excerpts of deposition transcripts that Defendants designated as highly confidential pursuant to the parties' confidentiality agreement. Those excerpts were filed under seal as exhibits at ECF Nos. 732-2 and 732-3.

    Although the deposition transcripts filed under seal included yellow highlighting on certain portions of the transcript, Plaintiff sought to file the entirety of the transcripts under seal, and did not seek permission to file these in redacted form, nor did Plaintiff publicly file redacted versions of the transcripts on the docket. Plaintiff also did not articulate any higher values that would be protected by continued sealing of the deposition transcripts, but merely asserted that Defendants had designated the transcripts as highly confidential.

---

[1] The Court refers to that decision, at ECF No. 779, for a recitation of the applicable legal standards.

The Court reviewed the transcripts and agreed that they included some sensitive information, but determined that sealing the entirety of the transcripts was not narrowly tailored in accordance with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). (ECF No. 779.)  The Court directed the parties to meet and confer in an effort to narrow the requested sealing, and by November 6, 2023, to jointly file proposed redactions of the deposition transcripts.[2]

On November 6, 2023, the parties jointly filed a renewed letter motion that, in accordance with the Court's prior Order, proposes narrow redactions to the deposition transcripts originally filed entirely under seal at ECF Nos. 732-2 and 732-3.  Specifically, Defendants propose that those portions of the transcripts that are highlighted be redacted, because these portions of the transcript concern sensitive and confidential, non-public transaction information as well as Defendants' non-public, proprietary product development information, including descriptions of technical and mechanical features of Defendants' products.[3]  Defendants also note that the Court did not rely on or cite to the deposition transcripts in reaching its decision on the underlying motion to dismiss, and accordingly the weight accorded to the presumption of public access in these documents is lower.  Spectrum takes no position on this request.

The Court finds that Defendants' proposed redactions to the deposition transcripts are narrowly tailored to protect Defendants' sensitive, non-public information.  The Court also

---

[2] Additionally, the Court directed that the Bandyopadhyay Declaration filed in support of the Reply to the Motion to Dismiss be unsealed, because Spectrum has not asserted any basis to file this declaration under seal.  The Clerk of the Court thereafter unsealed the declaration, which is now publicly available at ECF No. 732-1.

[3] The parties' motion seeks to redact the portions of the transcripts that are highlighted in green, however the Court only sees yellow highlighting on these exhibits and accordingly understands the parties to be referring to the portions of the transcripts that are highlighted in yellow.

agrees with Defendants that the weight accorded to the presumption of public access to these documents is not especially strong in light of the fact that these documents played only an ancillary role in the Court's assessment of the underlying motion.  Accordingly, the renewed motion to seal is GRANTED.  The deposition transcripts filed at ECF Nos. 732-2 and 732-3 may remain under seal.  By **Friday, November 10, 2023**, Plaintiff shall publicly file the deposition transcripts with the highlighted portions redacted.  The publicly filed exhibits shall be electronically linked to the initial filings and shall be clearly labeled as public, redacted filings of those exhibits.

In the future, if the parties agree that a document can be filed in redacted form (rather than entirely under seal), the party that is filing the relevant document shall publicly file a redacted version of the document contemporaneously with the motion to seal, and the motion to seal shall clearly state that the movant has publicly filed a redacted version of the document and is seeking to file the unredacted version under seal.

## CONCLUSION

For the above-stated reasons, the motion to seal at **ECF No. 789 is granted**.  By Friday, November 10, 2023, Plaintiff shall publicly file the deposition transcripts with the highlighted portions redacted.

**The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 789. The documents at ECF No. 732-2 and 732-3 may remain under seal.**

SO ORDERED.

Dated:   November 6, 2023
         New York, New York

*Katharine H. Parker*
KATHARINE H. PARKER
United States Magistrate Judge