```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/8/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPECTRUM DYNAMICS MEDICAL LIMITED,

          Plaintiff,

-against-

GE HEALTHCARE TECHNOLOGIES, INC. et al.,

          Defendants.

**ORDER**

18-CV-11386 (VSB)(KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

    On November 6, 2023, the parties filed amended pleadings in accordance with the Court's Order at ECF No. 778, and contemporaneously filed motions to seal the amended pleadings and to file redacted versions of the pleadings publicly on the docket.  The motions to seal are at ECF Nos. 793 and 797.

    It appears that Spectrum inadvertently filed a *redacted* version of its Response to the Answer to the Amended Complaint at ECF No. 800 under seal, rather than filing the *unredacted* version under seal.  Spectrum also filed the redacted version publicly at ECF No. 801.  By **Monday, November 13, 2023**, Spectrum is directed to file the unredacted version of this document under seal.

    Additionally, the parties' motions to seal seek to file under seal the same information that the Court previously permitted to be filed under seal in April 2023 in connection with the filing of the Second Amended Complaint and related pleadings.  However, certain information and exhibits that were permitted to be filed under seal in April 2023 may have subsequently become public through the parties' briefing on various motions or other filings.  For example, Spectrum seeks to redact from the Amended Complaint at ECF No. 795 references to

Spectrum's technology and the patents at issue in this case (see, e.g. Amended Complaint ¶¶ 42, 63, 78) that are no longer non-public (see, e.g., ECF No. 787 at 3-4).  Additionally, Spectrum seeks to redact references to the abbreviated names of patents such as "the '439 patent," even though such terms have not been redacted in recent briefing or Court Orders.  Similarly, the parties may be seeking to file under seal information that was sensitive some time ago, but that has since become stale as this litigation has progressed.  Accordingly, the Court finds that the Motions to Seal are not sufficiently specific or narrowly tailored, because they do not address whether any information that was previously permitted to be filed under seal has since become publicly disclosed or otherwise non-sensitive.

The parties are directed to closely review their proposed redactions in light of their more recent, publicly filed submissions and the Court's numerous rulings on the parties' motions to seal between April 2023 and the present.  To the extent any information has since been publicly disclosed in the parties' submissions in this case, or otherwise, or has become non-sensitive with the passage of time, the parties shall file revised motions accordingly.  By **Wednesday, November 29, 2023**, the parties shall file renewed motions to seal that narrow the proposed redactions in accordance with the above directions, or that represent that no narrowing of redactions is necessary in light of the above directions.

**The documents filed under seal may remain under seal for now pending revised and narrowed motions by the parties.**

SO ORDERED.

**Dated:**   November 8, 2023

_Katharine H. Parker_
KATHARINE H. PARKER
United States Magistrate Judge