**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SPECTRUM DYNAMICS MEDICAL LIMITED, <br><br>                   Plaintiff, <br>          v. <br><br> GE HEALTHCARE TECHNOLOGIES INC. and GE PRECISION HEALTHCARE LLC, <br><br>                   Defendants. | Case No.: 18-cv-11386 (VSB) |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF SUBSTITUTE DEFENDANTS GE HEALTHCARE TECHNOLOGIES INC. AND GE PRECISION HEALTHCARE LLC TO PLAINTIFF SPECTRUM DYNAMICS MEDICAL LIMITED'S THIRD AMENDED COMPLAINT

For its Answer to Plaintiff Spectrum Dynamics Medical Limited's (hereinafter "Plaintiff" or "Spectrum") Third Amended Complaint, Substitute Defendants GE HealthCare Technologies Inc. and GE Precision Healthcare LLC (collectively "Defendants"),[1] by and through their undersigned counsel, hereby deny each and every allegation, whether explicit or implicit, except as expressly admitted, qualified or otherwise answered herein.  Moreover, to the extent that any section headings or sub-headings in Plaintiff's Third Amended Complaint (which may precede any specifically enumerated paragraphs thereof) may be deemed to include any allegation(s)

---

[1] Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Yaron Hefetz ("Hefetz") have been dismissed, and Hefetz is no longer a party to this case.  In addition, pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Jean-Paul Bouhnik ("Bouhnik"), Sergio Steinfeld ("Steinfeld"), Arie Eshco ("Eshco"), and Nathan Hermony ("Hermony") have been dismissed, and they are no longer parties to this case. In addition, by this Court's Order dated October 30, 2023, Document No. 778, GE HealthCare Technologies Inc. and GE Precision Healthcare LLC were substituted as defendants in place of General Electric Company, GE Healthcare, Inc., and GE Medical Systems Israel Ltd.

(whether explicit or implicit), Defendants hereby deny any such allegation(s) included therein. Defendants answer the specifically enumerated paragraphs of Plaintiff's Third Amended Complaint, as follows:

## ANSWER

Defendants admit, as alleged in the preamble to Plaintiff's Third Amended Complaint, that Plaintiff purports to bring certain claims against Defendants. Defendants deny that Plaintiff has adequately stated any claims upon which relief can be granted or that Plaintiff is entitled to the relief it seeks. Defendants deny any remaining allegations in the preamble to Plaintiff's Third Amended Complaint.

## THE PARTIES

1.      Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of the Third Amended Complaint, and therefore deny the same.

2.      Defendants admit the allegations in Paragraph 2 of the Third Amended Complaint.

3.      Defendants admit the allegations in Paragraph 3 of the Third Amended Complaint.

4.      Paragraph 4 of the Third Amended Complaint does not contain any factual allegations to which a response is required. To the extent that Paragraph 4 contains factual allegations to which a response is required, Defendants deny the factual allegations.

5.      Paragraph 5 of the Third Amended Complaint does not contain any factual allegations to which a response is required. To the extent that Paragraph 5 contains factual allegations to which a response is required, Defendants deny the factual allegations.

6.      Paragraph 6 of the Third Amended Complaint does not contain any factual allegations to which a response is required. To the extent that Paragraph 6 contains factual allegations to which a response is required, Defendants deny the factual allegations.

7.     Paragraph 7 of the Third Amended Complaint does not contain any factual allegations to which a response is required.   To the extent that Paragraph 7 contains factual allegations to which a response is required, Defendants deny the factual allegations.

8.     Paragraph 8 of the Third Amended Complaint does not contain any factual allegations to which a response is required.   To the extent that Paragraph 8 contains factual allegations to which a response is required, Defendants deny the factual allegations.

9.     Paragraph 9 of the Third Amended Complaint does not contain any factual allegations to which a response is required.   To the extent that Paragraph 9 contains factual allegations to which a response is required, Defendants deny the factual allegations.

## PLAINTIFF'S PREDECESSORS IN INTEREST IN THE SPECTRUM INFORMATION

10.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of the Third Amended Complaint, and therefore deny the same.

11.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of the Third Amended Complaint, and therefore deny the same.

12.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of the Third Amended Complaint, and therefore deny the same.

13.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Third Amended Complaint, and therefore deny the same.

14.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Third Amended Complaint, and therefore deny the same.

15.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the Third Amended Complaint, and therefore deny the same.

16.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Third Amended Complaint, and therefore deny the same.

17.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of the Third Amended Complaint, and therefore deny the same.

18.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of the Third Amended Complaint, and therefore deny the same.

19.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the Third Amended Complaint, and therefore deny the same.

20.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of the Third Amended Complaint, and therefore deny the same.

21.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 21 of the Third Amended Complaint, and therefore deny the same.

22.     Paragraph 22 of the Third Amended Complaint contains only legal conclusions and no factual allegations that require a response.  To the extent that Paragraph 22 contains factual allegations, Defendants deny them.

23.     Defendants deny that the "Spectrum Trade Secrets" are or ever were trade secrets. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 23 of the Third Amended Complaint, and therefore deny the same.

## JURISDICTION AND VENUE

24.     Paragraph 24 of the Third Amended Complaint contains only jurisdictional allegations and no factual allegations that require a response.  To the extent that Paragraph 24 contains factual allegations, Defendants deny them.

25.     Paragraph 25 of the Third Amended Complaint contains only jurisdictional allegations and no factual allegations that require a response.  To the extent that Paragraph 25 contains factual allegations, Defendants deny them.

26.     Defendants admit that this Court has personal jurisdiction over GE HealthCare Technologies Inc. because it has a place of business in, and transacts business in, the State of New York.   Defendants also admit that this Court has personal jurisdiction over GE HealthCare Technologies Inc. by virtue of Paragraph 6 of the 2009 Agreement.  Defendants deny the remaining allegations in Paragraph 26 of the Third Amended Complaint

27.     Defendants deny the allegations in Paragraph 27 of the Third Amended Complaint.

28.     Paragraph 28 of the Third Amended Complaint does not contain any factual allegations to which a response is required.   To the extent that Paragraph 28 contains factual allegations to which a response is required, Defendants deny the factual allegations.

29.     Paragraph 29 of the Third Amended Complaint does not contain any factual allegations to which a response is required.   To the extent that Paragraph 29 contains factual allegations to which a response is required, Defendants deny the factual allegations.

30.     Paragraph 30 of the Third Amended Complaint does not contain any factual allegations to which a response is required.   To the extent that Paragraph 30 contains factual allegations to which a response is required, Defendants deny the factual allegations.

31.     Paragraph 31 of the Third Amended Complaint does not contain any factual allegations to which a response is required.   To the extent that Paragraph 31 contains factual allegations to which a response is required, Defendants deny the factual allegations.

32.     Paragraph 32 of the Third Amended Complaint does not contain any factual allegations to which a response is required.   To the extent that Paragraph 32 contains factual allegations to which a response is required, Defendants deny the factual allegations.

33.     Paragraph 33 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 33 contains factual allegations to which a response is required, Defendants deny the factual allegations.

34.     Paragraph 34 of the Third Amended Complaint contains only legal conclusions and no factual allegations that require a response.  To the extent that Paragraph 34 contains factual allegations, Defendants deny them.

35.     Defendants deny the allegations in Paragraph 35 of the Third Amended Complaint.

36.     Defendants admit that counsel for Defendants predecessor, General Electric Company, sent a letter to Spectrum, dated October 12, 2018.  The letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required, Defendants deny the allegations in Paragraph 36 of the Third Amended Complaint as an incomplete and inaccurate description of the contents of the letter.

37.     Defendants admit that individuals from one or more of the Defendants, and/or one or more of their predecessors, received access to certain information from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" under the 2009 Agreement, but deny the remaining allegations in Paragraph 37 of the Third Amended Complaint.

38.     Defendants admit the existence of a letter from Spectrum's counsel dated April 3, 2019, and Defendants admit that they have not responded.  The letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 38 of the Third Amended Complaint as an incomplete and inaccurate description of the contents of the letter.

6

39.     Paragraph 39 of the Third Amended Complaint contains only jurisdictional allegations and no factual allegations that require a response.  To the extent that Paragraph 39 contains factual allegations, Defendants deny them.

## NATURE OF THE ACTION

40.     Defendants admit that the Third Amended Complaint purports to allege claims for breach of contract, misappropriation and misuse of Spectrum's proprietary and/or confidential information including trade secrets relating generally to nuclear molecular imaging technologies, including Single Photon Emission Computed Technology ("SPECT") technology, and related sensitive proprietary and/or confidential Spectrum business and commercial information, and correction of inventorship under 35 U.S.C. § 256, but Defendants deny that Spectrum is entitled to any relief alleged, deny that the "Spectrum Trade Secrets" are or ever were trade secrets, and otherwise deny any remaining allegations in Paragraph 40 of the Third Amended Complaint.

41.     Defendants admit individuals from one or more of the Defendants, and/or one or more of their predecessors, and individuals from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" had technical and business discussions under Non-Disclosure Agreements some time prior to 2009, but Defendants deny the remaining allegations in Paragraph 41 of the Third Amended Complaint.

42.     Defendants admit that General Electric Company considered acquiring an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" or the SPECT nuclear molecular imaging business and technologies of this entity in and/or around 2009 and that General Electric Company sought information from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" in connection with the possible acquisition.  Defendants deny the remaining allegations in Paragraph 42 of the Third Amended Complaint.

43.     Defendants admit that General Electric Company negotiated and executed the 2009 Agreement, which listed "Spectrum Dynamics Limited" as the other party to that agreement. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 43 of the Third Amended Complaint, and therefore deny the same.

44.     The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's description of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 44 of the Third Amended Complaint as an incomplete description of the contents of the agreement.

45.     The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 45 of the Third Amended Complaint as an incomplete statement of the contents of the agreement.

46.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 46 of the Third Amended Complaint, and therefore deny the same.

47.     The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants admit the allegations in Paragraph 47 of the Third Amended Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Third Amended Complaint.

49.     The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 49 of the Third Amended Complaint.

50.     The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required,

Defendants deny the allegations in Paragraph 50 of the Third Amended Complaint as an incomplete statement of the contents of the agreement.

51.     The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 51 of the Third Amended Complaint as an incomplete statement of the contents of the agreement.

52.     The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 52 of the Third Amended Complaint as an incomplete statement of the contents of the agreement.

53.     The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 53 of the Third Amended Complaint.

54.     The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 54 of the Third Amended Complaint as an incomplete statement of the contents of the agreement.

55.     The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 55 of the Third Amended Complaint.

56.     The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required,

Defendants deny the allegations in Paragraph 56 of the Third Amended Complaint as an incomplete statement of the contents of the agreement.

57.    The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 57 of the Third Amended Complaint as an incomplete statement of the contents of the agreement.

58.    Defendants admit that, under the 2009 Agreement, individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" and individuals from one or more of the Defendants, and/or one or more of their predecessors, disclosed certain information to each other.  Defendants deny the remaining allegations in Paragraph 58 of the Third Amended Complaint.

59.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 59 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 59, Defendants admit that individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" and individuals from one or more of the Defendants, and/or one or more of their predecessors, some of whom are listed in Paragraph 59, disclosed certain information to each other.  Defendants deny that the "Spectrum Trade Secrets" are or ever were trade secrets and deny the remaining allegations in Paragraph 59 of the Third Amended Complaint.

60.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 60 of the Third Amended Complaint because the term "GE diligence personnel" is undefined.  Therefore, Defendants deny the allegations in Paragraph 60 of the Third Amended Complaint.

61.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. Because Paragraph 61 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed Paragraph 61 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 61, Defendants deny the allegations in Paragraph 61 of the Third Amended Complaint.

62.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  In addition, pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  Because Paragraph 62 of the Third Amended Complaint contains allegations against Hefetz, Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Court's orders dismissed Paragraph 62 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 62, Defendants deny the allegations in Paragraph 62 of the Third Amended Complaint.

63.     Defendants deny the allegations in Paragraph 63 of the Third Amended Complaint.

### PLAINTIFF SPECTRUM IS A SUCCESSOR IN INTEREST IN THE 2009 AGREEMENT

64.     Defendants admit that Mr. Jim Haisler's name appears as a signatory to the 2009 Agreement.  Mr. Haisler's Declaration speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the declaration.  To the extent that a response is required, Defendants admit only that the Third Amended Complaint accurately quotes Mr. Haisler's Declaration.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 64 of the Third Amended Complaint, and therefore deny the same.

65.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 65 of the Third Amended Complaint, and therefore deny the same.

66.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 66 of the Third Amended Complaint, and therefore deny the same.

67.     Mr. Haisler's Declaration speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the declaration.  To the extent that a response is required, Defendants admit only that the Third Amended Complaint accurately quotes Mr. Haisler's Declaration.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 67 of the Third Amended Complaint, and therefore deny the same.

68.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 68 of the Third Amended Complaint, and therefore deny the same.

69.     The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny the allegations in Paragraph 69 of the Third Amended Complaint as an incomplete statement of the contents of the agreement.

70.     Paragraph 70 of the Third Amended Complaint contains only legal conclusions and no factual allegations that require a response.  To the extent that Paragraph 70 contains factual allegations, Defendants deny them.

### PLAINTIFF SPECTRUM AND SPECT TECHNOLOGY BACKGROUND

71.     Defendants admit that Spectrum is a developer, manufacturer, and seller of SPECT nuclear medicine imaging equipment and that Spectrum is not the originator of SPECT technology. Defendants deny that the "Spectrum Trade Secrets" are or ever were trade secrets.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 71 of the Third Amended Complaint, and therefore deny the same.

72.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 72 of the Third Amended Complaint, and therefore deny the same.

73.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 73 of the Third Amended Complaint, and therefore deny the same.

74.     Defendants admit the allegations in Paragraph 74 of the Third Amended Complaint.

75.     Defendants admit the allegations in Paragraph 75 of the Third Amended Complaint.

76.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 76 of the Third Amended Complaint, and therefore deny the same.

77.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 77 of the Third Amended Complaint, and therefore deny the same.

### SPECTRUM'S VERITON® IS A SIGNIFICANT TECHNOLOGICAL LEAP FORWARD PROVIDING MANY ADVANTAGES OVER THE EARLIER TECHNOLOGY

78.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 78 of the Third Amended Complaint, and therefore deny the same.

79.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 79 of the Third Amended Complaint, and therefore deny the same.

80.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 80 of the Third Amended Complaint, and therefore deny the same.

81.     Defendants admit that they, and/or one or more of their predecessors, are medical imaging equipment market leaders, but otherwise deny the remaining allegations in Paragraph 81 of the Third Amended Complaint.

82.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 82 of the Third Amended Complaint, and therefore deny the same.

83.     Defendants deny the allegations in Paragraph 83 of the Third Amended Complaint.

84.     Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 84 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 84, Defendants admit that an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" first unveiled the VERITON in Europe at the European Association of Nuclear Medicine (EANM) trade show in Vienna, Austria in October 2017.  Defendants further admit that Hermony was at the European Association of Nuclear Medicine (EANM) trade show in Vienna, Australia in October 2017, accompanied by Bich Le T. D., but otherwise deny the remaining allegations in Paragraph 84 of the Third Amended Complaint.

85.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 85 of the Third Amended Complaint, and therefore deny the same.

## GE'S DUE DILIGENCE

86.     Defendants admit that individuals from one or more of the Defendants, and/or one or more of their predecessors, and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" engaged in in-person meetings and on-going communications via email after execution of the 2009 Agreement and continuing until approximately the end of 2012 and that, as part of these communications, the individuals disclosed certain information to each other.  Defendants deny the remaining allegations in Paragraph 86 of the Third Amended Complaint.

87.     Defendants admit that, in or around June 2010, individuals from one or more of the Defendants, and/or one or more of their predecessors, attended meetings with individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited." Defendants deny the remaining allegations in Paragraph 87 of the Third Amended Complaint.

88.     Defendants admit that individuals from one or more of the Defendants, and/or one or more of their predecessors, and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" disclosed certain information to each other. Individuals purportedly from the entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" primarily disclosed information relating to existing D-SPECT cardiac technology and not relating to ongoing design and development of a next generation device.  Defendants deny the remaining allegations in Paragraph 88 of the Third Amended Complaint.

89.     Defendants admit that certain personnel from one or more of the Defendants, and/or one or more of their predecessors, received presentations, conducted extensive in-depth due diligence interviews, inspected documents and materials both in the data room and independently

15

thereof, and prepared extensive questionnaires to which Spectrum responded. Defendants'
foregoing admission is limited to the existing D-SPECT cardiac technology only (as distinguished
from the development of a next generation device). Defendants deny the remaining allegations in
Paragraph 89 of the Third Amended Complaint.

90. The referenced document speaks for itself, and Defendants need not admit or deny
Plaintiff's descriptions of the contents of the document. To the extent that a response is required,
Defendants deny the allegations in Paragraph 90 of the Third Amended Complaint.

91. Defendants lack sufficient knowledge or information to admit or deny the
allegations in the first sentence of Paragraph 91 of the Third Amended Complaint, because it is
not clear what period of time the allegations refer to, and Defendants therefore deny these
allegations. Defendants admit that certain personnel from one or more of the Defendants, and/or
one or more of their predecessors, pursued follow-up visits to Spectrum's facility in Caesarea,
Israel including in January 2012, but otherwise deny the remaining allegations in the second and
third sentences of Paragraph 91 of the Third Amended Complaint.

92. Defendants deny the allegations in Paragraph 92 of the Third Amended Complaint.

93. Defendants deny the allegations in Paragraph 93 of the Third Amended Complaint.

94. Defendants lack sufficient knowledge or information to admit or deny the
allegations in Paragraph 94 of the Third Amended Complaint, and therefore deny the same.

95. Defendants admit that individuals from one or more of the Defendants, and/or one
or more of their predecessors, and individuals purported from an entity referred to in the 2009
Agreement as "Spectrum Dynamics Limited" engaged in discussions concerning a potential joint
venture and what each side would have to contribute towards such a joint venture, but otherwise
deny the remaining allegations in Paragraph 95 of the Third Amended Complaint.

96.     The referenced document speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the document.  To the extent that a response is required, Defendants deny the allegations in Paragraph 96 of the Third Amended Complaint.

97.     The referenced document speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the document.  To the extent that a response is required, Defendants deny the allegations in Paragraph 97 of the Third Amended Complaint.

98.     Defendants admit the allegations in Paragraph 98 of the Third Amended Complaint.

## SPECTRUM LEARNS OF GE'S PATENTS

99.     Defendants admit that General Electric Company chose not to consummate a transaction with an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited," but deny the remaining allegations in the first sentence of Paragraph 99 of the Third Amended Complaint.  Defendants deny that the "Spectrum Trade Secrets" are or ever were trade secrets. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in the second sentence of Paragraph 99 of the Third Amended Complaint, and therefore deny the same.

100.     Defendants admit that, to the extent they, and/or one or more of their predecessors, were obligated, Defendants, and/or one or more of their predecessors, abided by the express non-disclosure and non-use terms of the 2009 Agreement.  Defendants lack sufficient knowledge or information to admit or deny what Spectrum believed or had reason to believe, and therefore deny the remaining allegations in Paragraph 100 of the Third Amended Complaint.

101.     Defendants deny that they misappropriated the alleged Spectrum Trade Secrets; deny that the "Spectrum Trade Secrets" are or ever were trade secrets; and deny that June 13, 2018 was the first time Spectrum could reasonably conclude that GE had allegedly misappropriated the Spectrum Trade Secrets.  Defendants lack sufficient knowledge or information to admit or deny

the remaining allegations in Paragraph 101 of the Third Amended Complaint, and therefore deny the same.

102.    Defendants admit that Spectrum became aware of many of the accused patents prior to June 13, 2018.  Defendants deny that any patents belonging to Defendants are or ever were "misappropriated" and that Defendants, and/or one or more of their predecessors, breached the non-disclosure and non-use provisions of the 2009 Agreement.  Defendants deny the remaining allegations in Paragraph 102 of the Third Amended Complaint.

103.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 103 of the Third Amended Complaint, and therefore deny the same.

104.    Defendants admit that, to the extent they, and/or one or more of their predecessors, were obligated, Defendants, and/or one or more of their predecessors, abided by the non-disclosure and non-use terms of the 2009 Agreement.   Defendants deny the remaining allegations in Paragraph 104 of the Third Amended Complaint.

105.    Defendants admit that, in or around 2016, General Electric Company introduced the NM/CT 670 CZT that did not use sweeping CZT detectors, but instead used two opposing flat panels filled with CZT detectors.  Defendants further admit that this device was based in part on prior General Electric Company devices and was not based on any proprietary Spectrum Information.  Defendants lack sufficient knowledge or information to admit or deny when Plaintiff became aware of the '791 patent and '072 patent, and therefore deny the allegations on this topic. Defendants deny the remaining allegations in Paragraph 105 of the Third Amended Complaint.

106.    Defendants deny the allegations in Paragraph 106 of the Third Amended Complaint.

107.    Defendants admit that the '721 PCT published on November 14, 2013 and that it publicly disclosed many of the alleged Spectrum Trade Secrets. Defendants deny that the "Spectrum Trade Secrets" are or ever were trade secrets and deny that the '721 PCT disclosed only "limited features of Spectrum's Trade Secrets."  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 107 of the Third Amended Complaint, and therefore deny the same.

108.    Defendants admit the allegations in Paragraph 108 of the Third Amended Complaint.

109.    The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants admit that, under the agreement, the obligations set forth in Section 1 of the agreement do not apply to information made public by Spectrum.  Defendants otherwise deny the allegations in Paragraph 109 of the Third Amended Complaint as an incomplete statement of the contents of the agreement.

110.    The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants admit that the 2009 Agreement does not prohibit Defendants, and/or one or more of their predecessors, from independently developing technology but deny the remaining allegations in Paragraph 110 of the Third Amended Complaint as an incomplete statement of the contents of the 2009 Agreement.

111.    The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required,

Defendants deny the allegations in Paragraph 111 of the Third Amended Complaint as an inaccurate statement of the contents of the agreement.

112.    Defendants admit that, to the extent they, and/or one or more of their predecessors, were obligated, Defendants, and/or one or more of their predecessors, abided by the non-disclosure and non-use terms of the 2009 Agreement.  Defendants lack sufficient knowledge or information to admit or deny what Spectrum concluded or could have concluded, and therefore deny the remaining allegations in Paragraph 112 of the Third Amended Complaint.

113.    Defendants lack sufficient knowledge or information to admit or deny what "Spectrum could reasonably understand," and therefore deny the allegations on this topic.  The cited patents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patents.  To the extent that a response is required, Defendants deny the allegations in Paragraph 113 of the Third Amended Complaint regarding these patents.  Finally, Defendants deny that GE was "impermissibly developing an Imitation Device [("Accused GE Device") and] using Spectrum Information to do it" and deny any remaining allegations in Paragraph 113 of the Third Amended Complaint.

114.    The cited patents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patents.  To the extent that a response is required, Defendants deny the allegations in Paragraph 114 of the Third Amended Complaint regarding these patents.  Defendants also deny that any of the Defendants, and/or one or more of their predecessors, "violated the non-disclosure and non-use provisions of the 2009 Agreement" and deny any remaining allegations in Paragraph 114 of the Third Amended Complaint.

115.    The cited patents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patents.  To the extent that a response is required,

Defendants deny the allegations in Paragraph 115 of the Third Amended Complaint as incomplete statements of the contents of the patents.

116.    The cited patents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patents.  To the extent that a response is required, Defendants deny the allegations in Paragraph 116 of the Third Amended Complaint as incomplete statements of the contents of the patents.

117.    The cited patents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patents.  To the extent that a response is required, Defendants deny the allegations in Paragraph 117 of the Third Amended Complaint as incomplete statements of the contents of the patents.

118.    The cited patents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patents.  To the extent that a response is required, Defendants deny the allegations in Paragraph 118 of the Third Amended Complaint as incomplete statements of the contents of the patents.

119.    Defendants admit the allegations in Paragraph 119 of the Third Amended Complaint.

120.    The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants admit that the 2009 Agreement permitted them, and/or one or more of their predecessors, to draft improvement patents based upon the '721 PCT (placing certain features in the public domain).  Defendants deny that the "Spectrum Trade Secrets" are or ever were trade secrets and deny the remaining allegations in Paragraph 120 of the Third Amended Complaint.

121.    The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants admit that the 2009 Agreement permitted them, and/or one or more of their predecessors, to independently develop inventions.  Defendants lack sufficient knowledge or information to admit or deny what "Spectrum could also understand," and therefore deny the allegations on this topic.  Defendants deny any remaining allegations in Paragraph 121 of the Third Amended Complaint.

122.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 122 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 122, Defendants admit that Mr. Zilberstien called Hermony in 2018 to suggest that they meet for coffee.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 122 of the Third Amended Complaint, and therefore deny the same.

123.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 123 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 123, Defendants admit that

Hermony and Mr. Zilberstien met in a coffee shop in Caesarea, Israel, but deny the remaining allegations in Paragraph 123 of the Third Amended Complaint.

124.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 124 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 124, Defendants deny the allegations in Paragraph 124 of the Third Amended Complaint.

125.    Defendants admit that the NM/CT 670 CZT was not based on proprietary Spectrum Information.  Defendants deny the remaining allegations in Paragraph 125 of the Third Amended Complaint.

126.    Defendants deny the allegations in Paragraph 126 of the Third Amended Complaint.

127.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 127 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 127, Defendants deny the allegations in Paragraph 127 of the Third Amended Complaint.

## SPECTRUM DISCOVERS THE GE IMITATION DEVICE INSTALLED AT RAMBAM MEDICAL CENTER

128.    Defendants admit that General Electric Company built the Accused GE Device. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 128 of the Third Amended Complaint, and therefore deny the same.

129.    Defendants admit that the Accused GE Device was housed in its own room at the hospital.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 129 of the Third Amended Complaint, and therefore deny the same.

130.    Defendants admit that a photograph in Paragraph 130 of the Third Amended Complaint appears to be of the Accused GE Device.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 130 of the Third Amended Complaint, and therefore deny the same.

131.    Defendants deny that the Accused GE Device's configuration and assembly is based on Spectrum Information.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 131 of the Third Amended Complaint, and therefore deny the same.

132.    Defendants deny the allegations in Paragraph 132 of the Third Amended Complaint.

133.    Defendants lack sufficient knowledge or information to admit or deny what and when Spectrum allegedly "learned," and therefore deny the allegations in Paragraph 133 of the Third Amended Complaint.

134.    Defendants deny the allegations in Paragraph 134 of the Third Amended Complaint.

135.   Defendants admit that Defendants' StarGuide is in competition with Spectrum's Veriton.  Defendants deny the remaining allegations in Paragraph 135 of the Third Amended Complaint.

136.   Defendants deny that they, and/or one or more of their predecessors, to the extent they were obligated under the 2009 Agreement, violated the non-disclosure and non-use provisions of the 2009 Agreement.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 136 of the Third Amended Complaint, and therefore deny same.

137.   Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 137 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 137, Defendants deny the allegations in Paragraph 137 of the Third Amended Complaint.

138.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 138 of the Third Amended Complaint, and therefore deny the same.

139.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 139 of the Third Amended Complaint, and therefore deny the same.

140.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 140 of the Third Amended Complaint, and therefore deny the same.

141.   Defendants deny the allegations in Paragraph 141 of the Third Amended Complaint.

142.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 142 of the Third Amended Complaint, and therefore deny the same.

143.     Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 143 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 143, Defendants admit that on June 26, 2018, Michael Joos (who was at that time with Spectrum) talked with Hermony at the SNMMI trade show in Philadelphia, but deny the remaining allegations in Paragraph 143 of the Third Amended Complaint.

144.     Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 144 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 144, Defendants deny the allegations in Paragraph 144 of the Third Amended Complaint.

145.     Defendants deny any wrongdoing by Defendants, and/or one or more of their predecessors, implied in the allegations in Paragraph 145 of the Third Amended Complaint. Defendants deny sufficient knowledge as to what Spectrum had "reason to believe," and therefore deny the allegations in Paragraph 145 of the Third Amended Complaint.

## THE GE IMITATION DEVICE WAS A MARKED DEPATURE FROM GE'S THEN CURRENT TECHNOLOGY

146.     Defendants admit that the NM/CT 670 CZT uses CZT detectors, but deny the remaining allegations in Paragraph 146 of the Third Amended Complaint.

147.     Defendants admit the allegations in Paragraph 147 of the Third Amended Complaint.

148.     Defendants admit the allegations in Paragraph 148 of the Third Amended Complaint.

149.     Defendants deny the allegations in Paragraph 149 of the Third Amended Complaint.

150.     Defendants deny the allegations in Paragraph 150 of the Third Amended Complaint.

151.     Defendants deny the allegations in Paragraph 151 of the Third Amended Complaint.

152.     Defendants deny the allegations in Paragraph 152 of the Third Amended Complaint.

153.     Defendants deny the allegations in Paragraph 153 of the Third Amended Complaint.

## SPECTRUM FORMALLY CHALLENGES GE

154.     Defendants admit the existence of a letter from Spectrum's counsel dated June 20, 2018.  That letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 154 of the Third Amended Complaint regarding the letter as an inaccurate and incomplete summary of the letter.  Defendants lack sufficient knowledge or

information to admit or deny the remaining allegations in Paragraph 154 of the Third Amended Complaint, and therefore deny the same.

155.    Defendants admit that Spectrum notified General Electric Company that Spectrum was planning to introduce its VERITON at the upcoming Society of Nuclear Medicine trade show in Philadelphia.  The letter from Spectrum's counsel dated June 20, 2018 speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 155 of the Third Amended Complaint.

156.    Defendants admit that General Electric Company's in-house counsel Devins sent a one-page, three-paragraph letter dated June 22, 2018 to Spectrum's counsel.  That letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 156 of the Third Amended Complaint.

157.    Defendants admit the existence of a letter from Spectrum dated September 6, 2018. That letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 157 of the Third Amended Complaint as an incomplete and inaccurate summary of the letter.

158.    Defendants admit that General Electric Company's counsel Devins sent a two-paragraph letter dated September 18, 2018 to Spectrum's counsel.  That letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 158 of the Third Amended Complaint as an incomplete summary of the letter.

159.    Defendants admit the existence of a letter from Spectrum's counsel dated September 26, 2018.  That letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 159 of the Third Amended Complaint as an incomplete and inaccurate summary of the letter.

160.    Defendants admit that Counsel Butler, acting on behalf of General Electric Company, sent a letter dated October 1, 2018 to Spectrum's counsel.  That letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 160 of the Third Amended Complaint as an incomplete and inaccurate summary of the letter.

161.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 161 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 161, Defendants deny the allegations in Paragraph 161 of the Third Amended Complaint.

162.    Defendants admit that Counsel Butler, acting on behalf of General Electric Company, sent a letter dated October 12, 2018 to Spectrum's counsel.  That letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 162 of the Third Amended Complaint as an incomplete and inaccurate summary of the letter.

163.   Defendants admit that Counsel Butler, acting on behalf of General Electric Company, sent a letter dated October 22, 2018 to Spectrum's counsel.  That letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 163 of the Third Amended Complaint as an incomplete and inaccurate summary of the letter.

164.   Defendants admit the existence of a letter from Spectrum's counsel dated November 2, 2018.  That letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 164 of the Third Amended Complaint as an incomplete summary of the letter.

165.   Defendants deny the allegations in Paragraph 165 of the Third Amended Complaint.

166.   Defendants admit that General Electric Company has never responded to, or agreed to, Plaintiff's request to toll any statute of limitations or laches periods.  Defendants deny the remaining allegations in Paragraph 166 of the Third Amended Complaint.

167.   Defendants deny the allegations in Paragraph 167 of the Third Amended Complaint.

## THE UNPATENTED INNOVATIONS UNDERLYING SPECTRUM'S 360° DIGITAL RING-GANTRY SPECT CAMERA ARE HEAVILY GUARDED TRADE SECRETS

168.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 168 of the Third Amended Complaint, and therefore deny the same.

169.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 169 of the Third Amended Complaint, and therefore deny the same.

170.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 170 of the Third Amended Complaint, and therefore deny the same.

171.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 171 of the Third Amended Complaint, and therefore deny the same.

172.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 172 of the Third Amended Complaint, and therefore deny the same.

173.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 173 of the Third Amended Complaint, and therefore deny the same.

174.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 174 of the Third Amended Complaint, and therefore deny the same.

175.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 175 of the Third Amended Complaint, and therefore deny the same.

176.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 176 of the Third Amended Complaint, and therefore deny the same.

177.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 177 of the Third Amended Complaint, and therefore deny the same.

## GE'S UNAUTHORIZED DISCLOSURE AND USE OF THE SPECTRUM INFORMATION AND SPECTRUM TRADE SECRETS

178.   Defendants admit that individuals from one or more of the Defendants, and/or one or more of their predecessors, learned about the existing D-SPECT machine, but not about the Spectrum VERITON, from individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited.".  Defendants deny the remaining allegations in Paragraph 178 of the Third Amended Complaint.

179.     Defendants deny the allegations in Paragraph 179 of the Third Amended Complaint.

180.     Defendants admit that individuals from one or more of the Defendants, and/or one or more of their predecessors, and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" shared certain information with each other from 2009 to 2012.  Defendants deny that the "Spectrum Trade Secrets" are or ever were trade secrets and deny the remaining allegations in Paragraph 180 of the Third Amended Complaint.

181.     Defendants admit that individuals from one or more of the Defendants, and/or one or more of their predecessors, and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" shared certain information with each other. Defendants deny the remaining allegations in Paragraph 181 of the Third Amended Complaint.

182.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 182 of the Third Amended Complaint, and therefore deny the same.

183.     Defendants deny the allegations in Paragraph 183 of the Third Amended Complaint.

184.     Defendants admit that individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" and individuals from one or more of the Defendants, and/or one or more of their predecessors, disclosed information to each other both in writing and verbally during the so-called diligence period.  The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents. To the extent that a response is required, Defendants deny the allegations in Paragraph 184 of the Third Amended Complaint as incomplete and inaccurate statements of the contents of the

documents.  Defendants deny any remaining allegations in Paragraph 184 of the Third Amended Complaint.

185.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required, Defendants deny the allegations in Paragraph 185 of the Third Amended Complaint as incomplete and inaccurate statements of the contents of the documents.

186.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required, Defendants deny the allegations in Paragraph 186 of the Third Amended Complaint as incomplete and inaccurate statements of the contents of the documents.

187.    Defendants admit that, during the 2009-2012 period, individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" and individuals from one or more of the Defendants, and/or one or more of their predecessors, disclosed information to each other in response to questionnaires and requests for documents.  Defendants deny the remaining allegations in Paragraph 187 of the Third Amended Complaint.

188.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required, Defendants deny the allegations in Paragraph 188 of the Third Amended Complaint as incomplete and inaccurate statements of the contents of the documents.  Defendants deny the remaining allegations in Paragraph 188 of the Third Amended Complaint.

189.    Defendants deny the allegations in Paragraph 189 of the Third Amended Complaint.

190.     Defendants deny the allegations in Paragraph 190 of the Third Amended Complaint.

191.     Defendants deny the allegations in Paragraph 191 of the Third Amended Complaint.

192.     Defendants admit that, during the period 2009 to 2012, individuals from one or more of the Defendants, and/or one or more of their predecessors, on the one hand, and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited," on the other hand, shared information with each other through a data room and in-person meetings. Defendants deny the remaining allegations in Paragraph 192 of the Third Amended Complaint.

193.     Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 193 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 193, Defendants admit that at least some of the individuals listed in Paragraph 193 of the Third Amended Complaint attended meetings with Spectrum held during 2009-2012.  Defendants deny the remaining allegations in Paragraph 193 of the Third Amended Complaint.

194.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 194 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such

allegations.  To the extent that a response is required to any of the allegations in Paragraph 194, Defendants deny the allegations in Paragraph 194 of the Third Amended Complaint.

195.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 195 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 195, Defendants deny the allegations in Paragraph 195 of the Third Amended Complaint.

196.  Defendants deny the allegations in Paragraph 196 of the Third Amended Complaint.

## TRADE SECRET "A"

197.    Defendants admit that Ex. 29 describes Spectrum's alleged "Trade Secret A" and that Spectrum is bound by the description of Trade Secret A in the column of Ex. 29 labeled "TITLE/DESCRIPTION."  Defendants deny that Trade Secret A is or ever was a trade secret. Defendants deny any remaining allegations in Paragraph 197 of the Third Amended Complaint.

198.    Defendants deny that "Trade Secret A" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 198 of the Third Amended Complaint, and therefore deny the same.

199.    Defendants deny that "Trade Secret A" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 199 of the Third Amended Complaint, and therefore deny the same.

200.  Defendants deny the allegations in Paragraph 200 of the Third Amended Complaint.

201.     Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 201 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 201, Defendants deny the allegations in Paragraph 201 of the Third Amended Complaint.

202.     The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required, Defendants deny the allegations in Paragraph 202 of the Third Amended Complaint.

203.     The referenced presentation speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the presentation.  To the extent that a response is required, Defendants deny the allegations in Paragraph 203 of the Third Amended Complaint.

204.     Defendants admit that Plaintiff publicly disclosed Trade Secret A in the '721 PCT published on November 14, 2013, but Defendants deny that "Trade Secret A" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 204 of the Third Amended Complaint, and therefore deny the same.

205.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 205 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent a response is required to any of the allegations in Paragraph 205,

Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret A by including Plaintiff's invention in the patent application for the '113 patent filed on September 27, 2013 and issued on February 20, 2018.  Defendants admit that Bouhnik and Heftez are the named inventors who assigned the '113 patent to General Electric Company.  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 205 of the Third Amended Complaint is shown at Reel/Frame No. 032532/0857, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 205 of the Third Amended Complaint.

206.    The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required, Defendants deny the allegations in Paragraph 206 of the Third Amended Complaint as an incomplete description of the contents of the patent.

207.    The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required, Defendants deny the allegations in Paragraph 207 of the Third Amended Complaint as an incomplete description of the contents of the patent.

208.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 208 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent a response is required to any of the allegations in Paragraph 208,

Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret A by including Plaintiff's invention in the patent application for the '791 patent filed on December 20, 2013 and issued (before publishing) on May 12, 2015. Defendants admit that Gil Kovalski, Bouhnik, Jonathan Sachs, Yariv Grobshtein, Yulim Zingerman, Eshco, and Heftez are the named inventors who assigned the '791 patent to General Electric Company. Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 208 of the Third Amended Complaint is shown at Reel/Frame No. 031832/0172, and therefore deny the same. Defendants deny any remaining allegations in Paragraph 208 of the Third Amended Complaint.

209.    The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent. To the extent that a response is required, Defendants deny the allegations in Paragraph 209 of the Third Amended Complaint as an incomplete description of the contents of the patent.

210.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. To the extent that Paragraph 208 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations. To the extent a response is required to any of the allegations in Paragraph 210, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret A by including Plaintiff's invention in the patent application for the '607 patent filed on

February 3, 2015, which is a continuation of application No. 14/135,751, filed on December 20, 2013 (now the '791 patent), application No. 14/841,133, which is a continuation-in-part of application No. 14/327, 178, filed on July 9, 2014.   Defendants admit that the '607 patent application published January 28, 2016 and issued on September 13, 2016.   Defendants also admit that Roee Khen and Heftez are the named inventors who assigned the '607 patent to General Electric Company.   Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 210 of the Third Amended Complaint is shown at Reel/Frame No. 036466/0307, and therefore deny the same.   Defendants deny any remaining allegations in Paragraph 210 of the Third Amended Complaint.

211.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.   To the extent that a response is required, Defendants deny the allegations in Paragraph 211 of the Third Amended Complaint as an incomplete description of the contents of the patent.

212.   Paragraph 212 of the Third Amended Complaint does not contain any factual allegations to which a response is required.   To the extent that Paragraph 212 contains factual allegations to which a response is required, Defendants deny the factual allegations.

213.   Paragraph 213 of the Third Amended Complaint does not contain any factual allegations to which a response is required.   To the extent that Paragraph 213 contains factual allegations to which a response is required, Defendants deny the factual allegations.

214.   Paragraph 214 of the Third Amended Complaint does not contain any factual allegations to which a response is required.   To the extent that Paragraph 214 contains factual allegations to which a response is required, Defendants deny the factual allegations.

215.    Paragraph 215 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 215 contains factual allegations to which a response is required, Defendants deny the factual allegations.

216.    Defendants deny the allegations in Paragraph 216 of the Third Amended Complaint.

217.    Defendants deny that they, and/or one or more of their predecessors, to the extent they were obligated under the 2009 Agreement, violated the non-disclosure and non-use terms of the 2009 Agreement.  Defendants deny that the "Spectrum Trade Secrets," including "Trade Secret A," are or ever were trade secrets.  Defendants deny that Plaintiff did not learn of Defendants', and/or one or more of their predecessors', alleged public disclosure of Trade Secret A in the '113 patent and '791 patent until June 13, 2018.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 217 of the Third Amended Complaint, and therefore deny the same.

218.    Defendants deny the allegations in Paragraph 218 of the Third Amended Complaint.

219.    Defendants deny the allegations in Paragraph 219 of the Third Amended Complaint.

**TRADE SECRET "B"**

220.    Defendants admit that Ex. 29 describes Spectrum's alleged "Trade Secret B" and that Spectrum is bound by the description of Trade Secret B in the column of Ex. 29 labeled "TITLE/DESCRIPTION."  Defendants deny that Trade Secret B is or ever was a trade secret. Defendants deny any remaining allegations in Paragraph 220 of the Third Amended Complaint.

221.     Defendants deny that "Trade Secret B" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 221 of the Third Amended Complaint, and therefore deny the same.

222.     Defendants deny that "Trade Secret B" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 222 of the Third Amended Complaint, and therefore deny the same.

223.     Defendants deny the allegations in Paragraph 223 of the Third Amended Complaint.

224.     Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 224 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 224, Defendants deny the allegations in Paragraph 224 of the Third Amended Complaint.

225.     The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 225, Defendants deny the allegations in Paragraph 225 of the Third Amended Complaint.

226.     The referenced presentation speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the presentation.  To the extent that a response is required to any of the allegations in Paragraph 226, Defendants deny the allegations in Paragraph 226 of the Third Amended Complaint.

227.    Defendants deny that "Trade Secret B" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 227 of the Third Amended Complaint, and therefore deny the same.

228.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 228 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 228, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret B by including Plaintiff's invention in the patent application for the '113 patent filed on September 27, 2013, published on April 2, 2015 and issued on February 20, 2018.  Defendants admit that Bouhnik and Hefetz are the named inventors who assigned the '113 patent to General Electric Company.  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 228 of the Third Amended Complaint is shown at Reel/Frame No. 032532/0857, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 228 of the Third Amended Complaint.

229.    The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 229, Defendants deny the allegations in Paragraph 229 of the Third Amended Complaint as an incomplete description of the contents of the patent.

230.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 230 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 230, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret B by including Plaintiff's invention in the patent application for the '631 patent filed on September 17, 2014, published on March 17, 2016 and issued on September 19, 2017.  Defendants admit that Hefetz, Jonathan Sachs, Gil Kovalski, and Avi Bar-Shalev are the named inventors who assigned the '631 patent to General Electric Company.  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 230 of the Third Amended Complaint is shown at Reel/Frame No. 03807/0733, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 230 of the Third Amended Complaint.

231.    The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 231, Defendants deny the allegations in Paragraph 231 of the Third Amended Complaint as an incomplete description of the contents of the patent.

232.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 232 of the Third Amended Complaint contains allegations against Hefetz

alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations. To the extent that a response is required to any of the allegations in Paragraph 232, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret B by including Plaintiff's invention in the patent application for the '114 patent filed on September 7, 2017, which is a continuation of application No. 14/488,769 (now the '631 patent), published January 11, 2018, and issued on February 20, 2018. Defendants admit that Heftez, Jonathan Sachs, Gil Kovalski and Avi Bar-Shalev are the named inventors who assigned the '114 patent to General Electric Company. Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 232 of the Third Amended Complaint is shown at Reel/Frame No. 043525/0609, and therefore deny the same. Defendants deny any remaining allegations in Paragraph 232 of the Third Amended Complaint.

233. The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent. To the extent that a response is required to any of the allegations in Paragraph 233, Defendants deny the allegations in Paragraph 233 of the Third Amended Complaint as an incomplete description of the contents of the patent.

234. Defendants deny that they, and/or one or more of their predecessors, to the extent they were obligated under the 2009 Agreement, violated the non-disclosure and non-use terms of the 2009 Agreement. Defendants deny that the "Spectrum Trade Secrets," including "Trade Secret B," are or ever were trade secrets. Defendants deny that Plaintiff did not learn of Defendants', and/or one or more of their predecessors', alleged public disclosure of Trade Secret B in the '113 patent until June 13, 2018. Defendants lack sufficient knowledge or information to admit or deny

the remaining allegations in Paragraph 234 of the Third Amended Complaint, and therefore deny the same.

235.    Defendants deny the allegations in Paragraph 235 of the Third Amended Complaint.

236.    Defendants deny the allegations in Paragraph 236 of the Third Amended Complaint.

## TRADE SECRET "C"

237.    Defendants admit that Ex. 29 describes Spectrum's alleged "Trade Secret C" and that Spectrum is bound by the description of Trade Secret C in the column of Ex. 29 labeled "TITLE/DESCRIPTION."   Defendants deny that Trade Secret C is or ever was a trade secret. Defendants deny any remaining allegations in Paragraph 237 of the Third Amended Complaint.

238.    Defendants deny that "Trade Secret C" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 238 of the Third Amended Complaint, and therefore deny the same.

239.    Defendants deny that "Trade Secret C" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 239 of the Third Amended Complaint, and therefore deny the same.

240.    Defendants deny the allegations in Paragraph 240 of the Third Amended Complaint.

241.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 241 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed

those allegations.  To the extent that a response is required to any of the allegations in Paragraph 241, Defendants deny the allegations in Paragraph 241 of the Third Amended Complaint.

242.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 242, Defendants deny the allegations in Paragraph 242 of the Third Amended Complaint.

243.    Defendants deny that "Trade Secret C" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 243 of the Third Amended Complaint, and therefore deny the same.

244.    The referenced document speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the document.  To the extent that a response is required to any of the allegations in Paragraph 244, Defendants deny the allegations in Paragraph 244 of the Third Amended Complaint.

245.    Defendants deny that "Trade Secret C" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 245 of the Third Amended Complaint, and therefore deny the same.

246.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 246 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 246, Defendants deny that they, and/or one or more of their predecessors, by and through the GE

diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret C by including Plaintiff's invention in the patent application for the '562 patent filed on August 18, 2015 as a continuation-in-part of application No. 14/671,039 (now the '490 patent), filed on March 27, 2015, published on September 29, 2016, and issued on November 1, 2016. Defendants admit that Heftez, Bouhnik, and Nati Herman are the named inventors who assigned the '562 patent to General Electric Company.   Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 246 of the Third Amended Complaint is shown at Reel/Frame No. 036332/0520, and therefore deny the same.   Defendants deny any remaining allegations in Paragraph 246 of the Third Amended Complaint.

247.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.   To the extent that a response is required to any of the allegations in Paragraph 247, Defendants deny the allegations in Paragraph 247 of the Third Amended Complaint as an incomplete description of the contents of the patent.

248.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.   To the extent that Paragraph 248 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.   To the extent that a response is required to any of the allegations in Paragraph 248, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret C by including Plaintiff's invention in the patent application for the '197 patent filed on September 15, 2014 published on March 17, 2016 and issued on September 13, 2016.   Defendants

admit that Arie Shahar is the named inventor who assigned the '197 patent to General Electric Company. Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 248 of the Third Amended Complaint is shown at Reel/Frame No. 033863/0090, and therefore deny the same. Defendants deny any remaining allegations in Paragraph 248 of the Third Amended Complaint.

249.    The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent. To the extent that a response is required to any of the allegations in Paragraph 249, Defendants deny the allegations in Paragraph 249 of the Third Amended Complaint as an incomplete description of the contents of the patent.

250.    Defendants deny the allegations in Paragraph 250 of the Third Amended Complaint.

251.    Defendants deny the allegations in Paragraph 251 of the Third Amended Complaint.

**TRADE SECRET "D"**

252.    Defendants admit that Ex. 29 describes Spectrum's alleged "Trade Secret D" and that Spectrum is bound by the description of Trade Secret D in the column of Ex. 29 labeled "TITLE/DESCRIPTION." Defendants deny that Trade Secret D is or ever was a trade secret. Defendants deny any remaining allegations in Paragraph 252 of the Third Amended Complaint.

253.    Defendants deny that "Trade Secret D" is or ever was a trade secret. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 253 of the Third Amended Complaint, and therefore deny the same.

254.    Defendants deny that "Trade Secret D" is or ever was a trade secret. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 254 of the Third Amended Complaint, and therefore deny the same.

255.    Defendants deny the allegations in Paragraph 255 of the Third Amended Complaint.

256.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 256 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 256, Defendants deny the allegations in Paragraph 256 of the Third Amended Complaint.

257.    The referenced document speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the document.  To the extent that a response is required to any of the allegations in Paragraph 257, Defendants deny the allegations in Paragraph 257 of the Third Amended Complaint.

258.    The referenced document speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the document.  To the extent that a response is required to any of the allegations in Paragraph 258, Defendants deny the allegations in Paragraph 258 of the Third Amended Complaint.

259.    Defendants admit that Plaintiff publicly disclosed portions of Trade Secret D in the '721 PCT published on November 14, 2013, but deny that "Trade Secret D" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 259 of the Third Amended Complaint, and therefore deny the same.

260.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and

allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 260 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 260, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret D by including Plaintiff's invention in the patent application for the '607 patent filed on August 31, 2015 as a continuation-in-part of application No. 14/135,751, filed on February 3, 2015, which is a continuation of application No. 14/135,751, filed on December 20, 2013 (now the '791 patent), application No. 14/841,133, which is a continuation-in-part of application No. 14/327,178, filed on July 9, 2014, published on January 28, 2016, and issued on September 13, 2016.  Defendants admit that Roee Khen and Hefetz are the named inventors who assigned the '607 patent to General Electric Company.  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 260 of the Third Amended Complaint is shown at Reel/Frame No. 036466/0307, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 260 of the Third Amended Complaint.

261.   The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 261, Defendants deny the allegations in Paragraph 261 of the Third Amended Complaint as an incomplete description of the contents of the patent.

262.   Defendants deny the allegations in Paragraph 262 of the Third Amended Complaint.

263.    Defendants deny that they, to the extent they were obligated under the 2009 Agreement, violated the non-disclosure and non-use terms of the 2009 Agreement.  Defendants deny that the "Spectrum Trade Secrets," including "Trade Secret D," are or ever were trade secrets. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 263 of the Third Amended Complaint, and therefore deny the same.

264.    Defendants deny the allegations in Paragraph 264 of the Third Amended Complaint.

265.    Defendants deny the allegations in Paragraph 265 of the Third Amended Complaint.

## TRADE SECRET "E"

266.    Defendants admit that Ex. 29 describes Spectrum's alleged "Trade Secret E" and that Spectrum is bound by the description of Trade Secret E in the column of Ex. 29 labeled "TITLE/DESCRIPTION."   Defendants deny that Trade Secret E is or ever was a trade secret. Defendants deny any remaining allegations in Paragraph 266 of the Third Amended Complaint.

267.    Defendants deny that "Trade Secret E" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 267 of the Third Amended Complaint, and therefore deny the same.

268.    Defendants deny that "Trade Secret E" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 268 of the Third Amended Complaint, and therefore deny the same.

269.    Defendants deny the allegations in Paragraph 269 of the Third Amended Complaint.

270.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and

Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 270 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 270, Defendants deny the allegations in Paragraph 270 of the Third Amended Complaint.

271.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 271, Defendants deny the allegations in Paragraph 271 of the Third Amended Complaint.

272.    Defendants deny that Spectrum showed them how to protect patients from harmful detector contact by employing a counterweight system or that this system is a crucial design component necessary for patient safety and regulatory submission.  To the extent that Paragraph 272 of the Third Amended Complaint quotes or summarizes an FDA website, that website speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the website.  To the extent that a response is required to any of the allegations in Paragraph 272, Defendants deny the allegations in Paragraph 272 of the Third Amended Complaint regarding the FDA website as an incomplete description of the contents of the website.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 272 of the Third Amended Complaint, and therefore deny the same.

273.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 273, Defendants deny the allegations in Paragraph 273 of the Third Amended Complaint.

274.     Defendants admit that Plaintiff publicly disclosed Trade Secret E in the '721 PCT published on November 14, 2013, but deny that "Trade Secret E" is or ever was a trade secret. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 274 of the Third Amended Complaint, and therefore deny the same.

275.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 275 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 275, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret E by including Plaintiff's invention in the patent application for the '439 patent filed on July 9, 2014, published on January 14, 2016, and issued on March 29, 2016.  Defendants admit that Hefetz is the named inventor who assigned the '439 patent to General Electric Company. Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 275 of the Third Amended Complaint is shown at Reel/Frame No. 034148/0718, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 275 of the Third Amended Complaint.

276.     The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 276, Defendants deny the allegations in Paragraph 276 of the Third Amended Complaint as an incomplete description of the contents of the patent.

277.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 277 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 277, Defendants deny that they by, and/or one or more of their predecessors, and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret E by including Plaintiff's invention in the patent application for the '607 patent filed on August 31, 2015 as a continuation-in-part of application No. 14/135,751, filed on February 3, 2015, which is a continuation of application No. 14/135,751, filed on December 20, 2013 (now the '791 patent), application No. 14/841,133, which is a continuation-in-part of application No. 14/327,178, filed on July 9, 2014, published on January 28, 2016, and issued on September 13, 2016.  Defendants admit that Roee Khen and Hefetz are the named inventors who assigned the '607 patent to General Electric Company.  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 277 of the Third Amended Complaint is shown at Reel/Frame No. 036466/0307, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 277 of the Third Amended Complaint.

278.     The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 278, Defendants deny the allegations in Paragraph 278 of the Third Amended Complaint as an incomplete description of the contents of the patent.

279.     Defendants deny the allegations in Paragraph 279 of the Third Amended Complaint.

280.     Defendants deny the allegations in Paragraph 280 of the Third Amended Complaint.

281.     Defendants deny the allegations in Paragraph 281 of the Third Amended Complaint.

**<u>TRADE SECRET "F"</u>**

282.     Defendants admit that Ex. 29 describes Spectrum's alleged "Trade Secret F" and that Spectrum is bound by the description of Trade Secret F in the column of Ex. 29 labeled "TITLE/DESCRIPTION."   Defendants deny that Trade Secret F is or ever was a trade secret. Defendants deny any remaining allegations in Paragraph 282 of the Third Amended Complaint.

283.     Defendants deny that "Trade Secret F" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 283 of the Third Amended Complaint, and therefore deny the same.

284.     Defendants deny that "Trade Secret F" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 284 of the Third Amended Complaint, and therefore deny the same.

285.     Defendants deny the allegations in Paragraph 285 of the Third Amended Complaint.

286.     Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 286 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed

55

those allegations.  To the extent that a response is required to any of the allegations in Paragraph 286, Defendants deny the allegations in Paragraph 286 of the Third Amended Complaint.

287.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 287, Defendants deny the allegations in Paragraph 287 of the Third Amended Complaint.

288.    Defendants deny that "Trade Secret F" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 288 of the Third Amended Complaint, and therefore deny the same.

289.    The referenced document speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the document.  To the extent that a response is required to any of the allegations in Paragraph 289, Defendants deny the allegations in Paragraph 289 of the Third Amended Complaint.

290.    Defendants deny that "Trade Secret F" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 290 of the Third Amended Complaint, and therefore deny the same.

291.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 291 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 291, Defendants deny that they, and/or one or more of their predecessors, by and through the GE

diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret F by including Plaintiff's invention in the patent application for the '791 patent filed on December 20, 2013 and issued (before publishing) on May 12, 2015.  Defendants admit that Gil Kovalski, Bouhnik, Jonathan Sachs, Yariv Grobshtein, Yulim Zingerman, Eshco, and Heftez are the named inventors who assigned the '791 patent to General Electric Company.  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 291 of the Third Amended Complaint is shown at Reel/Frame No. 031832/0172, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 291 of the Third Amended Complaint.

292.    The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 292, Defendants deny the allegations in Paragraph 292 of the Third Amended Complaint as an incomplete description of the contents of the patent.

293.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 293 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 293, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret F by including Plaintiff's invention in the patent application for the '595 patent filed on January 29, 2014, published on July 30, 2015, and issued on August 2, 2016.  Defendants admit

that Steinfeld, Avi Bar-Shalev, Hefetz and Gil Kovalski are the named inventors who assigned the '595 patent to General Electric Company. Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 293 of the Third Amended Complaint is shown at Reel/Frame No. 032079/0018, and therefore deny the same. Defendants deny any remaining allegations in Paragraph 293 of the Third Amended Complaint.

294. The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent. To the extent that a response is required to any of the allegations in Paragraph 294, Defendants deny the allegations in Paragraph 294 of the Third Amended Complaint as an incomplete description of the contents of the patent.

295. Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. To the extent that Paragraph 293 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations. To the extent that a response is required to any of the allegations in Paragraph 293, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret F by including Plaintiff's invention in the patent application for the '595 patent filed on January 29, 2014, published on July 30, 2015, and issued on August 2, 2016. Defendants admit that Steinfeld, Avi Bar-Shalev, Hefetz and Gil Kovalski are the named inventors who assigned the '595 patent to General Electric Company. Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 293 of the Third Amended Complaint is

shown at Reel/Frame No. 032079/0018, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 293 of the Third Amended Complaint.

296.    The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 296, Defendants deny the allegations in Paragraph 296 of the Third Amended Complaint as an incomplete description of the contents of the patent.

297.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 297 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 297, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret F by including Plaintiff's invention in the patent application for the '607 patent filed on August 31, 2015 as a continuation-in-part of application No. 14/135,751, filed on February 3, 2015, which is a continuation of application No. 14/135,751, filed on December 20, 2013 (now the '791 patent), application No. 14/841,133, which is a continuation-in-part of application No. 14/327,178, filed on July 9, 2014, published on January 28, 2016, and issued on September 13, 2016.  Defendants admit that Roee Khen and Hefetz are the named inventors who assigned the '607 patent to General Electric Company.  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 297 of the Third Amended Complaint is

shown at Reel/Frame No. 036466/0307, and therefore deny the same. Defendants deny any remaining allegations in Paragraph 297 of the Third Amended Complaint.

298. The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent. To the extent that a response is required to any of the allegations in Paragraph 298, Defendants deny the allegations in Paragraph 298 of the Third Amended Complaint as an incomplete description of the contents of the patent.

299. Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. To the extent that Paragraph 299 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations. To the extent that a response is required to any of the allegations in Paragraph 299, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret F by including Plaintiff's invention in the patent application for the '072 patent filed on September 30, 2015 and issued (before publishing) on February 28, 2017. Defendants admit that Yariv Grobshtein, Shiran Golan, Hefetz, Gil Kovalski, Bouhnik, Michael Kogan, Steinfeld, Michael Gaisinsky, and Avi Bar-Shalev are the named inventors who assigned the '072 patent to General Electric Company. Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 299 of the Third Amended Complaint is shown at Reel/Frame No. 037131/0776, and therefore deny the same. Defendants deny any remaining allegations in Paragraph 299 of the Third Amended Complaint.

300.    The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required, Defendants deny the allegations in Paragraph 300 of the Third Amended Complaint as an incomplete description of the contents of the patent.

301.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 301 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 301, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret F by including Plaintiff's invention in the patent application for the '113 patent filed on September 27, 2013, published on April 2, 2015 and issued on February 20, 2018.  Defendants admit that Bouhnik and Hefetz are the named inventors who assigned the '113 patent to General Electric Company.  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 301 of the Third Amended Complaint is shown at Reel/Frame No. 032532/0857, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 301 of the Third Amended Complaint.

302.    The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 302, Defendants deny the allegations in Paragraph 302 of the Third Amended Complaint as an incomplete description of the contents of the patent.

303.    Defendants deny that they, and/or one or more of their predecessors, to the extent they were obligated under the 2009 Agreement, violated the non-disclosure and non-use terms of the 2009 Agreement.  Defendants deny that the "Spectrum Trade Secrets," including "Trade Secret F," are or ever were trade secrets.  Defendants deny that Plaintiff did not learn of Defendants', and/or one or more of their predecessors', alleged public disclosure of Trade Secret F in the '113 patent and '791 patent until June 13, 2018.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 303 of the Third Amended Complaint, and therefore deny the same.

304.    Defendants deny the allegations in Paragraph 304 of the Third Amended Complaint.

**TRADE SECRET "G"**

305.    Defendants admit that Ex. 29 describes Spectrum's alleged "Trade Secret G" and that Spectrum is bound by the description of Trade Secret G in the column of Ex. 29 labeled "TITLE/DESCRIPTION."   Defendants deny that Trade Secret G is or ever was a trade secret. Defendants deny any remaining allegations in Paragraph 305 of the Third Amended Complaint.

306.    Defendants deny that "Trade Secret G" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 306 of the Third Amended Complaint, and therefore deny the same.

307.    Defendants deny that "Trade Secret G" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 307 of the Third Amended Complaint, and therefore deny the same.

308.    Defendants deny the allegations in Paragraph 308 of the Third Amended Complaint.

309.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 309 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 309, Defendants deny the allegations in Paragraph 309 of the Third Amended Complaint.

310.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 310 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 310, Defendants deny the allegations in Paragraph 310 of the Third Amended Complaint.

311.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 311, Defendants deny the allegations in Paragraph 311 of the Third Amended Complaint.

312.    The referenced presentation speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the presentation.  To the extent that a response is required to any of the allegations in Paragraph 312, Defendants deny the allegations in Paragraph 312 of the Third Amended Complaint.

313.     Defendants admit that Plaintiff publicly disclosed Trade Secret G in the '721 PCT published on November 14, 2013, but deny that "Trade Secret G" is or ever was a trade secret. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 313 of the Third Amended Complaint, and therefore deny the same.

314.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 314 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 314, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret G by including Plaintiff's invention in the patent application for the '791 patent filed on December 20, 2013 and issued (before publishing) on May 12, 2015.  Defendants admit that Gil Kovalski, Bouhnik, Jonathan Sachs, Yariv Grobshtein, Yulim Zingerman, Eshco, and Heftez are the named inventors who assigned the '791 patent to General Electric Company.  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 314 of the Third Amended Complaint is shown at Reel/Frame No. 031832/0172, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 314 of the Third Amended Complaint.

315.     The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to

any of the allegations in Paragraph 315, Defendants deny the allegations in Paragraph 315 of the Third Amended Complaint as an incomplete description of the contents of the patent.

316.    Defendants deny that they and/or one or more of their predecessors, to the extent they were obligated under the 2009 Agreement, violated the non-disclosure and non-use terms of the 2009 Agreement.  Defendants deny that the "Spectrum Trade Secrets," including "Trade Secret G," are or ever were trade secrets.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 316 of the Third Amended Complaint, and therefore deny the same.

317.    Defendants deny the allegations in Paragraph 317 of the Third Amended Complaint.

## TRADE SECRET "H"

318.    Paragraph 318 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 318 contains factual allegations to which a response is required, Defendants deny the factual allegations.

319.    Paragraph 319 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 319 contains factual allegations to which a response is required, Defendants deny the factual allegations.

320.    Paragraph 320 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 320 contains factual allegations to which a response is required, Defendants deny the factual allegations.

321.    Paragraph 321 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 321 contains factual allegations to which a response is required, Defendants deny the factual allegations.

322.    Paragraph 322 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 322 contains factual allegations to which a response is required, Defendants deny the factual allegations.

323.    Paragraph 323 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 323 contains factual allegations to which a response is required, Defendants deny the factual allegations.

324.    Paragraph 324 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 324 contains factual allegations to which a response is required, Defendants deny the factual allegations.

325.    Paragraph 325 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 325 contains factual allegations to which a response is required, Defendants deny the factual allegations.

326.    Paragraph 326 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 326 contains factual allegations to which a response is required, Defendants deny the factual allegations.

327.    Paragraph 327 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 327 contains factual allegations to which a response is required, Defendants deny the factual allegations.

328.    Paragraph 328 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 328 contains factual allegations to which a response is required, Defendants deny the factual allegations.

329.    Paragraph 329 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 329 contains factual allegations to which a response is required, Defendants deny the factual allegations.

330.    Paragraph 330 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 330 contains factual allegations to which a response is required, Defendants deny the factual allegations.

331.    Paragraph 331 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 331 contains factual allegations to which a response is required, Defendants deny the factual allegations.

### TRADE SECRET "I"

332.    Defendants admit that Ex. 29 describes Spectrum's alleged "Trade Secret I" and that Spectrum is bound by the description of Trade Secret I in the column of Ex. 29 labeled "TITLE/DESCRIPTION."  Defendants deny that Trade Secret I is or ever was a trade secret. Defendants deny any remaining allegations in Paragraph 332 of the Third Amended Complaint.

333.    Defendants deny that "Trade Secret I" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 333 of the Third Amended Complaint, and therefore deny the same.

334.    Defendants deny that "Trade Secret I" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 334 of the Third Amended Complaint, and therefore deny the same.

335.    Defendants deny the allegations in Paragraph 335 of the Third Amended Complaint.

336.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and

Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 336 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 336, Defendants deny the allegations in Paragraph 336 of the Third Amended Complaint.

337.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 337 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 337, Defendants deny the allegations in Paragraph 337 of the Third Amended Complaint.

338.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 338, Defendants deny the allegations in Paragraph 338 of the Third Amended Complaint.

339.    Defendants deny that "Trade Secret I" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 339 of the Third Amended Complaint, and therefore deny the same.

340.    The referenced presentation speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the presentation.  To the extent that a response is required to any of the allegations in Paragraph 340, Defendants deny the allegations in Paragraph 340 of the Third Amended Complaint.

341.     Defendants admit that Plaintiff publicly disclosed Trade Secret I in the '721 PCT published on November 14, 2013, but deny that "Trade Secret I" is or ever was a trade secret. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 341 of the Third Amended Complaint, and therefore deny the same.

342.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 342 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 342, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret I by including Plaintiff's invention in the patent application for the '595 patent filed on January 29, 2014, published on July 30, 2015 and issued on August 2, 2016.  Defendants admit that Steinfeld, Avi Bar-Shalev, Hefetz and Gil Kovalski are the named inventors who assigned the '595 patent to General Electric Company.  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 342 of the Third Amended Complaint is shown at Reel/Frame No. 032079/0918, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 342 of the Third Amended Complaint.

343.     The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 343, Defendants deny the allegations in Paragraph 343 of the Third Amended Complaint as an incomplete description of the contents of the patent.

344.    Defendants deny that they, and/or one or more of their predecessors, to the extent they were obligated under the 2009 Agreement, GE violated the non-disclosure and non-use terms of the 2009 Agreement.  Defendants deny that the "Spectrum Trade Secrets," including "Trade Secret I," are or ever were trade secrets.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 344 of the Third Amended Complaint, and therefore deny the same.

345.    Defendants deny the allegations in Paragraph 345 of the Third Amended Complaint.

346.    Defendants deny the allegations in Paragraph 346 of the Third Amended Complaint.

**TRADE SECRET "J"**

347.    Defendants admit that Ex. 29 describes Spectrum's alleged "Trade Secret J" and that Spectrum is bound by the description of Trade Secret J in the column of Ex. 29 labeled "TITLE/DESCRIPTION."  Defendants deny that Trade Secret J is or ever was a trade secret. Defendants deny any remaining allegations in Paragraph 347 of the Third Amended Complaint.

348.    Defendants deny that "Trade Secret J" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 348 of the Third Amended Complaint, and therefore deny the same.

349.    Defendants deny that "Trade Secret J" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 349 of the Third Amended Complaint, and therefore deny the same.

350.    Defendants deny the allegations in Paragraph 350 of the Third Amended Complaint.

351.     Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 352 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 351, Defendants deny the allegations in Paragraph 351 of the Third Amended Complaint.

352.     Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 352 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 352, Defendants deny the allegations in Paragraph 352 of the Third Amended Complaint.

353.     The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 353, Defendants deny the allegations in Paragraph 353 of the Third Amended Complaint.

354.     The referenced presentation speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the presentation.  To the extent that a response is required to any of the allegations in Paragraph 354, Defendants deny the allegations in Paragraph 354 of the Third Amended Complaint.

355.     The referenced presentation speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the presentation.  To the extent that a response is required to any of the allegations in Paragraph 355, Defendants deny the allegations in Paragraph 355 of the Third Amended Complaint.

356.     Defendants admit that Plaintiff publicly disclosed Trade Secret J in the '721 PCT published on November 14, 2013, but deny that "Trade Secret J" is or ever was a trade secret. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 356 of the Third Amended Complaint, and therefore deny the same.

357.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 357 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 357, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret J by including Plaintiff's invention in the patent application for the '791 patent filed on December 20, 2013 and issued (before publishing) on May 12, 2015.  Defendants admit that Gil Kovalski, Bouhnik, Jonathan Sachs, Yariv Grobshtein, Yulim Zingerman, Eshco, and Heftez are the named inventors who assigned the '791 patent to General Electric Company.  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 357 of the Third Amended Complaint is shown at Reel/Frame No. 031832/0172, and therefore deny the

same.   Defendants deny any remaining allegations in Paragraph 357 of the Third Amended Complaint.

358.    The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 358, Defendants deny the allegations in Paragraph 358 of the Third Amended Complaint as an incomplete description of the contents of the patent.

359.    Defendants deny the allegations in Paragraph 359 of the Third Amended Complaint.

360.    Defendants deny that they, and/or one or more of their predecessors, to the extent they were obligated under the 2009 Agreement, violated the non-disclosure and non-use terms of the 2009 Agreement.  Defendants deny that the "Spectrum Trade Secrets," including "Trade Secret J," are or ever were trade secrets.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 360 of the Third Amended Complaint, and therefore deny the same.

361.    Defendants deny the allegations in Paragraph 361 of the Third Amended Complaint.

## TRADE SECRET "K"

362.    Defendants admit that Ex. 29 describes Spectrum's alleged "Trade Secret K" and that Spectrum is bound by the description of Trade Secret K in the column of Ex. 29 labeled "TITLE/DESCRIPTION."   Defendants deny that Trade Secret K is or ever was a trade secret. Defendants deny any remaining allegations in Paragraph 362 of the Third Amended Complaint.

363.    Defendants deny that "Trade Secret K" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 363 of the Third Amended Complaint, and therefore deny the same.

364.    Defendants deny that "Trade Secret K" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 364 of the Third Amended Complaint, and therefore deny the same.

365.    Defendants deny the allegations in Paragraph 365 of the Third Amended Complaint.

366.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 366 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 366, Defendants deny the allegations in Paragraph 366 of the Third Amended Complaint.

367.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 367 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 367, Defendants deny the allegations in Paragraph 367 of the Third Amended Complaint.

368.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 368, Defendants deny the allegations in Paragraph 368 of the Third Amended Complaint.

369.    The referenced presentation speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the presentation.  To the extent that a response is required to any of the allegations in Paragraph 369, Defendants deny the allegations in Paragraph 369 of the Third Amended Complaint.

370.    Defendants deny that "Trade Secret K" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 370 of the Third Amended Complaint, and therefore deny the same.

371.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 371 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 371, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret K by including Plaintiff's invention in the patent application published as the '496 publication, filed on October 20, 2016 and published on April 26, 2018.  Defendants admit that Moshe Levy, Bouhnik, Yariv Grobshtein, Gil Amisar, and Hefetz are the current named inventors who assigned their rights in the '496 publication to General Electric Company.  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 371 of the Third Amended Complaint is shown at Reel/Frame No. 040081/0127, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 371 of the Third Amended Complaint.

372.     The referenced publication speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the publication.  To the extent that a response is required to any of the allegations in Paragraph 372, Defendants deny the allegations in Paragraph 372 of the Third Amended Complaint as an incomplete description of the contents of the publication.

373.     Defendants deny the allegations in Paragraph 373 of the Third Amended Complaint.

**TRADE SECRET "L"**

374.     Defendants admit that Ex. 29 describes Spectrum's alleged "Trade Secret L" and that Spectrum is bound by the description of Trade Secret L in the column of Ex. 29 labeled "TITLE/DESCRIPTION."  Defendants deny that Trade Secret L is or ever was a trade secret. Defendants deny any remaining allegations in Paragraph 374 of the Third Amended Complaint.

375.     Defendants deny that "Trade Secret L" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 375 of the Third Amended Complaint, and therefore deny the same.

376.     Defendants deny that "Trade Secret L" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 376 of the Third Amended Complaint, and therefore deny the same.

377.     Defendants deny the allegations in Paragraph 377 of the Third Amended Complaint.

378.     Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 352 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent

that a response is required to any of the allegations in Paragraph 378, Defendants deny the allegations in Paragraph 378 of the Third Amended Complaint.

379.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 379 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 379, Defendants deny the allegations in Paragraph 379 of the Third Amended Complaint.

380.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 380, Defendants deny the allegations in Paragraph 380 of the Third Amended Complaint.

381.    The referenced presentation speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the presentation.  To the extent that a response is required to any of the allegations in Paragraph 381, Defendants deny the allegations in Paragraph 381 of the Third Amended Complaint.

382.    Defendants deny that "Trade Secret L" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 382 of the Third Amended Complaint, and therefore deny the same.

383.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To

the extent that Paragraph 383 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 383, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret L by including Plaintiff's invention in the patent application published as the '659 publication, filed on March 7, 2017 and published on September 13, 2018.  Defendants admit that Michael Merman and Yariv Grobshtein are the current named inventors who assigned their rights in the '659 publication to General Electric Company.  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 383 of the Third Amended Complaint is shown at Reel/Frame No. 042140/0931, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 383 of the Third Amended Complaint.

384.    The referenced publication speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the publication.  To the extent that a response is required to any of the allegations in Paragraph 384, Defendants deny the allegations in Paragraph 384 of the Third Amended Complaint.

385.    Defendants deny the allegations in Paragraph 385 of the Third Amended Complaint.

## TRADE SECRET "M"

386.    Defendants admit that Ex. 29 describes Spectrum's alleged "Trade Secret M" and that Spectrum is bound by the description of Trade Secret M in the column of Ex. 29 labeled "TITLE/DESCRIPTION."  Defendants deny that Trade Secret M is or ever was a trade secret. Defendants deny any remaining allegations in Paragraph 386 of the Third Amended Complaint.

387.    Defendants deny that "Trade Secret M" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 387 of the Third Amended Complaint, and therefore deny the same.

388.    Defendants deny that "Trade Secret M" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 388 of the Third Amended Complaint, and therefore deny the same.

389.    Defendants deny the allegations in Paragraph 389 of the Third Amended Complaint.

390.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 390 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 390, Defendants deny the allegations in Paragraph 390 of the Third Amended Complaint.

391.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 391, Defendants deny the allegations in Paragraph 391 of the Third Amended Complaint.

392.    The referenced document speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the document.  To the extent that a response is required to any of the allegations in Paragraph 392, Defendants deny the allegations in Paragraph 392 of the Third Amended Complaint.

393.     Defendants deny that "Trade Secret M" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 393 of the Third Amended Complaint, and therefore deny the same.

394.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 394 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 394, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret M by including Plaintiff's invention in the patent application for the '072 patent filed on September 30, 2015 and issued (before publishing) on February 28, 2017.  Defendants admit that Yariv Grobshtein, Shiran Golan, Hefetz, Gil Kovalski, Bouhnik, Michael Kogan, Steinfeld, Michael Gaisinsky, and Avi Bar-Shalev are the named inventors who assigned the '072 patent to General Electric Company.  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 394 of the Third Amended Complaint is shown at Reel/Frame No. 037131/0776, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 394 of the Third Amended Complaint.

395.     The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 395, Defendants deny the allegations in Paragraph 395 of the Third Amended Complaint as an incomplete description of the contents of the patent.

396.     Defendants deny the allegations in Paragraph 396 of the Third Amended Complaint.

397.     Defendants deny the allegations in Paragraph 397 of the Third Amended Complaint.

## **TRADE SECRET "N"**

398.     Defendants admit that Ex. 29 describes Spectrum's alleged "Trade Secret N" and that Spectrum is bound by the description of Trade Secret N in the column of Ex. 29 labeled "TITLE/DESCRIPTION."  Defendants deny that Trade Secret N is or ever was a trade secret. Defendants deny any remaining allegations in Paragraph 398 of the Third Amended Complaint.

399.     Defendants deny that "Trade Secret N" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 399 of the Third Amended Complaint, and therefore deny the same.

400.     Defendants deny that "Trade Secret N" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 400 of the Third Amended Complaint, and therefore deny the same.

401.     Defendants deny the allegations in Paragraph 401 of the Third Amended Complaint.

402.     Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 402 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 402, Defendants deny the allegations in Paragraph 402 of the Third Amended Complaint.

403.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 403, Defendants deny the allegations in Paragraph 403 of the Third Amended Complaint.

404.    Defendants admit that Plaintiff publicly disclosed Trade Secret N in the '721 PCT published on November 14, 2013, but deny that "Trade Secret N" is or ever was a trade secret. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 404 of the Third Amended Complaint, and therefore deny the same.

405.    Paragraph 405 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 405 contains factual allegations to which a response is required, Defendants deny the factual allegations.

406.    Paragraph 406 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 406 contains factual allegations to which a response is required, Defendants deny the factual allegations.

407.    Defendants deny the allegations in Paragraph 407 of the Third Amended Complaint.

## TRADE SECRET "O"

408.    Defendants admit that Ex. 29 describes Spectrum's alleged "Trade Secret O" and that Spectrum is bound by the description of Trade Secret O in the column of Ex. 29 labeled "TITLE/DESCRIPTION."  Defendants deny that Trade Secret O is or ever was a trade secret. Defendants deny any remaining allegations in Paragraph 408 of the Third Amended Complaint.

409.    Defendants deny that "Trade Secret O" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 409 of the Third Amended Complaint, and therefore deny the same.

410.     Defendants deny that "Trade Secret O" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 410 of the Third Amended Complaint, and therefore deny the same.

411.     Defendants deny the allegations in Paragraph 411 of the Third Amended Complaint.

412.     Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 412 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 412, Defendants deny the allegations in Paragraph 412 of the Third Amended Complaint.

413.     The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 413, Defendants deny the allegations in Paragraph 413 of the Third Amended Complaint.

414.     Defendants deny that "Trade Secret O" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 414 of the Third Amended Complaint, and therefore deny the same.

415.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 415 of the Third Amended Complaint contains allegations against Hefetz

alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 415, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret O by including Plaintiff's invention in the patent application for the '737 patent filed on March 31, 2016 as a continuation-in-part of application No. 14/871,091 filed on September 30, 2015 (now the '072 patent), published on March 30, 2017 and issued on March 13, 2018. Defendants admit that Yariv Grobshtein, Bouhnik, Gil Kovalski, and Shiran Golan are the named inventors who assigned the '737 patent to General Electric Company.  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 415 of the Third Amended Complaint is shown at Reel/Frame No. 038161/0251, and therefore deny the same. Defendants deny any remaining allegations in Paragraph 415 of the Third Amended Complaint.

416.    The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 416, Defendants deny the allegations in Paragraph 416 of the Third Amended Complaint as an incomplete description of the contents of the patent.

417.    The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 417, Defendants admit that Paragraph 417 of the Third Amended Complaint appears to show Figures 5 and 8 of the '737 patent.  Defendants deny any remaining allegations in Paragraph 417 of the Third Amended Complaint.

418.    Defendants deny the allegations in Paragraph 418 of the Third Amended Complaint.

419.   Defendants deny the allegations in Paragraph 419 of the Third Amended Complaint.

## TRADE SECRET "P"

420.   Paragraph 420 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 420 contains factual allegations to which a response is required, Defendants deny the factual allegations.

421.   Paragraph 421 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 421 contains factual allegations to which a response is required, Defendants deny the factual allegations.

422.   Paragraph 422 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 422 contains factual allegations to which a response is required, Defendants deny the factual allegations.

423.   Paragraph 423 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 423 contains factual allegations to which a response is required, Defendants deny the factual allegations.

424.   Paragraph 424 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 424 contains factual allegations to which a response is required, Defendants deny the factual allegations.

425.   Paragraph 425 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 425 contains factual allegations to which a response is required, Defendants deny the factual allegations.

426.   Paragraph 426 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 426 contains factual allegations to which a response is required, Defendants deny the factual allegations.

427.   Paragraph 427 of the Third Amended Complaint does not contain any factual allegations to which a response is required.   To the extent that Paragraph 427 contains factual allegations to which a response is required, Defendants deny the factual allegations.

428.   Paragraph 428 of the Third Amended Complaint does not contain any factual allegations to which a response is required.   To the extent that Paragraph 428 contains factual allegations to which a response is required, Defendants deny the factual allegations.

429.   Paragraph 429 of the Third Amended Complaint does not contain any factual allegations to which a response is required.   To the extent that Paragraph 429 contains factual allegations to which a response is required, Defendants deny the factual allegations.

430.   Paragraph 430 of the Third Amended Complaint does not contain any factual allegations to which a response is required.   To the extent that Paragraph 430 contains factual allegations to which a response is required, Defendants deny the factual allegations.

431.   Paragraph 431 of the Third Amended Complaint does not contain any factual allegations to which a response is required.   To the extent that Paragraph 431 contains factual allegations to which a response is required, Defendants deny the factual allegations.

### TRADE SECRET "Q"

432.   Defendants admit that Ex. 29 describes Spectrum's alleged "Trade Secret Q" and that Spectrum is bound by the description of Trade Secret Q in the column of Ex. 29 labeled "TITLE/DESCRIPTION."   Defendants deny that Trade Secret Q is or ever was a trade secret. Defendants deny any remaining allegations in Paragraph 432 of the Third Amended Complaint.

433.   Defendants deny that "Trade Secret Q" is or ever was a trade secret.   Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 433 of the Third Amended Complaint, and therefore deny the same.

434.    Defendants deny that "Trade Secret Q" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 434 of the Third Amended Complaint, and therefore deny the same.

435.    Defendants deny the allegations in Paragraph 435 of the Third Amended Complaint.

436.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 436 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed those allegations.  To the extent that a response is required to any of the allegations in Paragraph 436, Defendants deny the allegations in Paragraph 436 of the Third Amended Complaint.

437.    Defendants deny that, with the "first GE Dedicated CZT cardiac system," they used a very expensive and inefficient water-cooling system that caused many problems.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 437 of the Third Amended Complaint, and therefore deny the same.

438.    The referenced documents speak for themselves, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the documents.  To the extent that a response is required to any of the allegations in Paragraph 438, Defendants deny the allegations in Paragraph 438 of the Third Amended Complaint.

439.    Defendants deny that "Trade Secret Q" is or ever was a trade secret.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 439 of the Third Amended Complaint, and therefore deny the same.

440.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 440 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 440, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret Q by including Plaintiff's invention in the patent application for the '489 patent filed on September 15, 2014, published on March 17, 2016 and issued on January 24, 2017.  Defendants admit that Hefetz, Gil Kovalski, and Bouhnik are the named inventors who assigned the '489 patent to General Electric Company.  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 440 of the Third Amended Complaint is shown at Reel/Frame No. 033862/0616, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 440 of the Third Amended Complaint.

441.    The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required, Defendants deny the allegations in Paragraph 441 of the Third Amended Complaint as an incomplete description of the contents of the patent.

442.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 442 of the Third Amended Complaint contains allegations against Hefetz

alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 442, Defendants deny that they, and/or one or more of their predecessors, by and through the GE diligence personnel and Hefetz misappropriated, impermissibly disclosed and/or misused Trade Secret Q by including Plaintiff's invention in the patent application for the '490 patent filed on March 27, 2015.  Defendants admit that Roee Khen, Hefetz, and Bouhnik are the named inventors who assigned the '490 patent to General Electric Company.  Defendants lack sufficient knowledge or information to admit or deny that information alleged in Paragraph 442 of the Third Amended Complaint is shown at Reel/Frame No. 035449/0148, and therefore deny the same.  Defendants deny any remaining allegations in Paragraph 442 of the Third Amended Complaint.

443.     The referenced patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the allegations in Paragraph 443, Defendants deny the allegations in Paragraph 443 of the Third Amended Complaint as an incomplete description of the contents of the patent.

444.     Defendants deny the allegations in Paragraph 444 of the Third Amended Complaint.

445.     Defendants deny the allegations in Paragraph 445 of the Third Amended Complaint.

446.     Defendants deny the allegations in Paragraph 446 of the Third Amended Complaint.

**MISAPPROPRIATION/FRAUD BY
GE BY FILING PATENTS DIRECTED TO SPECTRUM INVENTIONS AND NAMING
YARON HEFETZ AND GE PERSONNEL AS INVENTORS**

447.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and

allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. Because Paragraph 447 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed Paragraph 447 of the Third Amended Complaint *in toto*. To the extent that a response is required to any of the allegations in Paragraph 447, Defendants deny the allegations in Paragraph 447 of the Third Amended Complaint.

448.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. To the extent that Paragraph 448 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations. To the extent that a response is required to any of the allegations in Paragraph 448, Defendants deny the allegations in Paragraph 448 of the Third Amended Complaint.

449.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. Because Paragraph 449 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed Paragraph 449 of the Third Amended Complaint *in toto*. To the extent that a response is required to any of the allegations in Paragraph 449, Defendants deny the allegations in Paragraph 449 of the Third Amended Complaint.

450.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and

allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 450 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 450, Defendants deny the allegations in Paragraph 450 of the Third Amended Complaint.

451.    Defendants admit that the declarations referenced in Paragraph 450 of the Third Amended Complaint were sent to the Small Patent Law Firm in St. Louis, Missouri.  Defendants also admit that the Small Patent Law Firm filed the patent applications referenced in Paragraph 450 of the Third Amended Complaint with the United States Patent and Trademark Office in Alexandria, Virginia.  Defendants deny the remaining allegations in Paragraph 451 of the Third Amended Complaint.

452.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 452 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 452, Defendants deny the allegations in Paragraph 452 of the Third Amended Complaint.

453.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. Because Paragraph 453 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed Paragraph

453 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 453, Defendants deny the allegations in Paragraph 453 of the Third Amended Complaint.

454.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. Because Paragraph 454 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed Paragraph 454 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 454, Defendants deny the allegations in Paragraph 454 of the Third Amended Complaint.

455.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 452 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 452, whether certain individuals are "subject to 37 CFR §§1.56, 1.98 and 1.99" is a legal conclusion to which no response is required.  To the extent that such assertions contain factual allegations to which a response is required, Defendants deny the factual allegations.  Defendants deny any remaining allegations in Paragraph 455 of the Third Amended Complaint.

456.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and

allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. To the extent that Paragraph 456 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations. To the extent that a response is required to any of the allegations in Paragraph 456, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 456 of the Third Amended Complaint because the phrase "any of the above" is vague and ambiguous. Therefore, Defendants deny the allegations in Paragraph 456 of the Third Amended Complaint.

457.    Defendants deny the allegations in Paragraph 457 of the Third Amended Complaint.

458.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. Because Paragraph 458 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed Paragraph 458 of the Third Amended Complaint *in toto*. To the extent that a response is required to any of the allegations in Paragraph 458, Defendants deny the allegations in Paragraph 458 of the Third Amended Complaint.

## MISAPPROPRIATION/FRAUD BY BOUHNIK, STEINFELD, ESHCO AND GE BY FILING ITS PATENTS

459.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case. Because Paragraph 459 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and

Hermony alone and not against any remaining Defendants, the Stipulation dismissed Paragraph 459 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 459, Defendants admit that Bouhnik, Steinfeld, Eshco, and Hermony were all personnel of one or more of the Defendants, and/or one or more of their predecessors, and that each attended in-person meetings with an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited."  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 459 of the Third Amended Complaint because the term "GE diligence personnel" is vague and ambiguous.  Therefore, Defendants deny the remaining allegations in Paragraph 459 of the Third Amended Complaint.

460.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  Because Paragraph 460 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed Paragraph 460 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 460, Defendants admit that Bouhnik, Steinfeld, Eshco, and Hermony had access to certain information from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" under the non-disclosure and non-provisions of the 2009 Agreement. Defendants lack sufficient knowledge or information to admit or deny whether Bouhnik, Steinfeld, Eshco, and Hermony are GE diligence personnel because the term "GE diligence personnel" is vague and ambiguous.  Therefore, Defendants deny the remaining allegations in Paragraph 460 of the Third Amended Complaint.

461.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  Because Paragraph 461 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed Paragraph 461 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 461, Defendants deny the allegations in Paragraph 461 of the Third Amended Complaint.

462.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  In addition, pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  Because Paragraph 462 of the Third Amended Complaint contains allegations against Hefetz, Bouhnik, Steinfeld, and Eshco alone and not against any remaining Defendants, the Court's orders dismissed Paragraph 462 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 462, Defendants admit that Bouhnik, Steinfeld, Eshco, and Hefetz are the inventors of at least some of the patents listed in Paragraph 462 of the Third Amended Complaint. Defendants deny that any patents belonging to Defendants, and/or one or more of their predecessors, are or ever were "misappropriated" and deny any remaining allegations in Paragraph 462 of the Third Amended Complaint.

463.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  In addition, pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  Because Paragraph 463 of the Third Amended Complaint contains allegations against Hefetz, Bouhnik, Steinfeld, and Eshco alone and not against any remaining Defendants, the Court's orders dismissed Paragraph 463 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 463, Defendants deny the allegations in Paragraph 463 of the Third Amended Complaint.

464.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  In addition, pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  Because Paragraph 464 of the Third Amended Complaint contains allegations against Hefetz, Bouhnik, Steinfeld, and Eshco alone and not against any remaining Defendants, the Court's orders dismissed Paragraph 464 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 464, whether certain individuals are "subject to 37 CFR §§ 1.56, 1.98 and 1.99" is a legal conclusion to which no response is required.  To the extent that such assertions

contain factual allegations to which a response is required, Defendants deny the factual allegations. Defendants deny the remaining allegations in Paragraph 464 of the Third Amended Complaint.

465.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  In addition, pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 465 of the Third Amended Complaint contains allegations against Hefetz, Bouhnik, Steinfeld, and Eshco alone and not against any remaining Defendants, the Court's orders dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 465, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 465 of the Third Amended Complaint because the phrase "any of the above" is vague and ambiguous.  Therefore, Defendants deny the allegations in Paragraph 465 of the Third Amended Complaint.

466.    Defendants deny the allegations in Paragraph 466 of the Third Amended Complaint.

**MISAPPROPRIATION/FRAUD BY NATHAN HERMONY**

467.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  Because Paragraph 467 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed Paragraph 467 of the Third Amended Complaint

*in toto*.  To the extent that a response is required to any of the allegations in Paragraph 467, Defendants deny the allegations in Paragraph 467 of the Third Amended Complaint.

468.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  Because Paragraph 468 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed Paragraph 468 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 468, Defendants admit the allegations in Paragraph 468 of the Third Amended Complaint.

469.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  Because Paragraph 469 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed Paragraph 469 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 469, Defendants admit that Hermony was present at meetings at the facilities of an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited."   Defendants deny the remaining allegations in Paragraph 469 of the Third Amended Complaint.

470.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  Because Paragraph 470 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed Paragraph 470 of the Third Amended Complaint

*in toto*.  To the extent that a response is required to any of the allegations in Paragraph 470, Defendants deny the allegations in Paragraph 470 of the Third Amended Complaint.

471.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  Because Paragraph 471 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed Paragraph 471 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 471, Defendants deny the allegations in Paragraph 471 of the Third Amended Complaint.

472.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  Because Paragraph 472 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed Paragraph 472 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 472, Defendants deny the allegations in Paragraph 472 of the Third Amended Complaint.

473.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 473 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 473, Defendants lack sufficient

knowledge or information to admit or deny the allegations in Paragraph 473 of the Third Amended Complaint, and therefore deny the same.

474.    Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  Because Paragraph 474 of the Third Amended Complaint contains allegations against Hermony alone and not against any remaining Defendants, the Stipulation dismissed Paragraph 474 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 474, Defendants deny the allegations in Paragraph 474 of the Third Amended Complaint.

## DAMAGE TO SPECTRUM

475.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 475 of the Third Amended Complaint, and therefore deny the same.

476.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 476 of the Third Amended Complaint, and therefore deny the same.

477.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 477 of the Third Amended Complaint, and therefore deny the same.

478.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 478 of the Third Amended Complaint, and therefore deny the same.

479.    Defendants deny the allegations in Paragraph 479 of the Third Amended Complaint.

480.    Defendants deny the allegations in Paragraph 480 of the Third Amended Complaint.

481.    Defendants admit that individuals from one or more of the Defendants, and/or one or more of their predecessors, has discussed the Accused GE Device with certain individuals in

the industry.  Defendants deny the remaining allegations in Paragraph 481 of the Third Amended Complaint.

482.   Defendants deny the allegations in Paragraph 482 of the Third Amended Complaint.

483.   Defendants admit the allegations in Paragraph 483 of the Third Amended Complaint.

484.   Defendants deny the allegations in Paragraph 484 of the Third Amended Complaint.

485.   Defendants deny the allegations in Paragraph 485 of the Third Amended Complaint.

486.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 486 of the Third Amended Complaint, and therefore deny the same.

487.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 487 of the Third Amended Complaint, and therefore deny the same.

488.   Defendants deny the allegations in Paragraph 488 of the Third Amended Complaint.

489.   Defendants deny the allegations in Paragraph 489 of the Third Amended Complaint.

## COUNT ONE - BREACH OF CONTRACT[2]
### (All Defendants)

---

[2] On June 3, 2020, the Court dismissed Spectrum's Count One for Breach of Contract "with respect to Trade Secrets E, G, I, J, and N for claims arising after November 13, 2013."  (Doc. 73 at 42.) Based on communications with Spectrum, Defendants understand that Spectrum is not attempting to replead the dismissed portion of Count One in Spectrum's Third Amended Complaint.

490. Defendants repeat their responses to the allegations made in Paragraphs 1 through 489 of the Third Amended Complaint as if fully rewritten here.

491. Paragraph 491 of the Third Amended Complaint contains only legal conclusions and no factual allegations that require a response. To the extent that Paragraph 491 contains factual allegations, Defendants deny them.

492. Whether the 2009 Agreement is a valid, binding, and enforceable contract is a legal conclusion for which no response is required. To the extent that a response is required to any of the allegations in Paragraph 492, Defendants deny this allegation. To the extent that Paragraph 492 of the Third Amended Complaint purports to quote or summarize the 2009 Agreement, that agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement. To the extent that a response is required to any of the allegations in Paragraph 492, Defendants deny such allegations as an incomplete and inaccurate summary of the contents of the agreement. Defendants deny any remaining allegations in Paragraph 492 of the Third Amended Complaint.

493. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 493 of the Third Amended Complaint, and therefore deny the same.

494. Paragraph 494 of the Third Amended Complaint contains only legal conclusions and no factual allegations that require a response. To the extent that Paragraph 494 contains factual allegations, Defendants deny them.

495. Defendants deny that the "Spectrum Trade Secrets" are or ever were trade secrets. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 495 of the Third Amended Complaint, and therefore deny the same.

496.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 496 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 496, Defendants admit that, pursuant to the 2009 Agreement, individuals from one or more of the Defendants, and/or one or more of their predecessors, and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" disclosed information to each other for the purpose of evaluating a possible relationship between the companies.  To the extent that Paragraph 496 of the Third Amended Complaint purports to quote or summarize the 2009 Agreement, that agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required, Defendants deny such allegations as an incomplete and inaccurate summary of the contents of the agreement. Defendants deny the remaining allegations in Paragraph 496 of the Third Amended Complaint.

497.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 497 of the Third Amended Complaint, and therefore deny the same.

498.     The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required to any of the allegations in Paragraph 498, Defendants deny the allegations in Paragraph 498 of the Third Amended Complaint as an incomplete summary of the contents of the agreement.

499.     Defendants admit that, pursuant to the 2009 Agreement, individuals from one or more of the Defendants and individuals purportedly from an entity referred to in the 2009

Agreement as "Spectrum Dynamics Limited" disclosed information to each other for the purpose of evaluating a possible acquisition or business relationship. Defendants deny the remaining allegations in Paragraph 499 of the Third Amended Complaint.

500. Pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case. To the extent that Paragraph 500 of the Third Amended Complaint contains allegations against Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Stipulation dismissed such allegations. To the extent that a response is required to any of the allegations in Paragraph 500, Defendants admit that Bouhnik, Steinfeld, Eshco, and Hermony had access to certain information from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" under the non-disclosure and non-provisions of the 2009 Agreement. Defendants lack sufficient knowledge or information to admit or deny whether Bouhnik, Steinfeld, Eshco, and Hermony are GE diligence personnel because the term "GE diligence personnel" is vague and ambiguous. With regard to the remaining allegations in Paragraph 500 of the Third Amended Complaint, the 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement. To the extent that a response is required to any of the remaining allegations in Paragraph 500, Defendants deny the remaining allegations in Paragraph 500 of the Third Amended Complaint as an incomplete and inaccurate summary of the contents of the agreement.

501. Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. To

the extent that Paragraph 501 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 501, Defendants deny the allegations in Paragraph 501 of the Third Amended Complaint.

502.    Defendants deny the remaining allegations in Paragraph 502 of the Third Amended Complaint.

503.    Defendants deny the remaining allegations in Paragraph 503 of the Third Amended Complaint.

504.    Defendants deny the allegations in Paragraph 504 of the Third Amended Complaint.

505.    Defendants deny the allegations in Paragraph 505 of the Third Amended Complaint.

506.    Defendants deny the allegations in Paragraph 506 of the Third Amended Complaint.

507.    Defendants deny the allegations in Paragraph 507 of the Third Amended Complaint.

508.    Defendants deny the allegations in Paragraph 508 of the Third Amended Complaint.

## COUNT TWO - MISAPPROPRIATION OF TRADE SECRET
### (All Defendants)[3]

---

[3] On June 3, 2020, the Court dismissed Spectrum's Count Two for Misappropriation of Trade Secrets "with respect to Trade Secrets E, G, I, J, and N for claims arising after November 13, 2013." (Doc. 73 at 42.)  Based on communications with Spectrum, Defendants understand that Spectrum is not attempting to replead the dismissed portion of Count Two in Spectrum's Third Amended Complaint.

509.    Defendants repeat their responses to the allegations made in Paragraphs 1 through 508 of the Third Amended Complaint as if fully rewritten here.

510.    Paragraph 510 of the Third Amended Complaint contains only legal conclusions and no factual allegations that require a response.  To the extent that Paragraph 510 contains factual allegations, Defendants deny them.

511.    Defendants deny the allegations in Paragraph 511 of the Third Amended Complaint.

512.    Defendants deny the allegations in Paragraph 512 of the Third Amended Complaint.

513.    Defendants deny the allegations in Paragraph 513 of the Third Amended Complaint.

514.    Defendants admit that, between 2009 and 2012, individuals from one or more of the Defendants, and/or one or more of their predecessors, and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" disclosed certain information to each other subject to the confidentiality and non-use provisions of the 2009 Agreement.  Defendants deny that the "Spectrum Trade Secrets" are or ever were trade secrets and deny the remaining allegations in Paragraph 514 of the Third Amended Complaint.

515.    Defendants deny the allegations in Paragraph 515 of the Third Amended Complaint.

516.    The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the 2009 Agreement.  To the extent that a response is required to any of the allegations in Paragraph 516, Defendants deny the allegations in Paragraph

516 of the Third Amended Complaint as an incomplete and inaccurate summary of the contents of the 2009 Agreement.

517.    Defendants deny the allegations in Paragraph 517 of the Third Amended Complaint.

518.    Defendants deny the allegations in Paragraph 518 of the Third Amended Complaint.

519.    Defendants deny the allegations in Paragraph 519 of the Third Amended Complaint.

520.    Defendants deny the allegations in Paragraph 520 of the Third Amended Complaint.

521.    Defendants deny the allegations in Paragraph 521 of the Third Amended Complaint.

**COUNT THREE-MISAPPROPRIATION OF TRADE SECRETS UNDER DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836, et seq.) (All Defendants)**

522.    Defendants repeat their responses to the allegations made in Paragraphs 1 through 521 of the Third Amended Complaint as if fully rewritten here.

523.    Paragraph 523 of the Third Amended Complaint contains only legal conclusions and no factual allegations that require a response.  To the extent that Paragraph 523 contains factual allegations, Defendants deny them.

524.    Defendants deny the allegations in Paragraph 524 of the Third Amended Complaint.

525.    Defendants deny the allegations in Paragraph 525 of the Third Amended Complaint.

526.     Defendants deny the allegations in Paragraph 526 of the Third Amended Complaint.

527.     Defendants admit that, between 2009 and 2012, individuals from one or more of the Defendants, and/or one or more of their predecessors, and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" disclosed certain information to each other subject to the confidentiality and non-use provisions of the 2009 Agreement.  Defendants deny that the "Spectrum Trade Secrets" are or ever were trade secrets and deny the remaining allegations in Paragraph 527 of the Third Amended Complaint.

528.     Defendants deny the allegations in Paragraph 528 of the Third Amended Complaint.

529.     The 2009 Agreement speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the agreement.  To the extent that a response is required to any of the allegations in Paragraph 529, Defendants deny the allegations in Paragraph 529 of the Third Amended Complaint as an incomplete and inaccurate summary of the contents of the agreement.

530.     Defendants deny the allegations in Paragraph 530 of the Third Amended Complaint.

531.     Defendants deny the allegations in Paragraph 531 of the Third Amended Complaint.

532.     Defendants deny the allegations in Paragraph 532 of the Third Amended Complaint.

533.     Defendants deny the allegations in Paragraph 533 of the Third Amended Complaint.

534.     Defendants deny the allegations in Paragraph 534 of the Third Amended Complaint.

## COUNT FOUR - MISAPPROPRIATION OF IDEAS
### (All Defendants)

535.     Defendants repeat their responses to the allegations made in Paragraphs 1 through 534 of the Third Amended Complaint as if fully rewritten here.

536.     Paragraph 536 of the Third Amended Complaint contains only legal conclusions and no factual allegations that require a response.  To the extent that Paragraph 536 contains factual allegations, Defendants deny them.

537.     Paragraph 537 of the Third Amended Complaint contains only legal conclusions and no factual allegations that require a response.  To the extent that Paragraph 537 contains factual allegations, Defendants deny them.

538.     Defendants deny the allegations in Paragraph 538 of the Third Amended Complaint.

539.     Defendants deny the allegations in Paragraph 539 of the Third Amended Complaint.

540.     Defendants deny the allegations in Paragraph 540 of the Third Amended Complaint.

541.     Defendants admit that claim 1 of Precision Healthcare's '439 patent is novel. Defendants deny that any feature described in claim 1 was invented by Spectrum.  Precision Healthcare's '439 patent speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the patent.  To the extent that a response is required to any of the remaining allegations in Paragraph 541, Defendants deny the remaining allegations in Paragraph 541 of the Third Amended Complaint as an incomplete summary of the contents of the patent.

542.    Defendants deny the allegations in Paragraph 542 of the Third Amended Complaint.

543.    Defendants deny the allegations in Paragraph 543 of the Third Amended Complaint.

544.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. Because Paragraph 544 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed Paragraph 544 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 544, Defendants deny the allegations in Paragraph 544 of the Third Amended Complaint.

545.    Defendants deny the allegations in Paragraph 545 of the Third Amended Complaint.

546.    Defendants deny the allegations in Paragraph 546 of the Third Amended Complaint.

547.    Defendants deny the allegations in Paragraph 547 of the Third Amended Complaint.

548.    Defendants deny the allegations in Paragraph 548 of the Third Amended Complaint.

## <u>COUNT FIVE - UNFAIR COMPETITION</u>
### <u>(All Defendants)</u>

549.    Defendants repeat their responses to the allegations made in Paragraphs 1 through 548 of the Third Amended Complaint as if fully rewritten here.

550.     Paragraph 550 of the Third Amended Complaint contains only legal conclusions and no factual allegations that require a response.  To the extent that Paragraph 550 contains factual allegations, Defendants deny them.

551.     Defendants admit that individuals from one or more of the Defendants, and/or one or more of their predecessors, obtained certain information from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" under the 2009 Agreement.  Defendants deny the remaining allegations in Paragraph 551 of the Third Amended Complaint.

552.     Defendants deny the allegations in Paragraph 552 of the Third Amended Complaint.

553.     Defendants deny the allegations in Paragraph 553 of the Third Amended Complaint.

554.     Defendants deny the allegations in Paragraph 554 of the Third Amended Complaint.

555.     Defendants deny the allegations in Paragraph 555 of the Third Amended Complaint.

556.     Defendants deny the allegations in Paragraph 556 of the Third Amended Complaint.

557.     Defendants deny the allegations in Paragraph 557 of the Third Amended Complaint.

558.     Defendants deny the allegations in Paragraph 558 of the Third Amended Complaint.

559.     Defendants deny the allegations in Paragraph 559 of the Third Amended Complaint.

## COUNT SIX - [RESERVED]

560.     Paragraph 560 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 560 contains factual allegations to which a response is required, Defendants deny the factual allegations.

561.     Paragraph 561 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 561 contains factual allegations to which a response is required, Defendants deny the factual allegations.

562.     Paragraph 562 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 562 contains factual allegations to which a response is required, Defendants deny the factual allegations.

563.     Paragraph 563 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 563 contains factual allegations to which a response is required, Defendants deny the factual allegations.

564.     Paragraph 564 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 564 contains factual allegations to which a response is required, Defendants deny the factual allegations.

565.     Paragraph 565 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 565 contains factual allegations to which a response is required, Defendants deny the factual allegations.

566.     Paragraph 566 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 566 contains factual allegations to which a response is required, Defendants deny the factual allegations.

567.    Paragraph 567 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 567 contains factual allegations to which a response is required, Defendants deny the factual allegations.

## COUNT SEVEN - [RESERVED]

568.    Paragraph 568 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 568 contains factual allegations to which a response is required, Defendants deny the factual allegations.

569.    Paragraph 569 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 569 contains factual allegations to which a response is required, Defendants deny the factual allegations.

570.    Paragraph 570 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 570 contains factual allegations to which a response is required, Defendants deny the factual allegations.

571.    Paragraph 571 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 571 contains factual allegations to which a response is required, Defendants deny the factual allegations.

572.    Paragraph 572 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 572 contains factual allegations to which a response is required, Defendants deny the factual allegations.

573.    Paragraph 573 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 573 contains factual allegations to which a response is required, Defendants deny the factual allegations.

574.     Paragraph 574 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 574 contains factual allegations to which a response is required, Defendants deny the factual allegations.

575.     Paragraph 575 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 575 contains factual allegations to which a response is required, Defendants deny the factual allegations.

576.     Paragraph 576 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 576 contains factual allegations to which a response is required, Defendants deny the factual allegations.

577.     Paragraph 577 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 577 contains factual allegations to which a response is required, Defendants deny the factual allegations.

578.     Paragraph 578 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 578 contains factual allegations to which a response is required, Defendants deny the factual allegations.

579.     Paragraph 579 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 579 contains factual allegations to which a response is required, Defendants deny the factual allegations.

580.     Paragraph 580 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 580 contains factual allegations to which a response is required, Defendants deny the factual allegations.

## COUNT EIGHT - [RESERVED]

581.     Paragraph 581 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 581 contains factual allegations to which a response is required, Defendants deny the factual allegations.

582.     Paragraph 582 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 582 contains factual allegations to which a response is required, Defendants deny the factual allegations.

583.     Paragraph 583 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 583 contains factual allegations to which a response is required, Defendants deny the factual allegations.

584.     Paragraph 584 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 584 contains factual allegations to which a response is required, Defendants deny the factual allegations.

585.     Paragraph 585 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 585 contains factual allegations to which a response is required, Defendants deny the factual allegations.

586.     Paragraph 586 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 586 contains factual allegations to which a response is required, Defendants deny the factual allegations.

587.     Paragraph 587 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 587 contains factual allegations to which a response is required, Defendants deny the factual allegations.

588.    Paragraph 588 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 588 contains factual allegations to which a response is required, Defendants deny the factual allegations.

589.    Paragraph 589 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 589 contains factual allegations to which a response is required, Defendants deny the factual allegations.

590.    Paragraph 590 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 590 contains factual allegations to which a response is required, Defendants deny the factual allegations.

591.    Paragraph 591 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 591 contains factual allegations to which a response is required, Defendants deny the factual allegations.

592.    Paragraph 592 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 592 contains factual allegations to which a response is required, Defendants deny the factual allegations.

593.    Paragraph 593 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 593 contains factual allegations to which a response is required, Defendants deny the factual allegations.

594.    Paragraph 594 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 594 contains factual allegations to which a response is required, Defendants deny the factual allegations.

595.    Paragraph 595 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 595 contains factual allegations to which a response is required, Defendants deny the factual allegations.

596.    Paragraph 596 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 596 contains factual allegations to which a response is required, Defendants deny the factual allegations.

597.    Paragraph 597 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 597 contains factual allegations to which a response is required, Defendants deny the factual allegations.

598.    Paragraph 598 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 598 contains factual allegations to which a response is required, Defendants deny the factual allegations.

## COUNT NINE - [RESERVED]

599.    Paragraph 599 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 599 contains factual allegations to which a response is required, Defendants deny the factual allegations.

600.    Paragraph 600 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 600 contains factual allegations to which a response is required, Defendants deny the factual allegations.

601.    Paragraph 601 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 601 contains factual allegations to which a response is required, Defendants deny the factual allegations.

602.     Paragraph 602 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 602 contains factual allegations to which a response is required, Defendants deny the factual allegations.

603.     Paragraph 603 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 603 contains factual allegations to which a response is required, Defendants deny the factual allegations.

604.     Paragraph 604 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 604 contains factual allegations to which a response is required, Defendants deny the factual allegations.

605.     Paragraph 605 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 605 contains factual allegations to which a response is required, Defendants deny the factual allegations.

606.     Paragraph 606 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 606 contains factual allegations to which a response is required, Defendants deny the factual allegations.

607.     Paragraph 607 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 607 contains factual allegations to which a response is required, Defendants deny the factual allegations.

608.     Paragraph 608 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 608 contains factual allegations to which a response is required, Defendants deny the factual allegations.

609.    Paragraph 609 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 609 contains factual allegations to which a response is required, Defendants deny the factual allegations.

610.    Paragraph 610 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 610 contains factual allegations to which a response is required, Defendants deny the factual allegations.

## COUNT TEN - [RESERVED]

611.    Paragraph 611 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 611 contains factual allegations to which a response is required, Defendants deny the factual allegations.

612.    Paragraph 612 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 612 contains factual allegations to which a response is required, Defendants deny the factual allegations.

613.    Paragraph 613 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 613 contains factual allegations to which a response is required, Defendants deny the factual allegations.

614.    Paragraph 614 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 614 contains factual allegations to which a response is required, Defendants deny the factual allegations.

615.    Paragraph 615 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 615 contains factual allegations to which a response is required, Defendants deny the factual allegations.

616.     Paragraph 616 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 616 contains factual allegations to which a response is required, Defendants deny the factual allegations.

617.     Paragraph 617 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 617 contains factual allegations to which a response is required, Defendants deny the factual allegations.

618.     Paragraph 618 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 618 contains factual allegations to which a response is required, Defendants deny the factual allegations.

## COUNT ELEVEN - [RESERVED]

619.     Paragraph 619 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 619 contains factual allegations to which a response is required, Defendants deny the factual allegations.

620.     Paragraph 620 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 620 contains factual allegations to which a response is required, Defendants deny the factual allegations.

621.     Paragraph 621 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 621 contains factual allegations to which a response is required, Defendants deny the factual allegations.

622.     Paragraph 622 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 622 contains factual allegations to which a response is required, Defendants deny the factual allegations.

623.     Paragraph 623 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 623 contains factual allegations to which a response is required, Defendants deny the factual allegations.

624.     Paragraph 624 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 624 contains factual allegations to which a response is required, Defendants deny the factual allegations.

625.     Paragraph 625 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 625 contains factual allegations to which a response is required, Defendants deny the factual allegations.

626.     Paragraph 626 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 626 contains factual allegations to which a response is required, Defendants deny the factual allegations.

627.     Paragraph 627 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 627 contains factual allegations to which a response is required, Defendants deny the factual allegations.

628.     Paragraph 628 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 628 contains factual allegations to which a response is required, Defendants deny the factual allegations.

629.     Paragraph 629 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 629 contains factual allegations to which a response is required, Defendants deny the factual allegations.

630.    Paragraph 630 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 630 contains factual allegations to which a response is required, Defendants deny the factual allegations.

### COUNT TWELVE - [RESERVED]

631.    Paragraph 631 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 631 contains factual allegations to which a response is required, Defendants deny the factual allegations.

632.    Paragraph 632 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 632 contains factual allegations to which a response is required, Defendants deny the factual allegations.

633.    Paragraph 633 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 633 contains factual allegations to which a response is required, Defendants deny the factual allegations.

634.    Paragraph 634 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 634 contains factual allegations to which a response is required, Defendants deny the factual allegations.

635.    Paragraph 635 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 635 contains factual allegations to which a response is required, Defendants deny the factual allegations.

636.    Paragraph 636 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 636 contains factual allegations to which a response is required, Defendants deny the factual allegations.

637.    Paragraph 637 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 637 contains factual allegations to which a response is required, Defendants deny the factual allegations.

638.    Paragraph 638 of the Third Amended Complaint does not contain any factual allegations to which a response is required.  To the extent that Paragraph 638 contains factual allegations to which a response is required, Defendants deny the factual allegations.

### COUNT THIRTEEN - FRAUD ON THE UNITED STATES PATENT AND TRADEMARK OFFICE
#### (All Defendants)

639.    Defendants repeat their responses to the allegations made in Paragraph 1 through 638 of the Third Amended Complaint as if fully rewritten here.

640.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 640 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 640, Defendants deny the allegations in Paragraph 640 of the Third Amended Complaint.

641.    Defendants admit that at least some individuals from Defendants, and/or one or more of their predecessors, received information from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" during negotiations between 2009 and 2012.  Defendants deny the remaining allegations in Paragraph 641 of the Third Amended Complaint.

642.    Defendants deny the allegations in Paragraph 642 of the Third Amended Complaint.

643.     Defendants admit that, pursuant to the 2009 Agreement, individuals from one or more of the Defendants, and/or one or more of their predecessors, and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" disclosed certain information to each other.  Defendants deny the remaining allegations in Paragraph 643 of the Third Amended Complaint.

644.     Defendants admit that individuals from one or more of the Defendants, and/or one or more of their predecessors, visited the premises of an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" in connection with due diligence in June 2010 and/or January 2012.  Defendants deny the remaining allegations in Paragraph 644 of the Third Amended Complaint.

645.     Defendants admit that, during the period of 2009 to 2012, individuals from one or more of the Defendants, and/or one or more of their predecessors, were given access to and did in fact access a data room containing certain information from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited."  The information in the data room related primarily to existing D-SPECT cardiac technology and not to the design and development of a next generation device.  Defendants deny the remaining allegations in Paragraph 645 of the Third Amended Complaint.

646.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 646 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such

allegations.  To the extent that a response is required to any of the allegations in Paragraph 646, Defendants deny the allegations in Paragraph 646 of the Third Amended Complaint.

647.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 647 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 647, Defendants deny the allegations in Paragraph 647 of the Third Amended Complaint.

648.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 648 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 648, Defendants admit that Hefetz was named as an inventor on some of the referenced patents, but deny that such patents were misappropriated and deny the remaining allegations in Paragraph 648 of the Third Amended Complaint.

649.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. Because Paragraph 649 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed Paragraph

649 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 649, Defendants deny the allegations in Paragraph 649 of the Third Amended Complaint.

650.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 650 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 650, Defendants admit that the Small Patent Law Firm filed the referenced patent applications with the USPTO, but deny the remaining allegations in Paragraph 650 of the Third Amended Complaint.

651.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  Because Paragraph 651 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed Paragraph 651 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 651, Defendants deny the allegations in Paragraph 651 of the Third Amended Complaint.

652.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  To the extent that Paragraph 652 of the Third Amended Complaint contains allegations against Hefetz

alone and not against any remaining Defendants, the Court's Opinion and Order dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 652, Defendants deny the allegations in Paragraph 652 of the Third Amended Complaint.

653.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case. Because Paragraph 653 of the Third Amended Complaint contains allegations against Hefetz alone and not against any remaining Defendants, the Court's Opinion and Order dismissed Paragraph 653 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 653, Defendants deny the allegations in Paragraph 653 of the Third Amended Complaint.

654.   Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  In addition, pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that Paragraph 654 of the Third Amended Complaint contains allegations against Hefetz, Bouhnik, Steinfeld, and Eshco alone and not against any remaining Defendants, the Court's orders dismissed such allegations.  To the extent that a response is required to any of the allegations in Paragraph 654, Defendants deny the allegations in Paragraph 654 of the Third Amended Complaint.

655.    Defendants admit that Spectrum has not named the Small Patent Law Firm as a defendant in this case.  Defendants deny the remaining allegations in Paragraph 655 of the Third Amended Complaint.

656.    Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.   In addition, pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  Because Paragraph 656 of the Third Amended Complaint contains allegations against Hefetz, Bouhnik, Steinfeld, and Eshco alone and not against any remaining Defendants, the Court's orders dismissed Paragraph 656 of the Third Amended Complaint *in toto*.  To the extent that a response is required to any of the allegations in Paragraph 656, Defendants deny the allegations in Paragraph 656 of the Third Amended Complaint.

657.    Defendants deny the allegations in Paragraph 657 of the Third Amended Complaint.

658.    Defendants deny the allegations in Paragraph 658 of the Third Amended Complaint.

659.    Defendants deny the allegations in Paragraph 659 of the Third Amended Complaint.

660.    Defendants admit that General Electric Company's counsel sent a letter to Spectrum, dated October 12, 2018.  The letter speaks for itself, and Defendants need not admit or deny Plaintiff's descriptions of the contents of the letter.  To the extent that a response is required

to any of the allegations in Paragraph 660, Defendants deny the allegations in Paragraph 660 of the Third Amended Complaint as an incomplete and inaccurate summary of the contents of the letter.

### COUNT FOURTEEN - CORRECTION OF INVENTORSHIP OF THE SECTION 256 GE PATENT(S) PURSUANT TO 35 U.S.C. § 256

#### (All Defendants)

661.    Defendants repeat their responses to the allegations made in Paragraphs 1 through 660 of the Third Amended Complaint as if fully rewritten here.

662.    Defendants admit the allegations in Paragraph 662 of the Third Amended Complaint.

663.    Defendants deny the allegations in Paragraph 663 of the Third Amended Complaint.

664.    Defendants deny the allegations in Paragraph 664 of the Third Amended Complaint.

665.    Defendants deny the allegations in Paragraph 665 of the Third Amended Complaint.

666.    Defendants admit that between 2009 and 2012 individuals from one or more of the Defendants, and/or one or more of their predecessors, and individuals purportedly from an entity referred to in the 2009 Agreement as "Spectrum Dynamics Limited" disclosed information to each other.  Defendants deny that the "Spectrum Trade Secrets" are or ever were trade secrets and deny the remaining allegations in Paragraph 666 of the Third Amended Complaint.

667.    Defendants deny the allegations in Paragraph 667 of the Third Amended Complaint.

668.    Defendants admit that Yoel Zilberstien and Nathaniel Roth were not named as inventors in the applications that issued as the Section 256 GE Patent(s).  Defendants deny the remaining allegations in Paragraph 668 of the Third Amended Complaint.

669.    Defendants admit that, during prosecution of General Electric Company patent applications, neither Yoel Zilberstien nor Nathaniel Roth were provided or given the opportunity to review the specification or claims in such patent applications.  Defendants also admit that, because Zilberstein and Roth are not co-inventors on any General Electric Company patent or application, they were not advised about the possibility of being co-inventors on such patent applications.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 669 of the Third Amended Complaint, and therefore deny the same.

670.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 670 of the Third Amended Complaint, and therefore deny the same.

671.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 671 of the Third Amended Complaint, and therefore deny the same.

672.    Defendants deny the allegations in Paragraph 672 of the Third Amended Complaint.

673.    Defendants deny the allegations in Paragraph 673 of the Third Amended Complaint.

674.    Defendants deny the allegations in Paragraph 674 of the Third Amended Complaint.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

675.    The Third Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

676.    The Third Amended Complaint is barred by the equitable doctrines of estoppel, laches, waiver, acquiescence, or unclean hands.

## THIRD DEFENSE

677.    The Third Amended Complaint is barred, in whole or in part, by the statute of limitations.

## FOURTH DEFENSE

678.    The Third Amended Complaint is preempted, in whole or in part, by federal patent law.

## FIFTH DEFENSE

679.    Plaintiff lacks standing to assert some or all of its claims.

## SIXTH DEFENSE

680.    Plaintiff has failed to mitigate its damages, if in fact there are any.

## SEVENTH DEFENSE

681.    Any award of punitive or exemplary damages in this case is unconstitutional under the Constitution of the United States of America.

## EIGHTH DEFENSE

682.    All conduct attributed to Defendants in the Third Amended Complaint was authorized by the terms of the 2009 Agreement and by applicable law.

## NINTH DEFENSE

683.    All actions taken by Defendants were reasonable, justified, privileged, and undertaken in good faith.

## TENTH DEFENSE

684.    Plaintiff has not suffered any damages attributable to, or caused by, Defendants.

## ELEVENTH DEFENSE

685.    Plaintiff's alleged injuries and damages (if any) were due to, and proximately caused by, in whole or in part, other events, conditions, instrumentalities, and/or acts or omissions of an individual or entity over whom or which Defendants exercised no control.

## TWELFTH DEFENSE

686.    The Third Amended Complaint is barred, in whole or in part, because Plaintiff's alleged trade secrets are not, and have never been, trade secrets.

## THIRTEENTH DEFENSE

687.    Plaintiff's claim for breach of contract is barred by Plaintiff's failure to satisfy conditions precedent.

## FOURTEENTH DEFENSE

688.    Plaintiff's claim for breach of contract is barred by a failure of consideration.

## FIFTEENTH DEFENSE

689.    Plaintiff's claims for misappropriation of trade secrets, misappropriation of ideas, and unfair competition are barred because they are redundant of Plaintiff's breach of contract claim.

## SIXTEENTH DEFENSE

690.    Defendants reserve the right to supplement or modify the defenses asserted herein.

**PRAYER FOR RELIEF**

691.     Pursuant to this Court's Opinion and Order, dated June 1, 2020, Document No. 73, and this Court's Opinion and Order, dated September 28, 2022, Document No. 531, all claims and allegations against Hefetz have been dismissed, and Hefetz is no longer a party to this case.  In addition, pursuant to a Stipulation of Dismissal executed by the Court, dated February 23, 2023, Document No. 633, all claims and allegations against Bouhnik, Steinfeld, Eshco, and Hermony have been dismissed, and they are no longer parties to this case.  To the extent that any of the Paragraphs a through t of the "Prayer for Relief" section of the Third Amended Complaint contains allegations against Hefetz, Bouhnik, Steinfeld, Eshco, and Hermony alone and not against any remaining Defendants, the Court's orders dismissed such allegations.  Regardless, Defendants deny that Plaintiff is entitled to any relief requested in any of Paragraphs a through t of the "Prayer for Relief" section of the Third Amended Complaint.  To the extent that any statement in the "Prayer for Relief" section of the Third Amended Complaint may be deemed to include any factual allegation(s) (whether explicit or implicit), Defendants hereby deny any such factual allegation(s) included therein.

Wherefore, Defendants pray that:

A.     This Court grant judgment in their favor and against Plaintiff;

B.     Plaintiff take nothing on its claims;

C.     This Court find this to be an exceptional case pursuant to 35 U.S.C. § 285 and award Defendants their reasonable attorneys' fees; and

D.     This Court grant Defendants all other and further relief that the Court deems just and proper.

## AMENDED COUNTERCLAIM

Defendant/Counterclaim-Plaintiff GE Precision Healthcare LLC ("Counterclaim-Plaintiff" or "Precision Healthcare") submits the following Counterclaim, that arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, for patent infringement by Plaintiff/Counterclaim-Defendant Spectrum Dynamics Medical Limited ("Counterclaim-Defendant" or "Spectrum"), alleging and averring a patent infringement claim as follows:

### PARTIES

1.      GE Precision Healthcare LLC is a corporation organized under the laws of the State of Delaware with its principal place of business at 3000 N Grandview Blvd Waukesha, WI, 53188-1615.

2.      Upon information and belief, Spectrum is a limited company organized under the laws of the British Virgin Islands having its principal offices at P.O. Box 957 Offshore Incorporations Centre Road Town, Tortola, British Virgin Islands.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this counterclaim arises under the federal patent statutes, 35 U.S.C. §§ 271 *et seq.*

4.      This Court has personal jurisdiction over Spectrum because, in filing its Complaint, First Amended Complaint, Second Amended Complaint, and Third Amended Complaint in this case, Spectrum has submitted to the personal jurisdiction of this Court.

5.      Additionally, this Court has personal jurisdiction over Spectrum in that Spectrum has regularly solicited and transacted business activities in this district, engaged in a persistent course of conducting business in this district, and derived substantial revenue from goods and services sold in this district.

6.     Venue in the Southern District of New York is proper pursuant to 28 U.S.C. §§ 1391(b)(3) and 1391(c)(3).

7.     Additionally, Spectrum has waived any challenge to venue by filing this action, including its claim for declaratory judgment, against Precision Healthcare in this Court.

## **PATENT IN SUIT**

8.     U.S. Patent No. 9,295,439 ("the '439 Patent") (attached as Exhibit A), entitled Weight Compensation of Radiation Detectors, was lawfully issued on March 29, 2016, naming General Electric Company as assignee.

9.     Via one or more assignments, the named inventor of the '439 Patent assigned to General Electric Company his entire respective rights, titles and interests in and to each invention claimed in the '439 Patent and General Electric Company thereafter transferred all respective rights, titles and interests in and to each invention claimed in the '439 Patent to Precision Healthcare such that Precision Healthcare owns all rights, title and interest in and to the inventions claimed in the '439 Patent and has standing to assert claims for infringement of the '439 Patent.

10.     The '439 Patent is generally related to, among other things, use of a weight compensation unit that is positioned within the gantry of an apparatus for capturing images and that applies a force on the movable section of a column attached to the gantry opposite to a force of gravity associated with the movable section. The inventions of the '439 Patent are set forth in its claims. *See* Exhibit A.

11.     [Reserved.]

12.     [Reserved.]

13.     [Reserved.]

**FACTUAL ALLEGATIONS**

14.     Counterclaim-Defendant Spectrum has made, used, offered to sell, and/or sold within the United States, and/or imported into the United States, its Veriton and Veriton-CT systems (collectively "Spectrum's Veriton"), pictured below:



**VERITON**                      **VERITON-CT**

15.     For example, upon information and belief, Spectrum's Veriton has been installed at Brigham and Women's Hospital in Boston, Massachusetts, and Spectrum has agreed to install Spectrum's Veriton at the Mayo Clinic in Rochester, Minnesota.

16.     On December 6, 2018, Spectrum filed a complaint in this Court, alleging that General Electric Company and others misappropriated Spectrum's trade secrets by filing patent applications that allegedly disclose and/or claim Spectrum trade secrets.

17.     The '439 Patent ("the Patent-in-Suit") is among the patents that Spectrum alleges disclose and/or claim Spectrum trade secrets ("Accused GE Patents").

18.     Spectrum also alleges that it developed and communicated its alleged trade secrets to Defendants beginning around 2009, and that this work culminated in Spectrum's Veriton.

19.     Defendants have denied misappropriating Spectrum's alleged trade secrets for many reasons, including (1) Spectrum's so-called trade secrets are not, in fact, trade secrets because, *inter alia*, those alleged trade secrets were in the public domain well before General

Electric Company filed applications for the Accused GE Patents, and (2) the claims of the Patent-in-Suit include many limitations beyond Spectrum's so-called trade secrets, to the extent those claims include those so-called trade secrets at all.

20.     While Spectrum's allegations in its December 6, 2018 Complaint (and in its First Amended Complaint, Second Amended Complaint, and Third Amended Complaint) are factually and legally flawed, those allegations do establish that Spectrum was aware of the Patent-in-Suit by December 6, 2018, at the latest.

21.     Spectrum's allegations in its December 6, 2018 Complaint (and in its First Amended Complaint, Second Amended Complaint, and Third Amended Complaint) also establish that Spectrum had studied the Patent-in-Suit and was aware of similarities between Spectrum's Veriton and the Patent-in-Suit.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,295,439

22.     Precision Healthcare re-alleges and incorporates by reference the allegations set forth in paragraphs 1–21 of this Counterclaim.

23.     Spectrum has engaged and continues to engage in acts of infringement under 35 U.S.C. § 271 by making, using, offering for sale and selling in the United States, and importing into the United States, Spectrum's Veriton, which embodies each element of at least claims 1, 2, 9, and 17 of the '439 Patent.  Spectrum infringes the claims of the '439 Patent literally and/or under the doctrine of equivalents.

24.     Spectrum's Veriton is a "Multi-Purpose SPECT Scanner," and is therefore an apparatus for capturing images.

25.     Spectrum's Veriton includes a column attached to a gantry.  Specifically, Spectrum's Veriton has 12 detector arms attached to a gantry.



("A New Dawn in Nuclear Medicine" Video[4])

26.     Each column in Spectrum's Veriton includes a movable section and a radiation detector disposed in the movable section.  Specifically, the following image shows the detectors arms with radiation detectors in a movable section.



("Walk Around of the Veriton SPECT-CT System" Video[5])

27.     Spectrum's Veriton includes a weight compensation unit positioned within the gantry to apply force on the movable section opposite to a force of gravity associated with at least

---

[4] https://player.vimeo.com/video/251186795

[5] https://www.itnonline.com/videos/video-walk-around-veriton-spect-ct-system

the movable section and the radiation detector. Specifically, Spectrum's Veriton includes counterweights positioned within the gantry that apply force on the movable section of the detector arm opposite to the force of gravity associated with the movable portion of the detector arm and the detector.

28.     The weight compensation unit of Spectrum's Veriton comprises a counter balance weight coupled to the movable section with a cable and pulley, and wherein the movable section is to move towards and away from a potential subject to be positioned towards a center of the gantry. Specifically, the counterweight is coupled to the movable section with a cable and pulley, and the movable section of the detector arm moves towards and away from a potential subject (e.g., a patient) to be positioned towards a center of the gantry.

29.     Spectrum's Veriton is a "Multi-Purpose SPECT Scanner," and is therefore a camera system.

30.     Spectrum's Veriton includes a gantry.

31.     Spectrum's Veriton includes a column extending from the gantry, the column comprising a movable radiation detector to move towards and away from a potential subject to be positioned towards a center of the gantry. Specifically, Spectrum's Veriton includes 12 detector arms that extend from the gantry. Each of the detector arms includes a movable radiation detector that moves toward and away from a potential subject (e.g., a patient) to be positioned toward the center of the gantry.

32.     Spectrum's Veriton includes a counter balanced weight to apply a force on the radiation detector in a direction that is opposite to a gravitational force associated with at least the radiation detector, wherein the weight is positioned within the gantry. Specifically, Spectrum's Veriton includes a counterweight that applies force on the detector in a direction that is opposite

to a gravitational force associated with the detector, and the counterweight is positioned within the gantry.

33.    Spectrum performs a method of forming a camera system when it builds Spectrum's Veriton.

34.    When it builds Spectrum's Veriton, Spectrum attaches a column to a gantry, the column comprising a movable section and a radiation detector disposed in the movable section. Specifically, Spectrum attaches 12 detector arms to a gantry.  Each detector arm includes a movable section and a radiation detector in the movable section.

35.    When it builds Spectrum's Veriton, Spectrum couples a weight compensation unit to the movable section, the weight compensation unit to apply a force on the movable section opposite to a force of gravity associated with at least the movable section and the radiation detector and positioned within the gantry.  Specifically, Spectrum couples a counterweight to the movable section of the detector arm, and the counterweight applies force on the movable section opposite to a force of gravity associated with the movable section and the detector and is positioned within the gantry.

36.    Because Spectrum was aware of the '439 Patent and aware of the details of Spectrum's Veriton, Spectrum must also have been aware of the numerous, close similarities between Spectrum's Veriton and the inventions claimed in the '439 Patent and, by extension, aware that the Veriton infringes on claims of the '439 Patent.

37.    Spectrum has infringed and continues to infringe claims of the '439 Patent despite knowing that its actions constitute infringement.

38.    Spectrum has engaged in acts of direct infringement when it makes, uses, offers for sale or sells in the United States, or imports into the United States, Spectrum's Veriton.

39.     Spectrum has knowingly induced infringement and/or contributed to infringement by its customers and agents.

40.     Spectrum has committed these acts of infringement without license or authorization.

41.     Spectrum has infringed the '439 Patent willfully, wantonly, maliciously, in bad faith, deliberately, and/or flagrantly.

42.     By engaging in the misconduct described herein, Spectrum has injured Precision Health Care and is thus liable for infringement of the '439 Patent under 35 U.S.C. § 271.

43.     As of July 1, 2020, the date that General Electric Company first filed a counterclaim against Spectrum for infringement of the '439 Patent, General Electric Company and/or Precision Healthcare did not make, had not offered to sell, and had not sold, within the United States, and had not imported into the United States, any article that practices any claim of the '439 Patent.

44.     As a result of Spectrum's infringement of the '439 Patent, Precision Healthcare has been damaged and is entitled to a money judgment in an amount adequate to compensate for Spectrum's infringement, but in no event less than a reasonable royalty for the use made of the invention by Spectrum, together with interest and costs as fixed by the Court.

45.     Precision Healthcare has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Spectrum, its agents, servants, employees, representatives, and all others acting in active concert with Spectrum from infringing the '439 Patent.

## COUNT II – [RESERVED]

46.     [Reserved.]

47.     [Reserved.]

48.    [Reserved.]

49.    [Reserved.]

50.    [Reserved.]

51.    [Reserved.]

52.    [Reserved.]

53.    [Reserved.]

54.    [Reserved.]

55.    [Reserved.]

56.    [Reserved.]

57.    [Reserved.]

58.    [Reserved.]

59.    [Reserved.]

60.    [Reserved.]

61.    [Reserved.]

62.    [Reserved.]

63.    [Reserved.]

64.    [Reserved.]

65.    [Reserved.]

66.    [Reserved.]

67.    [Reserved.]

## **DEMAND FOR JURY TRIAL**

68.    [Reserved.]

## **PRAYER FOR RELIEF**

WHEREFORE, Precision Healthcare requests the following relief.

A.      That this Court enter judgment in favor of Precision Healthcare and against Spectrum that Spectrum has infringed one or more claims of the Patent-in-Suit either literally or under the doctrine of equivalents;

B.      That this Court enter an order permanently enjoining Spectrum, its officers, directors, agents, servants, employees, affiliates, subsidiaries, parents, and all others acting in active concert with Spectrum from infringing the claims of the Patent-in-Suit, pursuant to 35 U.S.C. § 283;

C.      That this Court award all damages adequate to compensate Precision Healthcare for Spectrum's infringement of the Patent-in-Suit, together with interest and costs fixed by the Court, pursuant to 35 U.S.C. § 284;

D.      That this Court award Precision Healthcare enhanced damages, including trebled damages pursuant to 35 U.S.C. § 284, for Spectrum's willful infringement of the Patent-in-Suit;

E.      That this Court enter a finding that this case is exceptional and award attorneys' fees to Precision Healthcare pursuant to 35 U.S.C. § 285;

F.      That this Court award Precision Healthcare its costs; and

G.      That this Court award Precision Healthcare such other and further relief that this Court deems just and proper.

Dated: November 6, 2023                    Respectfully submitted,

**THOMPSON HINE LLP**

_/s/ Marla R. Butler_
Marla R. Butler
Two Alliance Center
3560 Lenox Road NE, Suite 1600

143

Atlanta, Georgia 30326
Tel.: (404) 541-2900
Fax: (404) 541-2905
Marla.Butler@ThompsonHine.com

Jesse Jenike-Godshalk (*pro hac vice*)
312 Walnut Street, Suite 2000
Cincinnati, Ohio 45202
Tel.: (513) 352-6700
Fax: (513) 241-4771
Jesse.Godshalk@ThompsonHine.com

Jeffrey Metzcar (*pro hac vice*)
Discovery Place
10050 Innovation Drive
Miamisburg, Ohio 45342
Tel.: (937) 443-6841
Fax: (937) 430-3781
Jeff.Metzcar@ThompsonHine.com

Brian Lanciault
300 Madison Avenue, 27th Floor
New York, New York 10017
Tel.: (212) 344-5680
Fax: (212) 344-6101
Brian.Lanciault@ThompsonHine.com

*Attorneys for Defendants GE HealthCare*
*Technologies Inc. and GE Precision*
*Healthcare LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2023, a copy of *Defendants GE HealthCare Technologies Inc. and GE Precision Healthcare LLC's Answer, Affirmative Defenses, and Counterclaim to Spectrum's Dynamics Medical Limited's Third Amended Complaint* was served via electronic mail on the following:

GREENBLUM & BERNSTEIN, P.L.C.

Neil F. Greenblum, Esq.
P. Branko Pejic, Esq.
Jeffrey H. Handelsman, Esq.

1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191
ngreenblum@gbpatent.com
bpejic@gbpatent.com
jhandelsman@gbpatent.com


RIVKIN RADLER LLP

Gregory D. Miller, Esq.
25 Main Street
Court Plaza North
Hackensack, NJ 07601
gregory.miller@rivkin.com

FISH & RICHARDSON P.C.

Michael Autuoro, Esq.
7 Times Square, 20th Floor
New York, New York 10036
(212) 765-5070
autuoro@fr.com

Esha Bandyopadhyay, Esq.
500 Arguello Street, Suite 400
Redwood City, California 94063
(650) 839-5070
bandyopadhyay@fr.com

Adam J. Kessel, Esq.
Philip K. Chen, Esq.
One Marina Park Drive
Boston, Massachusetts 02210
(617) 542-5070
kessel@fr.com
pchen@fr.com

Roger A. Denning, Esq.
12860 El Camino Real, Suite 400
San Diego, California 94063
(858) 678-5070
denning@fr.com


*/s/ Marla R. Butler*
Marla R. Butler