```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK


SPECTRUM DYNAMICS MEDICAL
LIMITED,                              : Docket #18-cv-11386
                    Plaintiff,        :

    -against-                         :

GENERAL ELECTRIC COMPANY, et al,: New York, New York
                                  December 12, 2023
                    Defendants.

---------------------------------:

                        PROCEEDINGS BEFORE
                THE HONORABLE KATHARINE H. PARKER
                  UNITED STATES MAGISTRATE JUDGE



APPEARANCES:

For Plaintiff:      FISH & RICHARDSON, P.C.
                    BY:  ESHA BANDYOPADHYAY, ESQ.
                         ALEX PECHETTE, ESQ.
                    7 Times Square, 20th Floor
                    New York, New York 10036



For Defendant:      THOMPSON HINE, LLP
                    BY:  BRIAN P. LANCIAULT, JR., ESQ.
                         JESSE JENIKE-GODSHALK, ESQ.
                    300 Madison Avenue, 27th Floor
                    New York, New York 10017



Transcription Service: Marissa Mignano Transcription
                       Phone:  (631) 813-9335
                       E-mail:marissamignano@gmail.com



Proceedings recorded by electronic sound recording;
Transcript produced by transcription service
```

INDEX

E X A M I N A T I O N S

| Witness | Direct | Cross | Re-Direct | Re-Cross |
|---------|--------|-------|-----------|----------|
| None    |        |       |           |          |

E X H I B I T S

| Exhibit Number | Description | ID | In | Voir Dire |
|----------------|-------------|----|----|-----------|
| None           |             |    |    |           |

```
 1              THE DEPUTY CLERK:  18-cv-1386, Spectrum
 2   Dynamics vs. General Electric Company.  The
 3   Honorable Katharine H. Parker presiding.
 4              Beginning with counsel for the plaintiff,
 5   please make your appearance for the record.
 6              MS. BANDYOPADHYAY:  Good morning,
 7   Your Honor.  This is Esha Bandyopadhyay of Fish &
 8   Richardson on behalf of the plaintiff, Spectrum
 9   Dynamics Medical Limited.  With me, I have
10   Alex Pechette, also of Fish & Richardson.
11              THE COURT:  Good morning.
12              THE DEPUTY CLERK:  And counsel for the
13   defendant, please make your appearance for the
14   record.
15              MR. JENIKE-GODSHALK:  Yes.  This is
16   Jesse Jenike-Godshalk on behalf of defendants.  I'm
17   from Thompson Hine.  And I'm joined by
18   Brian Lanciault, also of Thompson Hine.
19              THE COURT:  Okay.  Good morning.
20              MR. JENIKE-GODSHALK:  Good morning.
21              THE COURT:  Before we get started, because
22   we are on the phone, I ask that you keep your phones
23   on mute unless you are speaking, and that you state
24   your name before speaking for clarity of the record.
25   As I've done with past calls, I'm making a recording
```

```
 1    of the conference so that you can order a transcript
 2    if you would like.
 3              And I also remind you that the Court's
 4    conference line is open to the press and public on a
 5    listen-only basis, and that court rules prohibit
 6    others from recording and rebroadcasting court
 7    proceedings.
 8              I scheduled this conference at plaintiff's
 9    request because, as I understand it, Spectrum would
10    like to file a motion, a discovery motion, related
11    to an expert report.  And my question for Spectrum
12    is, why is a discovery motion appropriate as opposed
13    to just a Daubert motion?  To me, this seems like
14    the whole thing can be addressed in a Daubert
15    motion.
16              MR. PECHETTE:  Your Honor, this is
17    Alex Pechette from Fish & Richardson.  I can address
18    that question.
19              Daubert is about the Court's gatekeeping
20    role to keep out testimony that's not based on
21    reliable methodologies.  The issue that we've
22    presented here is not about whether Mr. Levy relied
23    on reliable methodologies, it's that GE failed to
24    timely disclose his expert opinion.
25              So it's more styled as a motion to strike
```

```
 1    for untimeliness than it is a motion to exclude
 2    under Daubert because he applied unreliable
 3    methodologies.
 4            THE COURT:  Well, you deposed Mr. Levy, did
 5    you not?
 6            MR. PECHETTE:  We did, Your Honor.  We
 7    deposed Mr. Levy as a fact witness last year.  I
 8    believe in December -- November or December.
 9            THE COURT:  Okay.
10            MR. PECHETTE:  But we had no notice,
11    Your Honor, at the time, that Mr. Levy had this
12    expert opinion on how GE and its customers would
13    have behaved differently if the StarGuide had not
14    been available.  That's not a fact issue.  It's an
15    expert opinion issue.
16            And GE never disclosed that Mr. Levy was an
17    expert in this case.  They certainly never disclosed
18    this expert opinion.  It was sprung on us in the
19    rebuttal report of their damages expert
20    Dr. John Putnam.
21            THE COURT:  Yeah.  Putnam is the expert who
22    was disclosed.
23            MR. PECHETTE:  Correct.
24            THE COURT:  And you learned about this
25    statement of Mr. Levy in that expert report, right?
```

```
 1              MR. PECHETTE:  That's correct, Your Honor,
 2    but we had --
 3              THE COURT:  And so it was disclosed in that
 4    expert report.  You're not saying that the other
 5    expert report is untimely?  The damages expert.
 6              MR. PECHETTE:  So the damages expert report
 7    of Dr. Putnam, that was not untimely.  But he's
 8    relying on an expert opinion from another witness,
 9    Mr. Levy, who was never disclosed as an expert
10    witness, and they never served an expert report from
11    him.
12              THE COURT:  Okay.  I'd like to hear what
13    GE's position is on this.
14              MR. JENIKE-GODSHALK:  Yes, Your Honor.  So
15    our position -- I guess I'll begin by saying that if
16    this is a discovery motion, as Spectrum claims that
17    it is, it's an untimely discovery motion because, as
18    Spectrum itself acknowledges, it learned of
19    Mr. Levy's opinion back in July, four and a half
20    months ago, and it waited until the end of October,
21    after the close of all discovery, to raise this
22    issue.
23              Now, we put that in our letter to the
24    Court.  And Spectrum has responded, saying they
25    couldn't possibly have raised this issue until after
```

```
 1    they took Dr. Putnam's deposition in October because
 2    only then did they know that Mr. Levy was definitely
 3    offering an expert opinion.  And they say shortly
 4    after that deposition, they sent us a letter on
 5    October 23rd raising this issue with us.  So they
 6    say this is all timely.
 7            Frankly, that response is revisionist
 8    history because, if you look at the October 23rd
 9    letter that they sent us raising this issue, it just
10    makes a single passing reference to Dr. Putnam's
11    deposition.  There is no suggestion in that letter
12    that this issue only came to Spectrum's attention as
13    a result of Dr. Putnam's deposition or that Spectrum
14    learned something new about Mr. Levy's opinion from
15    Dr. Putnam's deposition.  Spectrum did not even
16    argue in its letter to us on October 23rd that
17    Mr. Levy's statement was definitely an expert
18    opinion.
19            So in sum, Spectrum could have written the
20    same letter to us with the same substance months
21    earlier while expert discovery was still open.  It
22    simply chose not to.  And the Court should not allow
23    Spectrum to raise this issue now, for the first
24    time, after the close of all discovery.  There's
25    simply no reason for them to wait.
```

```
 1                 But even if we look at the merits of this,
 2       Mr. Levy's opinion is not an improperly disclosed
 3       expert opinion.  Instead, it is a lay opinion, which
 4       is not subject to the expert disclosure
 5       requirements.  So Federal Rule of Evidence 701
 6       applies to lay opinions, and it lays out the
 7       requirements there.  The only requirements that are
 8       relevant based on the arguments that Spectrum has
 9       made in this case is that, first, the lay opinion
10       cannot be based on scientific, technical, or other
11       specialized knowledge that's within the scope of
12       Rule 702.  That's one of the expert rules.  And
13       second, that the opinion must be rationally based on
14       the witness's perception.
15                 So, as to the first requirement, the Second
16       Circuit has recognized that a fact witness can offer
17       a lay opinion based on the witness's experience and
18       knowledge in working for a business.  And I'll say
19       this is not just an outlier, like a single case.
20       There are many cases on this.  And it's also
21       supported by the commentary that follows Rule 701
22       from the committee.
23                 So this is exactly what Mr. Levy's opinion
24       is.  It is an opinion based upon his experience and
25       knowledge in serving as a manager at GE Healthcare.
```

1     And even Spectrum itself, in laying the issue out,
2     says that.
3             And then with regard to the other
4     requirement that I mentioned, the second requirement
5     that it be rationally based on the witness's
6     perception, Spectrum argues that because Mr. Levy is
7     addressing a hypothetical, this couldn't possibly be
8     based on his perception.  Well, again, in our
9     letter, we cite binding Second Circuit case law
10    rejecting that very argument and finding that an
11    opinion similar to the one here is -- I'm getting
12    some reverb all of a sudden.  I don't know if you're
13    also hearing that.
14            Okay.  It stopped.
15            THE COURT:  I'm not hearing anything.
16            MR. JENIKE-GODSHALK:  Okay.  Okay.  It
17    stopped.  It was just a momentary thing.
18            Again, we've cited binding Second Circuit
19    case law that we're finding that an opinion similar
20    to the one at issue here, where you had a lay
21    witness addressing a hypothetical, that that was a
22    permissible lay opinion.  So this is a lay opinion.
23    It didn't need to be disclosed in a report.
24            And I will also mention that with regard to
25    the timing, Spectrum is saying, well, this was

1  sprung on us late in the game.  Why did they need to
2  wait until the responsive or rebuttal expert report
3  of their damages expert?
4           Well, the reason that it didn't come up
5  earlier was because we didn't realize that we needed
6  to get an opinion from Mr. Levy until we saw the
7  opening damages report from their damages expert,
8  Mr. Phillips.  So this opinion was not even elicited
9  from Mr. Levy by our damages expert, Dr. Putnam,
10 until after we received the opening expert report
11 from their damages expert.  So that's why you have
12 the timing here, that they first saw this in the
13 summer of this year.
14          THE COURT:  Okay.
15          MR. PECHETTE:  Your Honor, this is
16 Alex Pechette, if I may.
17          So first point I'd like to make is that we
18 absolutely did learn something new at Dr. Putnam's
19 deposition, and that is why we brought this motion
20 when we did.  As we stated in our letter to the
21 Court, we cite several quotes from Dr. Putnam's
22 deposition where he made it crystal clear that
23 Mr. Levy is offering an expert opinion, not a lay
24 opinion.  Without that testimony, we didn't know
25 whether this was going to be an expert or a lay

1    opinion.  We didn't know how to bring this motion,
2    Your Honor.
3            On the next point that Mr. Jenike raised,
4    that this is a lay opinion, I want to remind the
5    Court that it is GE's burden to prove that this
6    testimony is admissible under Rule 701 as a lay
7    opinion.  They cannot satisfy their burden of
8    proving two essential elements of admissibility
9    under Rule 701.
10           First, they can't prove that Mr. Levy's
11   opinion is not based on specialized knowledge.
12   Second, they can't prove that Mr. Levy's opinion is
13   based on firsthand knowledge or observation.
14           THE COURT:  Okay.  But what you're doing is
15   you're arguing now not a discovery argument, but now
16   you're arguing an in limine, making in limine
17   argument.  And the in limine argument would be
18   before Judge Broderick on summary judgment or for
19   trial.  So I'm not sure that the discovery rules
20   are -- I'm not sure that there's a discovery motion
21   here.
22           What GE is doing is offering this as a lay
23   opinion.  You disagree that it's a lay opinion, and
24   will move in limine to exclude that under the rules
25   of evidence.  That's not really a discovery issue.

1    You've brought this up quite late in the game.  If
2    you -- you knew about this in July and you could
3    have raised it then.
4             If your complaint is that you don't think
5    that Levy has a factual basis to assert this opinion
6    and that he just pulled it out of thin air, well you
7    can cross-examine him on that and say that.  I would
8    be inclined to allow a limited deposition, maybe no
9    more than one hour, of the basis for that opinion,
10   if you feel that it's new information that you
11   really don't understand at all.  But at most, that's
12   what I think would be appropriate here, and then you
13   can make your arguments that it's not a proper lay
14   opinion and should be excluded on that basis or --
15   and that GE's expert report should be stricken under
16   Daubert because it relies on something that is not
17   supportable.
18            This really isn't a discovery motion, in my
19   view.
20            MR. PECHETTE:  Your Honor, this is
21   Alex Pechette again.
22            I don't think that's quite right because
23   the rule that we're bringing this motion under is
24   Rule 37, which is a rule that prohibits sandbagging
25   in discovery.  It's a rule that prohibits untimely

1    disclosures of discovery.  And I don't think that's
2    really a proper motion in limine issue.  It's a
3    discovery issue.  And we --
4           THE COURT:  Well, this is not an untimely
5    disclosure.  This is not a disclosure that was
6    required to be made under the expert disclosure
7    rules.  That's not what this is being offered for,
8    and so --
9           MR. PECHETTE:  Your Honor --
10          THE COURT:  -- any Rule 37 motion is
11   futile.
12          MR. PECHETTE:  Your Honor, if I may.  This
13   absolutely is an expert opinion.  The Second Circuit
14   has held that a lay opinion must be the product of
15   reasoning processes familiar to the average person
16   in everyday life.  It cannot be based on
17   considerable training -- specialized training and
18   experience outside the can of the average person.
19          There is no question that Mr. Levy's
20   opinion is based on specialized reasoning processes
21   and experience unfamiliar to the average person.
22   Dr. Putnam admitted at his deposition, which is the
23   first time we learned about this issue, that
24   Mr. Levy based his opinion on, quote, an entire
25   range of experience and years of marketing these

1   machines against one another.  He relied on his
2   experience and specialized knowledge as a GE
3   executive to opine on how GE and its customers would
4   have behaved differently in this but-for world.
5   These are not reasoning processes familiar to the
6   average person in everyday life.  It's expert
7   opinion, Your Honor.
8           So it falls under the expert rules.  They
9   had to disclose him as an expert.  They didn't.
10  They had to give a report, an expert report.  They
11  didn't.  It's untimely disclosure.  That's why it
12  falls under Rule 37, Your Honor, discovery motion.
13          THE COURT:  Okay.  Well, a Rule 37 motion
14  is denied because this is being offered as a lay
15  opinion.  And furthermore, your motion is late.  You
16  knew about this back in July.
17          This does not preclude you from making a
18  Daubert motion, and it does not preclude you from
19  making any evidentiary motion before
20  Judge Broderick.
21          If you would like to depose Mr. Levy for an
22  additional hour on the basis for this opinion, I
23  will permit that.  Do you want to do that?
24          MR. PECHETTE:  Your Honor, we'll need to
25  confer with our client and get back to you on that.

```
 1              THE COURT:  Okay.  So if you want to do
 2     that, since -- I'm only going to allow you an hour
 3     because it's extremely discreet.  But if you want to
 4     do that, that deposition needs to be taken by
 5     January 15.
 6              Is there anything else that Spectrum would
 7     like to raise?
 8              MS. BANDYOPADHYAY:  Nothing else,
 9     Your Honor.
10              THE COURT:  Anything else that GE would
11     like to raise?
12              MR. JENIKE-GODSHALK:  No, Your Honor.
13              (Discussion held off the record.)
14              THE COURT:  And that is off the record.
15              So have a happy holiday, everybody.  We are
16     adjourned.
17              MR. JENIKE-GODSHALK:  Thank you,
18     Your Honor.  You have a happy holiday as well.
19
20
21
22
23
24
25
```

```
 1              C E R T I F I C A T E
 2
 3       I, Marissa Mignano, certify that the foregoing
 4   transcript of proceedings in the case of
 5   Spectrum Dynamics Medical Limited v. General
 6   Electric Company et al, Docket #1:18-cv-11386, was
 7   prepared using digital transcription software and is
 8   a true and accurate record of the proceedings.
 9
10
11   Signature  _Marissa Mignano_____
12              Marissa Mignano
13
14   Date:      December 14, 2023
15
16
17
18
19
20
21
22
23
24
25
```