**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SPECTRUM DYNAMICS MEDICAL LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> GE HEALTHCARE TECHNOLOGIES INC., and GE PRECISION HEALTHCARE LLC, <br><br> Defendants. | Case No.:  18-cv-11386 (VSB) (KHP) |

**DEFENDANTS' OBJECTIONS TO**
**OPINION & ORDER ON *DAUBERT* MOTIONS (DOC. 931)**

## TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND.............................................................. 2

I.    The Relevant Parties and Claims ................................................................... 2

II.   Phillips' Opening Report ............................................................................... 2

III.  Phillips' Reply Report and Deposition ......................................................... 3

IV.   Defendants' Motion to Exclude Expert Opinions and Testimony of Eric J. Phillips ........ 3

V.    The Magistrate Judge's Opinion & Order on *Daubert* Motions....................... 4

STANDARD............................................................................................................................ 4

ARGUMENT........................................................................................................................... 5

I.    The Opinion & Order Is Erroneous Because It Does Not Expressly Exclude Phillips' Opinions, Calculations, and Testimony Regarding Future Unjust Enrichment. ................................................................................................ 5

II.   The Opinion & Order Is Erroneous Because it Does Not Exclude Phillips' Opinions, Calculations, and Testimony For Not Fitting the Facts of the Case. ................ 6

CONCLUSION........................................................................................................................ 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abdelsayed v. N.Y.U.*,
No. 17-CV-9606 (VSB), 2023 WL 4705999 (S.D.N.Y. July 24, 2023)
(Broderick, J.), *aff'd*, No. 23-1144, 2024 WL 2828414 (2d Cir. June 4, 2024) ...................6, 7

*Chevron Corp. v. Donziger*,
871 F. Supp. 2d 229 (S.D.N.Y. 2012)......................................................................................6

*Daubert v. Merrell Dow Pharms.*,
509 U.S. 579 (1993)...............................................................................................................4, 7

*FinancialApps, LLC v. Envestnet, Inc.*,
No. 19-1337-GBW-CJB, 2023 WL 6037242 (D. Del. Sept. 13, 2023)................................5, 6

*Gualandi v. Adams*,
385 F.3d 236 (2d Cir. 2004)..................................................................................................4, 5

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999)...................................................................................................................7

*Medidata Sols. v. Veeva Systems*,
No. 17 Civ. 589 (LGS), 2021 WL 4243309 (S.D.N.Y. Aug. 25, 2021) ...............................5, 6

*In re Omeprazole Patent Litig.*,
490 F. Supp. 2d 381 (S.D.N.Y. 2007)......................................................................................7

*United States v. U.S. Gypsum Co.*,
333 U.S. 364 (1948)...............................................................................................................4, 5

*Weiss v. La Suisse*,
161 F. Supp. 2d 305 (S.D.N.Y. 2001).......................................................................................5

**Statutes**

28 U.S.C. § 636...........................................................................................................................1, 4

**Other Authorities**

Fed. R. Evid. 702 ........................................................................................................................6, 7

Fed. R. Civ. P. 72..........................................................................................................................1, 4

**INTRODUCTION**

On March 23, 2026, Magistrate Judge Parker filed and served an Opinion & Order on *Daubert* Motions ("Opinion & Order") in which she granted in part and denied in part the motion of Defendants GE HealthCare Technologies, Inc. and GE Precision Healthcare LLC (collectively, the "Defendants") to exclude the expert opinions, calculations, and testimony of Eric J. Phillips ("Phillips"), the damages expert for Plaintiff Spectrum Dynamics Medical Limited ("Plaintiff" or "Spectrum"). Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), Defendants hereby assert two objections to the Opinion & Order.

First, the Opinion & Order is erroneous because it does not expressly exclude Phillips' opinions, calculations, and testimony regarding alleged unjust enrichment that would occur in the future. As Defendants showed in the briefing for their motion to exclude Phillips' opinions and testimony, Spectrum cannot recover this category of damages as a matter of law. The Opinion & Order overlooked this argument.

Second, the Opinion & Order is erroneous because it does not exclude all of Phillips' opinions, calculations, and testimony on damages for lack of "fit" where he applied an all or nothing approach that did not apportion damages among Spectrum's alleged trade secrets. As Defendants showed in their briefing, Phillips' approach has no relevance to the facts of this case where most of the purported trade secrets have been lost through publication.

As such, Defendants ask that the Court modify the Opinion & Order to expressly exclude Phillips' opinions, calculations, and testimony regarding Defendants' future unjust enrichment damages and to exclude all of Phillips' opinions, calculations, and testimony on damages due to lack of "fit" because he failed to apportion damages among Spectrum's alleged trade secrets.

**FACTUAL AND PROCEDURAL BACKGROUND**

I.      **The Relevant Parties and Claims**

In this case, Spectrum originally sued General Electric Company ("GE"), GE Healthcare, Inc., GE Medical Systems Israel Ltd., and several individuals. Following several years of litigation, Spectrum voluntarily dismissed its claims against the individuals. (Doc. 633.) Then on October 30, 2023, the Court ordered that the current Defendants were substituted for GE, GE Healthcare, Inc., and GE Medical Systems Israel Ltd. (Doc. 778 at 22.) Given the timing of this substitution, some of the expert reports and opinions reference General Electric Company or "GE" and the prior entity defendants. In light of the substitution, however, such references are treated here as though they refer to the current Defendants. Further, the Opinion & Order refers to all Defendants, past and present, simply as "GE." (Opinion & Order at 1 & n.1.)

In its Third Amended Complaint, Spectrum asserts seven claims against Defendants, including a claim for misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"). (*See generally* Doc. 822 ("TAC").) Spectrum is asserting 15 alleged trade secrets both "individually and in combination as a whole." (*See* Doc. 650-1 (Spectrum's Third Supplemental Table of Spectrum Trade Secrets) at 1 n.1.) Spectrum has assigned these alleged trade secrets letters A to G, I to O, and Q.[1] (*See generally id.*)

II.     **Phillips' Opening Report**

On June 2, 2023, Phillips produced the Expert Report of Eric J. Phillips in which he seeks "to identify Defendant's unjust enrichment and/or the amount of damages that would provide appropriate compensation for Plaintiff in the event that Defendant is found to have misappropriated or misused certain Spectrum trade secrets and confidential information ('Spectrum CI')." (Doc.

---

[1] Spectrum abandoned Trade Secrets H, P, and R in its First Supplemental Table of Spectrum Trade Secrets. (*See* Doc. 551 at 1.)

2

850-1 ("Opening Report"), ¶ 7.) He calculates three categories of Spectrum's damages permitted under the DTSA: (1) Defendants' unjust enrichment; (2) Spectrum's lost profits; and (3) a reasonable royalty. (*Id.*, ¶ 13.) All of his calculations are based on Defendants' development and subsequent sales of its StarGuide device, which allegedly embodies some of Spectrum's trade secrets.

In calculating the first two categories of damages, Phillips relies upon an opinion offered by Spectrum's technical expert, Dr. Scott Metzler, that Defendants obtained a 3-to-5-year head start by misappropriating Spectrum's alleged trade secrets. (*Id.*, ¶¶ 14–15, 18, 20, 75.) Thus, he calculates unjust enrichment and lost profits to date, but also separately calculates the alleged value of a three, four, and five year head start as to each of these remedies. (*Id.*, ¶¶ 18–21.)

In calculating all three categories of damages, Phillips relies on Defendants' projections of future sales of StarGuide. (*Id.*, ¶¶ 80–81, 101, 127, 151, 171–72 & nn.152–54 & Ex. 4.10.) At points in his Opening Report, he also relies upon Spectrum's projections of future sales of its Veriton device. (*Id.*, ¶¶ 26, 106, 175.)

### III.    Phillips' Reply Report and Deposition

On September 26, 2023, Phillips produced the Reply Expert Report of Eric J. Phillips. (Doc. 850-2 ("Reply Report").) There, he responds to criticisms of his Opening Report leveled by Defendants' damages expert, Jonathan D. Putnam. (*See generally id.*)

On October 12, 2023, Phillips was deposed regarding the opinions in his reports. (Doc. 850-3 ("Phillips Dep.").)

### IV.    Defendants' Motion to Exclude Expert Opinions and Testimony of Eric J. Phillips

On March 7, 2025, Defendants filed a Motion to Exclude Expert Opinions and Testimony of Eric. J. Phillips and Memorandum in Support. (Doc. 848 ("Notice of Motion"); Doc. 849 ("Memorandum in Support").) Spectrum subsequently responded (Doc. 896), and Defendants

replied (Doc. 914 ("Reply")).

In their briefing, Defendants argued, *inter alia*, that the Court should exclude all of Phillips' opinions and calculations for lack of "fit" because he did not apportion damages among Spectrum's alleged trade secrets. (Opening Brief at 6–15; Reply at 1–4.) They also argued that the Court should exclude Phillips' opinions and calculations of Defendants' alleged unjust enrichment for two reasons: (1) they are unreliable because they are based on Defendants' projections of future sales of StarGuide; and (2) future unjust enrichment damages are not recoverable as a matter of law. (Opening Brief at 15–19; Reply at 4–8.)

**V.      The Magistrate Judge's Opinion & Order on *Daubert* Motions**

On March 23, 2026, Magistrate Judge Parker filed and served the Opinion & Order. (Doc. 931.) There, she granted in part and denied in part the *Daubert* motions that each side had filed. (*Id.* at 1, 61.)

As is relevant here, she denied Defendants' Motion to Exclude Expert Opinions and Testimony of Eric. J. Phillips to the extent that Defendants sought to exclude all of Phillips' opinions for lack of "fit." (*Id.* at 28–30.) With regard to Defendants' alleged unjust enrichment, she granted Defendants' motion to exclude Phillips' opinions and calculations to the extent that they are based on Defendants' projections of future sales of StarGuide. (*Id.* at 30–34.) She did not address Defendants' argument that future unjust enrichment damages are barred as a matter of law.

STANDARD

Federal Rule of Civil Procedure 72(a) provides that "[t]he district judge in [a] case must consider timely objections" to a magistrate judge's order on a non-dispositive issue and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). An order is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake

4

has been committed." *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (internal quotation marks omitted).

## ARGUMENT

**I.    The Opinion & Order Is Erroneous Because It Does Not Expressly Exclude Phillips' Opinions, Calculations, and Testimony Regarding Future Unjust Enrichment.**

In his reports, Phillips calculates Defendants' future unjust enrichment—i.e. Defendants' unjust enrichment from projected future sales of StarGuide following the latest sale of record on October 27, 2022. (Opening Report, ¶¶ 80–83; Phillips Dep. at 78:17–79:14.) As Defendants showed in their Memorandum in Support and Reply in Support of Motion to Exclude Expert Opinions and Testimony of Eric J. Phillips, Spectrum cannot recover these sums as a matter of law. (Memorandum in Support at 18–19; Reply at 7–8.) In support of this position, Defendants cited *Medidata Sols. v. Veeva Systems*, No. 17 Civ. 589 (LGS), 2021 WL 4243309, at *4 (S.D.N.Y. Aug. 25, 2021) and *FinancialApps, LLC v. Envestnet, Inc.*, No. 19-1337-GBW-CJB, 2023 WL 6037242, at *9 (D. Del. Sept. 13, 2023). The Opinion & Order erred because it did not address this argument or the supporting case law and, as such, did not expressly exclude all of Phillips' opinions, calculations, and testimony regarding future unjust enrichment.

The case law is clear that Spectrum cannot recover future unjust enrichment damages as a matter of law. In *Medidata*, the plaintiffs asserted claims for misappropriation of trade secrets under the DTSA and New York law and sought to recover the defendant's unjust enrichment as a remedy. 2021 WL 4243309, at *1–2. The plaintiffs' damages expert relied on estimates of the defendant's future sales and profits to calculate future unjust enrichment. *Id.* at *4. This Court excluded future unjust enrichment, explaining: "'The essence of an unjust enrichment claim is that

5

one party *has* received money or a benefit at the expense of another.' . . . Permitting [the plaintiffs] to recover for [the defendant's] hypothetical future profits under an unjust enrichment theory would contravene this well-established definition." *Id.* (quoting *Chevron Corp. v. Donziger*, 871 F. Supp. 2d 229, 259 (S.D.N.Y. 2012) (emphasis in original)); *see also FinancialApps*, 2023 WL 6037242, at \*9 (following *Medidata* and excluding expert's "projections-based approach" for calculating unjust enrichment). Because Spectrum cannot, as a matter of law, recover future unjust enrichment, the Opinion & Order should have expressly excluded all of Phillips' opinions, calculations, and testimony regarding such amounts.

The Opinion & Order also should have expressly reached this conclusion because it naturally follows from other rulings in the Opinion & Order. The Magistrate Judge excluded Phillips' unjust enrichment calculations that rely on Defendants' sales projections. (Opinion & Order at 34.) Phillips relied on Defendants' sales projections for all of his calculations of Defendants' future unjust enrichment. (*See* Opening Report at Exhibits 3.1 to 3.5 (citing Defendants' sales projections (GE_SDM_00801129) for calculations of all future unjust enrichment damages); Reply Report at Exhibits 9.1 to 9.3 and 9.5 to 9.8 (same).) For this additional reason, the Opinion & Order erred in failing to expressly exclude all of Phillips' opinions, calculations, and testimony on future unjust enrichment damages.

## II.    The Opinion & Order Is Erroneous Because it Does Not Exclude Phillips' Opinions, Calculations, and Testimony For Not Fitting the Facts of the Case.

"Fed. R. Evid. 702 . . . imposes on the trial judge a 'basic gatekeeping obligation' to ensure that all expert testimony admitted at trial is relevant and reliable, regardless of whether the expert testimony is on scientific, technical, or other specialized matters." *Abdelsayed v. N.Y.U.*, No. 17-CV-9606 (VSB), 2023 WL 4705999, at \*4 (S.D.N.Y. July 24, 2023) (Broderick, J.) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147–48 (1999)), *aff'd*, No. 23-1144, 2024 WL

6

2828414 (2d Cir. June 4, 2024). To be admissible under Rule 702, an expert's testimony must "fit" the facts of the case. "Fit" is an "aspect of relevancy" and means that the expert testimony must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 591 (1993) (citation omitted). As the Opinion & Order acknowledges, "[w]here the expert 'failed to consider the necessary factors,' or 'the analysis is premised upon a faulty assumption,' an opinion may be excluded." (Opinion & Order at 28–29 (quoting *In re Omeprazole Patent Litig.*, 490 F. Supp. 2d 381, 401 (S.D.N.Y. 2007)).)

Phillips' opinions, calculations, and testimony do not "fit" the facts of this case because he makes no attempt to apportion damages according to the asserted trade secrets or account for the admitted loss of certain trade secrets through their publication. (Phillips Dep. at 33:16–25, 36:11–18, 219:16–23, 221:5–19.) Phillips willfully ignored "the effects, if any, on Spectrum's damages of public disclosures of Spectrum's technology" (*id.* at 221:5–19), testifying: "if there are some trade secrets that are found invalid or not misappropriated, that does not necessarily change the appropriateness and applicability of my final opinions, as long as the finder of fact determines that the *overall invention* has been misappropriated." (*Id.* at 160:23–161:11 (emphasis added).) Although he refused to explicitly define the "overall invention" (*id*. at 33:1–15), Phillips' opinions are premised on the assumption that Defendants' StarGuide misappropriates at least Spectrum's asserted Trade Secrets A, C, F, and L (Opening Report at ¶ 78; Phillips Dep. at 34:1–35:4). Ultimately, his opinions do not fit the facts of the case because his underlying assumption is wrong. Phillips failed to account for, or even consider, the fact that Spectrum admittedly published Trade Secret A[2]—along with many other trade secrets—by November 14, 2013 (TAC, ¶¶ 204, 259),

---

[2] "SPECT system having ring gantry configuration with 12 movable detector arms and swiveling detector heads."

approximately 8 years before the first commercial sale of StarGuide. (Phillips Dep. at 217:5–16, 221:5–19.)

The Opinion & Order erred because it concluded that Defendants' arguments regarding "fit" were "dependent on [Defendants'] version of disputed facts." (Opinion & Order at 29). However, Spectrum's publication of Trade Secret A no later than November 14, 2013, is admitted, not disputed. Additionally, although the Opinion & Order correctly states that "Mr. Phillips has testified that his damages opinions do not require *every* individual trade secret to have been misappropriated," (Opinion & Order at 30 (emphasis added)), the Opinion & Order erred by not also recognizing that at least some trade secrets are essential to Phillips' opinions (i.e. A, C, F, and L), and those trade secrets include Trade Secret A, which ceased to be actionable almost eight years before the first sale of StarGuide.

As Defendants showed in their briefing, it is undisputed that Spectrum published Trade Secret A no later than November 14, 2013. (Memorandum in Support at 10 (citing TAC, ¶¶ 204, 259).) This Court previously dismissed all claims arising after November 14, 2013, for trade secrets that were, by Spectrum's own admission, published on that date in Spectrum's '721 PCT application. (Doc. 73 ("Opinion & Order on Motion to Dismiss") at 32.) Although Trade Secret A is not listed among the dismissed trade secrets in the Court's Order & Opinion on Motion to Dismiss, the Court did acknowledge that Trade Secret A was publicly disclosed in the '721 PCT as admitted in Spectrum's Complaint. (*Id.* at 6 ("The '721 PCT publicly disclosed several of Spectrum's VERITON-related trade secrets, including Trade Secrets A, E, G, I, J, and N, as well as portions of Trade Secret D." (citing First Amended Complaint, Doc. 36 at ¶¶ 23, 204)).) Accordingly, Phillips' opinions are based on an assumption that does not fit the facts of the case

8

as they have already been determined by the Court—i.e., Trade Secret A was published by Spectrum and could not be the basis of a misappropriation claim after November 14, 2013.

## CONCLUSION

For the foregoing reasons, the Court should modify the Opinion & Order as follows:

- To expressly exclude Phillips' opinions, calculations, and testimony regarding future unjust enrichment damages; and

- To exclude all of Phillips' opinions, calculations, and testimony on damages due to lack of "fit" with the facts of this case.

Dated: Atlanta, Georgia
      April 6, 2026

Respectfully submitted,

**THOMPSON HINE LLP**

*/s/ Marla R. Butler*
Marla R. Butler
Two Alliance Center
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326
Tel.: (404) 541-2900
Fax: (404) 541-2905
Marla.Butler@ThompsonHine.com

Jeffrey Metzcar (*pro hac vice*)
Discovery Place
10050 Innovation Drive
Miamisburg, Ohio 45342
Tel.: (937) 443-6841
Fax: (937) 430-3781
Jeff.Metzcar@thompsonhine.com

Jesse Jenike-Godshalk (*pro hac vice*)
312 Walnut Street, Suite 2000
Cincinnati, Ohio 45202
Tel.: (513) 352-6700
Fax: (513) 241-4771
Jesse.Godshalk@ThompsonHine.com

9

Brian Lanciault
300 Madison Avenue, 27th Floor
New York, New York 10017
Tel.: (212) 344-5680
Fax: (212) 344-6101
Brian.Lanciault@ThompsonHine.com

*Attorneys for Defendants GE HealthCare
Technologies, Inc. and GE Precision
Healthcare LLC*

10

## CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Local Civil Rules 6.3, 7.1(c) and 72.1(b)(2), the foregoing

Defendants' Objections to Opinion & Order on *Daubert* Motions (Doc. 931) contains 2,612 words,

exclusive of the caption and signature block, as determined by the Microsoft Word program used

to prepare the document.

 Dated:  April 6, 2026

*/s/Marla R. Butler*
Marla R. Butler, Esq.

11