UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPECTRUM DYNAMICS MEDICAL LIMITED,<br><br>                              Plaintiff,<br><br>        -against-<br><br>GE HEALTHCARE TECHNOLOGIES, INC., et al.,<br><br>                              Defendants. | **OPINION AND ORDER ON MOTIONS TO SEAL**<br><br>**18-cv-11386-VSB-KHP** |

**KATHARINE H. PARKER, United States Magistrate Judge:**

This action concerns Defendants GE Healthcare Technologies, Inc.'s and GE Precision Healthcare, LLC's (together, "GE") alleged misappropriation of confidential information and/or trade secrets relating to Plaintiff Spectrum Dynamics Medical Limited's ("Spectrum") design of a three-dimensional system for nuclear imaging technology.

The parties have jointly moved to seal this Court's opinion on their respective *Daubert* motions and for targeted redactions to that opinion.  (ECF Nos. 933-34.)  The parties submitted their proposed redactions *in camera* for the Court's review.  For the reasons stated, the joint motion is **granted**.

## LEGAL FRAMEWORK

The common law and the First Amendment accord a presumption of public access to judicial documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  The public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).

In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119). "Documents that are never filed with the court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019). When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id.* The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. *Brown*, 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption.

*Lugosch*, 435 F.3d at 120.  Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest." *Id*.  The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).  A sealing request is "narrowly tailored" when it seeks to seal *only* that information that must be sealed to preserve higher values.  *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

## APPLICATION

As an initial matter, the opinion is unquestionably a "judicial document" in which the presumption of public access attaches. *City of Almaty, Kazakhstan v. Ablyazov*, 2019 WL 4747654, at *5 (S.D.N.Y. Sept. 30, 2019) ("Documents submitted in support or opposition to a motion to dismiss are judicial documents.")

Turning to the weight of the presumption, these motions were filed roughly at the same time as the parties' motions for summary judgment, and the opinion determines the issues raised on the *Daubert* motions, and thus the weight accorded to the presumption of public access is especially strong. *Olson*, 29 F.4th at 89-90.  Thus, the opinion plays a substantial "role" in this case. *See Brown*, 929 F.3d at 49.

Similarly, the fact that the information was designated by the parties as confidential under a protective order or was produced pursuant to a protective order has no bearing on the weight accorded to the presumption of public access and is not sufficient to overcome the presumption of public access. *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015); *see also Rojas v. Triborough Bridge & Tunnel Auth.*, 2022 WL 773309, at *2 (S.D.N.Y. Mar. 14, 2022) ("[T]he showing required in connection with a sealing motion is significantly higher than the burden for obtaining a protective order in civil discovery.").

Having established that the documents in question are judicial documents to which a strong presumption of public access attaches, the Court now turns to considering whether there are countervailing "higher values" that outweigh the presumption.

The information that the parties seek to seal pertains to price points, internal corporate deliberations, and numerical figures acquired through internal corporate analysis.  The parties argue that this information is sensitive confidential and proprietary business information, and accordingly sealing is warranted.

The proposed redactions meet the standards for sealing in *Lugosch* and its progeny. Specifically, documents containing proprietary information and sensitive business information are routinely sealed in this district. *See, e.g.*, *Ferring B.V. v. Allergan, Inc.*, No. 12-cv-3650 (RWS), 2017 WL 4083579, at *6 (S.D.N.Y. Sept. 14, 2017); *Kewazinga Corp. v. Microsoft Corp.*, No. 18-cv-4500 (GHW), 2021 WL 1222122, at *5-7 (S.D.N.Y. Mar. 31, 2021).  While the presumption of public access is extraordinarily high in this case, the parties have proposed very closely targeted redactions to the Court's opinion, and these proposed redactions are sufficient to overcome the strong presumption of public access.  Accordingly, the Court grants the requested sealing.

**CONCLUSION**

The parties' motions to seal are **GRANTED**.  **The Clerk of the Court is respectfully directed to terminate the motions to seal at ECF Nos. 933 and 934.**  The Clerk is further directed to maintain the document filed as ECF No. 931 permanently under seal.  The Court will file a redacted copy of the *Daubert* Opinion to the docket shortly.

   **SO ORDERED.**

Dated: April 6, 2026
   New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge