**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SPECTRUM DYNAMICS MEDICAL
LIMITED,

                           Plaintiff,

            v.

GE HEALTHCARE TECHNOLOGIES INC.,
and GE PRECISION HEALTHCARE LLC,

                           Defendants.

Case No.:  18-cv-11386 (VSB) (KHP)


**DEFENDANTS' REPLY IN SUPPORT OF OBJECTIONS TO**
**OPINION & ORDER ON *DAUBERT* MOTIONS (DOC. 931)**

**INTRODUCTION**

For the reasons stated in Defendants' Objections to Opinion & Order on *Daubert* Motions (Doc. 935 ("Objections")) and herein, the Court should modify the Opinion & Order on *Daubert* Motions (Doc. 931 ("Opinion & Order")) to expressly exclude Eric J. Phillips' ("Phillips") opinions, calculations, and testimony regarding future unjust enrichment damages and to exclude all of Phillips' opinions, calculations, and testimony on damages due to lack of "fit" with the facts of this case.

**ARGUMENT**

**I.    The Opinion & Order Is Erroneous Because It Does Not Expressly Exclude Phillips' Opinions, Calculations, and Testimony Regarding Future Unjust Enrichment.**

In their Objections, Defendants GE HealthCare Technologies, Inc. and GE Precision Healthcare LLC (collectively, the "Defendants") demonstrated that the Opinion & Order is erroneous because it does not expressly exclude Phillips' opinions, calculations, and testimony regarding alleged unjust enrichment that would occur in the future. (Objections at 5–6.) Plaintiff Spectrum Dynamics Medical Limited ("Plaintiff" or "Spectrum") first responds that the Magistrate Judge did not need to address this argument because it was "passing" and "undeveloped" in Defendants' briefs. (Doc. 941 ("Opposition") at 3.) To the contrary, this argument was an entire subsection in both Defendants' Memorandum in Support of Motion to Exclude Expert Opinions and Testimony of Eric J. Phillips and in Defendants' subsequent Reply. (Doc. 849 at 18–19; Doc. 914 at 7–8.) Further, a decision is "contrary to law" where, as here, it "fails to apply . . . relevant . . . case law." *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (internal quotation marks omitted).

Spectrum next argues that it is entitled to future unjust enrichment damages in this case because it has already bestowed a benefit on Defendants—a head start on product sales—such that

revenue and profits "will accrue" in the future. (Opposition at 3–4.) According to Spectrum, the present case is thus factually distinguishable from the primary case relied upon by Defendants: *Medidata Solutions v. Veeva Systems, Inc*., No. 17 Civ. 589 (LGS), 2021 WL 4243309 (S.D.N.Y. Aug. 25, 2021). Spectrum is wrong. In *Medidata*, as in the present case, the plaintiff claimed that the defendant was able to obtain a head start by misappropriating trade secrets. *Id.* at *1-2. Still, the Court found that the plaintiff could not recover the defendant's "hypothetical future profits" as unjust enrichment damages because the defendant had not yet—and might never—obtain those profits. The same is true here. The Court should follow *Medidata* and expressly exclude Phillips' opinions, calculations, and testimony regarding alleged unjust enrichment that would occur in the future.[1]

Spectrum instead asks the Court to follow *Steves & Sons, Inc. v. JELD-WEN, Inc.*, No. 3:16-CV-545, 2018 WL 2172502 (E.D. Va. May 10, 2018). (Opposition at 5.) *Steves* is an unpublished, out-of-circuit case that predates *Medidata* and interprets the DTSA and Texas state law. The issue before the court was whether the counterclaimant's unjust enrichment damages were "impermissibly speculative," not whether future unjust enrichment damages are barred as a matter of law. *Id.* at *7. As such, *Steves* is wholly inapposite.

---

[1] On this point and others, Spectrum also suggests that Phillips' testimony and opinions are acceptable because the testimony and opinions of Defendants' damages expert, Dr. Jon Putnam, supposedly suffer from the same infirmities. (Opposition at 4.) There is no basis in Rule 702 or case law for this assertion, and Spectrum cites no supporting authority. Case law is to the contrary. *See Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 677 (S.D.N.Y. 2007) (excluding improper expert testimony even though the moving party's expert submitted a report that was far more objectionable).

Further, with regard to the availability of future unjust enrichment damages in particular, Dr. Putnam stated in his report that: "I have . . . been advised that the DTSA does not allow recovery of unjust enrichment damages from future sales[.]" (Doc. 896-2, ¶ 63.) But because his report was intended to rebut Phillips' calculations, Dr. Putnam sometimes made calculations using the same assumptions and overall framework as Phillips (i.e. a framework that allowed for the recovery of future unjust enrichment), while showing that the numbers reached by Phillips were erroneous.

Finally, as Defendants showed in their Objections, the Opinion & Order also should have expressly excluded Phillips' opinions, calculations, and testimony regarding alleged future unjust enrichment because this conclusion naturally follows from the Opinion & Order's exclusion of Phillips' unjust enrichment calculations that rely on Defendants' sales projections. (Objections at 6.) As noted in the Opinion & Order, Phillips' use of those projections was unreliable because he simply accepted them "without any understanding of how they were reached or the data underlying" them. (Opinion & Order at 33.) He did not conduct any research to evaluate them, and he did not adjust them based on actual sales data showing that they were "off" by 16% to 20%. (*Id.*) In response, Spectrum does not deny that Phillips relied on Defendants' sales projections for *all* of his calculations of Defendants' future unjust enrichment. Instead, Spectrum requests that "the Court should permit Phillips" to redo all of his unjust enrichment calculations using Defendants' actual sales data from 2023 to 2026 and further requests that, if Defendants refuse "to provide updated sales data, then Spectrum should be entitled to rely on" Defendants' sales projections, despite the Magistrate Judge's Opinion & Order to the contrary. (Opposition at 6 & n.1.) As an initial matter, it is procedurally improper for Spectrum to make this request for relief within the body of its Opposition, and this alone is grounds to deny the request. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Hart v. BHH, LLC*, No. 15cv4804, 2018 WL 3471813, at *3 (S.D.N.Y. July 19, 2018) (collecting cases for the proposition that such informal cross motions are procedurally improper and should be denied). In any event, Spectrum's proposal is unworkable because Phillips did not just rely on Defendants' sales projections through the first quarter of 2026. He relied on Defendants' projections through 2029, which is still in the future. (*See* Doc. 850-2 ("Reply Report") at Exhibit 9.5–9.6.) There are no actual sales data for more than three years of this period. In addition, if Phillips were permitted to

3

completely redo his unjust enrichment calculations now, this would require the reopening of expert discovery with Defendants' damages expert submitting new rebuttal calculations and critiques, followed by supplemental expert depositions and possibly even renewed *Daubert* motions.

For all of these reasons, the Court should modify the Opinion & Order to expressly exclude Phillips' opinion, calculations, and testimony regarding future unjust enrichment.

## II.    The Opinion & Order Is Erroneous Because It Does Not Exclude Phillips' Opinions, Calculations, and Testimony For Not Fitting the Facts of the Case.

Spectrum opposes Defendants' objection relating to "fit" by repeatedly directing the Court's attention to Spectrum's motion for summary judgment briefing, contending that Defendants have steered this Court away from analyzing Spectrum's claims "holistically," and complaining that Defendants' "piecemeal approach to attacking Spectrum's trade-secret claim is fundamentally flawed." (Opposition at 7–8 (citing, and quoting from, Doc. 900, repeatedly).) To the contrary, as detailed in Defendants' motion for summary judgment briefing, Spectrum's ever-changing identification of its trade secrets has forced Defendants to play "whack-a-mole," and Phillips' opinions, which purportedly apply to an undefined "overall invention," are just more of the same.

From the beginning of this case, Spectrum has consistently asserted misappropriation of myriad individual trade secrets identified A through Q. (*See*, *e.g.*, Doc. 36 (First Amended Complaint), ¶ 101 ("several unique Spectrum Trade Secrets"); Doc. 650-1 at 1 n.1 ("individually").) Some of those purported trade secrets were allegedly misappropriated only through publication in Defendants' patent applications. Others were allegedly misappropriated only through use in Defendants' product development. The plain implication of these allegations was that Defendants would need to defend against each separately identified trade secret. For example, even if Defendants proved that trade secrets B through Q were not misappropriated,

4

Spectrum could, and would, still assert liability for misappropriation of separately identified trade secret A. Defendants prepared their defenses (and motion for summary judgment) accordingly.

Only after extensive discovery and motion practice, during which Defendants time and time again comprehensively demonstrated that Spectrum's purported trade secrets were not trade secrets, Spectrum then attempted to save its claims by identifying, for the first time, an entirely new "combination" trade secret selected from the separately identified trade secrets. Specifically, Spectrum dropped some of its weakest trade secrets from the bunch and stated that it was now alleging misappropriation of all the remaining trade secrets "individually and in combination as a whole." (*See* Doc. 551 at 1.) In response to Defendants' objections, Spectrum explicitly stated that it was not asserting unidentified sub-combinations of the listed trade secrets—only that the entire combination of remaining trade secrets, all together, constituted a unique combination trade secret. (Doc. 586 at 34:21–35:23, 37:12–38:6, 42:10–20.)

Phillips' opinion on damages is completely untethered to the facts of the case, including Spectrum's binding representations concerning the scope of its claims. Phillips makes no attempt to apportion his calculations according to the individually asserted trade secrets. Nor does he confine his opinion to the misappropriation of all the asserted trade secrets in combination. Instead, he offers a one-size-fits-all damages calculation that he contends is appropriate so long as at least the sub-combination of Trade Secrets A, C, F, and L are found to have been misappropriated in StarGuide. (Doc. 850-1 ("Opening Report"), ¶ 78.) Under his own stated terms, Phillips' opinions cannot fit the facts of the case.

Moreover, this is a combination that Spectrum never disclosed during fact discovery or as part of the tables of trade secrets that it filed with the Court—tables to which Magistrate Judge Parker held that Plaintiff would be bound. (*See* Doc. 182 at 23:23–24.) Instead, this purported

5

combination first appeared in the opening report of Spectrum's technical expert, Dr. Scott Metzler, after the close of fact discovery and was then summarily relied upon by Phillips. (*See* Doc. 850-8, ¶ 966.)

Contrary to Spectrum's contention, Defendants' objection to Magistrate Judge Parker's Opinion & Order is not reliant on Defendants' "version of disputed facts." Defendants object because the admitted premise of Phillips' opinions does not fit the admitted facts of this case.

Spectrum's first enumerated trade secret, Trade Secret A, relates to the overall geometry of the SPECT system, including a ring gantry with 12 movable detector arms, which Spectrum characterizes as "critical." (Doc. 650-1 at 2.) Spectrum, while arguing in opposition to Defendants' objection, admits that the premise of Phillips' opinions is that "Trade Secret A *in combination with other enumerated trade secrets* 'are sufficiently important that a finding that these were misappropriated—while perhaps other Trade Secrets are found invalid/not misappropriated— would not impact [his] conclusions regarding the basis for market demand and headstart period.'" (Opposition at 8 (emphasis in original) (quoting Opening Report, ¶ 78).) Thus, misappropriation of Trade Secret A is—by Spectrum's own admission—essential to Phillips' damages calculations because "Trade Secret A in combination with other enumerated trade secrets" is, according to Phillips, the driver of market demand and the basis for a 3-to-5-year headstart. The obvious and inescapable problem is that Spectrum also admits that it published, and thereby extinguished, Trade Secret A (along with many other trade secrets) no later than November 2013, mere months after the parties ended due diligence and approximately 8 years before the first sale of Defendants' accused StarGuide device. (*See* Doc. 822 (Third Amended Complaint), ¶ 204; Doc. 849 at 10.)

Phillips' opinions, which rely on misappropriation of Trade Secret A in combination with other trade secrets, do not fit the facts of the case since Trade Secret A was dedicated to the public

6

in 2013. Magistrate Judge Parker's Opinion & Order did not account for this **admitted** fact and, therefore, is in error.

## CONCLUSION

For the foregoing reasons, the Court should modify the Opinion & Order as follows:

- To expressly exclude Phillips' opinions, calculations, and testimony regarding future unjust enrichment damages; and

- To exclude all of Phillips' opinions, calculations, and testimony on damages due to lack of "fit" with the facts of this case.

Dated: Atlanta, Georgia
     April 24, 2026

Respectfully submitted,

**THOMPSON HINE LLP**

*/s/ Marla R. Butler*
Marla R. Butler
Two Alliance Center
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326
Tel.: (404) 541-2900
Fax: (404) 541-2905
Marla.Butler@ThompsonHine.com

Jeffrey Metzcar (*pro hac vice*)
Discovery Place
10050 Innovation Drive
Miamisburg, Ohio 45342
Tel.: (937) 443-6841
Fax: (937) 430-3781
Jeff.Metzcar@thompsonhine.com

Jesse Jenike-Godshalk (*pro hac vice*)
312 Walnut Street, Suite 2000
Cincinnati, Ohio 45202
Tel.: (513) 352-6700
Fax: (513) 241-4771
Jesse.Godshalk@ThompsonHine.com

Brian Lanciault
300 Madison Avenue, 27th Floor
New York, New York 10017
Tel.: (212) 344-5680
Fax: (212) 344-6101
Brian.Lanciault@ThompsonHine.com

*Attorneys for Defendants GE HealthCare Technologies, Inc. and GE Precision Healthcare LLC*

8