

ATLANTA | CHICAGO | CINCINNATI | CLEVELAND
COLUMBUS | DAYTON | LOS ANGELES | MINNEAPOLIS
NEW YORK | SILICON VALLEY | WASHINGTON, D.C.

June 29, 2026

*VIA ECF*
Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Spectrum Dynamics Medical Limited v. GE HealthCare Technologies, Inc., et al.*,
    Case No.: 18-cv-11386 (VSB)

Dear Judge Broderick:

We write on behalf of Defendants GE HealthCare Technologies, Inc. and GE Precision Healthcare LLC ("Defendants") to provide notice to the Court of the recent precedential decision of the United States Court of Appeals for the Federal Circuit in *Insulet Corp. v. EOFlow, Co. Ltd. et al.*, No. 2025-1807, slip op. (Fed. Cir. May 28, 2026), which is attached hereto as Exhibit A. That decision further supports Defendants' argument, as set forth in Defendants' pending motion for summary judgment, that Plaintiff Spectrum Dynamics Medical Limited's ("Spectrum") claim under the Defend Trade Secrets Act ("DTSA") is time-barred.

In *Insulet*, both the plaintiff, Insulet Corp. ("Insulet"), and the defendants, EOFlow, Co. Ltd. *et al.* (collectively, "EOFlow"), were medical device manufacturers. (Ex. A at 3.) Insulet developed an adhesive, wearable insulin patch pump—the Omnipod. (*Id.*) EOFlow subsequently hired several former Insulin employees to develop and commercialize its competing EOPatch 2 product, and these employees allegedly disclosed to EOFlow trade secrets relating to Insulet's Omnipod device. (*Id.* at 3–4.)

Insulet sued EOFlow for misappropriation of trade secrets under the DTSA. (*Id.* at 4.) The district court denied EOFlow's motion for summary judgment in which it argued that Insulet's claim was time-barred. (*Id.* at 2, 4–5.) The case went to trial, and the jury found that EOFlow had misappropriated four Insulet trade secrets and that Insulet's claim was not time-barred for any of the four. (*Id.* at 2, 5.) The court then denied EOFlow's post-trial motion for judgment as a matter of law ("JMOL") on the statute of limitations issue. (*Id.* at 2, 6.)

On appeal, the Federal Circuit reversed, holding that EOFlow was entitled to JMOL because the statute of limitations had expired before Insulet brought suit. (*Id.* at 2.) The Federal Circuit began its analysis by interpreting the discovery rule incorporated into the DTSA. (*Id.* at 9–10.) As noted in Defendants' earlier summary judgment briefing, that rule is: "A civil action under the DTSA must be brought within three years 'after the date on which the misappropriation with respect to which the action would relate is discovered or by the exercise of reasonable diligence should have been discovered.'" (Doc. 863 at 27 (quoting 18 U.S.C. § 1836(d)).) EOFlow argued

Marla.Butler@ThompsonHine.com  Fax: 404.541.2905  Phone: 404.407.3680

THOMPSON HINE LLP            Two Alliance Center              www.ThompsonHine.com
ATTORNEYS AT LAW            3560 Lenox Road, Suite 1600     Phone: 404.541.2900
                            Atlanta, Georgia 30326-4266     Fax: 404.541.2905

THOMPSON
HINE

that, under this rule, the inquiry-notice standard applies, while Insulet argued that the *Merck* standard applies. (Ex. A at 9–10.) As the court explained:

> Under the *Merck* standard, the statute of limitations begins whenever a plaintiff did discover or should have discovered the facts underlying its cause of action, whereas under the inquiry-notice standard, the statute of limitations begins to run when the plaintiff or a reasonably diligent plaintiff would have begun an investigation that would allow it to discover these facts.

(*Id.* at 10.) The Federal Circuit declined to decide which standard should apply, finding that Insulet's claim was barred even under the more demanding *Merck* standard. (*Id.*) Notably, this is the same standard that Defendants applied in the present case in showing that Spectrum's DTSA claim is time-barred. (*See* Doc. 863 at 21, 27 (statute of limitations began to run when Spectrum discovered patent applications in which Defendants allegedly misappropriated most of Spectrum's individual trade secrets).)

The Federal Circuit further examined the language in the DTSA stating that, for purposes of the statute of limitations, "'a continuing misappropriation constitutes a single claim of misappropriation.'" (Ex. A at 16 (quoting 18 U.S.C. § 1836(d)).) Collecting federal and state cases, the court found this to mean that, when the statute of limitations begins to run for some of a plaintiff's trade secrets claims, it begins to run as to all trade secrets, at least where the trade secrets were shared with the defendants during the same period and in connection with the same relationships and when the trade secrets concern related matter. (*Id.* at 16–19.) Applying this standard to the facts before it, the Federal Circuit focused on the alleged misappropriation by one of the former Insulin employees who, "in a single course of alleged misappropriation," disclosed all four of Insulin's trade secrets to EOFlow "for the purpose of designing an improved EOPatch 2." (*Id.* at 19.) As such, the first discovered (or discoverable) misappropriation of any of Insulet's trade secrets would start the statute of limitations as to all of Insulet's trade secrets. (*Id.*)[1]

The same is true in the present case, where Defendants have shown that all of Spectrum's individually identified trade secrets were disclosed during due diligence with Defendants and relate to the same subject matter, a SPECT GPC device. (Doc. 863 at 26 (citing Third Amended Complaint ¶¶ 40, 47, 196).) Spectrum further alleges that all its trade secrets, together, form a combination trade secret. (Doc. 863 at 27 (citing Doc. 864 at ¶ 287).) Because all of the trade secrets were shared with Defendants during the same period and in connection with the same relationships and concern related matter, the first discovered (or discoverable) alleged misappropriation of any of Spectrum's trade secrets started the statute of limitations as to *all* of Spectrum's trade secrets. (Doc. 863 at 27–28.)

The *Insulet* case also supports Defendants' argument that the statute of limitations began running no later than April 2015—more than three years before Spectrum filed suit—when

---

[1] In *Insulet*, the court individually analyzed each of the four alleged trade secrets. While Insulet only needed to have sufficient knowledge as to one of the four, the court found that Insulet had sufficient knowledge as to all four. (Ex. A at 23–28.)

THOMPSON
HINE

Spectrum learned of GE patent applications that disclose ideas which Spectrum alleges are its trade secrets. (*See id.* at 17–19, 27–28.) In *Insulet*, Insulet argued that the limitations period did not begin to run until it had acquired detailed information about EOFlow's product design that were not publicly available. Rejecting this argument, the court held that "[t]he relevant question is ultimately whether Insulet had sufficient knowledge to state a claim for trade secret misappropriation before the critical date, not whether it had sufficient evidence to prove misappropriation of its trade secrets." (Ex. A at 14.)

Here, the undisputed facts are that Spectrum learned of Defendants' published patent applications, disclosing its alleged trade secrets, more than three years prior to filing suit. (Doc. 863 at 17–21; Doc. 864 at ¶¶ 254–64.) Spectrum employees were concerned about figures disclosed in these applications, resulting in a flurry of emails, including emails in which Spectrum shared the applications with its outside counsel for review. (*Id.*) Indeed, in its Third Amended Complaint, Spectrum points to the same figures it saw in GE patent applications in April 2015, accusing Defendants of misappropriating its trade secrets by including those figures in patent applications. (Doc. 863 at 17–19.) As of April 2015, Spectrum had sufficient knowledge to allege trade secret misappropriation, but waited more than three years to file suit.

As is germane here, in *Insulet*, some of the trade secrets were disclosed in a publicly-available prospectus that Insulet either knew of or should have known of. (*Id.* at 24–26.) Thus, Insulet was charged with knowledge of the disclosures in the prospectus (*id.*), much as Spectrum should be charged with knowledge of the disclosures in the publicly-available patent applications that it discovered more than three years prior to filing suit.

In *Insulet*, another one of the alleged trade secrets was "a broader compilation trade secret." (*Id.* at 26.) The court held that "[i]f the statute of limitations has run on a trade secret, the statute of limitations has also run with respect to related, broader trade secrets of which it is a part." (*Id.* at 27.) Applied to the case before it, the court found that the statute of limitations had run as to one of the component trade secrets and, as a result, it had also run as to the combination trade secret of which the component was a part. (*Id.*)

Similarly, in the present case, Spectrum alleges a combination trade secret consisting of all of its individual trade secrets. (Doc. 863 at 22, 27.) But because Spectrum discovered, more than three years prior to filing suit, alleged misappropriation of numerous individual trade secrets (*id.* at 27), any claim based on its combination trade secret is also time-barred.

Because the holdings and reasoning in *Insulet* apply with full force to the issues in this case, Defendants submit this decision as further support for Defendants' motion for summary judgment.

THOMPSON
HINE

Page 4

Very truly yours,

*/s/ Marla R. Butler*
THOMPSON HINE LLP
Marla R. Butler
Two Alliance Center
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326
Tel.: (404) 541-2900
Fax: (404) 541-2905
Marla.Butler@ThompsonHine.com

Brian Lanciault
300 Madison Avenue, 27th Floor
New York, New York 10017
Tel.: (212) 344-5680
Fax: (212) 344-6101
Brian.Lanciault@ThompsonHine.com

*Attorneys for Defendants*
*GE HealthCare Inc. Technologies,*
*Inc. and*
*GE Precision Healthcare LLC*

Jesse Jenike-Godshalk (*pro hac vice*)
312 Walnut Street, Suite 2000
Cincinnati, Ohio 45202
Tel.: (513) 352-6700
Fax: (513) 241-4771
Jesse.Godshalk@ThompsonHine.com

Jeffrey Metzcar
Discovery Place
10050 Innovation Drive
Miamisburg, Ohio 45342
Tel. (937) 443-6841
Fax (937) 430-3781
Jeff.Metzcar@thompsonhine.com

cc:  All Counsel of Record via ECF