USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPECTRUM DYNAMICS MEDICAL LIMITED,

Plaintiff,

-against-

GE HEALTHCARE TECHNOLOGIES, INC. et al.,

Defendants.

**ORDER**

**18-CV-11386 (VSB) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

This action concerns Defendants GE Healthcare Technologies, Inc.'s and GE Precision Healthcare, LLC's (together, "GE") alleged misappropriation of confidential information and/or trade secrets relating to Plaintiff Spectrum Dynamics Medical Limited's ("Spectrum") design of a three-dimensional system for nuclear imaging technology.

Plaintiff has moved for targeted redactions to certain portions of Plaintiff's Opposition to Defendants' Objections to Opinion & Order on *Daubert* Motions. (ECF No. 938). Plaintiff submitted the proposed redactions for the Court's review. For the reasons stated, the motion is **granted**.

**LEGAL FRAMEWORK**

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government." *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).

In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119). "Documents that are never filed with the court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019). When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id.* The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. *Brown*, 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption.

*Lugosch*, 435 F.3d at 120. Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest." *Id.* The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). A sealing request is "narrowly tailored" when it seeks to seal only that information that must be sealed to preserve higher values. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

**APPLICATION**

As an initial matter, the filing is related to *Daubert* motions and therefore is unquestionably a "judicial document," because of the important role *Daubert* motions and their filings play in the judicial process.[1] *See In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prod. Liab. Litig.*, No. 18-MC-2859 (PAC), 2021 WL 4706199, at * 2 (S.D.N.Y. Oct. 8, 2021) ("Filings related to *Daubert* motions are judicial documents subject to a significant presumption of access under the common law and the First

[1] The fact that the information was designated by the parties as confidential under a protective order has no bearing on the weight accorded to the presumption of public access and is not sufficient to overcome the presumption of public access. *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015); see also *Rojas v. Triborough Bridge & Tunnel Auth.*, 2022 WL 773309, at *2 (S.D.N.Y. Mar. 14, 2022) ("[T]he showing required in connection with a sealing motion is significantly higher than the burden for obtaining a protective order in civil discovery.").

Amendment."); *see also Mehta v. DLA Piper LLP*, 23-CV-4757 (AT) (RFT), 2026 WL 734031, (S.D.N.Y. Mar. 16, 2026). Because of the filing's status as a judicial document, a strong presumption of public access attaches. *Mehta*, 2026 WL 734031, at *4 ("Courts in this circuit have consistently held that the presumption of access given to filings involving *Daubert* motions is 'significant,' albeit less than the presumption that would attach to filings related to dispositive motions.").

Having established that the documents in question are judicial documents to which a significant presumption of public access attaches, the Court now turns to considering whether there are countervailing "higher values" that outweigh the presumption. The Court finds that Spectrum has made the requisite showing to overcome the presumption of public access. The information that Plaintiff seeks to seal contains damage calculations performed by GE's expert, Dr. Jonathan D. Putnam, specifically as it relates to Spectrum's unjust enrichment claim and Dr. Putnam's discussion of Defendants' profits. The proposed redactions meet the standards for sealing in *Lugosch v. Pyramid Co. of Onondaga* and its progeny. Specifically, documents containing proprietary information and sensitive business information are routinely sealed in this district. *See, e.g.*, *Ferring B.V. v. Allergan, Inc.*, No. 12-cv-3650 (RWS), 2017 WL 4083579, at *6 (S.D.N.Y. Sept. 14, 2017) (granting motions to seal proprietary and confidential materials in patent dispute); *Kewazinga Corp. v. Microsoft Corp.*, No. 18 cv-4500 (GHW), 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard." (quoting *E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 Civ. 655 (LTS) (MHD), 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2,

2012))). Here, the proposed redactions relate to the calculation of the unjust enrichment total, specifically as calculated by "subtracting the '1 year' delayed profits from 'Actual + projected' profits." (ECF No. 939). This number has been previously sealed by this Court, in connection with GEHC's *Daubert* motion. Furthermore, Plaintiff's redactions are narrowly tailored, redacting only this calculation. As such, the Court finds that Plaintiff has overcome the presumption of public access and grants the requested redactions. However, the parties are forewarned that sealing at this moment in time does not guarantee that the information redacted will not become public over the course of trial, specifically because the information relates to Plaintiff's unjust enrichment claims.

**CONCLUSION**

The Plaintiff's motion to seal is **GRANTED**. The Clerk of the Court is respectfully directed to terminate the pending motion to seal at ECF No. 938.

**SO ORDERED.**

**Dated:** July 30, 2026
New York, NY

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge